# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

### ATTORNEYS AT LAW

NEW YORK  •  CALIFORNIA  •  ILLINOIS  •  LOUISIANA  •  DELAWARE

September 18, 2020

**By ECF**

The Honorable Mark T. Pittman
U.S. District Court for the Northern District of Texas
501 West 10th St., Room 202A
Fort Worth, Texas 76102-3673

> Re:    *In re Six Flags Entertainment Corp. Securities Litigation,* No. 4:20-cv-00201-P

Dear Judge Pittman:

Lead Plaintiffs submit this short letter solely to correct the false claim in Defendants' Reply Brief in Further Support of Defendants' Motion to Dismiss (ECF No. 56) (the "Reply") that Plaintiffs' Opposition "do[es] not dispute that most challenged statements are inactionable" and Plaintiffs have waived arguments concerning those statements. Reply at 1, 2 n.3, 4 n.8.[1] Specifically, Defendants assert that Plaintiffs did not respond to arguments that Defendants made in an extraneous, 35-page chart appended to their 25-page moving brief that: (i) Defendants' alleged misstatements about Six Flags' revenue recognition in connection with the China parks were forward-looking statements, (ii) Defendants' alleged misstatements concerning Six Flags' partnership with Riverside and Riverside's financial condition and its ability to fund and construct the park were inactionable puffery or were forward-looking statements, and (iii) Defendants' alleged misstatements regarding Riverside and the progress of the China parks were inactionable "opinion" statements.  Reply at 4 n.8.

Defendants' assertion that Plaintiffs did not address those arguments in Plaintiffs' Opposition is demonstrably false. First, as the Opposition discusses, Defendants' representations concerning Six Flags' recognition of millions of dollars in revenue in connection with the China parks were materially misleading because Six Flags could not properly recognize that revenue under U.S. Generally Accepted Accounting Principles. *See* Opp. at 15-17. Those statements are not protected as forward-looking; as the Opposition discusses, Defendants misrepresented specific amounts that Six Flags recognized based on Riverside's then-present purported progress at the parks and licensing payments made to Six Flags.  Opp. at 16-17.

---

[1] Defendants' Reply is replete with mischaracterizations of the law and facts, which Plaintiffs expect to address at oral argument if the Court desires.

1251 AVENUE OF THE AMERICAS  •  NEW YORK  •  NY 10020-1104
TELEPHONE: 212-554-1400  •  www.blbglaw.com  •  FACSIMILE: 212-554-1444

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

The Honorable Mark T. Pittman
September 18, 2020
Page 2

Second, Plaintiffs' Opposition directly addresses Defendants' unavailing argument that Defendants' statements concerning Six Flags' partnership with Riverside, Riverside's financial condition, Riverside's ability to construct and fund the China parks, and the prospects for additional parks were inactionable puffery or protected as forward-looking. *See* Opp. at 11-12, 14-15. As the Opposition discusses, those representations were actionable misstatements of present facts. *Id.*

Third, Defendants are wrong that Plaintiffs did not address their baseless argument that statements regarding construction progress, the projected park opening timelines, and Riverside are inactionable "opinion" statements. Again, Plaintiffs addressed these purported "opinion" statements throughout the Opposition. *See* Opp. at 12-13 & n.10. Rather than offering mere opinions, Defendants made actionable misrepresentations of present facts, spoke with specificity and certainty, and omitted material facts about their inquiry into or knowledge concerning the China parks. *Id.*

Moreover, all of the "arguments" that Defendants incorrectly claim Plaintiffs did not address and thereby "waived" were set forth in a 35-page chart that Defendants appended to their moving brief, which lists all of the misstatements alleged in the Complaint and includes legal arguments in response to them. *See* Defs' App'x A310-A345. Defendants' chart is improper and violates Local Civil Rule 7.2(c)'s 25-page limit for briefs on motions. Courts routinely strike or disregard such "statements" charts on the basis that they "allow[] [d]efendants to make further arguments in violation of Local Rule[s]" on page limits. *Cheng Jiangchen v. Rentech, Inc.*, 2017 WL 10363990, at *4 (C.D. Cal. Nov. 20, 2017); *see also Schiller v. Physicians Res. Grp., Inc.*, 2002 WL 318441, at *1 (N.D. Tex. Feb. 26, 2002), *aff'd*, 342 F.3d 563 (5th Cir. 2003) (addressing motion to strike statement chart by "not rel[ying] on any information or briefing contained in the aforementioned appendices"); *In re Acadia Pharm. Inc. Sec. Litig.,* 2020 WL 2838686, at *3 (S.D. Cal. June 1, 2020) (striking statement chart where "Defendants utilized this chart to identify 108 statements encompassing 38 paragraphs of the complaint in a 25-page chart. This is simply an extension of Defendants' argument and thus, Defendants' have exceeded the 25-page limit for their briefs.").

Even if Plaintiffs had not addressed Defendants' 35 pages of additional argument—which, as discussed above, Plaintiffs did address in full—Defendants' disregard for the Local Rules should not be rewarded.  Defendants' false waiver argument should be rejected.

Respectfully submitted,

*/s/ Katherine M. Sinderson*
Katherine M. Sinderson

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

The Honorable Mark T. Pittman
September 18, 2020
Page 3

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**

*Lead Counsel for Lead Plaintiffs*
