# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, NY 10022
United States

Sandra Goldstein
To Call Writer Directly:
+1 212 446 4779
sandra.goldstein@kirkland.com

+1 212 446 4800

Facsimile:
+1 212 446 4900

www.kirkland.com

September 21, 2020

**VIA CM/ECF**
The Honorable Mark T. Pittman
U.S. District Court for the Northern District of Texas
501 West 10th St., Room 202A
Fort Worth, Texas 76102-3673

Re:     *In re Six Flags Ent. Corp. Sec. Litig.*, No. 4:20-cv-00201-P (N.D. Tex.)

Dear Judge Pittman:

Defendants write in response to Plaintiffs' letter dated September 18, 2020 (Dkt. #57, the "Letter"), which is procedurally improper, inaccurate in all respects, and an apparent attempt to distract from Defendants' well-founded arguments for dismissal. For the reasons set forth in the Motion to Dismiss and Brief in Support (Dkt. #51, the "Motion to Dismiss") and Reply Brief (Dkt. #56, the "Reply"), this case should be dismissed with prejudice.

## I.     The Letter Is An Improper Surreply That Should Be Disregarded.

Local Rule 7.1 permitted Plaintiffs to file one responsive brief to the Motion to Dismiss. Plaintiffs filed that response—that is, the Opposition to Defendants' Motion to Dismiss (Dkt. #54, the "Opposition"). Additional filings should be stricken when submitted without leave of the Court. *E.g.*, *Ward v. Am. Red Cross*, 2013 WL 2916519, at *1 n.* (N.D. Tex. June 14, 2013). Plaintiffs claim that they submitted the Letter "to correct [a] false claim in Defendants' Reply" (Letter at 1), but if the Opposition actually made the arguments Plaintiffs now claim were made, that brief would speak for itself. Plaintiffs' procedurally improper Letter—designed to make new arguments that plainly were not made in the Opposition—should be disregarded.

## II.     Plaintiffs Failed to Address Numerous Arguments in the Opposition.

*Forward-Looking Statements.* In the Motion to Dismiss, Defendants argued that the following statements were protected forward-looking statements under the PSLRA: (1) "all statements concerning projected park opening dates" (Compl. ¶¶ 168, 172, 187, 196-197, 205, 220-221, 235-237, and 246), (2) statements concerning "expectations for Riverside's future performance" (*id.* ¶¶ 172, 207-09, 219, and 227), (3) "forward-looking statements concerning revenue recognition" (*id.* ¶¶ 184, 232, 244), (4) statements concerning "construction progress" (*id.* ¶¶ 219, 222), and (5) "statements concerning hopes to develop future parks" (*id.* ¶¶ 170, 173,

KIRKLAND & ELLIS LLP

The Honorable Mark T. Pittman
September 19, 2020
Page 2

177, 179).  (Motion to Dismiss at 15-16 & n.19.)  These arguments were made in the Motion to Dismiss itself, including by identifying each statement by paragraph number.  (*Id.*)

In the Opposition, Plaintiffs only argued that progress-related statements were not protected under the PSLRA because, according to Plaintiffs, these statements "misrepresented then-current *purported progress at the parks*."  (Opposition at 11 (emphasis added).)[1]  The Opposition failed to rebut Defendants' arguments that statements concerning "expectations for Riverside's future performance" (Compl. ¶¶ 172, 207-09, 219, and 227), "forward-looking statements concerning revenue recognition" (*id.* ¶¶ 184, 232, 244), or "statements concerning hopes to develop future parks" (*id.* ¶¶ 170, 173, 177, 179), are protected under the PSLRA.

In the Letter, Plaintiffs now claim that the "Opposition discusses" that certain challenged revenue recognition statements "are not protected as forward looking," citing pages 15-17 of the Opposition.  (Letter at 1.)  That part of the Opposition does not mention the PSLRA safe harbor, the voluminous cautionary language issued during the putative class period, or whether Defendants spoke with "actual knowledge" of the supposed falsity of their statements.  Plaintiffs waived any argument that the revenue recognition statements at Complaint ¶¶ 184, 232, and 244 are actionable.  Similarly, Plaintiffs claim in the Letter that the Opposition "directly addresses" the argument that statements concerning Riverside or hopes to develop future parks are "protected as forward-looking," citing pages 14-15 of the Opposition.  (Letter at 2.)  But these arguments were waived too; that part of the Opposition does not address the PSLRA safe harbor.

