**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

|  |  |
|---|---|
| *In re Six Flags Entertainment Corp.* *Securities Litigation* | Civil Action No. 4:20-cv-00201-P<br><br>CLASS ACTION |

**PLAINTIFFS' MOTION FOR LEAVE**
**TO FILE SUPPLEMENTAL AUTHORITY**

Lead Plaintiffs Oklahoma Firefighters Pension and Retirement System and Electrical Workers Pension Fund, Local 103, I.B.E.W. ("Plaintiffs") hereby submit this motion ("Motion") under Local Civil Rule 56.7 for leave to file the supplemental authority attached to the Motion as Exhibit A. Specifically, Plaintiffs write to bring to the Court's attention the recent decision in *Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp. et al.*, Case No. 4:20-cv-00576, 2021 WL 182316 (S.D. Tex. Jan 19, 2021) ("Op.").[1]

In *Anadarko*, Judge Atlas sustained securities-fraud claims under Sections 10(b) and 20(a) of the Exchange Act arising from substantially similar allegations as in this action. For example, the plaintiff in *Anadarko* brought claims concerning the company's partnership to develop a new "Shenandoah" oil field, which defendants represented had "the potential to become one of the most prolific new areas in the deep-water Gulf of Mexico," and touted its ability to drive revenues. Op. at 3. Here, Defendants similarly represented that they had developed "a great pipeline" of park locations (¶ 173),[2] and through their partnership with the Chinese firm Riverside, they already were "building 10 parks" in China at the start of the Class Period (¶ 73), with "20 parks [] possible" (¶

---

[1] As discussed in the accompanying Certificate of Conference, Defendants oppose this Motion.

[2] References to "¶ __" are to Plaintiffs' Consolidated Class Action Complaint (ECF No. 50).

177)—which Defendants represented was "very high-margin revenue" that could increase the Company's EBITDA by over 50% (¶¶ 39-42, 45).

Moreover, when the *Anadarko* defendants made those statements, they omitted that, in truth, the Shenandoah oil field included a well that was "a dry hole," and another that was "garbage." Op. at 3. Here, Defendants similarly omitted that the Six Flags China parks were nothing but "holes" and "pile foundations" to support theme park rides that had been cancelled, and Riverside's financing had dried up. ¶ 97. As Six Flags International's former Director of International Construction and Project Management ("FE 1"), who oversaw construction of the Six Flags China parks, explained, "there was no meaningful construction at all" (¶ 119).

Additionally, in *Anadarko*, although the team lead for the Shenandoah project had assembled and presented information to defendants discussing the underlying problems, defendants nevertheless failed to disclose the truth and continued to mislead investors. *See* Op. at 20-21. Here, likewise, beginning in May 2018, FE 1 prepared regular presentations and highly detailed "master reports" that were presented to Six Flags' CEO Defendant Reid-Anderson and Six Flags' Board of Directors (¶¶ 249-52), which discussed the problems at the Six Flags China parks and detailed Riverside's failures to pay its employees, vendors, construction contractors, and that there was "no meaningful construction on the parks" from "May 2018 to September 2019" (¶ 251).

In its opinion, the *Anadarko* court rejected many of the same arguments Defendants make here in support of their Motion to Dismiss (ECF No. 51) ("Defs. Br."). First, the *Anadarko* court rejected defendants' argument that the statements about the project's progress and potential were protected as forward-looking or under the PSLRA's safe-harbor provision because, as here, "Defendants already knew that the potential for [the project] was being exaggerated and needed 'a significant downward adjustment.'" *Compare* Op. at 14-15 (arguing false statements protected as

forward-looking) *with* ¶¶ 90, 106, 249-56 (Defendants knew the Six Flags China parks were not progressing, licensing fees were unpaid, and there were no funds to proceed at the time Defendants made the materially false and misleading statements), ECF No. 54 ("Pls.' Br.") at 11 (false statements not forward looking, as they "misrepresented then-current purported progress at the parks").

Second, *Anadarko* rejected the same argument that Defendants make here that allegations that a high-ranking employee close to the project had informed defendants of the truth "lack[ed]" the necessary "specifics" to support a strong inference of scienter, concluding that the inference of scienter was "at least as strong as the alternative inference that [defendants] attended meetings but failed to pay attention and that these individuals received company reports but failed to read them." *Compare* Op. at 20 n.3, 22-23 *with* ¶¶ 106, 250-53 (FE 1 prepared regular presentations and reports on the lack of progress at the Six Flags China parks, which were presented to Defendant Reid-Anderson and the Board of Directors at meetings), Pls.' Br. at 22 (allegations sufficiently specific).

