# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| ELECTRICAL WORKERS PENSION FUND, LOCAL 103, I.B.E.W., on behalf of itself and all others similarly situated, | |
| Plaintiff, | Civil Action No. 4:20-cv-00201-P |
| v. | Judge Mark T. Pittman |
| SIX FLAGS ENTERTAINMENT CORPORATION, JAMES REID-ANDERSON, and MARSHALL BARBER, | |
| Defendants. | |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY

Defendants Six Flags Entertainment Corporation ("Six Flags" or the "Company"), James Reid-Anderson, and Marshall Barber ("Defendants") respectfully submit this opposition to Plaintiffs' Motion for Leave to File Supplemental Authority (Dkt. #66, the "Motion"). In the Motion, Plaintiffs seek leave to file an unreported decision from the Southern District of Texas captioned *Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, No. 20 Civ. 0576, 2021 WL 182316 (S.D. Tex. Jan. 19, 2021). The Motion should be denied because *Anadarko* is not binding and is too dissimilar from this case even to be persuasive. *Falk v. Wells Fargo Bank*, No. 09 Civ. 678, 2011 WL 3702666, at *1 n.1 (N.D. Tex. Aug. 19, 2011) (denying motion for leave to file supplemental authority where "the decision [wa]s not binding" and was "too dissimilar . . . to be persuasive"). Plaintiffs have yet again filed an inappropriate sur-reply, making arguments concerning Defendants' Motion to Dismiss (Dkt. #51) outside the Court's strict briefing schedule on that motion. Plaintiffs tried to do the same in their "short letter"

submitted to the Court on September 18, 2020, after briefing had finished on the Motion to Dismiss—a submission that this Court rejected as an inappropriate sur-reply (*see* Dkt. ##57-60). The present Motion should be denied, but even if the Court grants the motion and considers *Anadarko*, the contrast between the allegations in the operative complaint there and the allegations here supports granting the Motion to Dismiss in full, as discussed below.

*First*, Plaintiffs argue that *Anadarko* is instructive because the Court found that certain statements concerning the prospects for the Shenandoah oil field were false, and Plaintiffs here challenge optimistic statements about the Six Flags-branded parks in China. (Motion at 1-2.) In *Anadarko*, the defendants had received data from "appraisal" wells in the Shenandoah oil field showing that the wells were "dry" or "garbage," but "continued to provide glowing reports quarter after quarter." *Anadarko*, 2021 WL 182316, at *2. The allegations in this case are entirely different. Here, far from "continu[ing] to provide glowing reports quarter after quarter," Defendants routinely informed investors of the issues that Six Flags' partner, Riverside, was facing throughout the putative class period. (*See* Motion to Dismiss at 15-16; Defs.' Reply Br., Dkt. #56 ("Reply") at 5.) The subject matter of the alleged misstatements also differs meaningfully. In *Anadarko*, the misstatements concerned existing (and irreparable) deficiencies in the defendant's own oil field—simply put, the appraisal well data either showed there was oil to extract or there was not. Here, the success of the parks in China was necessarily dependent on the future contractual performance of Six Flags' third-party partner, Riverside. While Riverside faced difficulties (which the Company disclosed), there is no well-pled allegation that Defendants believed that Riverside would default prior to January 2020, at which time Six Flags sent Riverside a notice of default and promptly disclosed the same to investors. (*E.g.*, Reply at 4.) The federal securities laws do not obligate defendants to guess accurately about the future

conduct of a contractual counterparty.  (*E.g.*, Motion to Dismiss at 24-25 (citing *In re Ferrell Gas Partners, L.P. Sec. Litig.*, 764 F. App'x 127, 128 (2d Cir. 2019) (affirming dismissal of securities case where plaintiffs "assum[ed] without sufficient supporting allegations that Defendants knew or should have known that a contractual counterparty would ultimately default")).)  *Anadarko*'s forward-looking statement analysis is not persuasive here.

