**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

|  |  |
|---|---|
| *In re Six Flags Entertainment Corp. Securities Litigation* | Civil Action No. 4:20-cv-00201-P<br><br>CLASS ACTION |

**REPLY IN FURTHER SUPPORT OF PLAINTIFFS'
MOTION TO FILE SUPPLEMENTAL AUTHORITY**

Lead Plaintiffs Oklahoma Firefighters Pension and Retirement System and Electrical Workers Pension Fund, Local 103, I.B.E.W. ("Plaintiffs") respectfully submit this reply in further support of Plaintiffs' motion for leave to file supplemental authority (ECF No. 66) (the "Motion").[1] As discussed below and in Plaintiffs' opening Motion papers, the court's recent decision denying defendants' motion to dismiss in *Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp*, 2021 WL 182316 (S.D. Tex. Jan 19, 2021) is relevant and should be accepted as supplemental authority here.

First, Defendants rely on *Falk v. Wells Fargo Bank*, 2011 WL 3702666 (N.D. Tex. Aug. 19, 2011), to support their assertion that "[t]he Motion should be denied because *Anadarko* is not binding and is too dissimilar from this case even to be persuasive." Opp. at 1. Defendants are wrong, and misstate the standard to grant leave to file supplemental authority, which is whether the authority (1) "has new information that was not available at the time" of the initial briefing, and (2) "is relevant to the Court's . . . analysis and would therefore aid the justiciable disposition of [the] case.'" *Silvas v. Equifax Info. Servs., LLC*, 2020 WL 4000848, at *2 (N.D. Tex. July 15, 2020) (citation omitted). Here, *Anadarko* was not decided until after initial briefing on Defendants'

---

[1] Defendants filed a brief opposing the Motion on February 1, 2021. *See* ECF No. 67 ("Opp.").

motion to dismiss closed, and as discussed in the Motion and below, is relevant.

Further, Defendants misconstrue both *Anadarko* and *Falk*. *Anadarko*—like this case—concerns consideration of a motion to dismiss securities fraud claims under the Exchange Act by a district court in this Circuit. In *Falk*, to the contrary, the plaintiff, who brought claims under Texas law that were removed to the Southern District of Texas, sought to introduce a New Jersey state court decision applying New Jersey state law. *Falk*, 2011 WL 3702666, at \*6; *see also Wells Fargo Bank, N.A. v. Ford*, 418 N.J. Super. 592, 600 (N.J. Super. Ct. Jan. 28, 2011). *Falk* is accordingly inapt.

Second, Defendants are wrong that the allegations "in this case are entirely different" than those in *Anadarko*, and that *Anadarko*'s rejection of defendants' arguments that certain statements were protected as forward-looking does not similarly apply here. *See* Opp. at 2. Defendants' claim that, as opposed to *Anadarko*, the challenged statements here were forward-looking because "the success of the parks in China was necessarily dependent on the future contractual performance of Six Flags' third-party partner, Riverside" (Opp. at 2) ignores and mischaracterizes the Complaint. As the Complaint alleges, despite the fact that construction on the China parks was "at a standstill," (¶ 84),[2] Defendants repeatedly misrepresented that Six Flags and Riverside were, at the time, actively "building 10 parks" (¶ 73) in China, the parks were "under construction" and "progressing nicely towards their anticipated opening dates" (¶¶ 172, 234), and "construction [was] continuing" and "ongoing" (¶¶ 205, 219, 234). *See also* ECF No. 54 at 9-11 ("MTD Opp."). Moreover, Defendants' claim that, as opposed to *Anadarko*, Defendants here "routinely informed investors of the issues that Six Flags' partner, Riverside, was facing throughout the putative class period" (Opp.

---

[2] References to "¶ __" are to Plaintiffs' Consolidated Class Action Complaint (ECF No. 50) ("Complaint").

at 2) ignores Defendants' repeated failures to disclose the full and complete truth of Riverside's financial condition, including that Riverside had lost the funding to construct the Six Flags China parks and had failed to pay key construction vendors or procure a single rollercoaster, and had missed required licensing payments to Six Flags. *See* MTD Opp. at 13.

