**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| ELECTRICAL WORKERS PENSION FUND, LOCAL 103, I.B.E.W., on behalf of itself and all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>SIX FLAGS ENTERTAINMENT CORPORATION, JAMES REID-ANDERSON, and MARSHALL BARBER,<br><br>            Defendants. | Civil Action No. 4:20-cv-00201-P |

**DEFENDANTS' RESPONSE AND BRIEF IN OPPOSITION
TO PLAINTIFFS' MOTION TO AMEND OR SET ASIDE THE JUDGMENT**

**KIRKLAND & ELLIS LLP**
Jeremy A. Fielding, P.C. (Texas Bar No. 24040895)
1601 Elm Street
Dallas, TX  75201
Telephone:  (214) 972-1770
Facsimile:  (214) 972-1771
jeremy.fielding@kirkland.com

**KIRKLAND & ELLIS LLP**
Sandra C. Goldstein, P.C. (admitted *pro hac vice*)
Stefan Atkinson, P.C. (admitted *pro hac vice*)
Daniel Cellucci (admitted *pro hac vice*)
601 Lexington Avenue
New York, NY  10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
sandra.goldstein@kirkland.com
stefan.atkinson@kirkland.com
dan.cellucci@kirkland.com

*Counsel for Defendants*

April 21, 2020

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION ..................................................................................................................... 1

BACKGROUND ........................................................................................................................ 2

      A.      Purported Shareholders Filed Four Separate Complaints Arising
              Out of Substantially the Same Allegations Before This Court
              Dismissed this Case With Prejudice. ........................................................................ 2

      B.      Defendants Moved to Dismiss the SAC With Prejudice, and
              Plaintiffs Did Not Seek Leave to Amend. .............................................................. 3

      C.      This Court Issues a Thorough and Well-Reasoned Opinion
              Dismissing the SAC With Prejudice. ...................................................................... 5

      D.      Plaintiffs Belatedly Seek Leave to Amend in a Post-Judgment
              Rule 59(e) Motion. ................................................................................................... 6

ARGUMENT ............................................................................................................................. 7

I.      DENIAL IS WARRANTED BECAUSE PLAINTIFFS UNDULY DELAYED IN
      SEEKING LEAVE TO AMEND. ................................................................................... 7

      A.      The Motion Should Be Denied Because Every Single "New"
              Allegation in the PAC Was Available to Plaintiffs When the SAC
              Was Filed. .................................................................................................................. 8

      B.      Plaintiffs' Failure To Seek Leave To Amend During the Pendency
              of the Motion to Dismiss Further Evinces Undue Delay. .................................... 10

II.     THE MOTION ALSO SHOULD BE DENIED BECAUSE PLAINTIFFS'
      PROPOSED THIRD AMENDED COMPLAINT IS FUTILE. ..................................... 12

      A.      The PAC Is Futile Because Plaintiffs Still Fail To Plead
              Adequately An Alleged Misstatement or Omission. ........................................... 13

      B.      The PAC Is Futile Because It Fails To Change The Scienter
              Analysis. ................................................................................................................... 22

CONCLUSION ........................................................................................................................ 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ABC Arbitrage Plaintiffs Grp. v. Tchuruk*,
    291 F.3d 336 (5th Cir. 2002). ..................................................................................14

*Budde v. Glob. Power Equip. Grp., Inc.*,
    2017 WL 6621540 (N.D. Tex. Dec. 27, 2017) ........................................................24

*In re Capstead Mortg. Corp. Sec. Litig.*,
    2003 WL 22221320 (N.D. Tex. Sept. 19, 2003)...........................................7, 8, 9, 20

*DeGruy v. Wade*,
    586 F. App'x 652 (5th Cir. 2014) ............................................................................11

*Guzman v. Bank of New York Mellon*,
    2018 WL 8061011 (W.D. Tex. Feb. 23, 2018).....................................................11, 12

*Higginbotham v. Baxter Int'l Inc.*,
    495 F.3d 753 (7th Cir. 2007).. ..................................................................................23

*Howley v. Bankers Standard Ins. Co.*,
    2021 WL 913290 (N.D. Tex. Mar. 10, 2021).........................................7, 12, 13, 20

*Ind. Elec. Workers' Pension Tr. Fund IBEW v. Shaw Grp., Inc.*,
    537 F.3d 527 (5th Cir. 2008). . ...................................................................14, 23, 25

*U.S. ex rel. Jackson v. Univ. of N. Texas*,
    673 F. App'x 384 (5th Cir. 2016). ............................................................................12

*In re Key Energy Servs., Inc. Sec. Litig.*,
    166 F. Supp. 3d 822 (S.D. Tex. 2016).. ...................................................................14

*U.S. ex rel. Lin v. Mayfield*,
    773 F. App'x 789 (5th Cir. 2019) .............................................................................10

*Magruder v. Halliburton Co.*,
    359 F. Supp. 3d 452 (N.D. Tex. 2018) .....................................................................20

*Mason v. Fremont Inv. & Loan*,
    671 F. App'x 880 (5th Cir. 2016) .............................................................................10

*Mun. Emps.' Ret. Sys. of Mich. v. Pier 1 Imports, Inc.*,
    935 F.3d 424 (5th Cir. 2019)  ..................................................................13, 14, 22

*Nafta Traders, Inc. v. Hewy Wine Chillers, LLC*,
2019 WL 5184135 (N.D. Tex. July 23, 2019) ........................................................................10

*Neiman v. Bulmahn*,
854 F.3d 741 (5th Cir. 2017) .................................................................................................13

*Omega Hosp., LLC v. United Healthcare Servs., Inc.*,
389 F. Supp. 3d 412 (M.D. La. 2019)....................................................................................12

*Rosenblatt v. United Way of Greater Houston*,
607 F.3d 413 (5th Cir. 2010). ..................................................................................................8

*Rosenzweig v. Azurix Corp.*,
332 F.3d 854 (5th Cir. 2003) ...............................................................................7, 8, 10, 22

*Schiller v. Phys. Res. Grp.*,
342 F.3d 563 (5th Cir. 2003) .............................................................................................7, 10

*Singh v. Schikan*,
2015 WL 4111344 (S.D.N.Y. June 25, 2015) ..........................................................................9

*Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*,
365 F.3d 353 (5th Cir. 2004). ................................................................................................20

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007)................................................................................................................25

*Whitaker v. City of Houston, Tex.*,
963 F.2d 831 (5th Cir. 1992) .................................................................................................11

**Statutes**

15 U.S.C. § 78j(b)......................................................................................................................25

15 U.S.C. § 78t(a) ......................................................................................................................25

15 U.S.C. § 78u–4(b)(1) ............................................................................................................13

**Rules**

Fed. R. Civ. P. 15.........................................................................................................................7

Fed. R. Civ. P. 59............................................................................................................ *passim*

17 C.F.R. § 240.10b-5................................................................................................................25

**INTRODUCTION**

Under the guise of a Rule 59(e) post-judgment motion to set aside judgment, Plaintiffs seek to relitigate the same issues already addressed by the Court in the March 3, 2021 Opinion dismissing this case with prejudice. (ECF No. 69, the "Opinion" or "Op.") But Rule 59(e) is not a mechanism to emphasize different arguments or present allegations that could have been raised in Plaintiffs' original complaint. More fundamentally, Plaintiffs' proposed amendment does nothing to address the substantial pleading deficiencies identified by this Court in the Opinion.

