**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

|  |  |
|---|---|
| *In re Six Flags Entertainment Corp. Securities Litigation* | Civil Action No. 4:20-cv-00201-P<br><br>CLASS ACTION |

**PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF**
**THEIR MOTION TO AMEND OR SET ASIDE THE JUDGMENT**
**UNDER FED. R. CIV. P. 59(E) AND FOR LEAVE TO FILE AN**
**AMENDED COMPLAINT UNDER FED. R. CIV. P. 15(A)**

**TABLE OF CONTENTS**

I.      Plaintiffs Timely Seek Leave To Amend........................................................................... 2

    A.      Plaintiffs Timely Seek Leave to Address the Court's Order ................................... 2

    B.      Plaintiffs Seek a First Opportunity to Address the Court's Dismissal Order ......... 5

    C.      Amendment Will Not Prejudice Defendants ........................................................... 6

II.     The Proposed Amendment Would Not Be Futile ............................................................... 7

CONCLUSION ...................................................................................................................... 10

# TABLE OF AUTHORITIES

CASES                                                                                              Page(s)

*Atchinson v. Dist. of Columbia*,
　　73 F.3d 418 (D.C. Cir. 1996) ...............................................................................................3

*Brown Shoe Co., Inc. v. Com. Credit Counseling Servs., Inc.*,
　　2008 WL 2148749 (S.D. Tex. May 20, 2008) ........................................................................4

*Budde v. Glob. Power Equip. Grp., Inc.*,
　　2017 WL 6621540 (N.D. Tex. Dec. 27, 2017) ......................................................................10

*In re Capstead Mortg. Corp. Sec. Litig.*,
　　258 F. Supp. 2d 533 (N.D. Tex. 2003) ...................................................................................4

*Degruy v. Wade*,
　　2014 WL 12651183 (N.D. Miss. Mar. 26, 2014) ....................................................................3

*Dueling v. Devon Energy Corp.*,
　　623 F. App'x 127 (5th Cir. 2015) .......................................................................................3, 6

*Dussouy v. Gulf Coast Inv. Corp.*,
　　660 F.2d 594 (5th Cir. 1981) ..........................................................................................3, 5, 6

*Edwards v. McDermott Int'l, Inc.*,
　　2021 WL 1421603 (S.D. Tex. Apr. 13, 2021) ........................................................................9

*In re Enron Corp. Sec., Deriv. & ERISA Litig.*,
　　2004 WL 405886 (S.D. Tex. Feb. 25, 2004) ..........................................................................4

*In re Enron Corp. Sec., Deriv. & ERISA Litig.*,
　　258 F. Supp. 2d 576 (S.D. Tex. 2003) ...................................................................................5

*Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*,
　　313 F.3d 305 (5th Cir. 2002) ................................................................................................2

*Guzman v. Bank of N.Y. Mellon*,
　　2018 WL 8061011 (W.D. Tex. Feb. 23, 2018) .......................................................................3

*Hayes v. New England Millwork Distribs., Inc.*,
　　602 F.2d 15 (1st Cir. 1979) ...................................................................................................3

*Ind. Elec. Workers' Pension Tr. Fund IBEW v. Shaw Grp.*,
　　537 F.3d 527 (5th Cir. 2008) ................................................................................................7

*Krim v. BancTexas Grp., Inc.*,
　　989 F.2d 1435 (5th Cir. 1993) ..............................................................................................9

ii

*Mason v. Fremont Inv. & Loan*,
   671 F. App'x 880 (5th Cir. 2016) ..................................................................6, 7

*Mayeaux v. La. Health Serv. & Indem. Co.*,
   376 F.3d 420 (5th Cir. 2004) ............................................................................3

*McGruder v. Target Corp.*,
   2020 WL 6504570 (N.D. Tex. Nov. 5, 2020)....................................................2

*Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*,
   970 F.3d 133 (2d Cir. 2020)..............................................................................5

*Miller v. MV Transp., Inc.*,
   2019 WL 266971 (W.D. Tex. Jan. 18, 2019) .................................................6, 7

*Minter v. Prime Equip. Co.*,
   451 F.3d 1196 (10th Cir. 2006) ........................................................................3

*Mun. Emps.' Ret. Sys. of Mich. v. Pier 1 Imports Inc.*,
   935 F.3d 424 (5th Cir. 2019) ............................................................................7

