# EXHIBIT A

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| *In re Six Flags Entertainment Corp.*<br>*Securities Litigation* | Civil Action No. 4:20-cv-00201-P<br><br>CLASS ACTION |

**BRIEF IN FURTHER SUPPORT OF
PLAINTIFFS' MOTION TO AMEND OR SET ASIDE THE JUDGMENT
UNDER FED. R. CIV. P. 59(E) AND FOR LEAVE TO FILE AN AMENDED
COMPLAINT UNDER FED. R. CIV. P. 15(A)**

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................. 1

FACTUAL BACKGROUND ........................................................................................................... 3

ARGUMENT ................................................................................................................................... 5

      A.     Leave to Amend Should Be Granted Because The RPAC Includes Newly
            Disclosed Information .......................................................................................... 6

      B.     The Proposed Amendment Would Not Be Futile .................................................. 6

      C.     Defendants Would Not Be Unduly Prejudiced by Amendment, and There Is No
            Undue Delay, Bad Faith, or Dilatory Motive ....................................................... 9

CONCLUSION .............................................................................................................................. 10

# TABLE OF AUTHORITIES

CASES                                                                                    Page(s)

*Budde v. Glob. Power Equip. Grp., Inc.*,
    2017 WL 6621540 (N.D. Tex. Dec. 27, 2017) ...........................................................................8

*Carlton v. Cannon*,
    184 F. Supp. 3d 428 (S.D. Tex. 2016) ........................................................................................7

*In re DePugh*,
    409 B.R. 84 (Bankr. S.D. Tex. 2009) .......................................................................................10

*Dussouy v. Gulf Coast Inv. Corp.*,
    660 F.2d 594 (5th Cir. 1981) ......................................................................................................5

*EEMSO, Inc. v. Compex Techs., Inc.*,
    2006 WL 8437456 (N.D. Tex. Apr. 20, 2006) ...........................................................................6

*JECO Inv. P'ship v. Pac. Life Ins. Co.*,
    2020 WL 6322003 (S.D. Tex. Oct. 28, 2020)..............................................................................5

*In re KBR, Inc. Sec. Litig.*,
    2018 WL 4208681 (S.D. Tex. Aug. 31, 2018) ...........................................................................8

*Lowrey v. Texas A&M Univ. Sys.*,
    117 F.3d 242 (5th Cir. 1997) ....................................................................................................10

*Payne v. Wal-Mart Stores Texas, LLC*,
    2019 WL 9197604 (W.D. Tex. Oct. 25, 2019) ...........................................................................6

*Rosenzweig v. Azurix Corp.*,
    332 F.3d 854 (5th Cir. 2003) ......................................................................................................5

*Thomas v. Magnachip Semiconductor Corp.*,
    167 F. Supp. 3d 1029 (N.D. Cal. 2016) ..................................................................................7, 8

*In re UTStarcom, Inc. Sec. Litig.*,
    617 F. Supp. 2d 964 (N.D. Cal. 2009) .....................................................................................7, 9

*Verizon Emp. Benefits Comm. v. Adams*,
    2006 WL 889997 (N.D. Tex. Apr. 5, 2006) .............................................................................10

Lead Plaintiffs Oklahoma Firefighters Pension and Retirement System and Electrical Workers Pension Fund, Local 103, I.B.E.W. ("Plaintiffs") hereby submit this Brief in Further Support of Plaintiffs' Motion to Amend or Set Aside the Judgment Under Fed. R. Civ. P. 59(e) and for Leave to File an Amended Complaint Under Fed. R. Civ. P. 15(a).

## INTRODUCTION

On May 18, 2021, Six Flags disclosed that on February 18, 2020, the U.S. Securities and Exchange Commission ("SEC") issued a subpoena to Six Flags concerning the Company's partnership with Riverside regarding the development and operation of the Six Flags China parks, and the $15 million negative revenue adjustment that the Company disclosed in February 2019 (the "SEC Investigation").  Just two days after Six Flags received the SEC subpoena, on February 20, 2020, Six Flags finally disclosed the full truth about the Six Flags China parks: that the Company had terminated its development agreements with Riverside, and would not recognize <u>any</u> revenues or income from the development of Six-Flags branded parks in China.  Also on February 20, on the heels of the SEC subpoena, Six Flags announced the sudden departure of the Company's CFO, Defendant Barber.

Six Flags did not disclose the SEC Investigation at the time it commenced (or indeed for another 15 months).  This and other new, highly relevant information further supports Plaintiffs' allegations, and provides additional bases to grant Plaintiffs' request to amend or set aside the judgment under Rule 59(e) and for leave to file an amended complaint under Rule 15(a) (the "Motion") (ECF No. 71).

