IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELECTRICAL WORKERS PENSION FUND, LOCAL 103, I.B.E.W., on behalf of itself and all others similarly situated, | § § § § § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-00201-P |
| | § | |
| SIX FLAGS ENTERTAINMENT CORPORATION, JAMES REID-ANDERSON, and MARSHALL BARBER, | § § § § § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiffs' Motion to Amend or Set Aside the Judgment Under Fed. R. Civ. P. 59(e) and for Leave to File an Amended Complaint Under Fed. R. Civ. P. 15(a), and Memorandum in Support. ECF No. 71. Having considered the Motion, Proposed Third Amended Complaint (ECF No. 71-2), Response (ECF No. 72), Reply (ECF No. 73), applicable law, and docket entries, the Court finds that the Motion should be and is hereby **DENIED.**

On March 3, 2021, the Court issued its Opinion and Order granting Defendants' Motion to Dismiss and entered a final judgment disposing of the case. ECF Nos. 69–70. In its Opinion and Order, the Court found that Plaintiffs failed to plead with sufficient specificity in relying primarily on a failed business partnership, delayed park openings in

China, and allegations of two anonymous, midlevel former Six Flags employees. *See* Opinion and Order. As a result, Plaintiffs filed the Motion currently before the Court.

In their Motion, Plaintiffs ask the Court to reconsider its decision to dismiss the Second Amended Complaint with prejudice and seek to amend their pleadings in hopes to cure any defect in their 119-page Second Amended Complaint. *See* Mot. While a Rule 59(e) motion seeking post-judgment leave to amend is guided by the standards of Rule 15(a), that "standard is tempered by the necessity of a district court to manage a case." *In re Capstead Mortg. Corp. Sec. Litig.*, No. 3:98-CV-0698-L, 2003 WL 22221320, at *3 (N.D. Tex. Sept. 19, 2003) (quoting *Schiller v. Phys. Res. Grp.*, 342 F.3d 563 (5th Cir. 2003)). In determining whether to grant leave to amend, the Court may consider a number of factors, including, *inter alia*, undue delay and futility of the amendment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). Rule 59(e) motions seeking leave to amend may be rejected on these grounds alone. *See id.* at 864–65 (affirming denial of Rule 59(e) motion based on "plaintiffs' lack of diligence" and the "futility of amending the complaint"); *In re Capstead*, 2003 WL 22221320, at *3 (same). The amendment rules "do not require that courts indulge in futile gestures.  Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted." *U.S. ex rel. Jackson v. Univ. of N. Texas*, 673 F. App'x 384, 388 (5th Cir. 2016) (quoting *DeLoach v. Woodley*, 405 F.2d 496, 496–97 (5th Cir. 1968)).

The Court finds that Plaintiffs' Motion should be denied because Plaintiffs unduly delayed in seeking to amend and because the Proposed Third Amended Complaint is futile. *First*, Plaintiffs unduly delayed in seeking to amend because the new information they

propose was available to Plaintiffs before they filed their Second Amended Complaint. Moreover, after filing two amended complaints (ECF Nos. 25, 50), Plaintiffs did not seek leave to amend their Second Amended Complaint either in their Response or in a separate motion during the pendency of Defendants' Motion to Dismiss. *See* Pls.' Resp. to Mot. to Dismiss, ECF Nos. 54–55.

*Second*, in their Proposed Third Amended Complaint, Plaintiffs provide additional detail regarding Former Employee 1 ("FE1") and rely heavily on a resignation letter FE1 penned to Six Flags's Vice President stating that the "projects in China [were] perhaps irreversibly off-track." Mot. at 11 (citing Prop. Third Am. Compl. at ¶ 259). Plaintiffs' Motion and Proposed Third Amended Complaint further confirm the Court's finding in its Opinion and Order that their case rests primarily on opinions of a midlevel employee who never presented his opinions to Defendants but, apparently, was "informed" his presentations "were to be presented to the Six Flags Board of Directors, including [Defendant] Reid-Anderson." *Id*. at 7 (citing Prop. Third Am. Compl. at ¶¶ 109, 253, 255). After reviewing Plaintiffs' Proposed Third Amended Complaint, the Court finds the new detail and allegations contained in the Proposed Third Amended Complaint futile because the proposed pleadings still fail to pass the pleadings bar required by Rules 12(b)(6), 9(b), and the Private Securities Litigation Reform Act. Therefore, for these reasons, the Court finds Plaintiffs' Motion should be and is hereby **DENIED.**

**SO ORDERED** on this **26th day** of **July, 2021.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

3