**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

|  |  |
|---|---|
| ELECTRICAL WORKERS PENSION FUND LOCAL 103 IBEW, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> SIX FLAGS ENTERTAINMENT CORPORATION, ET AL., <br><br> Defendants. | Civil Action No. 4:20-cv-00201-P <br><br> <u>CLASS ACTION</u> |

**DEFENDANTS SIX FLAGS ENTERTAINMENT CORPORATION, JAMES REID-ANDERSON, AND MARSHALL BARBER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT**

Six Flags Entertainment Corporation ("Six Flags"), James Reid-Anderson ("Reid-Anderson") and Marshall Barber ("Barber"), (collectively, "Defendants"), by and through their undersigned attorneys, hereby answer Plaintiff's Consolidated Class Action Complaint ("CAC") as follows:

Defendants respond below to the separately numbered paragraphs and prayer for relief contained in the CAC. To the extent that any allegation is not admitted, it is denied. Moreover, to the extent that the CAC refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their complete and accurate contents; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendants are not required to

respond to the headings of the CAC, but, to the extent that any response is required, Defendants deny the allegations and characterizations of the allegations set forth in the headings of the CAC.

In addition, in its Judgment and Opinion dated January 18, 2023 (ECF No. 83 "Op."), the Fifth Circuit reversed and remanded this Court's Decision and Order and Final Judgment dated March 3, 2021 (ECF Nos. 69-70), but affirmed (i) dismissal of Plaintiff's allegations that the statements made after October 2019 were false or misleading (Op. at 27), and (ii) that certain other statements were "vague, optimistic generalizations" that could not be false or misleading (Op. at 30). As a result, the portions of the CAC referring to those claims and allegations that purportedly support them are now legally inoperative and do not require a response. Moreover, Plaintiff Local 103 was dismissed from this case by this Court's Decision and Order and Final Judgment dated March 3, 2021 (ECF Nos. 69-70), which Plaintiff Local 103 failed to timely appeal. For the avoidance of doubt, any allegation not expressly addressed herein by Defendants is denied by Defendants.

## **INTRODUCTION**

1.      The allegations in paragraph 1 of the CAC state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations and respectfully refer the Court to Six Flags' July 25, 2018 earnings conference call transcript for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.[1]

---

[1]   The allegations in footnote 1 of the CAC do not contain any averments against Defendants and, thus, require no response. To the extent any response is required, Defendants deny the allegations in footnote 1.

2.    Defendants deny the allegations in paragraph 2 of the CAC, and respectfully refer the Court to (i) Six Flags' June 23, 2014 press release, and (ii) Six Flags' agreement with Riverside Investment Group for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the press release or agreement and any factual inferences or conclusions made by Plaintiff based on them.  Defendants are without knowledge or information sufficient to form a belief as to what, if anything, was "material to investors."

3.    Defendants deny the allegations in paragraph 3 of the CAC, and respectfully refer the Court to the October 21, 2014 Form 8-K for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the Form 8-K and any factual inferences or conclusions made by Plaintiff based on it.

4.    Defendants deny the allegations in paragraph 4 of the CAC, and respectfully refer the Court to (i) Six Flags' press releases from February 21, 2017, October 26, 2017, April 24, 2018 and May 29, 2018, and (ii) Six Flags' agreement with Riverside Investment Group for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the press releases or agreement and any factual inferences or conclusions made by Plaintiff based on them.

5.    Defendants deny the allegations in paragraph 5 of the CAC, and respectfully refer the Court to the July 20, 2016, February 21, 2017, and May 29, 2018, press releases for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the press releases and any factual inferences or conclusions made by Plaintiff based on them.

6.    Defendants deny the allegations in paragraph 6 of the CAC, and respectfully refer the Court to the 2018 earnings conference call transcripts for their complete and accurate contents.

3

Defendants deny any paraphrasing, summarizing or characterization of the transcripts and any factual inferences or conclusions made by Plaintiff based on them.

7.    Defendants deny the allegations in paragraph 7 of the CAC.

8.    Defendants deny the allegations in paragraph 8 of the CAC, and are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."[2]

9.    Defendants deny the allegations in paragraph 9 of the CAC, except admit that Riverside faced challenging macroeconomic conditions in China, as disclosed on the February 14, 2019 fourth-quarter 2018 earnings call, but remained fully committed to, and capable of, developing and opening the China parks.  Defendants are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

10.    Defendants deny the allegations in paragraph 10 of the CAC, except admit that (i) construction at the Zhejiang park was ongoing, consistent with disclosures made during the April 24, 2019 first-quarter 2019 earnings call, and (ii) Riverside faced challenging macroeconomic conditions in China, as disclosed on the February 14, 2019 fourth-quarter 2018 earnings call, but remained fully committed to, and capable of, developing and opening the China parks.  Defendants are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

11.    Defendants deny the allegations in paragraph 11 of the CAC, except admit that Riverside faced challenging macroeconomic conditions in China, as disclosed on the February 14, 2019 fourth-quarter 2018 earnings call, but remained fully committed to, and capable of, developing and opening the China parks.  To the extent Plaintiff is relying on the terms of

---

[2]    The allegations in footnote 2 of the CAC do not contain any averments against Defendants and, thus, require no response from them.  To the extent any response is required, Defendants deny the allegations in footnote 2.

agreements between Riverside and outside vendors, Defendants respectfully refer the Court to those agreements. Defendants deny any paraphrasing, summarizing or characterization of those agreements and any factual inferences or conclusions made by Plaintiff based on them.

12. Defendants deny the allegations in paragraph 12 of the CAC, and are without knowledge or information sufficient to form a belief as to allegations concerning "FE 1." To the extent Plaintiff is relying on specific reports, Defendants respectfully refer the Court to those reports for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of those presentations or reports and any factual inferences or conclusions made by Plaintiff based on them.

13. Defendants deny the allegations in paragraph 13 of the CAC, and respectfully refer the Court to the January 17, 2019 Wells Fargo analyst report for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the report and any factual inferences or conclusions made by Plaintiff based on it.

14. The allegations in paragraph 14 of the CAC state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations, and respectfully refer the Court to the February 14, 2019 fourth-quarter and full-year 2018 earnings conference call transcript for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

15. The allegations in paragraph 15 of the CAC state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations, and respectfully refer the Court to Six Flags' SEC filings, earnings conference call transcripts and press releases from 2019 and 2020 for their complete and accurate contents. Defendants deny any

paraphrasing, summarizing or characterization of them and any factual inferences or conclusions made by Plaintiff based on them.

16.     Defendants deny the allegations in paragraph 16 of the CAC, except admit that Riverside faced challenging macroeconomic conditions in China, as disclosed on the February 14, 2019 fourth-quarter 2018 earnings call, but remained fully committed to, and capable of, developing and opening the China parks.

17.     Defendants deny the allegations in paragraph 17 of the CAC, and respectfully refer the Court to the October 23, 2019 third-quarter 2019 earnings conference call transcript and the October 23, 2019 Wells Fargo analyst report for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the transcript or report and any factual inferences or conclusions made by Plaintiff based on them.  Defendants are without knowledge or information sufficient to form a belief regarding what, if anything, "surprised" investors.

18.     Defendants deny the allegations in paragraph 18 of the CAC, and respectfully refer the Court to (i) the January 10, 2020 Form 8-K, (ii) January 10, 2020 Janney analyst report, and (iii) the February 20, 2020 2019 annual report on Form 10-K for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the filings or report and any factual inferences or conclusions made by Plaintiff based on them.

19.     Defendants deny the allegations in paragraph 19 of the CAC, and respectfully refer the Court to the February 20, 2020 Form 10-K for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the Form 10-K and any factual inferences or conclusions made by Plaintiff based on it.

20.     Defendants deny the allegations in paragraph 20 of the CAC, and respectfully refer the Court to the February 20, 2020, Janney and William Blair analyst reports for their complete

and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of those reports and any factual inferences or conclusions made by Plaintiff based on them. Defendants further refer the Court to the New York Stock Exchange's historical data for Six Flags' stock price on certain dates. Defendants are without knowledge or information sufficient to form a belief as to the allegations that analysts were "stunned."

21.    The allegations in paragraph 21 of the CAC state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations.

## JURISDICTION AND VENUE

22.    To the extent any response is required, Defendants admit that Plaintiff purports to assert claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, and otherwise deny the remaining allegations in paragraph 22.

23.    The allegations in paragraph 23 of the CAC state legal conclusions for which no response is required. To the extent a response is required, Defendants admit that paragraph 23 purports to describe the basis for the Court's subject matter jurisdiction.

24.    The allegations in paragraph 24 of the CAC state legal conclusions for which no response is required. To the extent a response is required, Defendants admit that (i) paragraph 24 purports to describe the basis for venue in the Northern District of Texas, and (ii) Six Flags maintains its corporate headquarters in Arlington, Texas.

25.    The allegations in paragraph 25 of the CAC state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations.

**PARTIES**

A. **Lead Plaintiffs**

26.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 26, except they admit that Plaintiff Oklahoma Firefighters filed a certification (ECF No. 28-2) on April 13, 2020.

27.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 27, except they admit that Plaintiff Local 103 filed a certification (ECF No. 28-2) on April 13, 2020.  Defendants aver that Plaintiff Local 103 was dismissed from this case by this Court's Decision and Order and Final Judgment dated March 3, 2021 (ECF Nos. 69-70), which Plaintiff Local 103 failed to timely appeal.  To the extent a response is required, Defendants deny the allegations in paragraph 27 of the CAC.

B. **Defendants**

28.    Defendants admit the factual allegations in paragraph 28 of the CAC, except aver that Six Flags maintains its corporate headquarters at 1000 Ballpark Way Suite 400, Arlington, Texas.

29.    Defendants admit the factual allegations in paragraph 29 of the CAC.

30.    Defendants admit the factual allegations in paragraph 30 of the CAC.

31.    The allegations in paragraph 31 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations, except admit that during the Class Period (i) Six Flags issued press releases and filed reports with the SEC, (ii) Reid-Anderson and Barber attended conferences, and (iii) Reid-Anderson and Barber participated in Six Flags' quarterly conference calls.

8

C. **Relevant Non-Party**

32.     Defendants are without sufficient knowledge or information to form a belief as to the allegations in paragraph 32 of the CAC, but admit that they understood that Riverside Investment Group was a Chinese real estate investment, development, and management company, as disclosed in Six Flags' June 23, 2014 press release.

## SUBSTANTIVE ALLEGATIONS

A. **Background On Six Flags And Project 600**

33.     Defendants deny the allegations in paragraph 33 of the CAC, except admit that (i) Six Flags was founded in 1961, (ii) to date, Six Flags is "the largest regional theme park operator in the world," (iii) Six Flags has more than two dozen regional theme parks and waterparks in North America, (iv) Six Flags' focus has historically been the North American market, (v) Six Flags expanded into Europe in 1998, (vi) Six Flags filed for Chapter 11 bankruptcy in 2009, (vii) Six Flags exited bankruptcy on May 3, 2010, and (viii) Six Flags reissued stock on the NYSE on June 21, 2010.

