**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| *In re Six Flags Entertainment Corp. Securities Litigation* | Civil Action No. 4:20-cv-00201-P <br><br> <u>CLASS ACTION</u> |

## <u>LEAD PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT</u>

Pursuant to Federal Rules Civil Procedure 15(a) and 20(a), and the Court's Scheduling Order (ECF No. 97), Lead Plaintiff Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters") respectfully requests leave of Court to file a First Amended Consolidated Class Action Complaint For Violations of the Federal Securities Laws ("First Amended Complaint"). As shown in the redline of the proposed First Amended Complaint attached hereto as Exhibit A, the only modifications in the First Amended Complaint are to reflect the removal of former Lead Plaintiff Electrical Workers Pension Fund, Local 103, I.B.E.W. ("Local 103") and to add Named Plaintiff Key West Police & Fire Pension Fund ("Key West P&F"). Lead Plaintiff also attaches hereto as Exhibit B the proposed First Amended Complaint submitted with Key West P&F's Certification Pursuant to the Federal Securities Laws. Lead Plaintiff respectfully avers the following:

1. On February 12, 2020, Oklahoma Firefighters and Local 103 filed a securities class action complaint against Defendants. (ECF No. 1.)

2. On May 8, 2020, the Court appointed Oklahoma Firefighters and Local 103 to serve as Lead Plaintiffs. (ECF No. 30.)

3. On July 2, 2020, Oklahoma Firefighters and Local 103 filed the Consolidated Class Action Complaint for Violations of the Federal Securities Laws. (ECF No. 50.) The Court granted Defendants' motion to dismiss and issued a final Judgment dismissing the case with prejudice on March 3, 2021. (ECF Nos. 69, 70.) On July 26, 2021, the Court denied Lead Plaintiffs' Motion to Amend or Set Aside Judgment under Fed. R. Civ. P. 59(e) and for Leave to file an Amended Complaint under Fed. R. Civ. P. 15(a). (ECF No. 76.)

4. Oklahoma Firefighters filed an appeal with the Fifth Circuit. (ECF No. 77.) Local 103 did not participate in the appeal. *Id.*

5. On January 18, 2023, the Fifth Circuit granted Oklahoma Firefighters' appeal, and reversed and remanded this case for further proceedings. (ECF Nos. 82, 83.)

6. Since the Fifth Circuit's ruling, the remaining Parties (Lead Plaintiff Oklahoma Firefighters and Defendants) participated in the Court-ordered Scheduling Conference on March 6, 2023 (ECF No. 81). On March 7, 2023, the Court entered a Scheduling Order setting the deadlines for Motions for Leave to Join Parties or Amend Pleadings as May 9, 2023 and for completion of discovery as February 16, 2024, among other things. (ECF No. 97.)

7. On March 20, 2023, Defendants filed their Answer and Affirmative Defenses, which asserted as Defendants' Fifteenth Defense that Lead Plaintiff's proposed class is not certifiable "because the requirements of Rule 23 are not met." (ECF No. 100.)

8. Since the filing of the Consolidated Class Action Complaint, the Parties have exchanged their initial disclosures and served initial interrogatories and document requests, but have not otherwise undertaken party discovery. The Parties are still in the process of serving Responses and Objections thereto and have not yet met-and-conferred on their respective responses, and neither party has taken any depositions or designated any experts. Mediation is scheduled to take place on or before December 15, 2023. (ECF No. 97.) Plaintiff is scheduled to file their class certification motion no later than October 6, 2024, and, should Defendants oppose class certification, their opposition will be due 21 days later. *Id.* Trial is scheduled to begin on February 3, 2025. *Id.*

## **ARGUMENT**

9. Rule 15(a) "ordinarily governs the amendment of pleadings before a scheduling order's deadline to amend has expired." *Nat'l Fed'n of Blind of Texas Inc. v. City of Arlington, Texas*, 2022 WL 93941, at *2 (N.D. Tex. Jan 10, 2022) (internal quotations omitted). Plaintiff may

amend a complaint if it obtains the district court's leave, and "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also In re KBR, Inc. Sec. Litig.*, 2018 WL 4208681, at *12 (S.D. Tex. Aug. 31, 2018) (granting plaintiffs leave to amend). Rule 15(a) "evinces a bias in favor of granting leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981), and thus, the amendment may be denied only "when it would cause undue delay, be the result of bad faith, represent the repeated failure to cure previous amendments, create undue prejudice, or be futile." *In re Venator Materials PLC Sec. Litig.*, 547 F. Supp. 3d 624, 671 (S.D. Tex. 2021) (internal quotations and citations omitted) (granting plaintiffs leave to amend); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

10.    Here, given that courts "freely give leave" to amend the complaint, Fed. R. Civ. P. 15(a) and there are no countervailing reasons to deny leave to amend, Oklahoma Firefighters' motion to amend should be granted.