*Corporate Optimism.*  In the Motion to Dismiss, Defendants argued that the following statements were inactionable puffery:  "statements concerning Riverside's financial condition and government relationships" (Compl. ¶¶ 172, 176, 207-209, 219, 227), statements concerning "the prospect for future parks" (*id.* ¶¶ 170, 172-173, 175, 177, 179), and certain statements concerning park and construction progress (*id.* ¶¶ 172, 205-206, 219, 222, 234-236).  (Motion to Dismiss at 16 & n.22.)  These arguments were made in the Motion to Dismiss itself.  Plaintiffs now argue that they "directly addresse[d]" Defendants' puffery arguments, citing to pages 11-12 of the Opposition (Letter at 2); but in the Opposition, Plaintiffs only argued that "Defendants' *progress* statements were not 'vague, optimistic' puffery" (Opposition at 12 (emphasis added)).  As explained in the Reply, Plaintiffs' arguments that investors would be misled by vague optimism—for example, that the "parks are progressing nicely" (Compl. ¶ 172)—are meritless (Reply at 5 & n.11).  But the Opposition did not even address Defendants' arguments that certain statements concerning Riverside or hopes to develop future parks were mere puffery.  These

---

[1]     Plaintiffs grouped together arguments on statements of construction progress and projected park openings (Opposition at 9 n.5), so did ostensibly address Defendants' arguments that statements concerning projected park opening dates and construction progress are protected under the PSLRA.  As discussed in the Reply, however, Plaintiffs' arguments are without merit.  (Reply at 4-5 & nn.9-10.)

## KIRKLAND & ELLIS LLP

The Honorable Mark T. Pittman
September 19, 2020
Page 3

statements are inactionable.  (Motion to Dismiss at 16 & n.22.)

*Inactionable Opinions.*  In the Motion to Dismiss, Defendants argued that many statements were inactionable opinions.  (Motion to Dismiss at 16-17 & n.24 (identifying statements by paragraph number).)  In the Letter, Plaintiffs now argue that they addressed all opinion statements, citing to pages 12-13 and footnote 10.  (Letter at 2.)  But this part of the Opposition was titled "Defendants' Misrepresentations Concerning the China Parks Progress," and addressed certain opinions (denoted by paragraph cites).  (Opposition at 12-13 & n.10.)  For the reasons set forth in the Reply, these arguments are unavailing.  (Reply at 5-6.)  But Plaintiffs waived any argument that the opinions challenged in the following paragraphs of the Complaint are actionable:  ¶¶ 168, 173, 177, 179, 219, 222, 227, 232, 235-236, 244, 246.  (Reply at 4 & n.8.)

## III.    The Chart Makes No Independent Arguments.

Finally, in their procedurally improper surreply, Plaintiffs argue that a demonstrative chart filed with the Motion to Dismiss (A310-A345, the "Chart") was improper because it "violates Local Civil Rule 7.2(c)'s 25-page limit for briefs on motions" (Letter at 2).  Plaintiffs could have objected to the Chart in their Opposition, but did not.  In any event, Defendants made all arguments in the Motion to Dismiss itself.  The Chart was merely intended to aid the Court in cataloguing Defendants' arguments, made in the Motion to Dismiss, as to why each of the many challenged statements are inactionable.[2]

*      *      *

The Letter is an unauthorized surreply, and is inaccurate on all accounts.  Defendants respectfully submit that the Court should ignore the Letter and dismiss this case in full.

Respectfully,

/s/ *Sandra C. Goldstein*

Sandra C. Goldstein, P.C.

---

[2]    Such charts are commonly used as aids by district courts in the Fifth Circuit.  *E.g.*, *Butowsky v. Folkenflik*, 2019 WL 2518833, at *27 (E.D. Tex. Apr. 17, 2019); *In re Dell Inc., Sec. Litig.*, 591 F. Supp. 2d 877, 912 (W.D. Tex. 2008).  Plaintiffs' cases (Letter at 2) are inapposite.  In *Schiller v. Physicians Resource Group, Inc.*, 2002 WL 318441 (N.D. Tex. Feb. 26, 2002), a motion to strike a similar chart was denied as moot because the court did not rely on information in the chart, *id.* at *1 n.1.  In Plaintiffs' out-of-circuit cases, the courts concluded that defendants' charts made arguments not included in the briefing.  *In re Acadia Pharm. Inc. Sec. Litig.*, 2020 WL 2838686, at *3 (S.D. Cal. June 1, 2020) (striking chart making "additional arguments"); *Jiangchen v. Rentech, Inc.*, 2017 WL 10363990, at *4 (C.D. Cal. Nov. 20, 2017) (striking chart making "further arguments").  Here, all arguments were made in the Motion to Dismiss, including with cites to specific paragraph numbers.