Third, the *Anadarko* court held that the individual defendants' scienter was adequately alleged because the "Individual Defendants 'monitored and/or oversaw the [] project' and were able to speak about the project at conference calls and meetings with investors." Op. at 23. The same is true here. Beginning in May 2018, Defendant Reid-Anderson received "regular presentations" and "master reports" that revealed the lack of financing and construction problems, but he failed to disclose those details to investors during the seven earnings conference calls during which he discussed the purported construction progress and timeline for the Six Flags China parks. *See, e.g.*, ¶¶ 170, 172, 184, 187, 196, 205-09, 220-21, 234-37, 244.

Fourth, *Anadarko* rejected the argument, which Defendants make here, that the individual defendants' attempts to secure outsized incentive compensation did not support scienter. Judge

Atlas instead recognized that Anadarko's senior management plausibly was motivated to provide misleading information and conceal their scheme to defraud because "disclosure of the adverse information . . . would have reduced the share price . . . and would prevent them from receiving 'over $100 million' in golden parachute payments" that represented multiples of the individual defendants' compensation in prior years. *Compare* Op. at 24 *with* ¶¶ 265-69, Pls.' Br. at 21 (Six Flags executives stood to reap over $66 million in incentive compensation, with Reid-Anderson in line for $12 million, or 600% of his base salary, and Barber in line for $1.4 million, or 300% of his base salary, in incentive compensation awards).  And as in *Anadarko*, where "disclosure of the adverse information" would have "cost [defendants] their jobs," Defendants Reid-Anderson and Barber—Six Flags' CEO and CFO during the Class Period—departed Six Flags as the truth about the inability to develop the China Parks emerged. *Compare* Op. at 24 *with* ¶¶ 258-59.

## CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that the Court allow this motion and, as discussed herein and in Plaintiffs' opposition brief, that Defendants' Motion to Dismiss be denied.

DATED: January 28, 2021                         Respectfully submitted,

                                                */s/ Katherine M. Sinderson*
                                                **BERNSTEIN LITOWITZ BERGER
                                                  & GROSSMANN LLP**

                                                Hannah Ross, *pro hac vice*
                                                Katherine M. Sinderson, *pro hac vice*
                                                Adam D. Hollander, *pro hac vice*
                                                Christopher R. Miles, *pro hac vice*
                                                1251 Avenue of the Americas
                                                New York, NY 10020
                                                Tel:     (212) 554-1400
                                                Fax:     (212) 554-1444
                                                hannah@blbglaw.com
                                                katiem@blbglaw.com
                                                adam.hollander@blbglaw.com
                                                christopher.miles@blbglaw.com

                                                *Lead Counsel for Lead Plaintiffs*

                                                **McKOOL SMITH PC**

                                                Lewis T. LeClair
                                                Texas Bar No. 12072500
                                                300 Crescent Court, Suite 1500
                                                Dallas, Texas 75201
                                                Tel:     (214) 978-4000
                                                Fax:     (214) 978-4044
                                                lleclair@mckoolsmith.com

                                                *Liaison Counsel for Lead Plaintiffs*

## CERTIFICATE OF CONFERENCE

I hereby certify that on January 28, 2021, Lead Plaintiffs' counsel Adam Hollander of Bernstein Litowitz Berger & Grossmann LLP met and conferred by phone with Defendants' counsel Dan Cellucci of Kirkland & Ellis LLP regarding the relief sought in the Motion. Defendants' counsel represented that Defendants oppose the Motion.

Dated: January 28, 2021

*/s/ Katherine M. Sinderson*
**BERNSTEIN LITOWITZ BERGER**
   **& GROSSMANN LLP**

Katherine M. Sinderson, *pro hac vice*
1251 Avenue of the Americas
New York, NY 10020
Tel:     (212) 554-1400
Fax:     (212) 554-1444
katiem@blbglaw.com

*Lead Counsel for Lead Plaintiffs*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on counsel of record through the Court's ECF Program on this 28th day of January, 2021.

Dated: January 28, 2021

*/s/ Katherine M. Sinderson*
**BERNSTEIN LITOWITZ BERGER**
   **& GROSSMANN LLP**

Katherine M. Sinderson, *pro hac vice*
1251 Avenue of the Americas
New York, NY 10020
Tel:     (212) 554-1400
Fax:     (212) 554-1444
katiem@blbglaw.com

*Lead Counsel for Lead Plaintiffs*