*Second*, Plaintiffs try to analogize the former employee testimony in *Anadarko* to the claims here.  (Motion at 2.)  In *Anadarko*, the witness was not confidential; she was identified in the complaint as Lea Frye, "Anadarko's Senior Reservoir Engineer and team lead for the Shenandoah projection."  *Anadarko*, 2021 WL 182316, at *2.  Ms. Frye presented contradictory facts directly to "Defendants" in a "detailed 20-page letter," which facts Ms. Frye also reported directly to the SEC.  *Id.*  Moreover, Ms. Frye "presented undeniable evidence" contradicting the defendants' public statements directly to an executive committee including three of the four individual defendants, and also provided specific dates of meetings during which Ms. Frye presented contradictory facts to each of the individual defendants.  *Id.* at *8.  Ms. Frye went on to state that one of the defendants personally instructed her to "conceal maps revealing the existence" of contradictory facts and to "use false maps."  *Id.*  Needless to say, nothing of the sort is alleged here.  Plaintiffs' witnesses are confidential, so their testimony must be discounted. (*See* Motion to Dismiss at 8, 20 (citing *Ind. Elec. Workers' Pension Tr. Fund IBEW v. Shaw Grp., Inc.*, 537 F.3d 527 (5th Cir. 2008)).)  Moreover, contrary to Plaintiffs' claim in the Motion that  FE 1 "presented to Defendants Reid-Anderson and the Board of Directors" (Motion at 3), Plaintiffs' Complaint alleges only that FE 1 made unidentified reports with vague contents at unknown times to Six Flags employees *other than* the Defendants (*see* Motion to Dismiss at 20-21).  The present case simply does not resemble the cases Plaintiffs continue inappropriately to

brief for the Court.  Dismissal is warranted.[1]

*Third*, Plaintiffs highlight that scienter was supported in *Anadarko* based on the allegation that the "Individual Defendants monitored and/or oversaw the project and were able to speak about the project at conference calls and meetings with investors." (Motion at 3.)  But Plaintiffs here have not pled that Defendants were ever given any reports by FE 1 (or otherwise had any information contradicting their public statements).  *Anadarko* is inapplicable.  Furthermore, merely alleging that Defendants spoke on the same subject matter as the alleged fraud alone adds nothing to the scienter analysis.  (*See* Reply at 9.)  If Plaintiffs' argument were the law, there would be no separate scienter element in a Rule 10b-5 claim.  Instead, Plaintiffs could allege merely that the defendant made a misstatement (which, by definition, would be about the subject of the alleged fraud), and scienter could be presumed.  Plaintiffs cannot escape the "[e]xacting pleading requirements . . . Congress included in the PSLRA"—that is, that "plaintiffs [must] state with particularity both the facts constituting the alleged violation, and the facts evidencing scienter." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007).

*Finally*, Plaintiffs note that the Court in *Anadarko* gave some weight to executive compensation in the scienter analysis.  (Motion at 4.)  The Court in *Anadarko* did not rule on this basis, *Anadarko*, 2021 WL 182316, at *10 (finding motive allegations merely "enhance[d]" an already "strong inference of scienter raised by Plaintiff's allegations of Defendants'

---

[1]    Plaintiffs also claim that in *Anadarko*, the Court "rejected" the argument that scienter allegations are insufficient when "lack[ing] the necessary specifics." (Motion at 3.)  In reality, the Court made clear that, while the complaint did include "general allegations," the Court was ruling in plaintiffs' favor on the basis of "the specific allegations discussed below [which we]re tied to specific Individual Defendants." *Anadarko*, 2021 WL 182316, at *8.  As discussed above, in *Anadarko*, plaintiffs presented credible testimony from a named witness, who pinpointed dates and meetings held directly with the individual defendants during which contradictory facts were discussed.  Plaintiffs include no such allegations in their Complaint.