Third, Defendants attempt to distinguish the high-ranking former Anadarko employee who detailed her concerns to the individual defendants there from the former senior Six Flags employee who oversaw development of the China Parks on the sole basis that the *Anadarko* witness's identity was disclosed. Opp. at 3. But here, the Complaint provides all the information required by applicable authority to credit the witness's account. *See* MTD Opp. at 14-15; ¶¶ 8, 251. Further, the accounts by FE 1 here and the *Anadarko* witness are highly analogous, including regarding the detailed concerns each raised about the companies' and their partners' critical failures to develop projects, which individual defendants received. *Compare Anadarko*, 2021 WL 182316, at *2 (Anadarko employee prepared and provided a "detailed 20-page letter" regarding the truth of the Shenandoah project) *with* ¶¶ 250-53 (FE 1 prepared "regular" and "highly detailed" presentations and reports that were presented to Defendant Reid-Anderson and the Board of Directors that showed "no progress was being made on the Six Flags China parks").

Defendants' argument that "merely alleging that Defendants spoke on the same subject matter as the alleged fraud alone adds nothing to the scienter analysis" also misstates the law and misconstrues Plaintiffs' allegations. *See* Opp. at 4. Rather than merely "sp[eak] on the same subject matter as the alleged fraud," Defendants made specific statements and provided in-depth answers to specific questions concerning the China parks and their progress. *See, e.g.*, ¶¶ 170, 172, 184, 187, 196, 205-09, 220-21, 234-37, 244. Under controlling law, such "in-depth discussions" and "repeated statements" support a strong inference of scienter. *See* MTD Opp. at 19 & n.19.

Fourth, Defendants again misstate Fifth Circuit law holding incentive compensation relevant to the scienter analysis.  *See* MTD Opp. at 21 (citing *Barrie v. Intervoice-Brite, Inc.*, 397 F.3d 249, 261 (5th Cir. 2005) ("bonus exceeding '175% of [defendant's] annual salary' established 'motive'")).  *Anadarko* recognizes that, although not necessary to plead scienter, the district court may consider allegations of defendants' motive as part of the "holistic[]" scienter assessment the law requires—including motive to obtain incentive compensation.  2021 WL 182316, at *10.  Further, contrary to Defendants' contention, the Individual Defendants' failures to obtain the millions of dollars of additional incentive compensation here does not distinguish *Anadarko* or weigh against Defendants' scienter.  Whether they succeeded in reaching those targets or narrowly missed them, Defendants' fraud was motivated by a desire to reach the targets.  Their inability to keep the fraud hidden long enough to achieve the bonuses does not mean that they had no motive to commit it.  *See* MTD Opp. at 23.

## CONCLUSION

For the reasons discussed above and in Plaintiffs' Motion brief, Plaintiffs respectfully request that the Court grant the Motion.

4

DATED: February 16, 2021

Respectfully submitted,

*/s/ Katherine M. Sinderson*
**BERNSTEIN LITOWITZ BERGER**
**& GROSSMANN LLP**

Hannah Ross, *pro hac vice*
John Rizio-Hamilton, *pro hac vice*
Katherine M. Sinderson, *pro hac vice*
Adam D. Hollander, *pro hac vice*
Christopher R. Miles, *pro hac vice*
1251 Avenue of the Americas
New York, NY 10020
Tel:     (212) 554-1400
Fax:     (212) 554-1444
hannah@blbglaw.com
johnr@blbglaw.com
katiem@blbglaw.com
adam.hollander@blbglaw.com
christopher.miles@blbglaw.com

*Lead Counsel for Lead Plaintiffs*

**MCKOOL SMITH PC**

Lewis T. LeClair
Texas Bar No. 12072500
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Tel:     (214) 978-4000
Fax:     (214) 978-4044
lleclair@mckoolsmith.com

*Liaison Counsel for Lead Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on counsel of

record through the Court's ECF Program on this 16th day of February, 2021.

Dated: February 16, 2021

*/s/ Katherine M. Sinderson*

**BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP**

Katherine M. Sinderson, *pro hac vice*
1251 Avenue of the Americas
New York, NY 10020
Tel:      (212) 554-1400
Fax:      (212) 554-1444
katiem@blbglaw.com

*Lead Counsel for Lead Plaintiffs*