Plaintiffs' post-judgment motion seeking leave to amend should be denied because Plaintiffs have unduly delayed in presenting these allegations. Plaintiffs' proposed amendments—additional quotes from a letter that was quoted in the last complaint this Court dismissed, inconsequential details about FE1, the source for one allegation from the last complaint, and generic descriptions of Six Flags' Board of Directors' periodic meetings from years-old SEC filings—were each available to Plaintiffs before the last complaint was even filed. Plaintiffs offer no justification for why the Court should permit Plaintiffs to tweak an already dismissed complaint with allegations that Plaintiffs have been sitting on for over nine months. Worse still, Defendants sought dismissal with prejudice in the briefing in support of their motion to dismiss (ECF No. 51, the "Motion to Dismiss"), so Plaintiffs knew this case may be dismissed without leave to amend. But Plaintiffs never once raised the possibility of amendment in their opposition (ECF No. 54, the "Opposition") or during the pendency of the Motion to Dismiss, despite filing multiple post-briefing submissions. Again, Plaintiffs offer no explanation for failing to act earlier. Plaintiffs' undue delay alone merits denying this motion.

The motion also should be denied because the proposed amendments are futile. Plaintiffs proposed additions largely rehash allegations already included in the last complaint this Court dismissed, and appear geared at trying to convince the Court not to discount one of their

confidential witnesses.  But under Fifth Circuit law, confidential witness allegations are always discounted to some extent and, in any event, the proposed amendments do not address the reason why this Court discounted the confidential witness here.  Moreover, the proposed amended complaint does not adequately allege any misstatement or omission for the same reasons the last complaint failed—that is, Plaintiffs' allegations of falsity are conclusory and unmoored in time. Finally, Plaintiffs' new allegations do not alter the scienter analysis.  Plaintiffs do nothing to rehabilitate the fundamentally flawed theory of motive presented in the last complaint, and there are no particularized allegations tending to show Defendants acted with the requisite intent to deceive investors.  The proposed amended complaint again gives rise to only one compelling inference:  that Defendants warned of (and disclosed) problems Riverside was facing, but were optimistic that Riverside would ultimately perform.  That Riverside ultimately failed to do so does not give rise to a securities fraud lawsuit.  This motion should be denied.

## BACKGROUND

This case arises out of a series of alleged misstatements concerning the progress and prospects for Riverside's development of Six Flags-branded parks in China.  Plaintiffs' allegations are outlined in detail in this Court's thorough and well-reasoned March 3, 2021 Opinion dismissing this case with prejudice.  In the interest of brevity, this section outlines the background most salient to Plaintiffs' Rule 59(e) motion.

> **A.**   **Purported Shareholders File Four Separate Complaints Arising Out of Substantially the Same Allegations Before this Court Dismisses this Case With Prejudice.**

This case began when Electrical Workers Pension Fund Local 103, I.B.E.W. ("Electrical Workers") filed a putative class action complaint on February 12, 2020.  (ECF No. 1.)  Weeks later, a different shareholder, Shlomo Klein, filed a separate putative class action complaint against the same defendants arising out of substantially the same allegations.  (Compl., *Klein v.*

*Six Flags Ent. Corp., et al.*, No. 3:20-cv-00460, ECF No. 1 (N.D. Tex.).)[1]  The Electrical Workers and Klein actions were then consolidated and, on March 20, 2020, Electrical Workers filed a third complaint adding a new alleged corrective disclosure.  (ECF No. 25 ¶ 31.)

On April 13, 2020, Electrical Workers and Oklahoma Firefighters Pension and Retirement System (together with Electrical Workers, "Plaintiffs") moved for lead plaintiff status, which application was approved on May 8, 2020.  (ECF Nos. 26, 30.)  On July 2, 2020, Plaintiffs filed a fourth complaint arising out of the same alleged misconduct (the "SAC"), adding allegations attributed to two confidential witnesses, both purportedly former Six Flags employees, identified as "FE1" and "FE2."  (ECF No. 50.)

> **B.**    **Defendants Move to Dismiss the SAC With Prejudice, and Plaintiffs Do Not Seek Leave to Amend.**

By August 3, 2020, Plaintiffs were on notice of the precise deficiencies in the SAC that led to dismissal when Defendants filed the Motion to Dismiss.  The Motion to Dismiss, and Defendants' reply in support thereof (ECF No. 56, the "Reply"), identified fundamental deficiencies in Plaintiffs' SAC.  Defendants argued that many of the alleged misstatements, and all of the alleged omissions, were inactionable as a matter of law.  (Motion to Dismiss at 15-17.)  Defendants asserted that dismissal was warranted because the SAC relied heavily on the conclusory opinions of confidential witnesses, which should be discounted under settled Fifth Circuit law.  (*Id*. at 7-14.)  Defendants also argued that, even accepting as true these opinions and the facts pleaded in the SAC, none of the alleged misstatements were false when made.  (*Id*.)  For example, Plaintiffs alleged that statements in February 2019 about Riverside continuing to make licensing payments were false because Riverside missed some licensing payments at some

---

[1]    Unless otherwise noted, all internal citations, quotations, alterations, and subsequent history has been omitted, and all emphasis has been added.

unspecified point, despite the fact that Plaintiffs also alleged that Riverside was making payments during the putative class period. (*Id*. at 9.)

Defendants further argued that Plaintiffs failed to plead scienter. (Motion to Dismiss at 17-24.) Plaintiffs alleged that the Individual Defendants were motivated to defraud investors in order to hit incentive compensation targets, but that sort of allegation is generally insufficient to raise an inference of motive. And in this case, Plaintiffs alleged that Defendants missed those targets precisely because Defendants accurately disclosed issues with the parks in February 2019. (*Id*. at 19.) Defendants identified a number of flaws with Plaintiffs' circumstantial scienter allegations as well, including that the confidential witnesses had no contact with Defendants and that the allegations regarding FE1's supposed internal reports lacked details regarding their content, date, and whether or not Defendants in fact reviewed the reports. (*Id*. at 21.) In sum, Defendants argued that the more compelling inference was non-fraudulent: Defendants sincerely hoped Riverside would work through issues it was facing, disclosed issues as they arose (including when such disclosures worked against the Individual Defendants' personal financial interests), and were disappointed when Riverside failed to do so. (*Id*. at 24.)

In light of these shortcomings, Defendants sought dismissal with prejudice. (Motion to Dismiss at 1, 25; Reply at 1, 10.) During the seven-month pendency of the Motion to Dismiss, Plaintiffs chose not to seek leave to amend the SAC, or otherwise to contest Defendants' request for dismissal with prejudice on the basis that amendment may cure the deficiencies in the SAC. (*See generally* the Opposition.) Indeed, despite submitting multiple filings after briefing on the Motion to Dismiss closed, Plaintiffs never once suggested that they wished to propose any amendments to the SAC or that dismissal with prejudice would be inappropriate if the Court agreed with Defendants' arguments. (*See* ECF Nos. 57, 66, 68.)