*N. Tex. Opp. Fund L.P. v. Hammerman & Gainer Int'l, Inc.*,
   2016 WL 6948469 (N.D. Tex. Apr. 25, 2016) ...................................................9

*Omega Hosp., LLC v. United Healthcare Servs., Inc.*,
   389 F. Supp. 3d 412 (M.D. La. 2019).................................................................4

*Owens v. Jastrow*,
   789 F.3d 429 (5th Cir. 2015) ............................................................................7

*Parish v. Frazier*,
   195 F.3d 761 (5th Cir. 1999) ............................................................................6

*People Source Staffing Pros., L.L.C. v. Robertson*,
   2019 WL 8301692 (W.D. La. Dec. 20, 2019) ....................................................6

*In re Petroleum Prods. & Servs., Inc.*,
   557 B.R. 918 (Bankr. S.D. Tex. 2016) ..............................................................4

*Ramming v. United States*,
   281 F.3d 158 (5th Cir. 2001) ............................................................................2

*Roney v. Miller*,
   705 F. App'x 670 (9th Cir. 2017) ......................................................................5

*Rosenblatt v. United Way of Greater Houston*,
   607 F.3d 413 (5th Cir. 2010) ............................................................................4

*Rosenzweig v. Azurix Corp.*,
   332 F.3d 854 (5th Cir. 2003) ..............................................................................4

*Schiller v. Physicians Res. Grp. Inc.*,
   342 F.3d 563 (5th Cir. 2003) ...........................................................................6, 7

*Thomas as Tr. of Performance Prods. Inc. v. Hughes*,
   2018 WL 2996901 (W.D. Tex. Feb. 22, 2018)................................................3, 6, 7

*Thomas v. Chevron U.S.A., Inc.*,
   832 F.3d 586 (5th Cir. 2016) ..............................................................................4

*U.S. ex rel. Adrian v. Regents of the Univ. of Cal.*,
   363 F.3d 398 (5th Cir. 2004) ..............................................................................2

*USX Corp. v. Barnhart*,
   395 F.3d 161 (3d Cir. 2004)................................................................................3

*Verizon Emp. Benefits Comm. v. Adams*,
   2006 WL 889997 (N.D. Tex. Apr. 5, 2006) ...........................................................2

*Whitaker v. City of Houston, Tex.*,
   963 F.2d 831 (5th Cir. 1992) ..............................................................................3

*Williams v. Citigroup Inc.*,
   659 F.3d 208 (2d Cir. 2011)................................................................................3

## STATUTES, RULES & OTHER AUTHORITIES

15 U.S.C. § 78u-4(a)(3)(A)(i) ...................................................................................5

Fed. R. Civ. P. 15(a) ...........................................................................................2, 6

Fed. R. Civ. P. 16(b) ..............................................................................................7

Manual for Complex Litigation, Fourth, § 31.4 (2004)..................................................5

Plaintiffs promptly moved for leave to amend following the Court's Order dismissing the case and have added compelling allegations to the PAC that address the ostensible deficiencies the Court discussed in its opinion.[1]  Those allegations include substantial additional detail buttressing the reliability of FE1's highly relevant accounts, including by addressing the Court's discount of FE1's credibility and the compelling inference of scienter that FE1's accounts support.  The PAC makes it clear that FE1 is who Plaintiffs say he is: the Six Flags executive in charge of overseeing the construction of the Six Flags China parks, who would be in the best position to know and recall what information Six Flags and the Individual Defendants had when they made their false statements about the progress and timing of the construction.

In opposition to Plaintiffs' Motion, Defendants primarily argue that Plaintiffs have unduly delayed in seeking leave to amend.  DB 7-12.  Defendants are wrong.  Plaintiffs timely filed the Motion 28 days after the Court issued its Order and entered judgment.  Further, the PAC is Plaintiffs' first attempt to cure the deficiencies that the Court identified in its Order.  Courts typically allow such amendment, absent undue prejudice—which is not present here, including because there has been no discovery and the PAC does not raise any additional claims or theories.