Six Flags publicly disclosed the SEC Investigation in a complaint filed against the Company's insurance carrier alleging the wrongful denial of coverage for costs incurred defending against the SEC Investigation and related matters, including this case (the "Insurance Action").  *Six Flags Entm't Corp. v. Travelers Cas. & Surety Co. of Am.*, Case No. 4:21-cv-00693-P (N.D. Tex.

filed May 27, 2021), ECF No. 1 ("Insurance Compl.") at ¶ 6.[1]  Six Flags has designated the Insurance Action as related to this case, and the Insurance Complaint further disclosed that "[t]he SEC Subpoena involved the same facts that form the basis of" this case.  *Id.* at ¶ 8.

The Insurance Complaint additionally revealed other facts supporting Defendants' liability for the materially false and misleading statements and omissions Plaintiffs allege here.  Along with the SEC Investigation, which has cost Six Flags over $2.5 million thus far to defend against (*see id.* at ¶ 10), Six Flags disclosed that it retained separate counsel for Defendants Reid-Anderson and Barber "in light of the conflict that could arise in the joint defense of Six Flags and Messrs. Reid-Anderson and Barber," which has cost the Company over $290,000 in defense costs thus far (*id.* at ¶ 11).  Six Flags also disclosed that it seeks compensation from its insurer for counsel for key executive David McKillips, former Senior Vice President of Six Flags International, in connection with the SEC Investigation.  McKillips features prominently in Plaintiffs' complaint.  These facts and the SEC Investigation all constitute new information that further supports Plaintiffs' securities fraud claims, including the compelling inference of scienter that Plaintiffs' allegations raise.  Accordingly, Plaintiffs request that rather than the proposed amended pleading attached to Plaintiffs' opening brief (ECF No. 71-2), the Court grant Plaintiffs leave to file the revised Proposed Amended Complaint ("RPAC") attached hereto as Exhibit 1.[2]

---

[1] The Insurance Complaint was previously filed in the Dallas Division of this District, and was dismissed without prejudice on the Court's own motion, with instructions for Six Flags to re-file in this Court and file a notice of related cases under Local Rule 3.3(a).  *Six Flags Entm't Corp. v. Travelers Cas. & Surety Co. of Am.*, Case No. 4:21-cv-00670-P (N.D. Tex. filed May 18, 2021), ECF Nos. 1, 5-8.  The Insurance Complaint was re-filed in this Court, with identical allegations, on May 27, 2021.  *Six Flags*, Case No. 4:21-cv-00693-P, ECF No. 1.

[2] The RPAC contains both the new allegations concerning FE 1 set forth in Plaintiffs' March 31, 2021 PAC, and the additional allegations discussed herein concerning the facts newly disclosed in

## FACTUAL BACKGROUND

As alleged in Plaintiffs' RPAC, on May 18, 2021, Six Flags filed a complaint in this Court against its insurer, Travelers Casualty and Surety Company of America ("Travelers"), alleging claims arising from Travelers' denial of coverage for costs Six Flags has incurred defending against the SEC Investigaton and related actions, including this case. *See* Insurance Compl. ¶¶ 15-37.

The Insurance Complaint contains previously undisclosed facts relevant to this Action and that further support a strong inference of scienter as to all Defendants. First, unbeknownst to Plaintiffs and the public, on February 18, 2020—just two days before the Company finally admitted that the Riverside relationship was fundamentally broken and announced Defendant Barber's sudden departure—the SEC issued an in-depth subpoena to Six Flags targeting its relationship with Riverside. *See* Insurance Compl. ¶ 8; RPAC ¶ 160.

According to Six Flags,

> [t]he SEC Subpoena directed the production of documents from January 1, 2018 through the present and sought: all Board of Directors and Audit Committee meeting minutes; all agreements with Riverside Investment Group Co. Ltd.; documentation supporting the quarterly revenues recorded in connection with Riverside agreements; documents concerning the cause of negative revenue adjustments related to the Riverside agreements; the identity of persons at Six Flags involved with the Riverside agreements; and all communications with and concerning Riverside.

*Id*. In other words, the SEC demanded production of information concerning the same underlying facts and alleged false statements at issue in this case—including the Company's recorded revenue (*see* RPAC ¶¶ 60-66, 163-66, 173-77, 191-95, 200-04, 210-214, 224-28, 239-43, 251-55) and Six Flags' relationship with Riverside (*see id.* ¶¶ 46-49, 72-76, 122-25, 182, 189, 215-19, 229, 237),

---

the Insurance Complaint. The present motion for leave incorporates the arguments set forth in Plaintiffs' Motion, and includes further argument concerning the newly added allegations about the information Six Flags disclosed in the Insurance Complaint.

both of which are highly relevant to whether the China parks would open on Defendants' stated timetable and Defendants' basis for representing that timetable to investors.