34.     Defendants deny the allegations in paragraph 34 of the CAC, except admit that (i) "Project 350" was a strategic incentive plan that had a goal of $350 million in adjusted EBITDA by end of fiscal year 2011, (ii) "Project 500" was a strategic incentive plan that had a goal of $500 million in modified EBITDA by end of fiscal year 2015, and (iii) Six Flags met both of these goals in 2011 and 2015.

35.     Defendants deny the allegations in paragraph 35 of the CAC, except admit that on March 26, 2013, Six Flags filed a Proxy Statement detailing the equity compensation awards received for achieving Project 350, and on March 22, 2016, Six Flags filed a Proxy Statement detailing the equity compensation awards received for achieving Project 500.  Defendants deny

any paraphrasing, summarizing or characterization of these filings and any factual inferences or conclusions made by Plaintiff based on them.

36.     Defendants deny the allegations in paragraph 36 of the CAC, except admit that on October 21, 2014, Six Flags filed a Form 8-K with the SEC and respectfully refer the Court to the Form 8-K for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the Form 8-K and any factual inferences or conclusions made by Plaintiff based on it.

37.     Defendants deny the allegations in paragraph 37 of the CAC, except admit that on February 18, 2015, Six Flags filed a Form 8-K with the SEC and respectfully refer the Court to the Form 8-K for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the Form 8-K and any factual inferences or conclusions made by Plaintiff based on it.

**B. <u>International Development Was Key To Six Flags' Prospects And To The Individual Defendants' Receipt Of Millions Of Dollars In Bonuses</u>**

38.     Defendants deny the allegations in paragraph 38 of the CAC, except admit that Six Flags entered into licensing agreements with partners in China, the United Arab Emirates, Saudi Arabia, and Vietnam between 2014 and 2018, and respectfully refer the Court to those agreements for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of these agreements and any factual inferences or conclusions made by Plaintiff based on them.

39.     Defendants deny the allegations in paragraph 39 of the CAC, except admit that on September 28, 2017, Reid-Anderson and Stephen Purtell attended the B. Riley Consumer Conference and respectfully refer the Court to the B. Riley Consumer Conference transcript for its complete and accurate contents.    Defendants deny any paraphrasing, summarizing or

characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

40.    Defendants deny the allegations in paragraph 40 of the CAC, and respectfully refer the Court to Six Flags' fiscal year 2017 audited financials and Form 10-K for the fiscal year 2017 for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of these filings and any factual inferences or conclusions made by Plaintiff based on them.

41.    Defendants deny the allegations in the first sentence of paragraph 41 of the CAC and respectfully refer the Court to the February 20, 2018 earnings conference call transcript and the February 2020 Wedbush analyst report for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the transcript or report and any factual inferences or conclusions made by Plaintiff based on them.  Defendants are without knowledge or information sufficient to form a belief as to what, if anything, investors "credited and relied on."

42.    Defendants deny the allegations in paragraph 42 of the CAC and respectfully refer the Court to the February 20, 2018 and October 24, 2018 earnings conference call transcripts for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of those transcripts and any factual inferences or conclusions made by Plaintiff based on them.

C. **Prior To The Class Period, Defendants Announced Three Theme Park Projects In China And Purportedly Began Design, Development, And Construction For 2019, 2020, And 2021 Openings**

43.    Defendants deny the allegations in paragraph 43 of the CAC, and respectfully refer the Court to the June 23, 2014 press release and the June 20, 2018 Oppenheimer Consumer Conference transcript for their complete and accurate contents.  Defendants deny any paraphrasing,

11

summarizing or characterization of those documents and any factual inferences or conclusions made by Plaintiff based on them.

44.    Defendants deny the allegations in paragraph 44 of the CAC, and respectfully refer the Court to the February 2018 investor presentation and Six Flags' agreement with Riverside Investment Group for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of those documents and any factual inferences or conclusions made by Plaintiff based on them.

45.    Defendants deny the allegations in paragraph 45 of the CAC.

46.    Defendants deny the allegations in paragraph 46 of the CAC, except admit that Six Flags issued press releases before April 24, 2018 announcing plans for park projects in Zhejiang, Chongqing and Nanjing.  Defendants respectfully refer the Court to these press releases for their complete and accurate contents.    Defendants deny any paraphrasing, summarizing or characterization of those documents and any factual inferences or conclusions made by Plaintiff based on them.

### 1.  Six Flags Zhejiang

47.    Defendants deny the allegations in paragraph 47 of the CAC, and respectfully refer the Court to the October 20, 2015 earnings conference call transcript and the August 4, 2017 press release for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the transcript or press release and any factual inferences or conclusions made by Plaintiff based on them.[3]

---

[3]    The allegations in footnote 3 of the CAC do not contain any averments against Defendants and, thus, require no response from them.  To the extent any response is required, Defendants deny the allegations in footnote 3.

12

48.    Defendants deny the allegations in paragraph 48 of the CAC and respectfully refer the Court to the December 19, 2016 press release for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the press release and any factual inferences or conclusions made by Plaintiff based on it.

49.    Defendants deny the allegations in paragraph 49 of the CAC and respectfully refer the Court to the October 26, 2017 press release for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the press release and any factual inferences or conclusions made by Plaintiff based on it.

50.    Defendants deny the allegations in paragraph 50 of the CAC and respectfully refer the Court to the January 19, 2016, December 19, 2016 and July 20, 2016 press releases for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of those press releases and any factual inferences or conclusions made by Plaintiff based on them.

51.    Defendants deny the allegations in paragraph 51 of the CAC.

## 2.  Six Flags Chongqing

52.    Defendants deny the allegations in paragraph 52 of the CAC, and respectfully refer the Court to the February 21, 2017 and October 26, 2017 press releases for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of those press releases and any factual inferences or conclusions made by Plaintiff based on them.

53.    Defendants deny the allegations in paragraph 53 of the CAC, and respectfully refer the Court to the February 21, 2017 and October 26, 2017 press releases for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of those press releases and any factual inferences or conclusions made by Plaintiff based on them.

### 3. Six Flags Nanjing

54.    Defendants deny the allegations in paragraph 54 of the CAC and respectfully refer the Court to the April 24, 2018 press release for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the press release and any factual inferences or conclusions made by Plaintiff based on it.

55.    Defendants deny the allegations in paragraph 55 of the CAC, and respectfully refer the Court to the May 29, 2018 press release for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the press release and any factual inferences or conclusions made by Plaintiff based on it.

56.    Defendants deny the allegations in paragraph 56 of the CAC, and respectfully refer the Court to the May 29, 2018 press release for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the press release and any factual inferences or conclusions made by Plaintiff based on it.

### D. Six Flags Could Only Recognize International Licensing Fee Revenue If Riverside Showed Progress On The Parks And Made Its Licensing Payments To Six Flags

57.    The allegations in paragraph 57 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations, and respectfully refer the Court to the U.S. Generally Accepted Accounting Principles for its complete and accurate contents.

58.    Defendants deny the allegations in paragraph 58 of the CAC, and respectfully refer the Court to the April 25, 2018 Form 10-Q, other periodic financial reports Six Flags filed with the SEC, FASB ASC 606, ASU Nos. 2016-08 and ASU 2016-10 for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of those documents and any factual inferences or conclusions made by Plaintiff based on them.

14

59.    Defendants deny the allegations in paragraph 59 of the CAC, and respectfully refer the Court to the April 25, 2018 Form 10-Q for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the Form 10-Q and any factual inferences or conclusions made by Plaintiff based on it.

60.    Defendants deny the allegations in paragraph 60 of the CAC, and respectfully refer the Court to the February 14, 2019 earnings conference call transcript for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

61.    Defendants deny the allegations in paragraph 61 of the CAC, and respectfully refer the Court to the February 14, 2019 earnings conference call transcript for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

62.    Defendants deny the allegations in paragraph 62 of the CAC, and respectfully refer the Court to the KPMG Revenue Recognition Handbook cited in footnote 4 for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the Revenue Recognition Handbook and any factual inferences or conclusions made by Plaintiff based on it.[4]

63.    Defendants deny the allegations in paragraph 63 of the CAC.

E.    **Construction Of Six Flags' Multibillion-Dollar Chinese Theme Parks Would Take An Enormous Amount Of Time, Manpower, And Capital**

---

[4]    The allegations in footnote 4 of the CAC do not contain any averments against Defendants and, thus, require no response from them.  To the extent any response is required, Defendants deny the allegations in footnote 4 and respectfully refer the Court to the Revenue Recognition Handbook for its complete and accurate contents.

15

64.    Defendants deny the allegations in paragraph 64 of the CAC, and respectfully refer the Court to the February 20, 2019 Form 10-K and December 19, 2016 press release for their complete and accurate contents.    Defendants deny any paraphrasing, summarizing or characterization of these documents and any factual inferences or conclusions made by Plaintiff based on them.

65.    The allegations in paragraph 65 of the CAC do not contain any averments against Defendants and, thus, require no response from them.  To the extent any response is required, Defendants deny the allegations in paragraph 65.

66.    The allegations in paragraph 66 of the CAC do not contain any averments against Defendants and, thus, require no response from them.  To the extent any response is required, Defendants deny the allegations in paragraph 66.

67.    The allegations in paragraph 67 of the CAC do not contain any averments against Defendants and, thus, require no response from them.  To the extent any response is required, Defendants deny the allegations in paragraph 67.

68.    Defendants deny the allegations in paragraph 68 of the CAC.

**F.    <u>Before The Class Period Started, The Six Flags China Projects Lost Necessary Government Financing</u>**

69.    Defendants deny the allegations in paragraph 69 of the CAC, except admit that development of the parks in China required approval from various local governments.

70.    Defendants deny the allegations in paragraph 70 of the CAC, and respectfully refer the Court to the April 9, 2019 NDRC announcement for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the announcement and any factual inferences or conclusions made by Plaintiff based on it.

71.     Defendants deny the allegations in paragraph 71 of the CAC, except admit that they were informed by Riverside of ongoing efforts to secure additional financing for the China parks and were assured by Riverside that it remained fully committed to developing and opening the China parks despite challenging macroeconomic conditions in China.  Defendants are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

**G. <u>In April 2018, The Class Period Began As Six Flags Misled Investors About Riverside's Ability To Navigate Regulations, And Falsely Claimed Parks Would Open On Time</u>**

72.     Defendants deny the allegations in paragraph 72 of the CAC, and respectfully refer the Court to the April 25, 2018 press release and April 25, 2018 earnings conference call transcript for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the press release or transcript and any factual inferences or conclusions made by Plaintiff based on them.

73.     Defendants deny the allegations in paragraph 73 of the CAC, and respectfully refer the Court to the April 25, 2018 earnings conference call transcript for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

74.     Defendants deny the allegations in paragraph 74 of the CAC, and respectfully refer the Court to the April 25, 2018 earnings conference call transcript for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

75.     Defendants deny the allegations in paragraph 75 of the CAC, and respectfully refer the Court to the April 26, 2018 J.J.B. Hilliard, W.L. Lyons, LLC analyst report for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the

report and any factual inferences or conclusions made by Plaintiff based on it. Defendants are without knowledge or information sufficient to form a belief as to what, if anything, "analysts credited."