11.    ***First***, Lead Plaintiff has not unduly delayed the submission of its motion. To the contrary, Lead Plaintiff submitted this motion 21 days before the Court's deadline to do so. (*See* ECF No. 97.) Further, at this stage of the litigation—when no documents have been produced beyond initial disclosures (as the parties have not yet met-and-conferred regarding the scope of document production), no depositions have been noticed, no experts have been designated, mediation is still a full eight months away, and trial is nearly two *years* from now—Lead Plaintiff cannot be said to have moved in bad faith.

12.      ***Second***, Lead Plaintiff's motion does not prejudice Defendants. *See Engel v. Teleprompter Corp.*, 732 F.2d 1238, 1242 (5th Cir. 1984) (defining prejudice as "procedural abuse" and reversing district court's denial of motion to amend because plaintiff timely filed motion); *see also Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 391-92 (5th Cir. 1985) (defining prejudice as a motion to "achieve a tactical advantage or otherwise [made] in bad faith" and reversing district court's denial of motion to amend because plaintiff timely filed motion). The proposed First Amended Complaint makes no changes other than to reflect the removal of Local 103 as a Lead Plaintiff and to insert Key West P&F as a Named Plaintiff (and appropriate grammatical changes). If anything, the timing of Lead Plaintiff's proposed amendment at this early stage of the litigation prevents prejudice, by allowing Defendants plenty of opportunity to conduct discovery related to Key West P&F alongside its (nascent) discovery of Oklahoma Firefighters well in advance of Defendants' deadline to determine whether to oppose class certification.

13.      Defendants have not identified *any* prejudice they would suffer. Before filing this motion, on March 31, 2023, Lead Counsel provided Exhibits A and B to Defendants and asked Defendants whether they would oppose amendment. Defendants responded on April 7, 2023 that they did oppose amendment. On April 12, 2023, Lead Counsel met-and-conferred with Defendants' counsel. During that meet-and-confer, Lead Counsel asked Defendants to explain their objection to this motion, including any claims of prejudice. Defendants could not articulate any purported prejudice. Lead Counsel then provided Defendants with still further time to articulate any claims of prejudice, asking for their final position by April 14, 2023. On that date, Defendants replied only that they saw "no basis to add a new named plaintiff at this stage." Thus, despite having two weeks to articulate any prejudice they would suffer from this amendment, Defendants have not done so.

14.    ***Last***, Lead Plaintiff's proposed amendment is not futile. Futility typically means that the court is not convinced that an amendment would result in an actionable pleading. *See In re Reliant Sec. Litig.*, 2004 WL 7347565, at \*25 (S.D. Tex. Jan. 16, 2004) (denying amendment due to futility because sixteen different complaints had all failed to state a claim and plaintiffs failed to demonstrate how an amendment would generate an actionable claim). That is not the case here, as this is Lead Plaintiff's first motion to amend following the Fifth Circuit's decision that Lead Plaintiff alleged actionable claims, and the proposed First Amended Complaint does ***not*** impact the allegations and claims sustained by the Court of Appeals, which Oklahoma Firefighters continues to prosecute.

15.    Rather, Oklahoma Firefighters' rationale for adding Named Plaintiff Key West P&F is to address and moot an argument that Defendants may make at the class certification stage. Specifically, Defendants have indicated that they intend to oppose class certification in their Fifteenth Defense, when they argued that Lead Plaintiff has "not met" "the requirements of Rule 23." (ECF No. 100.) Thus, Lead Plaintiff anticipates that Defendants may argue that Lead Plaintiff is an atypical and/or inadequate class representative because its purchases of stock occurred late in the class period and after the alleged misstatements and omissions that the Fifth Circuit held were actionable. To be clear, Lead Plaintiff believes that such argument is meritless given the well-established law that the timing of a class representative's purchases within a class period does not render it an inadequate or atypical, and the Fifth Circuit has "reject[ed] the argument that a proposed class representative in a fraud-on-the-market securities suit is as a matter of law categorically precluded from meeting the requirements of Rule 23(a) simply because of a post-disclosure purchase of the defendant company's stock." *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 138 (5th Cir. 2005) (affirming district court's certification of class because "[r]eliance on the

integrity of the market prior to disclosure of alleged fraud (i.e. during the class period) is unlikely to be defeated by post-disclosure reliance on the integrity of the market."); *see also, e.g.*, *In re FirstPlus Fin. Group, Inc.*, 2002 WL 31415951, at \*6 (N.D. Tex. Oct. 28, 2002) (agreeing with plaintiffs that "the vast majority of courts hold that a plaintiff's purchase of stock after the close of a class period and/or after the disclosure of materially adverse information, and even after filing a class action lawsuit, does not raise a unique defense that would destroy the typicality of his claims."); *Lehocky v. Tidel Technologies, Inc.*, 220 F.R.D. 491, 501–02 (S.D. Tex. 2004) (finding that "courts have ruled that purchases of stock by the class representatives after negative announcements during the class period or even after the close of the class period do not destroy typicality" and that "purchases after partial curative disclosures do not necessarily render a proposed class representative atypical").