knowledge"), and provided no citation for any reliance on executive compensation to support an inference of scienter.  In any event, it is Fifth Circuit law that "incentive compensation can hardly be the basis on which an allegation of fraud is predicated because the vast majority of corporate executives receive this type of compensation."  *Mun. Emps.' Ret. Sys. of Mich. v. Pier 1 Imports, Inc.*, 935 F.3d 424, 430 (5th Cir. 2019); (*see* Motion to Dismiss at 18-19, citing *Pier 1*, 935 F.3d at 431).  Worse still, even if incentive compensation could provide a sufficient basis to infer motive, Plaintiffs here alleged that the Individual Defendants *missed* their incentive compensation targets precisely *because* they informed investors of issues facing Riverside and its efforts to develop the Six Flags-branded parks in China.  (*See* Motion to Dismiss at 19.)  This is the opposite of securities fraud, and it weighs heavily against any inference of scienter, let alone the strong inference that the law demands.[2]

## **CONCLUSION**

For the foregoing reasons, *Anadarko* is not binding, nor is it sufficiently similar to this case to be persuasive.  Plaintiff's Motion should be denied.  Either way, Defendants' Motion to Dismiss should be granted in full.

---

[2]     Plaintiffs also note that in *Anadarko*, the Court described the plaintiff's allegation that "disclosure of the adverse information" would "cost [defendants] their jobs."  (Motion at 4.) Again, the Court held (without citation) that the plaintiff's motive allegations merely "enhance[d]" a strong inference of scienter arising from strong allegations of direct knowledge. *Anadarko*, 2021 WL 182316, at *10.  Fifth Circuit law is clear on executive resignations:  such allegations on their own are "unavailing as proof of the commission of fraud," and only are relevant to the scienter inquiry if well-pleaded allegations "link the resignations with purported fraud."  (Motion to Dismiss at 23-24 (citing *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 383 (5th Cir. 2004) and *Kurtzman v. Compaq Computer Corp.*, Nos. 99 Civ 779, *et al.*, 2002 WL 32442832, at *12 (S.D. Tex. Mar. 30, 2002).)  Plaintiffs have not done so here.

Dated:  February 1, 2021

Respectfully submitted,

*/s/ Jeremy A. Fielding*

**KIRKLAND & ELLIS LLP**
Jeremy A. Fielding, P.C. (Texas Bar
No. 24040895)
1601 Elm Street
Dallas, TX  75201
Telephone:  (214) 972-1770
Facsimile:  (214) 972-1771
jeremy.fielding@kirkland.com

**KIRKLAND & ELLIS LLP**
Sandra C. Goldstein, P.C. (admitted *pro hac
vice*)
Stefan Atkinson, P.C. (admitted *pro hac vice*)
Daniel Cellucci (admitted *pro hac vice*)
601 Lexington Avenue
New York, NY  10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
sandra.goldstein@kirkland.com
stefan.atkinson@kirkland.com
dan.cellucci@kirkland.com

*Counsel for Defendants*

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on counsel of

record through the Court's ECF Program on this 1st day of February, 2021.


Dated:  February 1, 2021                     */s/  Jeremy A. Fielding*

**KIRKLAND & ELLIS LLP**
Jeremy A. Fielding, P.C. (Texas Bar
No. 24040895)
1601 Elm Street
Dallas, TX  75201
Telephone:  (214) 972-1770
Facsimile:  (214) 972-1771
jeremy.fielding@kirkland.com

**KIRKLAND & ELLIS LLP**
Sandra C. Goldstein, P.C. (admitted *pro hac
vice*)
Stefan Atkinson, P.C. (admitted *pro hac vice*)
Daniel Cellucci (admitted *pro hac vice*)
601 Lexington Avenue
New York, NY  10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
sandra.goldstein@kirkland.com
stefan.atkinson@kirkland.com
dan.cellucci@kirkland.com

*Counsel for Defendants*