4

**C.    This Court Issues a Thorough and Well-Reasoned Opinion Dismissing the SAC With Prejudice.**

On March 3, 2021, the Court issued the Opinion, granting the Motion to Dismiss and dismissing the SAC with prejudice. The Court agreed with Defendants that many of the alleged misstatements are inactionable as protected forward-looking statements, opinion statements, and puffery. (Op. at 35, 45-51.) The Court also correctly held that the alleged omissions are inactionable because neither Six Flags nor Riverside took steps to terminate the contract before the January 2020 default notices, which notices Defendants promptly disclosed. (*Id*. at 43-44.) The Court further assessed the alleged misstatements by category, and found that Plaintiffs had failed to plead adequately that any of the alleged misstatements were false when made. (*Id*. at 36-43.) Plaintiffs' allegations of falsity failed because Plaintiffs relied on the conclusory opinions of FE1 and FE2, and because Plaintiffs did not plead specific facts that, accepted as true, would render the alleged misstatements false. (*Id*.)

Separately, the Court found that Plaintiffs had failed to plead scienter. (Op. at 51-59.) The Court found that Plaintiffs' motive allegations fell short, including noting that Defendants sacrificed the incentive compensation Plaintiffs cite as motive precisely because they disclosed negative information about the China parks and took a downward revenue adjustment. (*Id*. at 53-54.) The Court also found Plaintiffs' confidential witness allegations were deficient because the confidential witnesses had no contact with Defendants, such allegations must be discounted generally, and the witnesses presented opinions rather than facts. (*Id.* at 54-55.) The Court also found that the internal reports allegations were insufficiently detailed, lacking information about dates, content, or transmission to Defendants, and rejected the core operations and executive departures theories. (*Id.* at 56-57.)

5

**D.     Plaintiffs Belatedly Seek Leave to Amend in a Post-Judgment Rule 59(e) Motion.**

Plaintiffs now ask this Court to set aside its well-reasoned judgment and grant leave to amend, purportedly on the basis of "critical new details" in Plaintiffs' Proposed Amended Complaint (the "PAC"). (ECF No. 71, the "Motion.") But these details are neither new nor critical. Instead, Plaintiffs have reiterated their existing allegations, adding minor details or making changes to the semantics. Specifically, Plaintiffs seek to add only the following:

- A screenshot of, and more references to, FE1's resignation letter (PAC ¶¶ 12, 257-60), which letter was quoted extensively in the SAC this Court dismissed with prejudice (SAC ¶¶ 254-55) and at best states a few conclusory opinions;

- Inconsequential allegations about FE1 that were already included in the SAC in substance. (*Compare* PAC ¶ 72 (describing FE1), *with* SAC ¶¶ 8, 83 (same); *compare* PAC ¶ 85 (claiming FE1 interacted with Riverside employees "day-to-day"), *with* SAC ¶¶ 85, 93, 103 (claiming FE1 interacted with Riverside employees "often"); *compare* PAC ¶ 95 (alleging FE1 had discussions with vendors at trade shows), *with* SAC ¶ 263 (same); *compare* PAC ¶¶ 109, 253, 255 (alleging Kane and McKillips informed FE1 that presentations "were to be presented to the Board"), *with* SAC ¶¶ 106, 250, 252 (alleging FE1 understood his reports were presented to the Board by Kane and McKillips); *compare* PAC ¶ 256 (alleging FE1 opined to unnamed people at Six Flags' U.S. headquarters that Riverside was in breach of contract), *with* SAC ¶ 84 (FE1 allegedly "told the senior executives at Six Flags" that it should "declare Riverside 'in breach of contract'").)

- Alleging that unnamed "Six Flags employees in Beijing informed FE1 that Six Flags was owed $18 million by Riverside" at some unspecified time, and that "Six Flags executives were going to have a conversation with Chairman Li." (PAC ¶ 104.)

- The phrase "Chinese court records show" before an allegation that was already in the SAC concerning a $1 million payment Riverside purportedly owed to one vendor. (PAC ¶ 105.)

- References to Six Flags' SEC filings from years ago providing generic descriptions of periodic Board meetings and oversight processes. (PAC ¶¶ 109, 253, 255.)

These proposed amendments were each plainly available to Plaintiffs when the SAC was filed and, more fundamentally, do nothing to address the Courts' bases for dismissal.

6

**ARGUMENT**

While a Rule 59(e) motion seeking post-judgment leave to amend is guided by the standards of Rule 15(a), that "standard is tempered by the necessity of a district court to manage a case." *In re Capstead Mortg. Corp. Sec. Litig.*, 2003 WL 22221320, at *3 (N.D. Tex. Sept. 19, 2003) (quoting *Schiller v. Phys. Res. Grp.*, 342 F.3d 563 (5th Cir. 2003)). Among other considerations, courts assess "undue delay" and "futility of the amendment." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). Rule 59(e) motions seeking leave to amend are routinely rejected on these grounds alone. *See, e.g.*, *id*. at 864-65 (affirming denial of Rule 59(e) motion based on "plaintiffs' lack of diligence" and the "futility of amending the complaint"); *Howley v. Bankers Standard Ins. Co.*, 2021 WL 913290, at *23 (N.D. Tex. Mar. 10, 2021) (same); *Capstead*, 2003 WL 22221320, at *3 (same).

Here, Plaintiffs have unduly delayed in seeking to assert the supposedly "new" allegations in their proposed third amended complaint, each of which was plainly available to Plaintiffs at the time of the filing of the SAC and during the pendency of the Motion to Dismiss. (Section I.) Moreover, the proposed amendment is futile; the PAC falls far short of curing the deficiencies laid out in detail in the Opinion. (Section II.) The Court should deny the Motion.

**I.    DENIAL IS WARRANTED BECAUSE PLAINTIFFS UNDULY DELAYED IN SEEKING LEAVE TO AMEND.**

At the outset, the Motion should be denied because Plaintiffs have unquestionably exhibited undue delay. In determining whether a movant has committed undue delay, courts consider whether the alleged facts raised in the proposed amended complaint were previously available to the movant. *See Rosenzweig*, 332 F.3d at 865. Here, all of the "new information" Plaintiffs propose including in the PAC was available to Plaintiffs before they filed their SAC. Plaintiffs offer no justification for the failure to assert these allegations earlier. (Section I.A.)

7

Moreover, Plaintiffs were on notice that Defendants sought a dismissal with prejudice, but did not address this issue in their Opposition or otherwise seek leave to amend prior to judgment. Plaintiffs should not now be permitted to replead allegations that could have been raised anytime in the past seven months since Defendants filed the Motion to Dismiss. In fact, under Fifth Circuit law, a delay of this length requires Plaintiffs to offer a sufficient explanation justifying their delay. Plaintiffs offered no such explanation, and so the Motion should be denied. (Section I.B.)

> A.    **The Motion Should Be Denied Because Every Single "New" Allegation in the PAC Was Available to Plaintiffs When the SAC Was Filed.**

Plaintiffs' motion should be denied because their proposed third amended complaint does not seek to add any allegations that were unavailable in July 2020 when the SAC was filed. "In cases where a party seeks to amend [the] complaint after entry of judgment, [the Fifth Circuit] ha[s] consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling." *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 420 (5th Cir. 2010). Plaintiffs' leading case, *Rosenzweig v. Azurix Corp.*, 332 F.3d 854 (5th Cir. 2003) (Motion at 8, 9), is on point. There, the Fifth Circuit upheld the district court's denial of the plaintiffs' post-judgment motion for leave to amend a securities fraud complaint where the plaintiffs did not "raise[] any facts which were not available previous to the district court's opinion" and thus "did not exercise diligence." *Rosenzweig*, 332 F.3d at 865. Similarly, in *In re Capstead Mortgage Corp. Securities Litigation*, Judge Lindsay denied a post-judgment motion to amend "because of undue delay." 2003 WL 22221320, at *3. Specifically, the Court reasoned:

> Plaintiffs do not explain why the factual allegations contained in the proposed Consolidated Second Amended Complaint could not have been alleged in their first Amended Complaint. What the court finds most troubling, aside from the age of the case, is that Plaintiffs made a strategic decision to stand on their

8

amended complaint as filed until after the court ruled on the pending motions to dismiss, even though they were aware of Defendants' arguments as to the defects in their amended complaint.