Defendants further argue that Plaintiffs' Motion should be denied on grounds that the amendment would be futile.  Again, Defendants are wrong.  The PAC's additional allegations obviate any basis to discount allegations based on FE1's accounts, including regarding Defendants' misrepresentations about the China parks' opening dates and the information available and provided to Defendants concerning Riverside's payment and construction failures.  Amendment accordingly would not be futile because the PAC sets forth well-pleaded allegations that should be sustained

---

[1] Terms not otherwise defined herein retain the meanings assigned in the Complaint.  Unless otherwise stated, all emphasis in this brief is added. "DB __" refers to pages of Defendants' opposition brief (ECF No. 72).

absent any such discount.  Accordingly, and as discussed below, Defendants' protestations fall flat and leave to file a first amended complaint should be granted.

## I.   PLAINTIFFS TIMELY SEEK LEAVE TO AMEND

Defendants argue that Plaintiffs have unduly delayed in seeking leave to amend.  DB 7-12. Defendants are wrong.  Plaintiffs timely, and promptly, filed the Motion 28 days after the Court's Order issued and judgment entered.  And the amendment's additional allegations and detail go directly to the ostensible deficiencies that the Court identified in its Order, including the apparent misunderstanding of FE1's credibility and the inference of scienter that FE1's accounts support.

Defendants' arguments fall flat.  Defendants concede that Rule 15(a)'s liberal standard applies to Plaintiffs' request for leave to amend.  *Id*. at 7.  They nevertheless wrongly contend that amendment is barred based on purported undue delay because Plaintiffs did not seek to amend at some earlier point (*id.* at 10-12) and information added to the amendment was previously available (*id.* at 8-10).  As set forth below, leave to file a first substantive amendment should be granted.

### A.   Plaintiffs Timely Seek Leave to Address the Court's Order

Plaintiffs seek for the first time to substantively amend their pleadings in order to address purported deficiencies identified in the Court's dismissal Order, which is a widely accepted basis for amendment.  *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case"); *U.S. ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (discussing "well-established policy that the plaintiff be given every opportunity to state a claim") (citation omitted); *McGruder v. Target Corp.*, 2020 WL 6504570, at *2 (N.D. Tex. Nov. 5, 2020) (Pittman, J.) (granting leave to amend "[g]iven this case's youth" and "'the pull to decide cases on the merits'" (quoting *Great Plains*, 323 F.3d at 329)); *Verizon Emp. Benefits Comm. v. Adams*, 2006 WL

889997, at *2 (N.D. Tex. Apr. 5, 2006) (allowing amendment where "the Court has no evidence that Plaintiff . . . knew its Complaint was deficient").[2]

Contrary to Defendants' assertions (DB 11), Plaintiffs' promptly raised Motion is timely and appropriate. "[M]ere passage of time need not result in refusal of leave to amend; on the contrary; it is only undue delay that forecloses amendment," which "can be appropriate as late as trial or even after trial." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981); *see, e.g.*, *Dueling v. Devon Energy Corp.*, 623 F. App'x 127, 130 (5th Cir. 2015) ("delay alone is an insufficient basis for denial of leave to amend" (quotation marks omitted)); *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (same).[3]

*Dussouy* is instructive. The *Dussouy* plaintiff moved for leave to amend "promptly upon the decision of the trial court that held the pleadings defective." 660 F.2d at 599. Although "Dussouy was aware of the facts alleged in the proposed amendment from the beginning," the Fifth

---

[2] Defendants' cited cases (*see* DB 11) concerned far different circumstances, including plaintiffs who repeatedly failed to cure pleading deficiencies, and cases where substantial discovery had already been completed. *See Whitaker v. City of Houston, Tex.*, 963 F.2d 831, 836-37 (5th Cir. 1992) (summary judgment was briefed and motion to amend did not include proposed amendment); *Guzman v. Bank of N.Y. Mellon*, 2018 WL 8061011, at *3 (W.D. Tex. Feb. 23, 2018) (two-page motion "near the end of discovery" did not identify new information after "repeatedly fail[ing] to cure their pleading deficiencies"); *Degruy v. Wade*, 2014 WL 12651183, at *5 (N.D. Miss. Mar. 26, 2014) (plaintiff "wholly failed to respond" to court's request for additional briefing, and waited four months after dismissal to file two-page brief requesting amendment).