Second, along with the SEC Investigation, which has cost Six Flags over $2.5 million thus far to defend against (*see* Insurance Compl. at ¶ 10; RPAC ¶ 161), Six Flags disclosed that it retained separate counsel from the law firm of Perkins Coie for Defendants Reid-Anderson and Barber in connection with this case, "in light of the conflict that could arise in the joint defense of Six Flags and Messrs. Reid-Anderson and Barber" (*id.* at ¶ 11; RPAC ¶ 161). Six Flags has incurred over $290,000 in defense costs for Reid-Anderson and Barber's counsel thus far. *Id.*

Third, the Insurance Complaint named four specific "firms and experts" that Six Flags paid "to defend against the SEC subpoena": (1) Kirkland & Ellis (Six Flags' counsel here); (2) Lionbridge (a translation service); (3) Parker Lynch (a staffing service that specializes in accounting staffing); and (4) Fayer Gipson LLP ("Fayer Gipson"). *Id.* at ¶ 10; RPAC ¶ 162. Fayer Gipson is a small three-attorney intellectual property firm, based out of Los Angeles. Notably, Fayer Gipson represents key former Six Flags executive David McKillips, Senior Vice President of International Park Operations and President of Six Flags International, to whom FE 1 directly reported his concerns and who told FE 1 that he conveyed those concerns to Defendants Reid-Anderson and the Board of Directors.[3] RPAC ¶ 162. In other words, Six Flags is presently claiming that its insurer

---

[3] Specifically, Mr. McKillips' publicly filed employment agreement with his post-Six Flags employer identifies Fayer Gipson as McKillips' legal representation in connection with that agreement. *See Employment Agreement Between CEC Entertainment, Inc. & David McKillips dated January 4, 2020*, Securities & Exchange Commission, https://www.sec.gov/Archives/edgar/data/813920/000081392020000002/exhibit101cec-ceoemploymen.htm; *CEC Entertainment, Inc. Announces Appointment of David McKillips as Chief Executive Officer*, PR Newswire (Jan. 21, 2020), https://www.prnewswire.com/news-releases/cec-entertainment-inc-announces-appointment-of-david-mckillips-as-chief-executive-officer-300990611.html.

is obligated to cover the costs of McKillips' counsel, after he left Six Flags contemporaneous with the final corrective disclosures in this case and on the cusp of the SEC Investigation.

### ARGUMENT[4]

As discussed in Plaintiffs' earlier briefing on the Motion, leave to amend is warranted under the liberal Rule 15(a) standard because the proposed amendment would not be futile and Defendants would not be prejudiced by amendment.  Mot. at 8-17; *see also, e.g.*, *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n.1 (5th Cir. 1981); *JECO Inv. P'ship v. Pac. Life Ins. Co.*, 2020 WL 6322003, at *3 (S.D. Tex. Oct. 28, 2020) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003)); *Rosenzweig*, 332 F.3d at 864 (leave to amend is "freely given" absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of the amendment").  Courts have limited discretion to deny leave to amend under Rule 15(a).  *Dussouy*, 660 F.2d at 598 ("[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.").

Here, in addition to the reasons discussed in Plaintiffs' opening brief, the new information disclosed in the Six Flags Insurance Complaint is highly relevant new information that further supports Plaintiffs' claims and should be included in the pleadings for the Court's consideration here.

---

[4] Plaintiffs also incorporate by reference the arguments set forth in Plaintiffs' March 31, 2021 Motion.

**A.**    **Leave to Amend Should Be Granted Because The RPAC Includes Newly Disclosed Information**

Six Flags' May 18, 2021 Insurance Complaint disclosed for the first time the SEC Investigation, as well as the need to retain separate counsel for Defendants Reid-Anderson and Barber to defend against this case, and the Company's payment of legal fees to McKillips' counsel who represented him in connection with his employment agreement with his new employer upon leaving Six Flags.  Plaintiffs promptly sought leave thereafter to file this supplemental brief and to file the RPAC, including that new information.