76.    Defendants deny the allegations in paragraph 76 of the CAC, and respectfully refer the Court to the June 20, 2018 Oppenheimer Consumer Conference transcript for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

77.    Defendants deny the allegations in paragraph 77 of the CAC, and respectfully refer the Court to the July 25, 2018 Oppenheimer analyst report for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the report and any factual inferences or conclusions made by Plaintiff based on it. Defendants are without knowledge or information sufficient to form a belief as to what, if anything, "analysts specifically credited."

78.    Defendants deny the allegations in paragraph 78 of the CAC, and respectfully refer the Court to the July 25, 2018 earnings conference call transcript for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

79.    Defendants deny the allegations in paragraph 79 of the CAC, and respectfully refer the Court to the July 26, 2018 Wedbush Securities analyst report for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it. Defendants are without knowledge or information sufficient to form a belief as to what, if anything, analysts "credited."

80.    Defendants deny the allegations in paragraph 80 of the CAC, and respectfully refer the Court to the October 24, 2018 earnings conference call transcript for its complete and accurate

18

contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

81.    Defendants deny the allegations in paragraph 81 of the CAC, and respectfully refer the Court to the 2018 SunTrust Robinson Humphrey analyst report for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the report and any factual inferences or conclusions made by Plaintiff based on it. Defendants are without knowledge or information sufficient to form a belief as to what, if anything, "analysts credited."

H. **By April 2018, Riverside Failed To  Make Payments To Employees And Vendors, And Defendants Were Aware The Parks Would Not Open On Time**

82.    Defendants deny the allegations in paragraph 82 of the CAC.

83.    Defendants deny the allegations in paragraph 83 of the CAC and are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

84.    Defendants deny the allegations in paragraph 84 of the CAC and are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

1. **From The Beginning Of The Class Period, It Was Apparent To Six Flags That The Six Flags China Parks Would Not Be Constructed In Time For Their Publicized Start Dates**

85.    Defendants deny the allegations in paragraph 85 of the CAC.

86.    Defendants deny the allegations in paragraph 86 of the CAC.

87.    The allegations in paragraph 87 of the CAC do not contain any averments against Defendants and, thus, require no response from them. To the extent any response is required, Defendants deny the allegations in paragraph 87.

88.    Defendants deny the allegations in paragraph 88 of the CAC and are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

19

**2. Riverside Did Not Invest In The Basic Building Blocks Of A Theme Park, So There Was No Way The Parks Would Be Built On Time**

89. Defendants deny the allegations in paragraph 89 of the CAC and are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

90. Defendants deny the allegations in paragraph 90 of the CAC, except admit that Riverside faced challenging macroeconomic conditions in China, as disclosed on the February 14, 2019 fourth-quarter 2018 earnings call, but remained fully committed to, and capable of, developing and opening the China parks.

91. The first two sentences in paragraph 91 of the CAC do not contain any averments against Defendants and, thus, require no response from them. Defendants otherwise deny the allegations in paragraph 91 of the CAC, and are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

92. Defendants deny the allegations in paragraph 92 of the CAC, and are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

93. Defendants deny the allegations in paragraph 93 of the CAC, and are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

94. Defendants deny the allegations in paragraph 94 of the CAC.

95. The first sentence in paragraph 95 of the CAC does not contain any averments against Defendants and, thus, requires no response from them. Defendants otherwise deny the allegations in paragraph 95 of the CAC and respectfully refer the Court to the 2015 Los Angeles Times article for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the article and any factual inferences or conclusions made by Plaintiff based on it.

96.    Defendants deny the allegations in paragraph 96 of the CAC and are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

### 3.  Riverside's Financial Situation Only Deteriorated Further Over The Course Of 2018

97.    Defendants deny the allegations in paragraph 97 of the CAC, except (i) admit that construction was ongoing at the Zhejiang park as of May 2018, and (ii) are without knowledge or information sufficient to form a belief as to the allegations regarding day-to-day construction issues.

98.    Defendants deny the allegations in paragraph 98 of the CAC and are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

99.    Defendants deny the allegations in paragraph 99 of the CAC and are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

100.    Defendants deny the allegations in paragraph 100 of the CAC, except admit that revenue patterns from international licensing agreements could be lumpy, as Six Flags disclosed during the April 24, 2019 first-quarter 2019 earnings conference call and the October 23, 2019 third-quarter 2019 earnings conference call.  Defendants are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 2."

101.    Defendants deny the allegations in paragraph 101 of the CAC and are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

102.    Defendants deny the allegation in paragraph 102 of the CAC regarding Riverside's inability or unwillingness to make even relatively small payments to its vendors and partners and are without knowledge or information sufficient to form a belief as to allegations regarding payments to Guangdong Aofei Theme Cultural Technology Co.

103.     Defendants deny the allegations in paragraph 103 of the CAC, except admit that Riverside faced challenging macroeconomic conditions in China, as disclosed on the February 14, 2019 fourth-quarter 2018 earnings call, but remained fully committed to, and capable of, developing and opening the China parks.  Defendants are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."[5]

104.     Defendants deny the allegations in paragraph 104 of the CAC, except admit that Defendants were informed by Riverside of ongoing efforts to secure additional financing for the China parks, including through potential real estate transactions with Sunac.   Defendants admit that construction at the Zhejiang park was ongoing, consistent with disclosures made during the April 24, 2019 first-quarter 2019 earnings call, and are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1" and "[t]he retail component of Six Flags Zhejiang."

105.     Defendants deny the allegations in paragraph 105 of the CAC, except admit that construction at the Zhejiang park was ongoing, consistent with disclosures made during the April 24, 2019 first-quarter 2019 earnings call.  Defendants are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

4. **Defendants Knew That There Was No Progress At The Six Flags China Parks And That They Could Not Open On Time**

106.     Defendants deny the allegations in paragraph 106 of the CAC, and are without knowledge or information sufficient to form a belief as to allegations concerning "FE 1."  To the extent Plaintiff relies on specific presentations and reports, Defendants respectfully refer the Court

---

[5]     The allegations in footnote 5 of the CAC do not contain any averments against Defendants and, thus, require no response from them.  To the extent any response is required, Defendants deny the allegations in footnote 5 and respectfully refer the Court to The Fall of Riverside Group, hetunwenlv (Dec. 17, 2019) for its complete and accurate contents.

to those presentations and reports for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of those presentations or reports and any factual inferences or conclusions made by Plaintiff based on them.

107.    Defendants deny the allegations in paragraph 107 of the CAC and are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."  To the extent Plaintiff relies on specific presentations and reports, Defendants respectfully refer the Court to those presentations and reports for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of those presentations or reports and any factual inferences or conclusions made by Plaintiff based on them.

108.    Defendants deny the allegations in paragraph 108 of the CAC, and respectfully refer the Court to the January 17, 2019 Wells Fargo analyst report for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the report and any factual inferences or legal conclusions made by Plaintiff based on it.

I. **On February 14, 2019, Six Flags Announced A $15 Million Downward Revenue Adjustment For The Fourth Quarter Of 2018 But Falsely Reassured Investors That "Construction Is Continuing"**

109.    Defendants deny the allegations in paragraph 109 of the CAC, and respectfully refer the Court to the February 14, 2019 press release for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the press release and any factual inferences or conclusions made by Plaintiff based on it.

110.    Defendants deny the allegations in paragraph 110 of the CAC, and respectfully refer the Court to the February 14, 2019 press release, Form 8-K and earnings conference call transcript for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or

characterization of the press release, Form 8-K or transcript and any factual inferences or conclusions made by Plaintiff based on them.

111.    The allegations in paragraph 111 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations and respectfully refer the Court to the fourth-quarter 2018 financial statements and the audited full-year 2018 financial statements for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the financial statements and any factual inferences or conclusions made by Plaintiff based on them.

112.    Defendants deny the allegations in paragraph 112 of the CAC, and respectfully refer the Court to the February 15, 2019 Wedbush analyst report and the February 14, 2019 TheStreet.com article for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the report or article and any factual inferences or conclusions made by Plaintiff based on them.  Defendants are without knowledge or information sufficient to form a belief as to what, if anything, "surprised" investors.

113.    Defendants deny the allegations in paragraph 113 of the CAC, and respectfully refer the Court to the New York Stock Exchange's historical data for Six Flags' stock price on certain dates.

114.    The allegations in paragraph 114 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 114 of the CAC and respectfully refer the Court to the February 14, 2019 earnings conference call transcript for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

115.    Defendants deny the allegations in paragraph 115 of the CAC, and respectfully refer the Court to the February 14, 2019 earnings conference call transcript for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

116.    Defendants deny the allegations in paragraph 116 of the CAC, and respectfully refer the Court to the February 14, 2019 fourth-quarter 2018 earnings conference call transcript for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

117.    Defendants deny the allegations in paragraph 117 of the CAC, and respectfully refer the Court to the February 14, 2019 fourth-quarter 2018 earnings conference call transcript for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.  Defendants admit that they were informed by Riverside of ongoing efforts to secure additional financing for the China parks and were assured by Riverside that it remained fully committed to developing and opening the China parks despite challenging macroeconomic conditions in China.

118.    Defendants deny the allegations in paragraph 118 of the CAC, and respectfully refer the Court to the February 14, 2019 fourth-quarter 2018 earnings conference call transcript for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

119.    Defendants deny the allegations in paragraph 119 of the CAC and are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

120.    Defendants deny the allegations in paragraph 120 of the CAC and are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

121.    The first sentence in paragraph 121 of the CAC does not contain any averments against Defendants and, thus, requires no response from them.  Defendants otherwise deny the allegations in paragraph 121 of the CAC and are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

122.    Defendants deny the allegations in paragraph 122 of the CAC, and respectfully refer the Court to the February 15, 2019 Wedbush analyst report and Berenberg analyst report for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of those reports and any factual inferences or conclusions made by Plaintiff based on them.

123.    Defendants deny the allegations in paragraph 123 of the CAC, and respectfully refer the Court to the Form 8-K filed with the SEC on March 7, 2019 for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the Form 8-K and any factual inferences or conclusions made by Plaintiff based on it.

**J.    On April 23-24, 2019, Six Flags Denied Any Additional Delays And Falsely Represented That "China Is Improving" And "There's Ongoing Building Going On"**

124.    Defendants deny the allegations in paragraph 124 of the CAC, and respectfully refer the Court to the April 23, 2019 press release and Form 8-K for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the press release or Form 8-K and any factual inferences or conclusions made by Plaintiff based on them.

26

125.    Defendants deny the allegations in paragraph 125 of the CAC, and respectfully refer the Court to the April 24, 2019 first-quarter 2019 earnings conference call transcript for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

126.    Defendants deny the allegations in paragraph 126 of the CAC, and respectfully refer the Court to the April 24, 2019 first-quarter 2019 earnings conference call transcript for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

127.    The allegations in paragraph 127 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations and are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

128.    Defendants deny the allegations in paragraph 128 of the CAC and respectfully refer the Court to the April 24, 2019 William Blair analyst report, April 25, 2019 Wedbush analyst report, and April 24, 2019 SunTrust Robinson Humphrey analyst report for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of those reports and any factual inferences or conclusions made by Plaintiff based on them.