16.     Notwithstanding Lead Plaintiff's belief that Defendants' potential argument is without merit, Oklahoma Firefighters believes it is in the best interests of the Class and judicial resources to moot such arguments altogether by adding Key West P&F as a Named Plaintiff— ultimately a proposed class representative—who purchased earlier in the class period and thus is not subject to the same contention. *See In re WorldCom, Inc. Sec. Litig.*, 219 F.R.D. 267, 281 (S.D.N.Y. 2003) (certifying class with additional named plaintiffs because adding named plaintiffs that represented the entire class "ensures the litigation will continue to focus on the claims raised by" the plaintiffs.).

17.     In the alternative, Oklahoma Firefighters requests the addition of Key West P&F as permissive joinder of parties. *See* Fed R. Civ. P. 20. A plaintiff may add an additional plaintiff if, "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Under this test, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *City of Arlington*, 2022 WL 93941, at *3 (N.D. Tex. Jan. 10, 2022) (modifications removed) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)) (granting joinder). "Generally, permissive joinder of plaintiffs . . . is at the option of the plaintiffs." *Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 574 (5th Cir. 1995).

18. Under the joinder analysis, Key West P&F should be allowed to join this litigation as a Named Plaintiff. Key West P&F asserts the same claims as Oklahoma Firefighters, based upon the same course of conduct by Defendants and arising from their open-market purchases of Six Flags common stock. Accordingly, Key West P&F alleges damages from the same "series of transactions or occurrences" as Oklahoma Firefighters. Fed. R. Civ. P. 20(a). Similarly, Key West P&F alleges the same "question[s] of law or fact common to [the class]." *Id.* Key West P&F is a putative class member, and because permissive joinder "is at the option of the plaintiffs," *Applewhite*, 67 F.3d 571, Key West P&F can and should be included in the amended complaint as a Named Plaintiff.

## RELIEF REQUESTED

19. Lead Plaintiff asks the Court to grant it leave to file its First Amended Complaint (attached hereto as Exhibit B); and

20. Lead Plaintiff further asks the Court to modify the case caption to the above, *In re Six Flags Entertainment Corp. Securities Litigation*.

7

Dated: April 18, 2023                    Respectfully submitted,

                                         */s/ Katherine M. Sinderson*

**BERNSTEIN LITOWITZ BERGER &
  GROSSMANN LLP**

Hannah Ross (N.Y. Bar No. 4020285) (*pro hac vice*)
John Rizio-Hamilton (N.Y. Bar No. 4323846) (*pro hac vice*)
Katherine M. Sinderson (N.Y. Bar No. 4503405) (*pro hac vice*)
Jesse L. Jensen (N.Y. Bar No.4825949) (*pro hac vice*)
John J. Esmay (N.Y. Bar No.4609293) (*pro hac vice*)
Brandon A. Slotkin (N.Y. Bar No. 5941539) (*pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Tel:    (212) 554-1400
Fax:    (212) 554-1444
hannah@blbglaw.com
johnr@blbglaw.com
katiem@blbglaw.com
jesse.jensen@blbglaw.com
john.esmay@blbglaw.com
brandon.slotkin@blbglaw.com

*Lead Counsel for Lead Plaintiff*

**McKOOL SMITH PC**

Lewis T. LeClair
Texas Bar No. 12072500
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Tel:    (214) 978-4000
Fax:    (214) 978-4044
lleclair@mckoolsmith.com

*Liaison Counsel for Lead Plaintiff*

8

## CERTIFICATE OF CONFERENCE

On April 12, 2023 I conferred with Scott D. Musoff, Judy Flumenbaum, and Scott Fredricks, counsel for Defendants, concerning Lead Plaintiff's foregoing Motion For Leave to Amend the Complaint. Lead Counsel Brandon A. Slotkin and Liaison Counsel Lewis T. LeClair joined me on that call.   The meet-and-confer process is discussed in the attached motion, at Paragraph 13.

DATED: April 18, 2023                           */s/ John J. Esmay*

**BERNSTEIN LITOWITZ BERGER &
    GROSSMANN LLP**

John J. Esmay (N.Y. Bar No.4609293) (*pro hac vice*)
Brandon A. Slotkin (N.Y. Bar No. 5941539) (*pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Tel:    (212) 554-1400
Fax:    (212) 554-1444
john.esmay@blbglaw.com
brandon.slotkin@blbglaw.com

*Lead Counsel for Lead Plaintiff*

**McKOOL SMITH PC**
Lewis T. LeClair
Texas Bar No. 12072500
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Tel:    (214) 978-4000
Fax:    (214) 978-4044
lleclair@mckoolsmith.com
*Liaison Counsel for Lead Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on counsel of record through the Court's CM/ECF Document Filing System on April 18, 2023.

DATED: April 18, 2023

/s/ Katherine M. Sinderson

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

Katherine M. Sinderson (*pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Tel:    (212) 554-1400
Fax:    (212) 554-1444
katiem@blbglaw.com

*Lead Counsel for Lead Plaintiff*