*Id.*; *see also Rosenblatt*, 607 F.3d at 420.[2]

Plaintiffs' Motion is deficient for precisely this reason. Plaintiffs' "new" allegations can be grouped into four categories: FE1's resignation letter, more allegations attributed to FE1, the addition of the statement "Chinese court records show," and allegations based on certain of Six Flags' SEC filings from 2018 and 2019. Each purported "new" allegation was plainly available to Plaintiffs before the SAC even was filed. *First*, FE1's resignation letter that Plaintiffs repeatedly mention in the Motion (*see* Motion at 2, 4, 6, 8, 11, 12, 13) was quoted at length in the SAC that this Court already dismissed with prejudice (*see* SAC ¶¶ 254, 255). Plaintiffs cannot credibly claim that they were unable to include the whole letter in the SAC. *Second*, Plaintiffs attribute a few supposedly "new" statements to FE1. (*E.g.*, PAC ¶ 104.) But as the Court correctly observed in the Opinion dismissing the SAC, "[t]his case rests on allegations of confidential witnesses FE1 an FE2." (Opinion at 33.) There is no plausible argument that the alleged information in the PAC attributed to FE1 was unavailable to Plaintiffs when the SAC was filed. *Third*, Plaintiffs seek to add the phrase "Chinese court records show"

---

2   Although Plaintiffs argue that they "have not previously moved to amend, and seek only to file a first amended complaint following the filing of the first Consolidated Complaint" (Motion at 9-10), three complaints were filed in this case (ECF Nos. 1, 25, 50) and a fourth complaint was filed by another purported shareholder and consolidated with this action (Compl., *Klein v. Six Flags Ent. Corp., et al.*, No. 3:20-cv-00460, ECF No. 1 (N.D. Tex.)). This Court also has rejected the view that a consolidated complaint is an "original complaint" for delay purposes, instead holding that a consolidated complaint provides plaintiffs "an opportunity [to] replead their case." *Capstead*, 2003 WL 22221320, at *2; *see also Singh v. Schikan*, 2015 WL 4111344, at *2 (S.D.N.Y. June 25, 2015) (rejecting argument that "denial of leave to amend" was improper because plaintiffs "never had an opportunity to cure pleading defects" where an earlier complaint had been filed prior to appointment of lead plaintiff, and because "plaintiffs were free to request further leave to amend at numerous points before the Court entered its decision" but failed to do so).

before an existing allegation in the SAC concerning a $1 million payment Riverside supposedly owed to a vendor.  (PAC ¶ 105.)  Plaintiffs clearly had access, at the time the SAC was filed, to the supposed source of Plaintiffs' own allegations in the SAC.  *Fourth*, Plaintiffs point to generic descriptions from Six Flags' public SEC filings concerning its board of directors.  (PAC ¶¶ 109, 253, 255.)  The filings are "proxy statements for 2018 and 2019" (*id.* ¶ 109)—that is, SEC filings that were publicly available years before the SAC was filed.  There are no other proposed amendments.  This Court and Defendants should not have to relitigate the Motion to Dismiss now to assuage Plaintiffs' desire to emphasize different points or assert inconsequential allegations that were available to Plaintiffs long ago.  *Rosenzweig*, 332 F.3d at 865 ("[A] busy district court need not allow itself to be imposed upon by presentation of theories seriatim.").

Tellingly, Plaintiffs offer no explanation in the Motion as to why the proposed amendments were unavailable to them prior to the Court entering final judgment on the Motion to Dismiss.  Failure to do so is grounds to deny their motion.  *E.g.*, *Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 884 (5th Cir. 2016) (affirming denial of motion for reconsideration and motion for leave to amend complaint where plaintiff failed to explain why he could not offer new factual assertions or legal arguments before final judgment was rendered); *Schiller*, 342 F.3d at 568-69 (same).[3]

**B.** **Plaintiffs' Failure To Seek Leave To Amend During the Pendency of the Motion to Dismiss Further Evinces Undue Delay.**

Even if Plaintiffs had identified some new allegation that could not have been asserted when the SAC was filed—and they have not—Plaintiffs' undue delay in seeking leave to amend

---

[3]     Consistent with Plaintiffs' tactics throughout this case, Plaintiffs will undoubtedly assert a belated explanation in their reply.  But the failure to explain in their opening brief why the supposedly "new" allegations were previously unavailable waives any argument on this front.  *E.g.*, *Nafta Traders, Inc. v. Hewy Wine Chillers, LLC*, 2019 WL 5184135, at *4 (N.D. Tex. July 23, 2019) ("Arguments made for the first time in a reply brief are generally waived").

the SAC would still merit denying the Motion.  The Fifth Circuit regularly affirms denials of post-judgment motions to amend where the plaintiff does not act for months during the pendency of a motion to dismiss.  For example, in *Whitaker v. City of Houston, Tex.*, 963 F.2d 831 (5th Cir. 1992), the Fifth Circuit affirmed the district court's denial of the plaintiff's post-judgment motion to amend where the plaintiff never sought to amend his complaint while the defendant's motion to dismiss was pending for eleven months.  *Id.* at 837.  Similarly, in Plaintiffs' own authority, *DeGruy v. Wade*, 586 F. App'x 652 (5th Cir. 2014) (Motion at 8), the Fifth Circuit held that the plaintiff did not act with diligence and affirmed the district court's denial of the Rule 59(e) motion where the plaintiff did not seek to amend her complaint during the seven-month period that a motion to dismiss the federal claim was pending.  *Id.* at 656; *see also Guzman v. Bank of New York Mellon*, 2018 WL 8061011, at *3 (W.D. Tex. Feb. 23, 2018) (denying motion for leave to amend on basis of, *inter alia*, undue delay; noting that "[p]laintiffs waited almost *two months* after [defendant] filed its motion to dismiss until they filed a motion for leave to amend," which "evince[d] undue delay because Plaintiffs were on notice that their [complaint] may have been deficient as soon as [defendant] filed its motion to dismiss.").