[3] *See also, e.g.*, *Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011) (it is "unmistakably clear [that] there is no such rule" requiring request to replead "immediately upon answering the motion to dismiss the complaint . . . . or indeed prior to the district court's entry of judgment"); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (regarding undue delay, "[l]ateness does not of itself justify" denial) (citation omitted); *USX Corp. v. Barnhart*, 395 F.3d 161, 167 (3d Cir. 2004) ("[D]elay alone is an insufficient ground to deny leave"); *Atchinson v. Dist. of Columbia*, 73 F.3d 418, 426 (D.C. Cir. 1996) (whether delay is "undue" depends on prejudice); *Hayes v. New England Millwork Distribs., Inc.*, 602 F.2d 15, 19 (1st Cir. 1979) (same) (citation omitted); *Thomas as Tr. of Performance Prods. Inc. v. Hughes*, 2018 WL 2996901, at *4 (W.D. Tex. Feb. 22, 2018) (rejecting argument that plaintiffs were required to "raise[] the proposed amendment earlier in this proceeding").

Circuit held that he should be permitted to replead; although he "fail[ed] to cure the deficiencies in his original complaint with his first amendment," he had not "repeatedly failed to cure deficiencies by amendments previously allowed." *Id*. Here, Plaintiffs promptly seek to add allegations in order to address ostensible deficiencies that the Court identified. Courts routinely allow such amendment "for purpose[s] of clarifying and substantiating . . . claims." *Brown Shoe Co., Inc. v. Com. Credit Counseling Servs., Inc.*, 2008 WL 2148749, at *7 (S.D. Tex. May 20, 2008); *see also, e.g.*, *In re Enron Corp. Sec., Deriv. & ERISA Litig.*, 2004 WL 405886, at *35 n.63 (S.D. Tex. Feb. 25, 2004) (finding no undue delay and allowing amendment to add "factual allegations closely related to those made previously" and "to cure pleading deficiencies cited by the court"). This accords with *Omega Hospital*, which Defendants fail to meaningfully distinguish, and also concerned expanding prior allegations to better explain facts discussed in the court's dismissal order. *Omega Hosp., LLC v. United Healthcare Servs., Inc.*, 389 F. Supp. 3d 412, 430 (M.D. La. 2019).[4]

There is also no requirement to request leave to amend while Defendants' motion to dismiss was pending. *See* DB 4, 10-12. The Fifth Circuit "ha[s] not provided strict guidelines as to what constitutes a sufficient request for leave to amend." *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). Plaintiffs need provide only "some specificity" concerning the basis for amendment, which Plaintiffs' Motion (ECF No. 71) satisfies. *Id*.; *see In re Petroleum Prods. & Servs., Inc.*, 557 B.R. 918, 923 (Bankr. S.D. Tex. 2016) (request adequate where movant "include[d] the substance of its proposed amendments within its motion for leave to amend").

---

[4] There is no requirement that an amendment add only previously unavailable facts, and Defendants' cases on that point are unavailing. *See* DB 8-10 (citing *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010) (proposed amendment presented different claims and case theory); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 865 (5th Cir. 2003) (plaintiffs admittedly "deliberately chose to delay amend[ment]," did not submit proposed amendment, and "failed to connect [new] facts to a legal claim"); *In re Capstead Mortg. Corp. Sec. Litig.*, 258 F. Supp. 2d 533, 567-68 (N.D. Tex. 2003) (case was "nearly five years old")).

4

**B.     Plaintiffs Seek a First Opportunity to Address the Court's Dismissal Order**

Defendants' misleading suggestion that Plaintiffs have already had opportunities to amend their complaint (DB 9 n.2) fundamentally mischaracterizes the nature of securities class action litigation under the PSLRA.  One or more "initial" complaints are commonly filed at the lead-plaintiff stage.  Notice is then published to inform putative class members of the opportunity to move to serve as lead plaintiff.  Only after the Court appoints lead plaintiff(s) and counsel, a consolidated complaint is filed, which is then subject to motions to dismiss.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i); Manual for Complex Litigation, Fourth, § 31.4, at 546 (2004); *In re Enron Corp. Sec., Deriv. & ERISA Litig.*, 258 F. Supp. 2d 576, 625 (S.D. Tex. 2003) ("the situation in a class action governed by the PSLRA is distinguishable . . . . Lead Plaintiff's first 'amendment' involved writing essentially a new complaint . . . within an expedited time period").