Courts routinely grant motions for leave to amend where, as here, the proposed amendments include new facts that previously were unavailable to plaintiffs and could not have been alleged in the original complaint, and plaintiffs promptly seek leave to amend to include the newly revealed facts.  *See, e.g.*, *EEMSO, Inc. v. Compex Techs., Inc.*, 2006 WL 8437456, at *1 (N.D. Tex. Apr. 20, 2006) (granting leave to file amended complaint where plaintiff "learned new facts" not previously available); *Payne v. Wal-Mart Stores Texas, LLC*, 2019 WL 9197604, at *3 (W.D. Tex. Oct. 25, 2019) (granting leave to amend where plaintiff uncovered "new facts" and promptly sought to file amended complaint to include them).  Leave to amend to add these new factual allegations is accordingly appropriate here.

**B.**    **The Proposed Amendment Would Not Be Futile**

Leave to amend would not be futile.  As discussed in Plaintiffs' earlier briefing on the Motion, the additional allegations concerning FE 1 support Plaitniffs' claims, including a compelling inference of scienter, and the Motion should be granted and amendment permitted to incorporate those allegations.  The additional allegations added to the RPAC concerning the SEC Investigation and Six Flags' retention of counsel for Defendants Reid-Anderson and Barber (and for David McKillips) further bolster Plaintiffs' allegations.

6

First, the SEC Investigation underscores the adequacy of Plaintiffs' allegations. Far more than the mere announcement of an investigation, the Insurance Complaint has revealed that the SEC demanded production, before the full truth emerged, of critical documents and communications concerning the exact facts at issue here. Just two days later, the Company announced Barber's departure and finally revealed the full extent of the problems with the China parks and Six Flags' relationship with Riverside, including its negative impact on the Company's financial condition—underscoring the adequacy of Plaintiffs' claims. That timing, and the SEC's specific focus (including the same accounting improprieties alleged here), give rise to the inference that the SEC Investigation and the underlying conduct being investigated are connected to the Company's corrective disclosure and Barber's departure, adding to the inference of Defendants' scienter.

Where, as here, there is a "proximity of Defendants' departures" to "[SEC] investigations," these facts "add 'one more piece to the scienter puzzle'" and support a strong inference of scienter. *In re UTStarcom, Inc. Sec. Litig.*, 617 F. Supp. 2d 964, 976 (N.D. Cal. 2009) (citation omitted); *see also Thomas v. Magnachip Semiconductor Corp.*, 167 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016) (finding that "SEC's ongoing investigation" of defendant company and "resign[ations]" contribute to a compelling inference of scienter).[5] Indeed, allegations concerning the SEC Investigation

---

[5] Case law in the Fifth Circuit is clear that an SEC investigation contributes to the holistic assessment of a strong inference of scienter. *See, e.g., Carlton v. Cannon*, 184 F. Supp. 3d 428, 479-80 (S.D. Tex. 2016), *amended on denial of reconsideration,* 2016 WL 3959164 (S.D. Tex. July 22, 2016); *In re KBR, Inc. Sec. Litig.*, 2018 WL 4208681, at *12 (S.D. Tex. Aug. 31, 2018); *Budde v. Glob. Power Equip. Grp., Inc.*, 2017 WL 6621540, at *4 (N.D. Tex. Dec. 27, 2017). Here, Plaintiffs do not rely on the SEC Investigation on its own—rather, Plaintiffs argue that the SEC Investigation, in conjunction with the suspect resignations, the Company's concern about a conflict with Reid-Anderson and Barber, its retention of McKillips' counsel, and the allegations based on FE 1's accounts that demonstrate Defendants' knowledge of the issues at the Six Flags China parks through presentations and reports provided to them, holistically weigh in favor of a strong inference of scienter.

directly address the Court's previously stated concern that the departures of Reid-Anderson, Barber, and McKillips were not sufficiently "link[ed]" to the "alleged fraud" so as to support an inference of scienter.  Order at 58-59.

Second, the Company's heretofore undisclosed need to retain separate counsel to represent Reid-Anderson and Barber in this action "in light of the conflict" that could arise between the Company and Reid-Anderson and Barber adds to Plaintiffs' scienter allegations.  *See Magnachip*, 167 F. Supp. 3d at 1043.

Third, the RPAC includes new allegations that link David McKillips' January 2020 departure to the alleged fraud, including the SEC Investigation.  McKillips was the former Senior Vice President of International Park Operations and President of Six Flags International during the Class Period.  *See* CAC ¶ 250.  McKillips received regular reports and presentations on the construction status of the Six Flags China parks, which were prepared by FE 1, and which McKillips presented to Defendant Reid-Anderson and the Board of Directors.  *Id.* ¶ 250-52.  Regarding those presentations, Plaintiffs allege that a "comparison of the first presentation to the last . . . would show no meaningful construction on the parks had occurred . . . from May 2018 to September 2019," and the "consistent message in the presentations was that no progress was being made on the Six Flags China parks."  *Id.* ¶ 251.  The "master reports" that McKillips received from FE 1 and presented to Reid-Anderson and the Board similarly "included information about the lack of construction progress and unpaid vendors."  *Id.* ¶ 252.  McKillips also had multiple calls with FE 1 regarding the lack of progress at the Six Flags China parks, during which FE 1 informed McKillips that Riverside had "no money" and Six Flags "needed to shut down the China projects."  *Id.* ¶ 253.