### K. Between May And July 2019, Six Flags Continued To Falsely Claim That Delays Were "Temporary" And Construction On The China Parks Remained Ongoing

129.    Defendants deny the allegations in paragraph 129 of the CAC and respectfully refer the Court to the May 22, 2019 B. Riley FBR Investor Conference transcript for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.  Defendants admit they were informed by Riverside of ongoing efforts to secure additional financing for the

China parks and were assured by Riverside that it remained fully committed to developing and opening the China parks despite challenging macroeconomic conditions in China. Defendants are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

130.    Defendants deny the allegations in paragraph 130 of the CAC, and respectfully refer the Court to the May 30, 2019 Wedbush analyst report for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the report and any factual inferences or conclusions made by Plaintiff based on it.

131.    Defendants deny the allegations in paragraph 131 of the CAC, and respectfully refer the Court to the June 5, 2019 William Blair Growth Stock Conference transcript for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

132.    Defendants deny the allegations in paragraph 132 of the CAC, and respectfully refer the Court to the June 10, 2019 Stifel Cross Sector Insight Conference transcript for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

133.    Defendants deny the allegations in paragraph 133 of the CAC, and respectfully refer the Court to the July 24, 2019 press release and second-quarter 2019 earnings conference call transcript for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of those documents and any factual inferences or conclusions made by Plaintiff based on them.

134.    Defendants deny the allegations in paragraph 134 of the CAC, and respectfully refer the Court to the July 24, 2019 second-quarter 2019 earnings conference call transcript for its

28

complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

135. The allegations in paragraph 135 of the CAC state legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 135 of the CAC and respectfully refer the Court to the December 2019 Phoenix News Media report[6] and Beijing Business Today report[7] for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of these reports and any factual inferences or conclusions made by Plaintiff based on them.

136. Defendants deny the allegations in paragraph 136 of the CAC, and respectfully refer the Court to the July 24, 2019 Macquarie Research report, William Blair report, and the July 25, 2019 Jefferies analyst report, Wells Fargo analyst report and Wedbush report for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of those reports and any factual inferences or conclusions made by Plaintiff based on them.

**L. On October 22-23, 2019, Defendants Reported Cutting Back On Revenue Recognition For International Licenses And Again Blamed Macroeconomic Conditions**

137. Defendants deny the allegations in paragraph 137 of the CAC, and respectfully refer the Court to the October 22, 2019 press release and Form 8-K filed with the SEC for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the

---

[6] The allegations in footnote 6 of the CAC do not contain any averments against Defendants and, thus, require no response from them. To the extent any response is required, Defendants deny the allegations in footnote 6 and respectfully refer the Court to iFeng, The Truth About The Layoffs At Shanshui Wenyuan (Dec. 14, 2019) for its complete and accurate contents.

[7] The allegations in footnote 7 of the CAC do not contain any averments against Defendants and, thus, require no response from them. To the extent any response is required, Defendants deny the allegations in footnote 7 and respectfully refer the Court to iFeng, Equity of Cultural Tourism Companies Under Riverside Group Frozen, Beijing Business Today (Dec. 23, 2019) for its complete and accurate contents.

press release or Form 8-K and any factual inferences or conclusions made by Plaintiff based on them.

138.    Defendants deny the allegations in paragraph 138 of the CAC, and respectfully refer the Court to the October 23, 2019 third-quarter 2019 earnings conference call transcript for its complete and accurate contents.    Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

139.    Defendants deny the allegations in paragraph 139 of the CAC, and respectfully refer the Court to the October 23, 2019 third-quarter 2019 earnings conference call transcript for its complete and accurate contents.    Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

140.    Defendants deny the allegations in paragraph 140 of the CAC, and respectfully refer the Court to the October 23, 2019 Macquarie Research report, October 23, 2019 Wells Fargo report and Wedbush report for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of those reports and any factual inferences or conclusions made by Plaintiff based on them.

141.    Defendants deny the allegations in paragraph 141 of the CAC, and respectfully refer the Court to the New York Stock Exchange's historical data for Six Flags' stock price on certain dates.

142.    Defendants deny the allegations in paragraph 142 of the CAC, and respectfully refer the Court to the October 23, 2019 third-quarter 2019 earnings conference call transcript and the October 24, 2019 SunTrust Robinson Humphrey report for their complete and accurate contents.

Defendants deny any paraphrasing, summarizing or characterization of the transcript or report and any factual inferences or conclusions made by Plaintiff based on them. Defendants are without knowledge or information sufficient to form a belief as to what, if anything, investors "credited."

143. Defendants deny the allegations in paragraph 143 of the CAC, and respectfully refer the Court to the October 24, 2019 press release and the October 24, 2019 SunTrust Robinson Humphrey report for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the press release or report and any factual inferences or conclusions made by Plaintiff based on them.

**M. On January 10, 2020, Six Flags Disclosed Riverside's Default On Payments And The Potential Termination Of All Six Flags China Projects**

144. Defendants deny the allegations in paragraph 144 of the CAC.

145. Defendants deny the allegations in paragraph 145 of the CAC, and respectfully refer the Court to the January 10, 2020 Form 8-K for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the Form 8-K and any factual inferences or conclusions made by Plaintiff based on it.

146. Defendants deny the allegations in paragraph 146 of the CAC, and respectfully refer the Court to the Form 8-K filed with the SEC on January 10, 2020 for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the Form 8-K and any factual inferences or legal conclusions made by Plaintiff based on it. Defendants are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

147. Defendants deny the allegations in paragraph 147 of the CAC, and respectfully refer the Court to the Form 8-K filed with the SEC on January 10, 2020 for its complete and accurate contents.

148.    Defendants deny the allegations in paragraph 148 of the CAC, and respectfully refer the Court to the January 10, 2020 TheStreet.com article for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the article and any factual inferences or conclusions made by Plaintiff based on it.  Defendants further refer the Court to the New York Stock Exchange's historical data for Six Flags' stock price on certain dates.

149.    Defendants deny the allegations in paragraph 149 of the CAC, and respectfully refer the Court to the January 10, 2020 Wedbush report for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the report and any factual inferences or conclusions made by Plaintiff based on it.

150.    Defendants deny the allegations in paragraph 150 of the CAC, and respectfully refer the Court to the January 10, 2020 William Blair report, the Janney report, and the January 10, 2020 *The Deal Pipeline* report for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of those reports and any factual inferences or conclusions made by Plaintiff based on them.

151.    Defendants deny the allegations in paragraph 151 of the CAC, and respectfully refer the Court to Six Flags' Form 8-K filed with the SEC on January 10, 2020 for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the Form 8-K and any factual inferences or conclusions made by Plaintiff based on it.

152.    Defendants deny the allegations in paragraph 152 of the CAC, and respectfully refer the Court to the January 10, 2020 Janney report, the Jefferies report, Oppenheimer report, and the January 10, 2020 William Blair report for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of those reports and any factual inferences or

conclusions made by Plaintiff based on them.  Defendants are without knowledge or information sufficient to form a belief as to what, if anything, analysts "credited."

### N. **On February 20, 2020, Six Flags Disclosed The Termination Of Its Riverside Agreements And A Resulting $10 Million Quarterly Revenue Decrease**

153.    Defendants deny the allegations in paragraph 153 of the CAC, and respectfully refer the Court to the February 20, 2020 press release and Form 8-K for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the press release or Form 8-K and any factual inferences or conclusions made by Plaintiff based on them.

154.    Defendants deny the allegations in paragraph 154 of the CAC, and respectfully refer the Court to the Form 8-K filed with the SEC on February 20, 2020 for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the Form 8-K and any factual inferences or conclusions made by Plaintiff based on it.

155.    Defendants deny the allegations in paragraph 155 of the CAC, and respectfully refer the Court to the February 20, 2020 earnings release for its complete and accurate contents.

156.    Defendants deny the allegations in paragraph 156 of the CAC, and respectfully refer the Court to the February 20, 2020 earnings release for its complete and accurate contents.

157.    Defendants deny the allegations in paragraph 157 of the CAC, and respectfully refer the Court to the February 20, 2020 Form 8-K for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the Form 8-K and any factual inferences or conclusions made by Plaintiff based on it.

158.    Defendants deny the allegations in paragraph 158 of the CAC, and respectfully refer the Court to the February 20, 2020 fourth-quarter 2019 and full-year earnings conference call transcript for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing

33

or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

159. Defendants deny the allegations in paragraph 159 of the CAC, and respectfully refer the Court to the February 20, 2020 earnings conference call transcript for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

160. Defendants deny the allegations in paragraph 160 of the CAC, and respectfully refer the Court to the February 20, 2020 Janney report, William Blair report, and Oppenheimer report for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of those reports and any factual inferences or conclusions made by Plaintiff based on them. Defendants are without knowledge or information sufficient to form a belief as to what, if anything, "shocked" investors.

161. Defendants deny the allegations in paragraph 161 of the CAC, and respectfully refer the Court to the New York Stock Exchange's historical data for Six Flags' stock price on certain dates.

162. Defendants deny the allegations in paragraph 162 of the CAC, and respectfully refer the Court to the New York Stock Exchange's historical data for Six Flags' stock price on certain dates.

**DEFENDANTS' MATERIALLY FALSE AND MISLEADING
STATEMENTS CAUSED SUBSTANTIAL LOSSES TO INVESTORS**

**A.  First-Quarter 2018 Financial Reporting And Earnings Call (April 24-25, 2018)**

163. Defendants deny the allegations in paragraph 163 of the CAC, except admit that on April 24, 2018, Six Flags filed a Form 8-K with the SEC and respectfully refer the Court to it for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or

characterization of the Form 8-K and any factual inferences or conclusions made by Plaintiff based on it.

164.    Defendants deny the allegations in paragraph 164 of the CAC, and respectfully refer the Court to the Form 10-Q filed with the SEC on April 25, 2018, for its complete and accurate contents.

165.    Defendants deny the allegations in paragraph 165 of the CAC, and respectfully refer the Court to the Form 10-Q filed with the SEC on April 25, 2018 for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the Form 10-Q and any factual inferences or conclusions made by Plaintiff based on it.

166.    Defendants deny the allegations in paragraph 166 of the CAC, except admit that on April 25, 2018, Six Flags held its first-quarter 2018 earnings conference call and respectfully refer the Court to the transcript for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

167.    The allegations in paragraph 167 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations, except admit that Six Flags entered into international licensing agreements for the Zhejiang and Chongqing sites in China and for the Dubai park by the end of the first quarter of 2018.

168.    Defendants deny the allegations in paragraph 168 of the CAC, except admit that on April 25, 2018, Six Flags held its first-quarter 2018 earnings conference call and respectfully refer the Court to the transcript for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

169. Defendants deny that the quoted language in paragraph 169 of the CAC fully and accurately represents the contents of the April 25, 2018 first-quarter 2018 earnings conference call, and respectfully refer the Court to the transcript for a complete and accurate description of its contents.

170. Defendants deny that the quoted language in paragraph 170 of the CAC fully and accurately represents the contents of the April 25, 2018 first-quarter 2018 earnings conference call, and respectfully refer the Court to the transcript for a complete and accurate description of its contents.

171. Defendants deny that the quoted language in paragraph 171 of the CAC fully and accurately represents the contents of the April 25, 2018 first-quarter 2018 earnings conference call, and respectfully refer the Court to the transcript for a complete and accurate description of its contents.