Plaintiffs here exhibited the same, if not more blatant, undue delay that warrants denying the Motion.  Defendants filed the Motion to Dismiss on August 3, 2020.  At that time, Plaintiffs were on notice that the SAC may be deficient.  What is more, Defendants expressly sought dismissal with prejudice, so Plaintiffs were also on notice that the SAC may be dismissed without an opportunity to amend.  (Motion to Dismiss at 1, 25.)  Plaintiffs did not address the request for dismissal with prejudice in the Opposition, instead standing on the allegations in the SAC.  Defendants again reiterated the request for dismissal with prejudice in the Reply.  (Reply at 1, 10.)  Despite filing multiple post-briefing submissions (*see* ECF Nos. 57, 66, 68), Plaintiffs

11

never sought to amend their Complaint in the seven months that passed between the filing of the Motion to Dismiss and the entry of judgment dismissing the SAC with prejudice. The substantial passage of time between when Plaintiffs were on notice that the SAC may be dismissed with prejudice and the filing of this Motion evinces undue delay.[4]

Again, Plaintiffs offer no explanation for not having raised the prospect of amendment during the pendency of the Motion to Dismiss. Plaintiffs' failure to explain their delay in seeking leave to amend the Complaint is grounds for denial of the Motion on its own. *U.S. ex rel. Lin v. Mayfield*, 773 F. App'x 789, 791 (5th Cir. 2019). The Motion should be denied.[5]

## II. THE MOTION ALSO SHOULD BE DENIED BECAUSE PLAINTIFFS' PROPOSED THIRD AMENDED COMPLAINT IS FUTILE.

Even if Plaintiffs had timely sought to amend the SAC, the proposed amendments are plainly futile under the well-settled pleading standards for PSLRA cases. The Fifth Circuit has explained that the amendment rules "do not require that courts indulge in futile gestures. Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted." *U.S. ex rel. Jackson v. Univ. of N. Texas*, 673 F. App'x 384, 388 (5th Cir. 2016). "Plaintiff, not Defendant, has the burden, as the movant seeking leave to further amend his pleadings, to establish that allowing him to further amend would not be futile." *Howley*, 2021 WL 913290, at *23. Plaintiffs' efforts to show amendment would not be futile are adjudged against the

---

[4] Plaintiffs' authority, *Omega Hosp., LLC v. United Healthcare Servs., Inc.*, 389 F. Supp. 3d 412, 430 (M.D. La. 2019), is easily distinguished. As Plaintiffs concede (Motion at 17), in that case, the plaintiff "gleaned a misunderstanding of its case" following the motion to dismiss decision. *Omega Hosp.*, 389 F. Supp. 3d at 430. Setting aside that *Omega* is not binding, nor was that case subject to the heightened pleading requirements of the PSLRA, Plaintiffs do not identify any "misunderstanding" of the case in this Court's well-reasoned 60-page Opinion.

[5] While Plaintiffs' undue delay and the futility of the proposed amendment each separately warrant denial of the Motion, amendment also is prejudicial to Defendants, who would be need "to spend additional resources on redrafting [a motion to dismiss] and re-urging [their] arguments." *See Guzman*, 2018 WL 8061011, at *3.

12

stringent pleading standards mandated by the PSLRA. *See, e.g.*, *Neiman v. Bulmahn*, 854 F.3d 741, 746 (5th Cir. 2017); *see also* 15 U.S.C. § 78u–4(b)(1). Here, even with the supposed "new" allegations, Plaintiffs fail to allege adequately any actionable misstatement or omission. (Section II.A.) And the PAC certainly does not cure the numerous deficiencies this Court identified in Plaintiffs' prior attempts to plead scienter. (Section II.B.) Permitting Plaintiffs to file the PAC is unwarranted because Plaintiffs' proposed amendments are futile.

### A.    The PAC Is Futile Because Plaintiffs Still Fail To Plead Adequately An Alleged Misstatement or Omission.

The PAC is futile because it fails to remedy the numerous falsity deficiencies identified in this Court's Opinion. *First*, Plaintiffs misapprehend the law governing confidential witness allegations in their attempt to rehabilitate FE1. This Court credited the bases for most of FE1's allegations, applying only the general discount that *must* apply to all confidential witness allegations under controlling Fifth Circuit law. More fundamentally, Plaintiffs still fail to plead facts supporting FE1's firsthand knowledge of Riverside's finances, access to funds, and relationship with the Chinese government, so the Court should continue to steeply discount FE1's allegations on these topics. *Second*, Plaintiffs still fail to plead specific facts that, taken as true, would render any of the alleged misstatements false or misleading when made. *Third*, Plaintiffs' proposed third amended complaint challenges alleged misstatements and omissions that this Court found inactionable as a matter of law. Repleading these allegations is futile.

### 1.    Plaintiffs' Confidential Witness Allegations Should Be Discounted.

Nothing in the PAC changes the discount that should be applied to the confidential witness statements. The case law in the Fifth Circuit is clear: "courts *must* discount allegations from confidential sources." *Mun. Emps.' Ret. Sys. of Mich. v. Pier 1 Imports, Inc.*, 935 F.3d 424, 433 (5th Cir. 2019). To warrant any consideration, confidential witness allegations must be pled

13

"with sufficient particularity to support the probability that a person in the position occupied by the source . . . would possess the information pleaded . . . ." *Ind. Elec. Workers' Pension Tr. Fund IBEW v. Shaw Grp., Inc.*, 537 F.3d 527, 535 (5th Cir. 2008). But such specific factual allegations are the bare minimum: even when a confidential witness' identity is pled "with sufficient particularity to support the probability that a person in the position occupied by the source . . . would possess the information pleaded," courts still discount such allegations. (Op. at 32); *In re Key Energy Servs., Inc. Sec. Litig.*, 166 F. Supp. 3d 822, 839 (S.D. Tex. 2016) (quoting *ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 353 (5th Cir. 2002)).

In the Opinion, this Court found that Plaintiffs had alleged why FE1 was familiar with the parks' operations, but had "fail[ed] to sufficiently allege FE1 had personal knowledge of Riverside's financial condition." (Op. at 33.) The Court thus found that FE1's allegations "should be considered but discounted generally and significantly discounted as to allegations pertaining to Riverside's financial condition." (*Id.* at 34.) That holding was entirely correct.

Plaintiffs assert that the PAC pleads FE1's identity with "sufficient particularity to support the probability that a person in the position occupied by the source as described would possess the information pleaded," so there should be "little or no 'discount'" applied to his allegations. (Motion at 12-13 (citing *ABC Arbitrage*, 291 F.3d at 353).) Even assuming the proposed amendments support the probability that FE1 would possess all of the information pleaded (and they plainly do not), Plaintiffs have Fifth Circuit law backwards. The case law is clear that "courts must discount allegations from confidential sources" regardless of how they are pled: the requirement that such allegations be pled with sufficient particularity is "the very least" that Plaintiffs must do for the allegations even to be considered. *Shaw*, 537 F.3d at 535.

Plaintiffs' misapprehension of law is clear from the Motion's focus on how their

14

proposed third amended complaint supposedly "adds significant new details and facts to support FE1's credibility and trustworthiness." (Motion at 11.) As explained below, these new details do not address the issues this Court identified with FE1's credibility—that is, there are no alleged facts suggesting that FE1 would have first-hand knowledge of Riverside's financial condition, access to funding, or relationships with the Chinese government. But more fundamentally, this Court found that FE1 *was* credible with regard to some allegations, and thus only "discounted generally" his allegations, as was required by Fifth Circuit law.

Nothing in the PAC renders FE1 more credible with regard to Riverside's financial condition. In the SAC, Plaintiffs alleged that FE1 "met often" with Riverside personnel in Beijing (SAC ¶ 83) and spoke about Riverside with other Six Flags personnel (*id.* ¶ 96). But Plaintiffs alleged nothing to suggest that FE1 would have access to Riverside's internal financial information or ability to obtain funding. This Court correctly assessed that FE1's allegations as to Riverside had to be discounted steeply because "Plaintiffs fail to plead that FE1 had personal knowledge of Riverside's internal finances, access to funding, or relationships with the Chinese government *despite his preparation of regular reports from an outsider's view into Riverside*." (Op. at 37.) Plaintiffs' new allegations do nothing to change that well-reasoned conclusion.