Here, the Court entered a stipulated order providing that, "[b]ecause this case is governed by the [PSLRA]," Defendants were not required to answer, move, or respond to the initial complaint.  ECF No. 24.  The Court ordered Plaintiffs to file the CAC as "the operative complaint in this action" that would be the subject of Defendants' motion to dismiss.  ECF No. 47.  After that operative complaint was dismissed, Plaintiffs now seek "an opportunity to replead in the first place," denial of which would constitute an abuse of discretion.  *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 144 (2d Cir. 2020); *see Dussouy*, 660 F.2d at 599 (question is whether plaintiffs have "repeatedly failed to cure deficiencies by amendments previously allowed"); *Roney v. Miller*, 705 F. App'x 670, 671 (9th Cir. 2017) (granting leave where the "motion to dismiss is the first pleading to attack the sufficiency of the plaintiffs' allegations, the current decision by the district court is the first to address the sufficiency of those allegations, and the plaintiffs are seeking their first opportunity to cure those deficiencies" (alteration omitted)).

5

## C.      Amendment Will Not Prejudice Defendants

Defendants' passing claim of prejudice (DB 12 n.5) rings hollow. "Delay is undue and prejudicial if it hinders the opposing party's ability to respond to the proposed amendment or to prepare for trial." *Dueling*, 623 F. App'x at 130. Here, contrary to Defendants' assertion, additional motion-to-dismiss briefing would not be prejudicial. Even if "permitting Plaintiffs to file the proposed amendment will likely result in another round of dispositive motions, there is no suggestion that the new allegations . . . will necessitate extensive changes to the motions that defendants have already briefed," and therefore no prejudice. *Thomas*, 2018 WL 2996901, at *4; *see Dueling*, 623 F. App'x at 131 (no undue delay or prejudice where "[t]he district court had not issued a Rule 16 pretrial scheduling order," discovery cutoff had not passed, and amendment "does not include new legal theories"); *Dussouy*, 660 F.2d at 599 (no prejudice where "the pleadings as they stand have given . . . adequate notice of the transactions at issue" and "the challenged conduct . . . is essentially the same as that challenged in the initial pleadings"); *People Source Staffing Pros., L.L.C. v. Robertson*, 2019 WL 8301692, at *2 (W.D. La. Dec. 20, 2019) (no prejudice where "there is no indication that the parties have conducted any meaningful discovery" and "plaintiff is seeking to bring its pleading into conformity with defendants' arguments and the court's ruling(s)"); *Miller v. MV Transp., Inc.*, 2019 WL 266971, at *2 (W.D. Tex. Jan. 18, 2019) ("no[] [discovery] has yet been done" and the "proposed amendment does not fundamentally alter the nature of this case").

There is likewise no requirement that Plaintiffs proactively disprove Defendants' claim of undue delay.[5] *Contra* DB 10, 12. Rather, "[t]he <u>non-moving</u> party has the burden of proving undue

---

[5] *Parish v. Frazier* is inapposite, as plaintiff sought leave to amend on the same day defendants moved for summary judgment, and amendment "would likely require additional discovery and another motion for summary judgment." 195 F.3d 761, 763-64 (5th Cir. 1999). *Mason* and *Schiller* are also inapt, as *Mason* did not consider leave to amend under Rule 15(a) but rather the more

6

delay." *Thomas*, 2018 WL 2996901, at *4 (citation omitted); *see Miller*, 2019 WL 266971, at *2 ("MVTI does not suggest that Miller's delay was motivated by bad faith . . . . As the nonmoving party, MVTI has the burden to prove undue delay."). Accordingly, absent the requisite showing by Defendants of undue prejudice, Defendants' claim of undue delay fails.

## II.    THE PROPOSED AMENDMENT WOULD NOT BE FUTILE

The amendments set forth in the PAC address certain issues identified in the Court's Order, and add meaningful support for Plaintiffs' well-pleaded claims, which should be sustained in whole or in part. In particular, the PAC adds allegations that buttress FE1's credibility and knowledge (e.g., PAC ¶¶72, 85, 95, 104, 259), and undermine anything more than a *de minimis* discount to allegations derived from FE1's accounts. In response, Defendants claim that these amendments are futile and do not address any of the issues identified by the Court. Defendants are wrong.