McKillips unexpectedly left Six Flags in or around January 2020, on the cusp of the SEC Investigation and contemporaneous with the final corrective disclosures in this case.  RPAC ¶ 276.

8

The new allegations establish that Six Flags paid a material part of $2.5 million to McKillips' counsel, Fayer Gipson, for its work "defend[ing] against" the SEC Investigation. *See* Insurance Compl. ¶ 10; RPAC ¶¶ 162, 264. The involvement of McKillips in the SEC Investigation, in conjunction with the timing and nature of his departure, and the involvement of separate counsel, all support a compelling inference of scienter and that McKillips' departure was not merely an "indicat[ion] that the Company was struggling and no longer had faith in its executives[,]" (Order at 58-59), but rather that there were concerns with McKillips' role in the alleged fraud. *See In re UTStarcom, Inc. Sec. Litig.*, 617 F. Supp at 976. The involvement of McKillips and his counsel in the SEC Investigation also corroborate and bolster the reliability and credibility of FE 1, who emphasized McKillips' central role regarding the Six Flags China parks even before McKillips' and his counsel's role in the SEC Investigation was publicly disclosed. *See, e.g.*, RPAC ¶¶ 76, 112, 126, 260-63, 271, 275, 281. In particular, it serves as further evidence that FE 1 is who he purports to be and lends further credibility to FE 1's allegations that McKillips was responsible for reporting the status of the Six Flags China parks to Defendant Reid-Anderson and the Board of Directors, and that McKillips reported these updates through presentations and reports prepared by FE 1 that showed "no progress was being made on the Six Flags China parks." CAC ¶ 251.

### C. Defendants Would Not Be Unduly Prejudiced by Amendment, and There Is No Undue Delay, Bad Faith, or Dilatory Motive

For the reasons already discussed in Plaintiffs' opening briefing, leave to amend is also appropriate because Defendants would not be unduly prejudiced, including because there has been no discovery, and the proposed amendment does not raise any new claims or theories of recovery. *See Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997); *Verizon Emp. Benefits Comm. v. Adams*, 2006 WL 889997, at *2 (N.D. Tex. Apr. 5, 2006); *In re DePugh*, 409 B.R. 84, 106 (Bankr. S.D. Tex. 2009). There is also no basis here to deny leave to amend for undue delay,

bad faith, or dilatory motive.  As discussed above, Plaintiffs promptly sought leave to file this supplemental brief following Six Flags' filing of the Insurance Complaint, which revealed the new information included in the RPAC.

**CONCLUSION**

For the reasons set forth herein, Plaintiffs respectfully request that the Court reconsider its Order dismissing the Complaint with prejudice, amend or set aside the Judgment, and grant Plaintiffs leave to amend the Complaint to add the particularized allegations set forth in the RPAC.

 DATED: June 17, 2021                     Respectfully submitted,

                                          */s/ Katherine M. Sinderson*

                                          **BERNSTEIN LITOWITZ BERGER**
                                          **& GROSSMANN LLP**

                                          Hannah Ross, *pro hac vice*
                                          John Rizio Hamilton, *pro hac vice*
                                          Katherine M. Sinderson, *pro hac vice*
                                          Adam D. Hollander, *pro hac vice*
                                          Christopher R. Miles, *pro hac vice*
                                          1251 Avenue of the Americas
                                          New York, NY 10020
                                          Tel:     (212) 554-1400
                                          Fax:     (212) 554-1444
                                          hannah@blbglaw.com
                                          johnr@blbglaw.com
                                          katiem@blbglaw.com
                                          adam.hollander@blbglaw.com
                                          christopher.miles@blbglaw.com

                                          *Lead Counsel for Lead Plaintiffs*

                                          **McKOOL SMITH PC**
                                          Lewis T. LeClair
                                          Texas Bar No. 12072500
                                          300 Crescent Court, Suite 1500
                                          Dallas, Texas 75201
                                          Tel:     (214) 978-4000
                                          Fax:     (214) 978-4044
                                          lleclair@mckoolsmith.com
                                          *Liaison Counsel for Lead Plaintiffs*

10