172. Defendants deny that the quoted language in paragraph 172 of the CAC fully and accurately represents the contents of the April 25, 2018 first-quarter 2018 earnings conference call, and respectfully refer the Court to the transcript for a complete and accurate description of its contents.

173. Defendants deny the allegations in paragraph 173 of the CAC, and respectfully refer the Court to the April 25, 2018 first-quarter 2018 earnings conference call transcript for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

174. The allegations in paragraph 174 of the CAC state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations,

except admit that Riverside faced challenging macroeconomic conditions in China, as disclosed on the February 14, 2019 fourth-quarter 2018 earnings call, but remained fully committed to, and capable of, developing and opening the China parks.

175.    The allegations in paragraph 175 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations, except admit that Riverside faced challenging macroeconomic conditions in China, as disclosed on the February 14, 2019 fourth-quarter 2018 earnings call, but remained fully committed to, and capable of, developing and opening the China parks.

176.    The allegations in paragraph 176 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations, except admit that they were informed by Riverside of ongoing efforts to secure additional financing for the China parks and were assured by Riverside that it remained fully committed to developing and opening the China parks despite challenging macroeconomic conditions in China, disclosed in the February 14, 2019 fourth-quarter 2018 earnings call.

**B. <u>Goldman Sachs Lodging, Gaming, Restaurant And Leisure Conference (June 5, 2018)</u>**

177.    Defendants aver that the allegations in paragraph 177 of the CAC were dismissed by the Court's Decision and Order dated March 3, 2021, and affirmed by the Fifth Circuit's Decision and Order dated January 18, 2023, and therefore no response is required (ECF Nos. 69, 83).  To the extent a response is required, Defendants deny the allegations in paragraph 177 of the CAC.

178.    Defendants aver that the allegations in paragraph 178 of the CAC were dismissed by the Court's Decision and Order dated March 3, 2021, and affirmed by the Fifth Circuit's Decision and Order dated January 18, 2023, and therefore no response is required (ECF Nos. 69,

83).  To the extent a response is required, Defendants deny the allegations in paragraph 178 of the CAC.

### C.  Oppenheimer Consumer Conference (June 20, 2018)

179.    Defendants deny the allegations in paragraph 179 of the CAC, except admit that Barber spoke at the Oppenheimer Consumer Conference on June 20, 2018.  Defendants deny that the quoted language in paragraph 179 fully and accurately represents the contents of the June 20, 2018 transcript of the Oppenheimer Consumer Conference and respectfully refer the Court to it for a complete and accurate description of its contents.

180.    The allegations in paragraph 180 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations, except admit that Riverside faced challenging macroeconomic conditions in China, as disclosed on the February 14, 2019 fourth-quarter 2018 earnings call, but remained fully committed to, and capable of, developing and opening the China parks.

### D.  Second-Quarter 2018 Financial Report And Earnings Call (July 25, 2018)

181.    Defendants deny the allegations in paragraph 181 of the CAC, except admit that Six Flags filed a Form 8-K with the SEC on July 25, 2018, and respectfully refer the Court to it for its complete and accurate contents.   Defendants deny any paraphrasing, summarizing or characterization of the Form 8-K and any factual inferences or conclusions made by Plaintiff based on it.

182.    Defendants deny that the quoted language in paragraph 182 of the CAC fully and accurately represents the contents of the Form 10-Q, and respectfully refer the Court to it for a complete and accurate description of its contents.

183.    Defendants deny the allegations in paragraph 183 of the CAC, and respectfully refer the Court to the Form 10-Q filed with the SEC on July 25, 2018 for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the Form 10-Q and any factual inferences or conclusions made by Plaintiff based on it.

184.    Defendants deny the allegations in paragraph 184 of the CAC, except admit that on July 25, 2018, Six Flags held its second-quarter 2018 earnings conference call and respectfully refer the Court to the transcript for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

185.    The allegations in paragraph 185 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations, except admit that (i) Six Flags had entered into international licensing agreements for the Zhejiang, Chongqing, and Nanjing sites in China, as well as developments in Saudi Arabia and Dubai by the end of the second quarter of 2018, and (ii) Riverside faced challenging macroeconomic conditions in China, as disclosed on the February 14, 2019 fourth-quarter 2018 earnings call, but remained fully committed to, and capable of, developing and opening the China parks.  Defendants are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

186.    Defendants deny that the quoted language in paragraph 186 of the CAC fully and accurately represents the contents of the July 25, 2018 second-quarter 2018 earnings conference call, and respectfully refer the Court to the transcript for its complete and accurate contents.

187.    Defendants deny that the quoted language in paragraph 187 of the CAC fully and accurately represents the contents of the July 25, 2018 second-quarter 2018 earnings conference call, and respectfully refer the Court to the transcript for its complete and accurate contents.

188.    The allegations in paragraph 188 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations. Defendants are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

189.    The allegations in paragraph 189 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations, except admit that (i) revenue patterns from international licensing agreements could be lumpy, as Six Flags disclosed during the April 24, 2019 first-quarter 2019 earnings call and October 23, 2019 third-quarter 2019 earnings call, and (ii) Riverside faced challenging macroeconomic conditions in China, as disclosed on the February 14, 2019 fourth-quarter 2018 earnings call, but remained fully committed to, and capable of, developing and opening the China parks.  Defendants are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

E.    **Third-Quarter 2018 Financial Report And Earnings Call (October 24, 2018)**

190.    Defendants deny the allegations in paragraph 190 of the CAC, except admit that on October 24, 2018, Six Flags filed a Form 8-K with the SEC and respectfully refer the Court to it for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the Form 8-K and any factual inferences or conclusions made by Plaintiff based on it.

40

191.   Defendants deny the allegations in paragraph 191 of the CAC, except admit that on October 24, 2018, Six Flags filed a Form 10-Q with the SEC, and respectfully refer the Court to it for its complete and accurate contents.   Defendants deny any paraphrasing, summarizing or characterization of the Form 10-Q and any factual inferences or conclusions made by Plaintiff based on it.

192.   Defendants deny the allegations in paragraph 192 of the CAC, and respectfully refer the Court to the Form 10-Q filed with SEC on October 24, 2018 for its complete and accurate contents.   Defendants deny any paraphrasing, summarizing or characterization of the Form 10-Q and any factual inferences or conclusions made by Plaintiff based on it.

193.   Defendants deny the allegations in paragraph 193 of the CAC, except admit that on October 24, 2018, Six Flags held its third-quarter 2018 earnings conference call and respectfully refer the Court to the transcript for its complete and accurate contents.   Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

194.   The allegations in paragraph 194 of the CAC state legal conclusions for which no response is required.   To the extent a response is required, Defendants deny such allegations, except admit that (i) by the end of the third quarter of 2018, Six Flags had entered into international licensing agreements for the Zhejiang, Chongqing, and Nanjing sites in China, as well as developments in Saudi Arabia and Dubai, (ii) revenue patterns from international licensing agreements could be lumpy, as Six Flags disclosed during the April 24, 2019 first-quarter 2019 earnings call and October 23, 2019 third-quarter 2019 earnings call, and (iii) Riverside faced challenging macroeconomic conditions in China, as disclosed on the February 14, 2019 fourth-quarter 2018 earnings call, but remained fully committed to, and capable of, developing and

opening the China parks.  Defendants are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

195.    Defendants deny the allegations in paragraph 195 of the CAC, except admit that on October 24, 2018, Six Flags held its third-quarter 2018 earnings conference call and respectfully refer the Court to the transcript for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

196.    Defendants deny the allegations in paragraph 196 of the CAC, and respectfully refer the Court to the October 24, 2018 earnings call transcript for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

197.    Defendants deny that the quoted language in paragraph 197 of the CAC fully and accurately represents the contents of the October 24, 2018 earnings conference call and respectfully refer the Court to the transcript for its complete and accurate contents.

198.    The allegations in paragraph 198 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations, except admit that Riverside faced challenging macroeconomic conditions in China, as disclosed on the February 14, 2019 fourth-quarter 2018 earnings call, but remained fully committed to, and capable of, developing and opening the China parks.  Defendants are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

199.    The allegations in paragraph 199 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations, except admit that (i) revenue patterns from international licensing agreements could be lumpy, as

Six Flags disclosed during the April 24, 2019 first-quarter 2019 earnings call and October 23, 2019 third-quarter 2019 earnings call, and (ii) Defendants were informed by Riverside of ongoing efforts to secure additional financing for the China parks and were assured by Riverside that it remained fully committed to developing and opening the China parks despite challenging macroeconomic conditions in China, as disclosed on the February 14, 2019 fourth-quarter 2018 earnings call. Defendants are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

### F. Fourth-Quarter And Full Year 2018 Financial Report And Earnings Call (February 14, 2019)

200.    Defendants deny the allegations in paragraph 200 of the CAC, except admit that on February 14, 2019, Six Flags issued a press release, filed with the SEC on Form 8-K. Defendants deny that the quoted language in paragraph 200 fully and accurately represents the contents of the February 14, 2019 Form 8-K and respectfully refer the Court to it for a complete and accurate description of its contents.

201.    Defendants deny the allegations in paragraph 201 of the CAC, except admit that on February 14, 2019, Six Flags held its fourth-quarter and full-year 2018 earnings conference call and respectfully refer the Court to the transcript for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

202.    Defendants deny the allegations in paragraph 202 of the CAC and respectfully refer the Court to the Form 10-K for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the Form 10-K and any factual inferences or conclusions made by Plaintiff based on it.

203.    Defendants deny the allegations in paragraph 203 of the CAC, except admit that the Form 10-K included a report by Six Flags' independent auditor KPMG LLP and respectfully refer the Court to the Form 10-K for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the Form 10-K and any factual inferences or conclusions made by Plaintiff based on it.

204.    The allegations in paragraph 204 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations, except admit that (i) by the end of 2018, Six Flags had entered into international licensing agreements for the Zhejiang, Chongqing, and Nanjing sites in China as well as developments in Saudi Arabia and Dubai, (ii) Six Flags adjusted $15 million in revenue for fiscal year 2018, (iii) revenue patterns from international licensing agreements could be lumpy, as Six Flags disclosed during the April 24, 2019 first-quarter 2019 earnings call and October 23, 2019 third-quarter 2019 earnings call, (iv) Riverside faced challenging macroeconomic conditions in China, as disclosed on the February 14, 2019 fourth-quarter 2018 earnings call, but remained fully committed to, and capable of, developing and opening the China parks, and (v) Six Flags reported $100.1 million in international licensing and related revenues in the 2018 Form 10-K.  Defendants respectfully refer the Court to the 2018 Form 10-K and February 2019 earnings release for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of those filings and any factual inferences or conclusions made by Plaintiff based on those filings. Defendants are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

205.    Defendants deny that the quoted language in paragraph 205 of the CAC fully and accurately represents the contents of the February 14, 2019 earnings conference call and respectfully refer the Court to the transcript for its complete and accurate contents.

206.    Defendants deny that the quoted language in paragraph 206 of the CAC fully and accurately represents the contents of the February 14, 2019 earnings conference call and respectfully refer the Court to the transcript for its complete and accurate contents.