In the Motion, Plaintiffs cite five purportedly "new" allegations regarding Riverside, but only three speak to the source of FE1's knowledge and none justify revisiting the Court's decision to discount FE1.[6] (Motion at 15-16.) Plaintiffs argue that the PAC now alleges that

---

[6]     Plaintiffs allege that Riverside's default on one contract with a third-party vendor is reflected in Chinese court records. (PAC ¶ 105; Motion at 16.) The alleged default was included in the SAC, and this Court and Defendants did not question the basis for that allegation. Plaintiffs also allege that FE1 stated in a conference call his belief that Riverside was in breach of its obligations (PAC ¶ 256; Motion at 15); this mirrors the SAC allegation that FE1 shared his opinion that Riverside was in breach of its obligations with Six Flags officials (SAC ¶¶ 84, 198), and says nothing about the basis for his allegations regarding Riverside's financial condition, access to funding, or government relationships.

FE1 met with Riverside personnel onsite, without identifying which employees he met with, when they met, and what FE1 supposedly learned from them. (*Id.* at 15.)  But Plaintiffs already alleged in the SAC that FE1 met "often" with Riverside employees (SAC ¶ 85); changing the language to "day-to-day" fails to address that FE1 had "an outsider's view into Riverside," and lacked personal knowledge of its finances, access to funding, or government relationships. (Op. at 37.)  Next, the PAC recounts FE1's allegation that he spoke with vendors at trade shows who were mad at Riverside for failing to pay them (PAC ¶ 95); but the same was already included in the SAC (SAC ¶ 263), so this adds nothing.  Plaintiffs also seek to allege that FE1 learned from Six Flags employees in Beijing that Riverside owed Six Flags $18 million and that other Six Flags employees were going to discuss the debt with Riverside. (PAC ¶ 104.)  But this allegation is unmoored in time and, if anything, this further supports Defendants' position and the Court's reasoning that FE1 lacked any personal knowledge of Riverside's financial condition.  FE1 apparently had at best second or third-hand knowledge of *Six Flags'* financial dealings with Riverside, much less "personal knowledge of Riverside's internal finances, access to funding, or relationships with the Chinese government." (Op. at 37.)[7]  The PAC does not merit revisiting this Court's decision to discount the confidential witness allegations.

      2.      <u>Plaintiffs' Proposed Third Amended Complaint Fails to Plead that Defendants' Statements Were False When Made.</u>

Plaintiffs' proposed amendments are futile because the PAC fails to plead that Defendants' statements were false when made for precisely the same reasons the SAC failed. With respect to Riverside's financial condition, the PAC continues to rely on FE1's conclusory opinions and unrelated business setbacks in an attempt to plead that Riverside was categorically

---

[7]      Plaintiffs fail to identify any new allegations with regard to FE2, whose allegations this Court found to be "the crux of Plaintiffs' argument as to contemporaneous falsity" with regard to the alleged misstatements on Riverside's financial condition. (Op. at 37.)

unable to meet its obligations.  But as in the SAC, the PAC fails to plead specific facts connecting the dots between discrete business setbacks and the falsity of the alleged misstatements.  Similarly, with respect to projected park openings, the PAC still fails to plead specific facts showing why the projected park opening dates were "impossible" to meet, merely reiterating FE1's conclusory opinions.  Plaintiffs' allegations regarding construction progress and revenue recognition barely merit discussion.  This Court found that, having conceded that construction was ongoing, Plaintiffs failed to plead the falsity of statements that construction was ongoing.  (Op. at 38.)  The PAC does nothing to fix this deficiency.  Finally, this Court found that Plaintiffs were required, but failed, to plead the amount of revenue that was supposedly overstated and why such amount was improper to state a claim on the revenue recognition allegations.  (*Id.* at 42-43.)  The PAC again fails to do so, but repeats these allegations anyway.

    ***Riverside's Financial Condition and Quality as a Partner.***  The allegations in the PAC regarding Riverside fail for the same reasons as those in the SAC:  Plaintiffs rely on the opinions of confidential witnesses that are unmoored in time, rather than alleging specific facts showing the statements were false when made.  In the PAC, as in the SAC, Plaintiffs cite "unrelated business setbacks" in an attempt to bolster the opinion of FE1 that Riverside was unable to complete the parks and failed to pay Six Flags.  (Op. at 38.)  But as this Court held, the facts pled simply do not support the conclusory opinions of FE1.  In some cases, they contradict those opinions:  for instance, FE1 "admitted that Riverside did make licensing payments during his tenure."  (*Id.* at 37.)  Plaintiffs new allegations are more of the same:  they allege one additional unrelated setback and identify the source for another setback that was already alleged in the SAC.  Such allegations, even if true, do not render any alleged misstatement false when made.

    FE1's conclusory opinions about Riverside remain wholly insufficient to support

17

Plaintiffs' claims.  As noted above, FE1's allegations about Riverside's financial condition must be steeply discounted.  (*Supra* Section II.A.1.)  But the more fundamental problem with FE1's statements is that they are "mere opinions," not the specific facts required to plead that Defendants' statements were false when made.  (Op. at 40.)  The only facts pled by FE1 are wholly insufficient to render the alleged misstatements false.  For instance, FE1 alleged that Riverside was selling assets to obtain funds, but "[c]ompanies liquidate assets for many reasons," so this is not inconsistent with Defendants' statements that Riverside had substantial assets.  (*Id.* at 38.)  So too with the only new factual allegation in the proposed third amended complaint regarding Riverside:  that FE1 purportedly learned from Six Flags employees in Beijing that Riverside owed Six Flags $18 million at some unspecified time, and that other Six Flags employees were going to discuss the debt with Riverside.  (PAC ¶ 104.)  Even accepting this secondhand report as true, the fact that Riverside owed Six Flags money for some unspecified period of time, without any explanation of how the situation was resolved, does not render any specific statement by Defendants false when made.  And as this Court noted, FE1 also "admitted that Riverside did make licensing payments during his tenure."  (Op. at 37.)  Instead of pleading specific facts as to when Riverside missed payments and why those misses rendered Defendants' statements false, Plaintiffs again rely on conclusory opinions and vague second-hand accounts.

Plaintiffs have pled nothing new about FE2's allegations, which thus fail for the same reasons as in the SAC.  FE2 alleged that Riverside missed licensing payments in "early 2019," which this Court viewed as the "crux of Plaintiffs' argument as to contemporaneous falsity" for the Riverside statements.  (Op. at 37.)  But these allegations are "too vague to demonstrate Riverside had not paid the licensing fees before Defendants' February 14, 2019 comments." (*Id*.)  The PAC does nothing to change those allegations, so this deficiency remains.