First, Defendants argue that the amendments are futile because the amendments do not change the discount to FE1's allegations. DB 13-16. Defendants are wrong. Defendants do not dispute—and indeed, barely address—the ample Fifth Circuit case law holding that the extent of any applicable discount depends entirely on the circumstances of each case. *See* ECF No. 71 at 13-15 (discussing *Ind. Elec. Workers' Pension Tr. Fund IBEW v. Shaw Grp.*, 537 F.3d 527, 535 (5th Cir. 2008); *Mun. Emps.' Ret. Sys. of Mich. v. Pier 1 Imports*, Inc., 935 F.3d 424, 433-34 (5th Cir. 2019); *Owens v. Jastrow*, 789 F.3d 429, 432-43 & n.12 (5th Cir. 2015)). In those cases, where courts have dismissed securities class actions while discounting confidential witness allegations, numerous issues beyond the witnesses' confidentiality undermined their relevance and credibility.

As the additional allegations added to the PAC further establish, none of those concerns are

---

stringent Rule 16(b), and *Schiller* concerned a request to file a fourth complaint following several rounds of motion-to-dismiss briefing. *Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 883 (5th Cir. 2016); *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 565-66 (5th Cir. 2003).

7

present here.  Among other things, Defendants do not dispute that FE1 was Six Flags' Director of International Construction in charge of overseeing the construction of the China parks during the Class Period, that he was in a position to know and report these exact details, or that the PAC accurately reflects his recollection.  There is accordingly no factual or even claimed basis for the Court to apply any "discount" to FE1's allegations concerning the progress and timeline of the construction of the China parks (and any discount nevertheless applied should be *de minimis*).

Second, the PAC undermines any "generalized" discount the Court might apply to the allegations concerning the China parks' opening timeline.  *See, e.g.*, PAC ¶¶196-197 (misrepresentation that Zhejiang park to open in 15-16 months).  FE1 identified certain necessary predicates to the construction of the China parks that Six Flags had not achieved by the time of Defendants' statements and did not achieve at any time during his tenure at Six Flags.  These prerequisites included, among other things, the timely commission of rollercoasters and other rides (*id.* ¶¶64-68; 90-96) and the commission of costly and extensive construction blueprints necessary to build the parks (*id.* ¶¶65, 98).  The failures to meet those predicates "necessarily precluded" Six Flags from meeting its publicly stated timelines—which deadlines were in turn represented in Six Flags' quarterly revenue recognition.  *Id.* ¶¶57-64.  Given the PAC's allegations further demonstrating FE1's credibility, any discount to FE1's account should be removed or substantially reduced, and, as a result, Plaintiffs' claims concerning those representations should be sustained.  *See* Op. at 41 (Plaintiffs must "plead specific facts that show how . . . problems and difficulties necessarily precluded" Six Flags from meeting its announced park opening dates).

Defendants' claim that the concrete facts on the ground that FE1 recounted are somehow his "mere opinions" (DB 16-17, 24) is wrong and substitutes a conclusory label for a substantive argument.  Defendants have never disputed Plaintiffs' allegation that it would take anywhere from

18 months to 5 years to construct the rides necessary to open the theme parks. *See* PAC ¶66. Nor have Defendants ever disputed that the complicated park construction touted by Six Flags would require construction blueprints to be commissioned—a step that was never done. *See id.* ¶¶65, 98.[6]

Third, Defendants seek to divert attention from FE1's core allegations regarding the construction of the China parks and focus on the "significant" discount the Court applied to FE1's allegations concerning Riverside's financial condition. DB 15-18. However, the new amendments directly buttress Plaintiffs' allegations by demonstrating that FE1 had daily interactions and discussions with the onsite Riverside team (PAC ¶85); spoke with outside vendors concerning their experiences with Riverside failing to pay their invoices (*id.* ¶95); and, internally within Six Flags, learned that Riverside owed Six Flags $18 million in significantly overdue licensing fees (*id.* ¶104). Further, this "substantial discount" is irrelevant to many, if not most, of the Complaint's allegations, which largely address Six Flags' and the Individual Defendants' own understanding of the progress and prospects for the China parks (including what information was available and communicated to Defendants about Riverside)—not necessarily Riverside's true financial condition. Riverside's financial condition is irrelevant where Six Flags' executives understood that Riverside was unable to complete the China parks on the schedule Six Flags publicly announced and repeatedly reiterated.