207.    Defendants deny the allegations in paragraph 207 of the CAC, and respectfully refer the Court to the February 14, 2019 earnings conference call transcript for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

208.    Defendants deny the allegations in paragraph 208 of the CAC, and respectfully refer the Court to the February 14, 2019 earnings conference call transcript for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

209.    Defendants deny that the quoted language in paragraph 209 of the CAC fully and accurately represents the contents of the February 14, 2019 earnings conference call and respectfully refer the Court to the transcript for its complete and accurate contents.

210.    The allegations in paragraph 210 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations. Defendants are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

211.    The allegations in paragraph 211 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations,

45

except admit that (i) revenue patterns from international licensing agreements could be lumpy, as Six Flags disclosed during the April 24, 2019 first-quarter 2019 earnings call and October 23, 2019 third-quarter 2019 earnings call, and (ii) Defendants were informed by Riverside of ongoing efforts to secure additional financing for the China parks and were assured by Riverside that it remained fully committed to developing and opening the China parks despite challenging macroeconomic conditions in China, as disclosed on the February 14, 2019 fourth-quarter 2018 earnings call. Defendants are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

212.    The allegations in paragraph 212 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

213.    The allegations in paragraph 213 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations, except admit that (i) revenue patterns from international licensing agreements could be lumpy, as Six Flags disclosed during the April 24, 2019 first-quarter 2019 earnings call and October 23, 2019 third-quarter 2019 earnings call, and (ii) Defendants were informed by Riverside of ongoing efforts to secure additional financing for the China parks and were assured by Riverside that it remained fully committed to developing and opening the China parks despite challenging macroeconomic conditions in China, as disclosed on the February 14, 2019 fourth-quarter 2018 earnings call.

G.  **First-Quarter 2019 Financial Report And Earnings Call (April 23-24, 2019)**

214.    Defendants deny the allegations in paragraph 214 of the CAC, except admit that on April 23, 2019, Six Flags filed a Form 8-K with the SEC and respectfully refer the Court to it for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or

characterization of the Form 8-K and any factual inferences or conclusions made by Plaintiff based on it.

215.    Defendants deny the allegations in paragraph 215 of the CAC, except admit that Six Flags filed a Form 10-Q with the SEC on April 24, 2019, and respectfully refer the Court to the Form 10-Q for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the Form 10-Q and any factual inferences or conclusions made by Plaintiff based on it.

216.    Defendants deny the allegations in paragraph 216 of the CAC, and respectfully refer the Court to the Form 10-Q for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the Form 10-Q and any factual inferences or conclusions made by Plaintiff based on it.

217.    Defendants deny the allegations in paragraph 217 of the CAC, except admit that on April 24, 2019, Six Flags held its first-quarter 2019 earnings conference call and respectfully refer the Court to the transcript for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

218.    The allegations in paragraph 218 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations, except admit that (i) Six Flags adjusted $15 million in revenue for fiscal year 2018, (ii) revenue patterns from international licensing agreements could be lumpy, as Six Flags disclosed during the April 24, 2019 first-quarter 2019 earnings call and October 23, 2019 third-quarter 2019 earnings call, and (iii) Riverside faced challenging macroeconomic conditions in China, as disclosed on the February 14, 2019 fourth-quarter 2018 earnings call, but remained fully committed to, and capable

47

of, developing and opening the China parks.  Defendants respectfully refer the Court to the first-quarter 2019 earnings conference call transcript for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.  Defendants are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

219.    Defendants deny that the quoted language in paragraph 219 of the CAC fully and accurately represents the contents of the April 24, 2019 earnings conference call and respectfully refer the Court to the transcript for its complete and accurate contents.

220.    Defendants deny that the quoted language in paragraph 220 of the CAC fully and accurately represents the contents of the April 24, 2019 earnings conference call and respectfully refer the Court to the transcript for its complete and accurate contents.

221.    Defendants deny that the quoted language in paragraph 221 of the CAC fully and accurately represents the contents of the April 24, 2019 earnings conference call and respectfully refer the Court to the transcript for its complete and accurate contents.

222.    Defendants deny that the quoted language in paragraph 222 of the CAC fully and accurately represents the contents of the April 24, 2019 earnings conference call and respectfully refer the Court to the transcript for its complete and accurate contents.

223.    The allegations in paragraph 223 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations. Defendants are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

224.    The allegations in paragraph 224 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations,

48

except admit that (i) revenue patterns from international licensing agreements could be lumpy, as Six Flags disclosed during the April 24, 2019 first-quarter 2019 earnings call and October 23, 2019 third-quarter 2019 earnings call, and (ii) Defendants were informed by Riverside of ongoing efforts to secure additional financing for the China parks and were assured by Riverside that it remained fully committed to developing and opening the China parks despite challenging macroeconomic conditions in China, as disclosed on the February 14, 2019 fourth-quarter 2018 earnings call. Defendants are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

225.    The allegations in paragraph 225 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

226.    The allegations in paragraph 226 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations, except admit that (i) revenue patterns from international licensing agreements could be lumpy, as Six Flags disclosed during the April 24, 2019 first-quarter 2019 earnings call and October 23, 2019 third-quarter 2019 earnings call, and (ii) Defendants were informed by Riverside of ongoing efforts to secure additional financing for the China parks and were assured by Riverside that it remained fully committed to developing and opening the China parks despite challenging macroeconomic conditions in China, as disclosed on the February 14, 2019 fourth-quarter 2018 earnings call.

## H.  B. Riley FBR Institutional Investor Conference (May 22, 2019)

227.    Defendants deny the allegations in paragraph 227 of the CAC, except admit that on May 22, 2019, Barber spoke at the B. Riley FBR Institutional Investor Conference.  Defendants deny that the quoted language in paragraph 227 of the CAC fully and accurately represents the

49

contents of the transcript from the May 22, 2019 B. Riley FBR Institutional Investor Conference and respectfully refer the Court to it for its complete and accurate contents.

228. The allegations in paragraph 228 of the CAC state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations, except admit that (i) revenue patterns from international licensing agreements could be lumpy, as Six Flags disclosed during the April 24, 2019 first-quarter 2019 earnings call and October 23, 2019 third-quarter 2019 earnings call, and (ii) Defendants were informed by Riverside of ongoing efforts to secure additional financing for the China parks and were assured by Riverside that it remained fully committed to developing and opening the China parks despite challenging macroeconomic conditions in China, as disclosed on the February 14, 2019 fourth-quarter 2018 earnings call.

## I. Second-Quarter 2019 Financial Report And Earnings Call (July 24, 2019)

229. Defendants deny the allegations in paragraph 229 of the CAC, except admit that on July 24, 2019, Six Flags filed a Form 8-K with the SEC. Defendants deny that the quoted language in paragraph 229 of the CAC fully and accurately represents the contents of the Form 8-K and respectfully refer the Court to it for a complete and accurate description of its contents.

230. Defendants deny the allegations in paragraph 230 of the CAC and respectfully refer the Court to the Form 10-Q filed with the SEC on July 24, 2019 for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the Form 10-Q and any factual inferences or conclusions made by Plaintiff based on it.

231. Defendants deny the allegations in paragraph 231 of the CAC and respectfully refer the Court to the Form 10-Q filed with the SEC on July 24, 2019 for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the Form 10-Q and any factual inferences or conclusions made by Plaintiff based on it.

232.    Defendants deny the allegations in paragraph 232 of the CAC, except admit that on July 24, 2019, Six Flags held its second-quarter 2019 earnings conference call and respectfully refer the Court to the transcript for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

233.    The allegations in paragraph 233 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations, except admit that (i) Six Flags held a second-quarter 2019 earnings conference call and reported $20 million in international licensing revenue, (ii) Six Flags had disclosed that revenue from international agreements may be lumpy, and (iii) Riverside faced challenging macroeconomic conditions in China, as disclosed on the February 14, 2019 fourth-quarter 2018 earnings call, but remained fully committed to, and capable of, developing and opening the China parks. Defendants are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

234.    Defendants deny that the quoted language in paragraph 234 of the CAC fully and accurately represents the contents of the July 24, 2019 earnings conference call and respectfully refer the Court to the transcript for its complete and accurate contents.

235.    Defendants deny the allegations in paragraph 235 of the CAC and respectfully refer the Court to the transcript from the July 24, 2019 second quarter 2019 earnings conference call for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

236.   Defendants deny the allegations in paragraph 236 of the CAC and respectfully refer the Court to the transcript from the July 24, 2019 second quarter 2019 earnings conference call for its complete and accurate contents.   Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

237.   Defendants deny the allegations in paragraph 237 of the CAC and respectfully refer the Court to the transcript from the July 24, 2019 second quarter 2019 earnings conference call for its complete and accurate contents.   Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

238.   The allegations in paragraph 238 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

239.   The allegations in paragraph 239 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations. Defendants are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

240.   The allegations in paragraph 240 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations, except admit that (i) revenue patterns from international licensing agreements could be lumpy, as Six Flags disclosed during the April 24, 2019 first-quarter 2019 earnings call and October 23, 2019 third-quarter 2019 earnings call, and (ii) Defendants were informed by Riverside of ongoing efforts to secure additional financing for the China parks and were assured by Riverside that it remained fully committed to developing and opening the China parks despite challenging macroeconomic

conditions in China, as disclosed on the February 14, 2019 fourth-quarter 2018 earnings call. Defendants are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

    **J.**   **Third-Quarter 2019 Financial Report And Earnings Call (October 22-23, 2019)**

241.     Defendants aver that the allegations in paragraph 241 of the CAC were dismissed by the Court's Decision and Order dated March 3, 2021, and affirmed by the Fifth Circuit's Decision and Order dated January 18, 2023, and therefore no response is required (ECF Nos. 69, 83). To the extent a response is required, Defendants deny the allegations in paragraph 241 of the CAC.

242.     Defendants aver that the allegations in paragraph 242 of the CAC were dismissed by the Court's Decision and Order dated March 3, 2021, and affirmed by the Fifth Circuit's Decision and Order dated January 18, 2023, and therefore no response is required (ECF Nos. 69, 83). To the extent a response is required, Defendants deny the allegations in paragraph 242 of the CAC.

243.     Defendants aver that the allegations in paragraph 243 of the CAC were dismissed by the Court's Decision and Order dated March 3, 2021, and affirmed by the Fifth Circuit's Decision and Order dated January 18, 2023, and therefore no response is required (ECF Nos. 69, 83). To the extent a response is required, Defendants deny the allegations in paragraph 243 of the CAC.

244.     Defendants aver that the allegations in paragraph 244 of the CAC were dismissed by the Court's Decision and Order dated March 3, 2021, and affirmed by the Fifth Circuit's Decision and Order dated January 18, 2023, and therefore no response is required (ECF Nos. 69,

83).  To the extent a response is required, Defendants deny the allegations in paragraph 244 of the CAC.

245.    Defendants aver that the allegations in paragraph 245 of the CAC were dismissed by the Court's Decision and Order dated March 3, 2021, and affirmed by the Fifth Circuit's Decision and Order dated January 18, 2023, and therefore no response is required (ECF Nos. 69, 83).  To the extent a response is required, Defendants deny the allegations in paragraph 245 of the CAC.