***Projected Park Openings and Future Parks.*** Plaintiffs' allegations in the PAC regarding projected park openings fail for the same reason that their allegations in the SAC did: Plaintiffs have not pled "specific facts showing how or why the projected park openings were impossible to meet." (Op. at 40.) Instead, Plaintiffs again "rely on conclusory statements—mere opinions—by a confidential witness." (*Id.*) Plaintiffs plead no new facts suggesting that the construction setbacks identified in the SAC made the deadlines "impossible" to meet. Instead, Plaintiffs provided one detail about FE1's background—that he has worked in the theme park industry since 1991, which experience served as the basis for his opinions. (Motion at 6.) Plaintiffs further assert that FE1's interactions with Riverside's onsite team provided him further insight. (*Id.*) This line of argument is meritless. This Court credited FE1's firsthand experience with the parks, and applied only a general discount (which, again, controlling case law required) to his allegations regarding park construction. (Op. at 34.) The problem with these allegations, as identified by the Court, is that FE1 fails to connect the dots between discrete construction setbacks and his conclusory opinion that it would be "impossible" to meet any specific deadline at the time of any specific statement. (*Id.* at 40-41.) The PAC does not remedy that deficiency.

***Construction Progress Statements.*** The PAC still fails to plead that the construction progress statements were false. (Op. at 39.) As this Court explained when dismissing these allegations, "either construction was 'continuing' or 'ongoing,' or it was not. In this case, Plaintiffs concede that it was." (*Id.*) The PAC again concedes that construction was ongoing, so these allegations again fail. (*Compare* SAC ¶¶ 97, 104-105, *with* PAC ¶¶ 100, 107-108.)

***Revenue Recognition.*** Plaintiffs make no new allegations regarding their revenue recognition claims, yet seek to re-plead them in the PAC. This Court held that the revenue recognition claims failed because plaintiffs did not "allege specifically how much revenue was

19

overstated, how that amount was determined, and why the defendants were required to report revenue differently." (Op. at 42) (citing *Magruder v. Halliburton Co.*, 359 F. Supp. 3d 452, 465-66 (N.D. Tex. 2018); *Capstead*, 258 F. Supp. 2d at 550).) Plaintiffs' proposed third amended complaint contains no new allegations in this regard; these claims remain deficient.

        3.      <u>The PAC Fails To Address this Courts' Holding that Many of the Alleged Misstatements and All Alleged Omissions Are Inactionable.</u>

The PAC also largely is futile because it re-pleads the same alleged misstatements and omissions that the Court found inactionable as a matter of law. In the Opinion, this Court found that many of the alleged misstatements were inactionable as a matter of law because they were protected forward-looking statements, opinion statements, and puffery. (Op. at 35, 45-51.)[8] These statements cannot form the basis of securities fraud claims regardless of Plaintiffs' factual pleadings: the statements themselves are inactionable. Moreover, the Court found that Plaintiffs had waived challenges to the inactionability of numerous statements (*id.* at 35); "effort[s] to raise arguments in [a] Rule 59(e) motion that were not previously asserted in response to Defendant's dispositive motion do[] not cure [Plaintiff's] prior waiver or abandonment of claims." *Howley*, 2021 WL 913290, at *8. This Court also found that Plaintiffs failed to plead any actionable omission because Plaintiffs failed to allege that Riverside or Six Flags took any steps to terminate their relationship prior to the January 10, 2020 disclosure. (Op. at 43-44.) But the PAC simply re-pleads these allegations. Inactionable statements, of course, remain inactionable.

***Inactionable Forward-Looking Statements.*** In the PAC, Plaintiffs seek to re-plead the same protected forward-looking statements this Court already dismissed. Forward-looking statements are inactionable where, among other safe harbors, the statement is identified as

_____

[8]     The Court identified inactionable forward-looking statements (SAC ¶¶ 172, 184, 207-09, 219, 227, 232, 244), puffery (*id.* ¶¶ 170, 172-73, 175-77, 179, 207-09, 219, 227), and opinions (*id.* ¶¶ 168, 173, 177, 179, 219, 222, 227, 232, 235-36, 244, 246). (Op. at 35.)

forward-looking and accompanied by meaningful cautionary language. *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 371 (5th Cir. 2004). This Court correctly found that Plaintiffs waived challenges to forward-looking statements regarding revenue recognition and Riverside's future performance, and separately found that "Defendants' forward-looking statements containing appropriately specific cautionary language are protected under the safe harbor and are, therefore, inactionable," pointing to such cautionary language in both Form 10-Ks issued during the putative class period and six earnings calls. (Op. at 48-49.) Plaintiffs seek to challenge these same statements in the PAC, but the outcome would not be any different. Leave to amend is thus futile with regard to these statements.

*Inactionable Puffery.* The proposed third amended complaint also seeks to challenge the same inactionable puffery this Court already dismissed—that is, those "vague and optimistic [statements] that cannot support a securities fraud action." *Southland*, 365 F.3d at 372; (Op. at 50). Specifically, this Court found that statements regarding Riverside's financial condition and government relationships, the prospect of future parks, and construction progress fell squarely into this category. (Op. at 50 (citing as inactionable the alleged misstatements identified at SAC ¶¶ 170, 172-73, 177, 179, 205-09, 219, 222, 227, 234-36).) Such statements are inactionable as a matter of law; no amendment can cure this deficiency.

*Alleged Omissions.* Finally, Plaintiffs seek to re-plead the same inactionable omissions. As this Court correctly held in the Opinion, where a company publicly hypes a contract with a third party, it must disclose when one party take steps to terminate the contract. (Op. at 43.) But companies need not disclose disagreements about performance or even the counterparty's failure to perform. (*Id.*) As a result, the Court found that because Plaintiffs "fail[ed] to plead that Riverside or Six Flags took any steps to terminate their relationship prior to January 10, 2020,"

when Six Flags disclosed its default notices to Riverside, Plaintiffs had failed to identify an actionable omission. (*Id*. at 44.) The PAC fails to plead that either Riverside or Six Flags took steps to terminate their relationship prior to January 10, 2020; there is no actionable omission.

### B.      The PAC Is Futile Because It Fails To Change The Scienter Analysis.

To survive dismissal, plaintiffs must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Pier 1 Imports*, 935 F.3d at 429. "Allegations of 'simple or even inexcusable negligence' are insufficient; instead, Plaintiffs must adequately plead 'highly unreasonable' conduct representing 'an extreme departure from the standards of ordinary care." (Op. at 51-52 (quoting *Rosenzweig*, 332 F.3d at 866).) Plaintiffs' proposed amendments do not alter this legal analysis, instead retreading the same infertile ground that this Court already found insufficient.

#### 1.      Plaintiffs Propose No New Allegations To Plead Motive.

This Court correctly held that the SAC failed to plead adequately any motive to deceive investors. (Op. at 53-54.) Instead, Plaintiffs alleged that Defendants were motivated to hit incentive targets, even though those targets were never achieved precisely because, according to Plaintiffs, Defendants "announced a downward revenue adjustment in February 2019 related to delays in the China park openings." (*Id.* at 53.) As this Court correctly held, that decision "cut against [the Individual Defendants'] monetary interests," and Plaintiffs generally "fail[ed] to plead facts to support a showing that Defendants had a motive to deceive." (*Id.* at 53-54.)

Plaintiffs have not included new allegations in the PAC that address motive, either to bolster the incentive compensation theory that this Court rejected, or to press a new theory. Because Plaintiffs still fail to allege motive, "the strength of the circumstantial evidence" Plaintiffs seek to present in the PAC "must be correspondingly greater." (Op. at 54.)