Fourth, Defendants wrongly contend that the PAC's allegations do not add to the Court's scienter analysis. DB 22-25. But the PAC's amendments, along with the CAC's existing

---

[6] Defendants object to the PAC's inclusion of statements that the Court has held inactionable as a matter of law. DB 20-22. But the Court's puffery determinations are "context-specific" and can change based upon the credence that the Court places on the PAC's additional allegations. *Edwards v. McDermott Int'l, Inc.*, 2021 WL 1421603, at *7 (S.D. Tex. Apr. 13, 2021) ("Materiality is not judged in the abstract, but in light of the surrounding circumstances.") (quoting *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1448 (5th Cir. 1993)). Moreover, Plaintiffs are entitled to include those statements in the PAC to preserve them for appellate review. *See N. Tex. Opp. Fund L.P. v. Hammerman & Gainer Int'l, Inc.*, 2016 WL 6948469, at *2 (N.D. Tex. Apr. 25, 2016).

allegations, support a strong inference of Defendants' scienter, including based on their reckless disregard for the truth of their statements concerning the timeline and progress of the China parks. Defendants simply disregard the additional allegations concerning FE1's resignation letter based on the "discount" applied to FE1's allegations. As discussed above, the existing and amended allegations—combined with Defendants' concession that FE1 was in a position to provide the relevant information concerning the China parks' construction that Plaintiffs allege—strongly support a *de minimis* discount applied to FE1's allegations.[7] Moreover, the PAC expressly pleads that FE1 noisily resigned from his position leading construction of the China parks specifically because Six Flags had misled him about the prospects of the parks, and that FE1 had stridently made his objections known within Six Flags well before his resignation. PAC ¶¶87-91, 257-60.

Defendants also misconstrue the PAC's allegations that FE1 was expressly told that his reports, detailing the lack of progress and inability to meet Six Flags' stated timelines for opening, would be directly conveyed to the Individual Defendants and to Six Flags' Board. DB 24-25. Defendants' opposing inference is nonsensical: that Six Flags executives carefully created internal reports, told another executive that they would be conveyed to the Board, and then secretly refused to do so, burying the files before they could be conveyed up the chain of review. Such explanation defies credulity and is nowhere near as compelling as the inference of scienter proffered in the PAC.

**CONCLUSION**

Plaintiffs respectfully request that the Court grant Plaintiffs' Motion.

---

[7] Defendants' claim that FE1's allegations are irrelevant because "opinions of confidential witnesses add nothing to scienter analysis" is wrong. DB 24 (quoting *Budde v. Glob. Power Equip. Grp., Inc.*, 2017 WL 6621540, at *3 (N.D. Tex. Dec. 27, 2017)). FE1 was informed that his presentations were to be presented to the Board—it was not his "mere opinion." *See* PAC ¶¶253-55. *Budde*, by contrast, involved only vague conjecture. *See Budde*, 2017 WL 6621540, at *3 (confidential witness's opinion that defendant must have known financial reports contained false information because defendant had stated that "[a certain division is] in the midst of going through some stuff, so don't focus on this area" not sufficient).

DATED: May 5, 2021

Respectfully submitted,

*/s/ Katherine M. Sinderson*

**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**

Hannah Ross, *pro hac vice*
John Rizio Hamilton, *pro hac vice*
Katherine M. Sinderson, *pro hac vice*
Adam D. Hollander, *pro hac vice*
Christopher R. Miles, *pro hac vice*
1251 Avenue of the Americas
New York, NY 10020
Tel:    (212) 554-1400
Fax:    (212) 554-1444
hannah@blbglaw.com
johnr@blbglaw.com
katiem@blbglaw.com
adam.hollander@blbglaw.com
christopher.miles@blbglaw.com

*Lead Counsel for Lead Plaintiffs*

**McKOOL SMITH PC**
Lewis T. LeClair
Texas Bar No. 12072500
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Tel:    (214) 978-4000
Fax:    (214) 978-4044
lleclair@mckoolsmith.com
*Liaison Counsel for Lead Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on counsel of

record through the Court's ECF Program on this 5th day of May, 2021.

Dated: May 5, 2021                          Respectfully submitted,

                                            */s/ Katherine M. Sinderson*
                                            **BERNSTEIN LITOWITZ BERGER**
                                               **& GROSSMANN LLP**
                                            Katherine M. Sinderson, *pro hac vice*
                                            1251 Avenue of the Americas
                                            New York, NY 10020
                                            Tel:    (212) 554-1400
                                            Fax:    (212) 554-1444
                                            katiem@blbglaw.com

                                            *Lead Counsel for Lead Plaintiffs*