246.    Defendants aver that the allegations in paragraph 246 of the CAC were dismissed by the Court's Decision and Order dated March 3, 2021, and affirmed by the Fifth Circuit's Decision and Order dated January 18, 2023, and therefore no response is required (ECF Nos. 69, 83).  To the extent a response is required, Defendants deny the allegations in paragraph 246 of the CAC.

247.    Defendants aver that the allegations in paragraph 247 of the CAC were dismissed by the Court's Decision and Order dated March 3, 2021, and affirmed by the Fifth Circuit's Decision and Order dated January 18, 2023, and therefore no response is required (ECF Nos. 69, 83).  To the extent a response is required, Defendants deny the allegations in paragraph 247 of the CAC.

**SUMMARY OF SCIENTER ALLEGATIONS**

248.    The allegations in paragraph 248 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

249.    Defendants deny the allegations in paragraph 249 of the CAC.

250.    Defendants deny the allegations in paragraph 250 of the CAC and are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1," except

54

admit that (i) Mark Kane was the former General Manager and Park President of Six Flags Zhejiang, (ii) David McKillips was the former Senior Vice President of International Park Operations and President of Six Flags International, and (iii) David McKillips reported directly to Reid-Anderson.  To the extent Plaintiff relies on specific presentations, Defendants respectfully refer the Court to those presentations for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of those presentations and any factual inferences or conclusions made by Plaintiff based on them.

251.   Defendants deny the allegations in paragraph 251 of the CAC and are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."  To the extent Plaintiff relies on specific presentations, Defendants respectfully refer the Court to those presentations for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of those presentations and any factual inferences or conclusions made by Plaintiff based on them.

252.   Defendants deny the allegations in paragraph 252 of the CAC and are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."  To the extent Plaintiff relies on specific reports, Defendants respectfully refer the Court to those reports for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of those reports and any factual inferences or conclusions made by Plaintiff based on them.

253.   Defendants deny the allegations in paragraph 253 of the CAC and are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1," except admit that David McKillips reported directly to Reid-Anderson.

254. Defendants deny the allegations in paragraph 254 of the CAC and are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1," except admit that (i) Kathy Aslin was Six Flags' Senior Vice President, Human Resources in August 2019, and (ii) Kathy Aslin reported to Reid-Anderson in August 2019. To the extent Plaintiff relies on a specific letter, Defendants respectfully refer the Court to that letter for its complete contents. Defendants deny any paraphrasing, summarizing or characterization of that letter and any factual inferences or conclusions made by Plaintiff based on it.

255. Defendants deny the allegations in paragraph 255 of the CAC and are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1." To the extent Plaintiff relies on a specific letter, Defendants respectfully refer the Court to that letter for its complete contents. Defendants deny any paraphrasing, summarizing or characterization of that letter and any factual inferences or conclusions made by Plaintiff based on it.

256. Defendants deny the allegations in paragraph 256 of the CAC, except admit that Brett Petit was Senior Vice President of Marketing and Sales and he reported to Reid-Anderson. Defendants are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 2."

257. The allegations in paragraph 257 of the CAC state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations, except admit that (i) Barber visited Six Flags Dubai in February 2017, (ii) Mark Kane and David McKillips met with various local Chinese government officials regarding the Six Flags China projects, and (iii) Six Flags held quarterly earnings conference calls during the Class Period, including the fourth-quarter 2017 earnings conference call on February 20, 2018. Defendants respectfully refer the Court to the conference call transcripts for their complete and accurate

contents.  Defendants deny any paraphrasing, summarizing or characterization of the transcripts and any factual inferences or conclusions made by Plaintiff based on them.

258.    The allegations in paragraph 258 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations, except admit that (i) on March 7, 2019, Six Flags filed a Form 8-K with the SEC which announced, in part, that Reid-Anderson intended to retire at the end of February 2020, (ii) on October 23, 2019, Six Flags held its third-quarter 2019 earnings conference call, and (iii) on October 25, 2019, Six Flags filed a Form 8-K with the SEC that announced, in part, that Reid-Anderson was retiring as Chairman, President and Chief Executive Officer effective November 18, 2019.  Defendants respectfully refer the Court to these documents for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of those documents and any factual inferences or conclusions made by Plaintiff based on them.

259.    Defendants deny the allegations in paragraph 259 of the CAC, except admit that on February 20, 2020, (i) Six Flags filed a Form 8-K with the SEC that stated, in part, that Barber would serve as CFO through February 24, 2020, and would retire from the Company effective August 31, 2020, and (ii) Six Flags also filed a Form 10-K with the SEC that stated, in part, that Six Flags terminated its agreements with Riverside.  Defendants respectfully refer the Court to these filings for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of those filings and any factual inferences or conclusions made by Plaintiff based on them.

260.    Defendants deny the allegations in paragraph 260 of the CAC, except admit that (i) on November 15, 2019, Six Flags filed a Form 8-K with the SEC stating, in part, that on November 13, 2019, Lance Balk informed Six Flags of his intention to retire as Executive Vice President and

General Counsel of the Company on or after February 28, 2020, (ii) Lance Balk had served as Six Flags' General Counsel since 2010, (iii) Lance Balk had been eligible to receive a Project 600 equity award, (iv) on March 9, 2020, Six Flags issued a press release stating, in part, that on March 2, 2020, Lance Balk retired as Six Flags' Executive Vice President and General Counsel, and (v) David McKillips, Senior Vice President of International Park Operations and President of Six Flags International, left the Company in or around January 2020. Defendants respectfully refer the Court to these documents for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of those documents and any factual inferences or conclusions made by Plaintiff based on them.

261. Defendants deny the allegations in paragraph 261 of the CAC.

262. Defendants deny the allegations in paragraph 262 of the CAC, except admit that Riverside faced challenging macroeconomic conditions in China, as disclosed on the February 14, 2019 fourth-quarter 2018 earnings call, but remained fully committed to, and capable of, developing and opening the China parks.

263. Defendants deny the allegations in paragraph 263 of the CAC, except admit that Riverside faced challenging macroeconomic conditions in China, as disclosed on the February 14, 2019 fourth-quarter 2018 earnings call, but remained fully committed to, and capable of, developing and opening the China parks. Defendants are without knowledge or information sufficient to form a belief as to the allegations concerning "FE 1."

264. Defendants deny the allegations in paragraph 264 of the CAC, except admit that on February 20, 2020, Six Flags filed a Form 10-K with the SEC and respectfully refer the Court to the Form 10-K for its complete and accurate contents. Defendants deny any paraphrasing,

summarizing or characterization of the Form 10-K and any factual inferences or conclusions made by Plaintiff based on it.

265.     Defendants deny the allegations in paragraph 265 of the CAC, and respectfully refer the Court to Six Flags' annual Proxy Statements for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of those Proxy Statements and any factual inferences or conclusions made by Plaintiff based on them.

266.     Defendants deny the allegations in paragraph 266 of the CAC, except admit that (i) on February 22, 2017, Six Flags filed a Form 8-K with the SEC that reported, in part, modified EBITDA for 2016 was $545 million, and (ii) on February 20, 2018, Six Flags filed a Form 8-K with the SEC that reported, in part, modified EBITDA for 2017 was $558 million. Defendants respectfully refer the Court to these filings for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of those filings and any factual inferences or conclusions made by Plaintiff based on them.

267.     Defendants deny the allegations in paragraph 267 of the CAC, except admit that Six Flags entered into licensing agreements with Riverside in 2017 and 2018 to construct nine additional parks in China.

268.     Defendants deny the allegations in paragraph 268 of the CAC, and respectfully refer the Court to Six Flags' February 14, 2019, fourth-quarter 2018 earnings conference call transcript for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

269.     Defendants deny the allegations in paragraph 269 of the CAC, except admit that Six Flags adjusted $15 million in revenue for fiscal year 2018.

**LOSS CAUSATION**

270.    The allegations in paragraph 270 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

271.    The allegations in paragraph 271 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations, except admit that on February 14, 2019, Six Flags filed a Form 8-K with the SEC, in which Six Flags (i) adjusted $15 million in revenue for fiscal year 2018, and (ii) reported a 38% decline in sponsorship, international agreements and accommodations revenue compared to fourth-quarter 2017.  Defendants respectfully refer the Court to the Form 8-K for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of that Form 8-K and any factual inferences or conclusions made by Plaintiff based on it.  Defendants further refer the Court to the New York Stock Exchange's historical data for Six Flags' stock price on certain dates.

272.    Defendants deny the allegations in paragraph 272 of the CAC, except admit that Six Flags held its fourth-quarter 2018 earnings conference call on February 14, 2019 and respectfully refer the Court to the February 14, 2019 earnings conference call transcript for its complete and accurate contents.    Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or conclusions made by Plaintiff based on it.

273.    Defendants deny the allegations in paragraph 273 of the CAC, and respectfully refer the Court to the transcript of the October 23, 2019 earnings conference call for its complete and accurate contents, and the New York Stock Exchange's historical data for Six Flags' stock price

on certain dates. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or legal conclusions made by Plaintiff based on it.

274. Defendants deny the allegations in paragraph 274 of the CAC, except admit that Six Flags held its third-quarter 2019 earnings conference call on October 23, 2019 and respectfully refer the Court to the transcript of the October 23, 2019 earnings conference call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the transcript and any factual inferences or legal conclusions made by Plaintiff based on it.

275. Defendants deny the allegations in paragraph 275 of the CAC, except admit that on January 10, 2020, Six Flags filed a Form 8-K with the SEC and respectfully refer the Court to the Form 8-K for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the Form 8-K and any factual inferences or legal conclusions made by Plaintiff based on it. Defendants respectfully refer the Court to the New York Stock Exchange's historical data for Six Flags' stock price on certain dates.

276. Defendants deny the allegations in paragraph 276 of the CAC, except admit that Six Flags filed a Form 8-K with the SEC on January 10, 2020 and respectfully refer the Court to the Form 8-K for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the Form 8-K and any factual inferences or legal conclusions made by Plaintiff based on it.

277. Defendants deny the allegations in paragraph 277 of the CAC, except admit that (i) on February 20, 2020, Six Flags filed a Form 10-K with the SEC, and (ii) on February 20, 2020, Six Flags announced, in part, that Barber would be retiring from Six Flags. Defendants respectfully refer the Court to the Form 10-K for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the Form 10-K and any factual

61

inferences or legal conclusions made by Plaintiff based on it. Defendants respectfully refer the Court to the New York Stock Exchange's historical data for Six Flags' stock price on certain dates.

278. Defendants deny the allegations in paragraph 278 of the CAC, and respectfully refer the Court to the New York Stock Exchange's historical data for Six Flags' stock price on certain dates.

279. The allegations in paragraph 279 of the CAC state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations.

## CLASS ACTION ALLEGATIONS

280. Defendants deny the allegations in paragraph 280 of the CAC, except admit that Plaintiff purports to bring this action as a putative class action on behalf of purchasers of Six Flags' common stock between April 24, 2018 and February 19, 2020.

281. The allegations in paragraph 281 of the CAC state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations, except admit that as of February 20, 2020, Six Flags had over 84 million shares of common stock outstanding.