22

2.      Plaintiffs Fail to Remediate FE1's Insufficient Allegations.

The Court held that FE1's allegations failed to support a strong inference of scienter because they had to be discounted, Plaintiffs failed to allege FE1 ever came into contact with Defendants, and because Plaintiffs "failed to dispute that the opinions of confidential witnesses add nothing to scienter analysis." (Op. at 55.)  Nothing in the PAC alters this analysis.

*First*, adding FE1's full resignation letter does not change the fact that FE1 remains a confidential witness and courts in the Fifth Circuit must discount allegations from confidential witnesses.  *Shaw*, 537 F.3d at 535.  In fact, as the Court stated in its opinion, "even if described with sufficient particularity to support the probability that a person in the position occupied by the source . . . would possess the information pleaded, the Court still discounts allegations based on confidential witnesses." (Op. at 33.)  After all, "[i]t is hard to see how information from anonymous sources could be deemed 'compelling' or how [courts] could take account of plausible opposing inferences.  Perhaps these confidential sources have axes to grind." *Higginbotham v. Baxter Int'l Inc.*, 495 F.3d 753, 757 (7th Cir. 2007).  The additional information in the PAC does not overcome the general discounting applied to confidential witnesses.

*Second*, Plaintiffs' proposed additions do not include any allegations that FE1 ever came into direct contact with Defendants, nor do they provide any additional facts demonstrating that Defendants actually received or reviewed FE1's reports.  Though Plaintiffs propose to now include FE1's full resignation letter, that letter still fails to demonstrate—and Plaintiffs otherwise still fail to allege with particularity—that the Individual Defendants or anyone on the Board of Directors ever received or reviewed the letter or reports that FE1 purportedly compiled.  Indeed, Plaintiffs have provided no new information whatsoever which directly indicates that Defendants ever received or reviewed the reports.  Rather, Plaintiffs suggest that Defendants saw the reports through innuendo (Motion at 14 (describing vaguely reports "that went to the Individual

23

Defendants")), or second-hand suggestions of possible future presentations (PAC ¶ 109 (stating that others at the company "informed FE1 that the presentations *were to be presented* to the Board of Directors")). In essence, Plaintiffs have added minor details to the same allegations which this Court found to be insufficient and still cannot point to any allegation that FE1 or his alleged reports were actually received by the Defendants.

*Third*, though Plaintiffs' proposed additions relate entirely to the opinions of confidential witness FE1, Plaintiffs still fail to dispute that "opinions of confidential witnesses add nothing to scienter analysis." (Opinion at 55 (citing *Budde v. Glob. Power Equip. Grp., Inc.*, 2017 WL 6621540, at *3 (N.D. Tex. Dec. 27, 2017).) Thus, even if Plaintiffs' proposed additions were sufficient to overcome the discount applied to confidential witnesses or to demonstrate that FE1 actually came into contact with the Defendants—which they are not—those additions would *still* fail to raise a strong inference that the Defendants acted with the requisite state of mind.

3.    Plaintiffs Still Provide Insufficient Detail About the Internal Reports.

In the Opinion, the Court held that Plaintiff's allegations regarding internal reports purportedly compiled by FE1 also failed to support an inference of scienter. The Court noted that "Plaintiffs simply assume that these reports—created by a confidential witness, submitted to individuals not named as defendants—were presented to Reid-Anderson without stating when the reports were created, when they were presented to Defendants, or whether Defendants actually saw the reports." (Op. at 56.) Additionally, the Court noted that Plaintiffs provided "[n]o specific dates … for when the reports were created, when they were presented to McKillips, or when McKillips presented them to Reid-Anderson." (Op. at 6.)

Again, the Plaintiffs' proposed additions do not change the analysis. Plaintiffs argue that additional allegations that FE1 was "told by two different executives that his presentations . . . were provided to the Board of Directors and Defendant Reid-Anderson" and that FE1 expressed

24

his opinions on "a large-scale conference call" support an inference of scienter.  (Motion at 15.)

But these are just more of the same insufficient allegations.  As stated above, Plaintiffs still fail

to make any allegation that any Defendants actually received or reviewed the reports, and still

fail to describe the reports or presentations with any specificity.  Furthermore, the "large-scale

conference call" is extraneous at best, since Plaintiffs make no allegation that the Defendants

were involved in or even aware of the conference call.  Plaintiffs appear to have returned to FE1

to simply add additional color—but no new facts—to their allegations.  Again, the proposed

additions do nothing to fill the gaps in Plaintiffs' previous pleading.[9]

### 4.      The PAC Fails to Raise A Sufficient Competing Inference.

To meet the PSLRA's heightened pleading standard, Plaintiffs must present a theory of

fraud that is "cogent and at least as compelling as any opposing inference one could draw from

the facts alleged."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007).  The

opposing, non-fraudulent inference here is clear:  Defendants warned of (and disclosed)

problems Riverside was facing, but were optimistic that Riverside would ultimately perform.

Plaintiffs' opposing inference—that Defendants knew that Riverside would default in early 2018,

chose not to terminate until 2020, and hid this from investors for no discernible personal

benefit—is nonsensical.  The PAC fails to change this analysis, merely attempting to bolster the

opinions of one confidential witness which, on their own, "afford *no basis* for drawing the

plausible competing inferences required by *Tellabs*."  *Shaw*, 537 F.3d at 535.

### CONCLUSION

Defendants respectfully request that the Court deny the Motion.

---

[9]      The Court also correctly rejected Plaintiffs' core operations theory and reliance on
executive departures.  (Op. at 56, 58.)  The PAC adds no new allegations to support either
theory.  Because the PAC does not plead an underlying violation of Section 10(b) and
Rule 10b-5 promulgated thereunder, the Section 20(a) claim also is futile.

Dated:  April 21, 2021                              */s/ Jeremy A. Fielding*
_____

**KIRKLAND & ELLIS LLP**
Jeremy A. Fielding, P.C. (Texas Bar
No. 24040895)
1601 Elm Street
Dallas, TX  75201
Telephone:  (214) 972-1770
Facsimile:  (214) 972-1771
jeremy.fielding@kirkland.com

**KIRKLAND & ELLIS LLP**
Sandra C. Goldstein, P.C. (admitted *pro hac vice*)
Stefan Atkinson, P.C. (admitted *pro hac vice*)
Daniel Cellucci (admitted *pro hac vice*)
601 Lexington Avenue
New York, NY  10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
sandra.goldstein@kirkland.com
stefan.atkinson@kirkland.com
dan.cellucci@kirkland.com

*Counsel for Defendants*

26

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on counsel of record through the Court's ECF Program on this 21st day of April, 2021.

Dated:  April 21, 2021

/s/ Jeremy A. Fielding

**KIRKLAND & ELLIS LLP**
Jeremy A. Fielding, P.C. (Texas Bar No. 24040895)
1601 Elm Street
Dallas, TX  75201
Telephone:  (214) 972-1770
Facsimile:  (214) 972-1771
jeremy.fielding@kirkland.com

**KIRKLAND & ELLIS LLP**
Sandra C. Goldstein, P.C. (admitted *pro hac vice*)
Stefan Atkinson, P.C. (admitted *pro hac vice*)
Daniel Cellucci (admitted *pro hac vice*)
601 Lexington Avenue
New York, NY  10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
sandra.goldstein@kirkland.com
stefan.atkinson@kirkland.com
dan.cellucci@kirkland.com

*Counsel for Defendants*