282. The allegations in paragraph 282 of the CAC state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations.

283. The allegations in paragraph 283 of the CAC state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations.

284. The allegations in paragraph 284 of the CAC state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations.

285. The allegations in paragraph 285 of the CAC state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations.

## INAPPLICABILITY OF STATUTORY SAFE HARBOR

286. The allegations in paragraph 286 of the CAC state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations.

287. The allegations in paragraph 287 of the CAC state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations.

## PRESUMPTION OF RELIANCE

288. The allegations in paragraph 288 of the CAC state legal conclusions for which no response is required. Defendants further deny such allegations in the remainder of paragraph 288, except admit that (i) Six Flags' common stock trades on the NYSE, (ii) Six Flags files periodic public reports with the SEC and NYSE, (iii) Six Flags held annual and quarterly earnings conference calls, issued press releases, and spoke at investor and consumer conferences during the Class Period, and (iv) Six Flags was followed by securities analysts who wrote publicly available reports.

289. The allegations in paragraph 289 of the CAC state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations.

290. The allegations in paragraph 290 of the CAC state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations.

## COUNT I

**For Violations of Section 10(b) of the Exchange Act and Rule 10b-5
Against Defendants Six Flags, Reid-Anderson, and Barber**

291. To the extent a response is required to paragraph 291 of the CAC, Defendants incorporate their responses to paragraphs 1-290 as if fully set forth herein.

292. The allegations in paragraph 292 of the CAC state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations.

63

293.   The allegations in paragraph 293 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

294.   The allegations in paragraph 294 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

295.   The allegations in paragraph 295 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

296.   The allegations in paragraph 296 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

297.   The allegations in paragraph 297 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

298.   The allegations in paragraph 298 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

299.   The allegations in paragraph 299 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

## COUNT II

### For Violations of Section 20(a) of the Exchange Act
### Against Defendants Reid-Anderson and Barber

300.   To the extent a response is required to paragraph 300 of the CAC, Defendants incorporate their responses to paragraphs 1-299 as if fully set forth herein.

301.   The allegations in paragraph 301 of the CAC state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

**PRAYER FOR RELIEF**

302.   Defendants deny that Plaintiff is entitled to any of the relief requested or to any other relief based on the allegations in the CAC.

**JURY DEMAND**

303.   Plaintiff's jury demand states legal conclusions for which no response is required. To the extent a response is required, Defendants admit that this section purports to demand a trial by jury.  Defendants reserve the right to challenge this demand.

**AFFIRMATIVE AND OTHER DEFENSES**

As separate defenses to the CAC, and without assuming the burden of proof on matters as to which they have no such burden, Defendants state as follows:

**FIRST DEFENSE**

Plaintiff's CAC fails to state a claim under the Securities Exchange Act of 1934 against Defendants.

**SECOND DEFENSE**

This action is barred, in whole or in part, because the statements Plaintiff challenges were not false or misleading.

**THIRD DEFENSE**

This action is barred, in whole or in part, because Defendants neither had a duty nor breached a duty to disclose any facts allegedly not disclosed.

**FOURTH DEFENSE**

This action is barred, in whole or in part, because Defendants did not omit to state any material facts necessary in order to make any statement made by Defendants not false or misleading.

## FIFTH DEFENSE

This action is barred, in whole or in part, because any alleged misrepresentations or omissions for which Defendants are allegedly responsible were not material.

## SIXTH DEFENSE

This action is barred, in whole or in part, because Defendants are immune from liability for certain statements complained of in the CAC under the safe harbor provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-5, and/or the bespeaks caution doctrine.

## SEVENTH DEFENSE

This action is barred, in whole or in part, because certain statements complained of in the CAC are non-actionable statements of opinion or statements of puffery.

## EIGHTH DEFENSE

This action is barred, in whole or in part, because the information that Plaintiff alleges to have been omitted or misrepresented was in fact publicly available and/or widely known to the market and to the investing community.

## NINTH DEFENSE

This action is barred, in whole or in part, by the doctrines of contributory negligence, comparative negligence and/or assumption of risk because Plaintiff and members of the putative class knew, or in the exercise of reasonable care should have known, the risks inherent in investing in the securities at issue and they assumed the risk of a decline in the value of their investments.

## TENTH DEFENSE

This action is barred, in whole or in part, because Defendants were not the actual or proximate cause of any injury to Plaintiff or members of the putative class.

## ELEVENTH DEFENSE

This action is barred, in whole or in part, to the extent there are intervening and superseding causes of alleged harm, if any, suffered by Plaintiff or members of the putative class.

## TWELFTH DEFENSE

This action is barred, in whole or in part, because Plaintiff's and the putative class's damages, if any, are speculative and thus not recoverable.

## THIRTEENTH DEFENSE

This action is barred, in whole or in part, to the extent Plaintiff and the putative class seek damages that exceed those permitted under the federal securities laws and other applicable laws.

## FOURTEENTH DEFENSE

This action is barred, in whole or in part, because to the extent it is or may be determined that any person is alleged to have been acting as an agent for Defendants in violation of the Exchange Act or any rules of the Securities and Exchange Commission, with respect to any of the alleged conduct on which the CAC is based, those actions cannot be imputed to Defendants.

## FIFTEENTH DEFENSE

This action is barred, in whole or in part, because it is not maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because the requirements of Rule 23 are not met.

## SIXTEENTH DEFENSE

This action is barred, in whole or in part, because some or all of Plaintiff and members of the putative class lack standing.

67

## SEVENTEENTH DEFENSE

This action is barred, in whole or in part, because Defendants acted in good faith and did not directly or indirectly induce any acts constituting the alleged violations and causes of action.

## EIGHTEENTH DEFENSE

Plaintiff's cause of action under Section 10(b) of the Exchange Act is barred, in whole or in part, because no Defendant acted with scienter.

## NINETEENTH DEFENSE

Plaintiff's cause of action under Section 10(b) of the Exchange Act is barred, in whole or in part, due to the absence of loss causation.

## TWENTIETH DEFENSE

Plaintiff's cause of action under Section 10(b) of the Exchange Act is barred, in whole or in part, because the fraud on the market theory does not apply.

## TWENTY-FIRST DEFENSE

Plaintiff's cause of action under Section 10(b) of the Exchange Act is barred, in whole or in part, because the *Affiliated Ute* presumption does not apply.

## TWENTY-SECOND DEFENSE

Plaintiff's cause of action under Section 10(b) of the Exchange Act is barred, in whole or in part, because Six Flags' stock was not traded on an efficient market.

## TWENTY-THIRD DEFENSE

Plaintiff's cause of action under Section 20(a) of the Exchange Act is barred, in whole or in part, because Plaintiff and the putative class cannot establish the primary liability necessary to assert a claim for control person liability.

**TWENTY-FOURTH DEFENSE**

This action is barred, in whole or in part, because the putative class period is overbroad and, therefore, many of the putative class members are not entitled to recovery.

**TWENTY-FIFTH DEFENSE**

This action is barred, in whole or in part, because Plaintiff and members of the putative class have no compensable damages.

**TWENTY-SIXTH DEFENSE**

This action is barred, in whole or in part, because some or all of Plaintiff and members of the putative class would be unjustly enriched if they were permitted to obtain any recovery in this action.

**TWENTY-SEVENTH DEFENSE**

This action is barred, in whole or in part, because some or all of Plaintiff and members of the putative class have failed to mitigate damages and have failed to exercise due diligence in an effort to mitigate their damages (to which, in any event, they are not entitled).

**TWENTY-EIGHTH DEFENSE**

All recovery for damages allegedly incurred by Plaintiff or members of the putative class, if any, is limited to the percentage of responsibility of Defendants in proportion to the total fault of all persons, whether or not named as parties to this action, who may have caused or contributed to Plaintiff's or the members of the putative class's alleged damages, if any, pursuant to the proportionate liability provisions of the PSLRA, as codified at 15 U.S.C. § 78u-4(f)(3)(A).

## TWENTY-NINETH DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, because at all relevant times, Defendants relied in good faith on the representations, reports, expert opinions, and advice of others.

## THIRTIETH DEFENSE

If and to the extent that Defendants' statements are determined to have contained false or misleading statements or to have omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading (which Defendants deny), Plaintiff either knew or should have known about the matters alleged in the CAC, and their own negligence or other fault proximately caused or contributed to the injuries allegedly suffered by Plaintiff from the purchase and sale of the offered securities, and bars any recovery to the extent thereof.

## THIRTY-FIRST DEFENSE

On information and belief, Plaintiff is not entitled to recovery because Plaintiff would have acquired Six Flags' stock even if, at the time the stock was acquired, Plaintiff had known of the allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other wrongful conduct upon which Defendants' liability is asserted.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend this Answer or to assert other defenses as this action proceeds. Based upon all the foregoing, as well as other grounds, Defendants deny any wrongdoing, deny that they are liable to Plaintiff, and deny that Plaintiff is entitled to any relief.

## PRAYER FOR RELIEF

Based on the foregoing, Defendants request that (1) judgment be entered in favor of Defendants, (2) the CAC be dismissed against Defendants with prejudice, (3) this Court award

Defendants' costs of suit, including attorneys' fees incurred in defense of this action, and (4) this

Court grant such other and further relief as it deems just and appropriate.

Dated: Fort Worth, TX
   March 20, 2023

          */s/ Ralph H. Duggins*
          Ralph H. Duggins
          Texas Bar No. 06183700
          Scott A. Fredricks
          Texas Bar No. 24012657
          Michael Ackerman
          Texas Bar No. 24120454
          **CANTEY HANGER LLP**
          600 West 6th Street, Suite 300
          Fort Worth, TX 76102
          Tel: 817-877-2800
          Fax: 817-877-2807
          rduggins@canteyhanger.com
          sfredricks@canteyhanger.com
          mackerman@canteyhanger.com

          Jay B. Kasner (*pro hac vice*)
          Scott D. Musoff (*pro hac vice*)
          **SKADDEN, ARPS, SLATE,**
           **MEAGHER & FLOM LLP**
          One Manhattan West
          New York City, NY 10001
          Tel: 212-735-3000
          Fax: 212-735-2000
          jay.kasner@skadden.com
          scott.musoff@skadden.com

          Jessie K. Liu (*pro hac vice*)
          **SKADDEN, ARPS, SLATE,**
           **MEAGHER & FLOM LLP**
          1440 New York Ave. NW
          Washington, DC 20005
          Tel: 202-371-7000
          Fax: 202-393-5760
          jessie.liu@skadden.com

          *Co-Lead Counsel for Defendants Six Flags*
          *Entertainment Corporation,*
          *James Reid-Anderson and Marshall Barber*

## CERTIFICATE OF SERVICE

I certify that on the 20th day of March 2023, all counsel of record were served with the foregoing via E-File service.

/s/ Scott A. Fredricks
Ralph H. Duggins
Texas Bar No. 06183700
Scott A. Fredricks
Texas Bar No. 24012657
Michael Ackerman
Texas Bar No. 24120454
**CANTEY HANGER LLP**
600 West 6th Street, Suite 300
Fort Worth, TX 76102
Tel:    817-877-2800
Fax:    817-877-2807
rduggins@canteyhanger.com
sfredricks@canteyhanger.com
mackerman@canteyhanger.com

*Co-Lead Counsel for Defendants Six Flags
Entertainment Corporation, James Reid-
Anderson and Marshall Barber*