**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| ELECTRICAL WORKERS PENSION FUND LOCAL 103 IBEW, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> SIX FLAGS ENTERTAINMENT CORPORATION, ET AL., <br><br> Defendants. | Civil Action No. 4:20-cv-00201-P <br><br> <u>CLASS ACTION</u> |

**DEFENDANTS' BRIEF (A) IN SUPPORT OF THEIR MOTION
FOR JUDGMENT ON THE PLEADINGS AND (B) IN RESPONSE
<u>TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT</u>**

Six Flags Entertainment Corporation ("Six Flags"), James Reid-Anderson ("Reid-Anderson") and Marshall Barber ("Barber") (collectively, "Defendants"), file this Brief (A) in Support of their Motion for Judgment on the Pleadings, and (B) in Response to Plaintiff Oklahoma Firefighters Pension and Retirement System's ("Oklahoma Firefighters" or "Plaintiff") Motion for Leave to Amend its Complaint to add a new Named Plaintiff Key West Police & Fire Pension Fund ("Key West"), remove former Lead Plaintiff Electrical Workers Pension Fund, Local 103, I.B.E.W. ("Local 103"), and modify the case caption (the "Motion for Leave") (ECF No. 101).

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

FACTUAL & PROCEDURAL BACKGROUND ..................................................................2

ARGUMENT..........................................................................................................................5

I.     OKLAHOMA FIREFIGHTERS LACKS STANDING. ..................................................6

    A.     A Plaintiff Who Purchases Stock After An Alleged Corrective Disclosure Lacks Standing Because It Cannot Demonstrate Reasonable Reliance On An Earlier Alleged Fraud. ......................................................................................6

    B.     Oklahoma Firefighters Lacks Standing Because It Purchased All Of Its Six Flags Stock After The October 23 Disclosure That, According To The Fifth Circuit, "Adequately Tempered" All Of The Allegedly False Statements At Issue. ......................................................................................7

    C.     Oklahoma Firefighters' Arguments About Typicality Are Irrelevant And Overlook The Standing Problem. ..........................................................................9

II.     OKLAHOMA FIREFIGHTERS' LACK OF STANDING STRIPS IT OF THE POWER TO AMEND THE COMPLAINT OR JOIN NEW PARTIES. ..........................11

CONCLUSION....................................................................................................................13

# **TABLE OF AUTHORITIES**

<u>Cases</u>                                                                                                                                   <u>Page</u>

*Bell Atlantic Corp. v. AT&T Corp.*,
    339 F.3d 294 (5th Cir. 2003)..................................................................................9

*Blair v. Deutsche Bank National Trust Co.*,
    609 F. App'x 767 (5th Cir. 2015).............................................................................6

*China Agritech, Inc. v. Resh*,
    138 S. Ct. 1800 (2018)...........................................................................................13

*City of Bristol Pension Fund v. Vertex Pharmaceuticals Inc.*,
    12 F. Supp. 3d 225 (D. Mass. 2014)............................................................ 1, 6, 7, 10

*Clapper v. Amnesty International USA*,
    568 U.S. 398 (2013) ................................................................................................6

*In re Dr. Reddy's Laboratory Ltd. Securities Litigation*,
    No. 3:17-cv-6436 (PGS) (DEA), 2019 WL 1299673
    (D.N.J. Mar. 21, 2019)..........................................................................................1, 7

*Electrical Workers Pension Fund, Local 103,*
    *I.B.E.W. v. Six Flags Entertainment Corp.*,
    524 F. Supp. 3d 501 (N.D. Tex. 2021),
    *rev'd sub nom. Oklahoma Firefighters Pension*
    *& Retirement System v. Six Flags Entertainment Corp.*,
    58 F.4th 195 (5th Cir. 2023) ....................................................................................3

*Federal Recovery Services, Inc. v. United States*,
    72 F.3d 447 (5th Cir. 1995)................................................................................2, 11

*Flecha v. Medicredit, Inc.*,
    946 F.3d 762 (5th Cir. 2020).................................................................................10

*In re FirstPlus Financial Group, Inc., Securities Litigation*,
    No. Civ.A.3:98-CV-2551-M, 2002 WL 31415951
    (N.D. Tex. Oct. 28, 2002) ......................................................................................10

*Francisco v. Abengoa, S.A.*,
    481 F. Supp. 3d 179 (S.D.N.Y. 2020) .....................................................................7

*Fund Liquidation Holdings LLC v. Bank of America Corp.*,
    991 F.3d 370 (2d Cir. 2021)...................................................................................13

*Hirsch v. USHealth Advisors, LLC*,
    337 F.R.D. 118 (N.D. Tex. 2020)............................................................................6

*Illinois Brick Co. v. Illinois*,
  431 U.S. 720 (1977) ...............................................................................................................12

*J.A. v. Texas Education Agency*,
  No. 1:19-CV-921, 2022 WL 1143326 (W.D. Tex. Apr. 16, 2022),
  *report and recommendation adopted sub nom.*
  *Alvarez v. Texas Education Agency*, 2022 WL 2920423
  (W.D. Tex. June 27, 2022), *appeal filed*,
  No. 22-50656 (5th Cir. July 25, 2022) ..........................................................................11

*Jackson v. Fidelity National Title Insurance Co.*,
  No. 3:07-CV-1706-G, 2008 WL 508489 (N.D. Tex. Feb. 26, 2008) ..............................12

*King v. Select Portfolio Servicing, Inc.*,
  No. 4:18-CV-825-ALM-CAN, 2019 WL 4309045
  (E.D. Tex. Aug. 9, 2019), *report and recommendation adopted*,
  2019 WL 4307928 (E.D. Tex. Sept. 11, 2019) ...............................................................11

*Lehocky v. Tidel Technologies, Inc.*,
  220 F.R.D. 491 (S.D. Tex. 2004) ...................................................................................10

*Lewis v. Casey*,
  518 U.S. 343 (1996) .........................................................................................................6

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) .........................................................................................................6

*Oklahoma Firefighters Pension & Retirement System*
  *v. Six Flags Entertainment Corp.*,
  58 F.4th 195 (5th Cir. 2023) ................................................................................... 3, 4, 8

*Rivera v. Wyeth-Ayerst Laboratories*,
  283 F.3d 315 (5th Cir. 2002) ..................................................................................... 1, 11

*Summit Office Park, Inc. v. United States Steel Corp.*,
  639 F.2d 1278 (5th Cir. Mar. 1981) ..................................................................... 2, 11, 12

*Turner v. First Wisconsin Mortgage Trust*,
  454 F. Supp. 899 (E.D. Wis. 1978) .......................................................................... 12, 13

*US Bank National Ass'n*
  *as Trustee for Registered Holders of Aegis Asset Backed Securities Trust*
  *Mortgage Pass-Through Certificates, Series 2005-1 v. Richardson*,
  829 F. App'x 13 (5th Cir. 2020) ......................................................................................5

*Yan v. ReWalk Robotics Ltd.*,
  973 F.3d 22 (1st Cir. 2020) ............................................................................................13

Statutes and Rules

U.S. Const. art. III, § 2, cl. 1 .................................................................................................6

28 U.S.C. § 1658(b) ............................................................................................................13

15 U.S.C. § 78u-4(b)(3) ........................................................................................................5

**INTRODUCTION**

This Court should deny Oklahoma Firefighters' motion to amend its complaint ("Complaint" or "Compl.") to add Key West as a new plaintiff. Oklahoma Firefighters argues that it seeks to add Key West to "moot" a potential challenge to its typicality as a class representative. But the problem facing Oklahoma Firefighters is far more serious than its lack of typicality. Oklahoma Firefighters also has a fatal and case-dispositive problem: it lacks standing to litigate this case at all. That means it has no power to join Key West as a new plaintiff in an apparent effort to overcome this problem.

Oklahoma Firefighters lacks standing because it purchased all of its Six Flags stock *after* the corrective disclosure that, according to the Fifth Circuit, "tempered" Defendants' prior "optimistic language" and rendered "the later allegations" non-actionable. All of Oklahoma Firefighters' purchases were also made months after the date it conceded before the Fifth Circuit that investors had first "learned they had been defrauded." (App'x at 26.) As several courts have held, a plaintiff lacks standing where it purchases stock after an alleged corrective disclosure because it is unreasonable to rely on prior alleged misstatements in light of the new information. *See, e.g.*, *City of Bristol Pension Fund v. Vertex Pharms. Inc.*, 12 F. Supp. 3d 225, 235 (D. Mass. 2014); *In re Dr. Reddy's Lab. Ltd. Sec. Litig.*, No. 3:17-cv-6436 (PGS) (DEA), 2019 WL 1299673, at *12 (D.N.J. Mar. 21, 2019). That is the precise situation here. This lack of standing "deprives the federal courts of jurisdiction to hear the suit." *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 318-19 (5th Cir. 2002) (reversing and rendering a judgment of dismissal because the plaintiffs had never demonstrated standing).

Oklahoma Firefighters' lack of standing necessarily requires denial of its request to add Key West as named plaintiff in this action, whether by way of amendment under Rule 15(a), or through permissive joinder under Rule 20. When a plaintiff lacks standing, there is "no plaintiff

1

before the court with a valid cause of action" and, as a consequence, "no proper party available to amend the complaint" or "control the litigation by substituting new plaintiffs." *Summit Office Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278, 1282 (5th Cir. 1981); *see also Fed. Recovery Servs., Inc. v. United States*, 72 F.3d 447, 453 (5th Cir. 1995) ("Under precedent controlling the panel, neither Rule 15 ***nor any other rule of civil procedure*** permit [Plaintiff] to cure this jurisdictional defect by including or substituting [a Plaintiff with standing]." (emphasis added)).  Under well-settled Fifth Circuit law, Oklahoma Firefighters' lack of standing means it can neither continue to litigate this action nor seek to add or substitute Key West as the new plaintiff.

Accordingly, Plaintiff's motion for leave to amend the complaint should be denied and the action dismissed for a lack of subject matter jurisdiction.  Plaintiff's lack of standing also warrants the entry of judgment on the pleadings in Defendants' favor.

## **FACTUAL & PROCEDURAL BACKGROUND**

This action was commenced on February 12, 2020.  (ECF No. 1.)  On April 13, 2020, Oklahoma Firefighters and Electrical Workers Pension Fund Local 103, I.B.E.W. ("Local 103") moved to be appointed Co-Lead Plaintiffs for the class.  (ECF No. 26.)  In support of their motion, Oklahoma Firefighters and Local 103 submitted a joint sworn declaration in which they affirmed to the Court that (i) their joint appointment as Lead Plaintiff "would be in their and other class members' best interests" (ECF No. 28-4 ¶ 5), and (ii) they each understood the fiduciary responsibilities of the lead plaintiff role and would "vigorously prosecute[]" the securities class action against Six Flags "consistent with the lead plaintiff's obligations under the PSLRA and in the best interests of the class" (ECF No. 28-4 ¶ 15).  The Court appointed Oklahoma Firefighters and Local 103 as Co-Lead Plaintiffs on May 8, 2020.  (ECF No. 30.)

On July 2, 2020, the Co-Lead Plaintiffs filed the Complaint, alleging that Defendants had violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by issuing materially

2

false and misleading statements to investors during the period from April 24, 2018 to February 19, 2020, concerning the progress, timeline for completion and accounting for certain Six Flags parks in China (the "China Parks"). (ECF No. 50.) The Complaint challenged certain public statements made on April 24-25, 2018, June 5, 2018, June 20, 2018, July 25, 2018, October 24, 2018, February 14, 2019, April 23-24, 2019, May 22, 2019, July 24, 2019 and October 22-23, 2019. (*See* Compl. ¶¶ 163-247.) The Complaint alleged that the truth became known through multiple alleged corrective disclosures. (*See* Compl. ¶¶ 271-279.)

On August 3, 2020, Defendants moved to dismiss the Complaint. (ECF No. 51.) On March 3, 2021, this Court granted Defendants' motion to dismiss, holding that the Complaint failed to plead any actionable misrepresentations, omissions, or a strong inference of scienter. *Elec. Workers Pension Fund, Local 103, I.B.E.W. v. Six Flags Ent. Corp.*, 524 F. Supp. 3d 501 (N.D. Tex. 2021) (Pittman, J.), *rev'd sub nom. Okla. Firefighters Pension & Ret. Sys. v. Six Flags Ent. Corp.*, 58 F.4th 195 (5th Cir. 2023). The Court denied the Co-Plaintiffs' motion for leave to file a Third Amended Complaint on July 26, 2021, finding the proposed amended complaint futile. (ECF No. 76 at 3.) On August 25, 2021, Oklahoma Firefighters noticed its appeal to the Fifth Circuit; without any explanation and despite assurances to the Court that it would "vigorously prosecute[]" the case, Local 103 did not participate in the appeal. (ECF No. 77.)

On January 18, 2023, the Fifth Circuit issued its decision remanding this action (ECF Nos. 82-83.) Among other things, the Fifth Circuit concluded that "statements before October 2019 satisfy the pleading standard, but, because Defendants had adequately tempered their optimistic language by October, the later allegations do not." *Okla. Firefighters Pension & Ret. Sys. v. Six Flags Ent. Corp.*, 58 F.4th 195, 218 (5th Cir. 2023). The Fifth Circuit referenced that Six Flags had disclosed on October 23, 2019, that there was a "very high likelihood going forward that we

3

will see changes in the timing of park openings" and that it was "unrealistic" to think the timelines would hold (the "October 23 disclosure"). *Id.* Moreover, Oklahoma Firefighters conceded in its briefing to that court that by February 2019 investors had already "learned they had been defrauded." (App'x at 26.) The significance of that concession and the timing of Oklahoma Firefighters' purchases were not before the Fifth Circuit.

Oklahoma Firefighters purchased all of its Six Flags stock between October 29, 2019 and December 2, 2019—*i.e.*, *after* Defendants' "temper[ing]" language, (ECF No. 28-2 at 4), and months after investors had in its words already "learned they had been defrauded." (App'x at 26.) As noted above, the other Co-lead Plaintiff, Local 103, did not join the appeal to the Fifth Circuit. In any event, like Oklahoma Firefighters, Local 103 also purchased all of its stock after the alleged October 23 disclosure. (ECF No. 28-2 at 7.)

In an attempt to cure Oklahoma Firefighters' lack of standing, on March 31, 2023, Plaintiff communicated to Defendants its intent to seek leave to file an amended complaint for the limited purpose of adding a new named plaintiff, Key West, and removing former Lead Plaintiff Local 103.[1] Notably, Plaintiff also disclosed that the proposed new plaintiff had purchased shares of Six Flags stock between July 26, 2018, and September 25, 2019. (ECF No. 101-2 at 122.) After the meet-and-confer, Defendants confirmed that they would not consent to the proposed amended

---

[1] Defendants concur that Local 103 is no longer a plaintiff in this case due to its failure to appeal the District Court's decision. The record on this motion is silent as to Local 103's basis for failing to appeal or for now seeking to withdraw, especially in light of the representation made by Local 103 when it sought—and was granted—permission to act as Lead Plaintiff. In any event, Local 103's withdrawal is not a basis to allow Oklahoma Firefighters to seek to add an additional plaintiff.

complaint and explained that they saw no basis to add a new plaintiff at this stage, and to the extent Plaintiff's standing was defective, it could not be cured by the proposed amendment.

Since the case has returned to this Court, the parties have exchanged their initial disclosures, initial interrogatories and document requests.[2] While the parties are in the early stages of negotiating discovery parameters, the parties have not undertaken significant party discovery yet.[3] (Motion for Leave ¶¶ 8, 11.) That makes this a particularly ripe time to address the standing points raised here. Under the Scheduling Order, mediation is set for December 15, 2023, the completion of discovery is set for February 16, 2024, and trial is set to begin on February 3, 2025. (ECF No. 97.)

## ARGUMENT

The Motion for Leave should be denied and the Judgment on the Pleadings should be granted in Defendants' favor. Plaintiff seeks leave to add Key West as a plaintiff under Rule 15 or Rule 20. While leave to amend under Rule 15 may be granted freely in certain circumstances (*see* Motion for Leave ¶ 9), it is properly denied as futile where, as here, the plaintiff lacks standing. *US Bank Nat'l Ass'n as Tr. for Registered Holders of Aegis Asset Backed Sec. Tr. Mortg. Pass-Through Certificates, Series 2005-1 v. Richardson*, 829 F. App'x 13, 15 (5th Cir. 2020) (affirming denial of leave to amend as futile where plaintiff lacked standing). The lack of standing also provides a basis for granting Defendants' motion for judgment on the pleadings. *See Blair v.*

---

[2] Defendants are filing a separate motion requesting that the Court enforce the PSLRA's automatic discovery stay during the pendency of this Motion. *See* 15 U.S.C. § 78u-4(b)(3).

[3] Defendants are seeking in discovery all trading information relating to Oklahoma Firefighters, which it has not yet received. However, even without waiting for such discovery, the Motion for Leave (and Plaintiff's professed need for it) confirms that its trading all occurred after the October 23 disclosure. (Motion for Leave ¶ 15.)

5

*Deutsche Bank Nat'l Tr. Co.*, 609 F. App'x. 767, 768-69 (5th Cir. 2015) (affirming grant of defendants' motion for judgment on the pleadings on the ground that plaintiff lacked standing).

I. **OKLAHOMA FIREFIGHTERS LACKS STANDING.**

A. **A Plaintiff Who Purchases Stock After An Alleged Corrective Disclosure Lacks Standing Because It Cannot Demonstrate Reasonable Reliance On An Earlier Alleged Fraud.**

Article III of the U.S. Constitution limits the judicial power of the federal courts to "Cases" and "Controversies." U.S. CONST. art. III, § 2, cl. 1. This case-or-controversy requirement mandates that plaintiffs "establish that they have standing to sue." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)); *see also Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 126 (N.D. Tex. 2020) (Pittman, J.). The "irreducible constitutional minimum of standing," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992), is not dispensed when the plaintiff brings a class action suit. On the contrary, "[t]hat a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Lewis v. Casey*, 518 U.S. 343, 357 (1996). Constitutional standing requires that a plaintiff show (i) an injury in fact that is (ii) fairly traceable to the defendant's actions and (iii) that will likely be "redressed by a favorable decision." *Lujan*, 504 U.S. at 560.

In the context of securities litigation, "a plaintiff who did not reasonably rely on a misrepresentation or who suffered no loss because of a misrepresentation lacks standing." *City of Bristol Pension Fund*, 12 F. Supp. 3d at 235. A plaintiff who purchases stock *after* a corrective disclosure therefore also lacks standing because "relying on the earlier misrepresentation would no longer be reasonable in light of the new information." *Id.*

6

For example, in *City of Bristol* the court considered whether a plaintiff had standing to challenge a pharmaceutical company's optimistic statements about drug testing data that it issued in a press release on May 7, 2012. *Id.* at 230-31. "The basic problem with the complaint, however, [was that the company] corrected [the] statement on May 29, and plaintiff did not purchase any shares until May 30." *Id.* at 229. The court reasoned that once the corrective statement was made on May 29, the plaintiff had no reasonable basis to rely on the May 7 misrepresentation. The court explained that "a plaintiff who purchased after a corrective disclosure was made would have no standing, because relying on the earlier misrepresentation would no longer be reasonable in light of the new information; furthermore, the market is assumed to have processed the correction, which would be reflected in the stock price." *Id.* at 235.

Courts in other jurisdictions have adopted *City of Bristol*'s holding that a plaintiff who purchases stock after a corrective disclosure was made cannot show reasonable reliance and so lacks standing to sue. *See, e.g.*, *Dr. Reddy's Labs.*, 2019 WL 1299673, at *13 (plaintiff lacked standing because it purchased after the "FDA Warning Letter [which] sufficiently corrected the prior statements such that reliance on same would no longer be reasonable"); *Francisco v. Abengoa, S.A.*, 481 F. Supp. 3d 179, 206-07 (S.D.N.Y. 2020) (plaintiffs choosing to purchase stock "[i]n spite of the revelatory nature" of the corrective disclosures lacked standing to bring claims based on the earlier misrepresentations).

B. **Oklahoma Firefighters Lacks Standing Because It Purchased All Of Its Six Flags Stock After The October 23 Disclosure That, According To The Fifth Circuit, "Adequately Tempered" All Of The Allegedly False Statements At Issue.**

Oklahoma Firefighters purchased all of its Six Flags stock between October 29, 2019 and December 2, 2019—*after* the October 23 disclosure in which Six Flags informed the market that "there's a very high likelihood going forward that we will see changes in the timing of park openings," and that "it's unrealistic to think" that the timeline for development in China was "going

7

to be exactly as we've outlined." (Compl. ¶ 138.)  The Complaint characterized these statements in revelatory terms, alleging that "[a]nalysts reacted to Defendants' disclosure with surprise and concern." (*Id.* ¶ 139.)  Oklahoma Firefighters' Motion for Leave candidly admits that it purchased at a time where there were no actionable misstatements and omissions made, according to the Fifth Circuit.  (Motion for Leave ¶ 15.)

On appeal, the Fifth Circuit held that only statements made *before* the October 23 disclosure were actionable, while those made after the disclosure were not.  The Fifth Circuit reasoned:

> By late 2019, however, Defendants' language had changed.  According to the complaint, during the October 2019 earnings call, 'Defendant Barber denied that there was "any material change in the time line of China over the last 90 days.'  But in the full exchange on that call, ***Defendant Reid-Anderson admitted there was a 'very high likelihood going forward that we will see changes in the timing of park openings' and that it was 'unrealistic' to think the timelines would hold***.  Therefore, we hold that the statements before October 2019 satisfy the pleading standard, but, ***because Defendants had adequately tempered their optimistic language by October***, the later allegations do not.

*Okla. Firefighters*, 58 F.4th at 218 (emphasis added).  It was only after this October 23 disclosure that Oklahoma Firefighters purchased all of its Six Flags stock knowing (as it must) that the opening dates for the China Parks were "in very high likelihood" going to change.  In fact, Oklahoma Firefighters had argued to the Fifth Circuit that investors "first . . . learned they had been defrauded" months earlier.  (App'x at 26.)  In other words, by its own admission, Oklahoma Firefighters purchased stock in Six Flags with knowledge of what it now asserts was an alleged fraud that is core to its Complaint.

In light of the tempering language in the October 23 disclosure and Oklahoma Firefighters' admission that investors had learned about the alleged fraud even earlier, Oklahoma Firefighters could not have reasonably relied on Defendants' alleged false statements when purchasing Six

8

Flags stock. Because Oklahoma Firefighters could not reasonably rely on the statements predating the alleged corrective disclosure—the only surviving claims in this litigation—it lacks standing to bring this lawsuit entirely.

### C. Oklahoma Firefighters' Arguments About Typicality Are Irrelevant And Overlook The Standing Problem.

Oklahoma Firefighters does not engage at all with the fundamental issue of standing in its Motion for Leave, despite Defendants' explicitly raising standing as the reason for declining to consent to Plaintiff's amended complaint during the meet and confer process. Instead, it chooses to attack a straw man argument that Oklahoma Firefighters cannot meet the typicality requirement for purposes of class certification, and seeks to justify its application for leave as prompted by Defendants' Fifteenth Defense, which asserts that the Lead Plaintiff has not met the requirements of Rule 23. (Motion for Leave ¶ 15.) This notwithstanding that Plaintiff's Complaint, filed years ago, affirmatively placed the Rule 23 elements at issue (Compl. ¶¶ 280-85) and for which it has the burden of proof. *See Bell Atl. Corp. v. AT&T Corp.*, 339 F.3d 294, 301 (5th Cir. 2003).

Oklahoma Firefighters certainly has a lack of typicality that should defeat any effort to serve as a class representative.[4] But the problem presented now is far more serious and fatal: Oklahoma Firefighters lacks standing. Whether a class representative itself has standing is a separate and more fundamental question that "must be addressed first, prior to deciding class certification. After all, if the class representative lacks standing, then there is no Article III suit to begin with—class certification or otherwise." *Flecha v. Medicredit, Inc.*, 946 F.3d 762, 769 (5th Cir. 2020); *see also Rivera*, 283 F.3d at 319 ("Even though the certification inquiry is more

---

[4] Defendants reserve all rights to oppose class certification on this basis after appropriate discovery should this action proceed.

9

straightforward, we must decide standing first, because it determines the court's fundamental power even to hear the suit.").

The cases Oklahoma Firefighters cites in support of its typicality argument do not confront a lack of standing. (*See* Motion for Leave ¶ 15.)  In each case, the proposed class representatives had purchased shares both before and after the corrective disclosure and thus indisputably had standing by virtue of purchasing stock before the corrective disclosure.  *See* App'x at 41-42 (showing purchases in *Feder v. Elec. Data Sys. Corp.* before the September 18, 2002 corrective disclosure); *In re FirstPlus Fin. Grp., Inc., Sec. Litig.*, No. Civ.A.3:98-CV-2551-M, 2002 WL 31415951, at *3, *6 (N.D. Tex. Oct. 28, 2002) (plaintiff purchased "20,000 shares of FirstPlus stock during the proposed class period" before "accurate and negative disclosures were public"); *Lehocky v. Tidel Techs., Inc.*, 220 F.R.D. 491, 498 (S.D. Tex. 2004) ("Defendants argue that Stauffer is atypical because he ***continued*** to purchase Tidel stock after Tidel announced that CCC was in negotiations with NCR." (emphasis added)).  The "well-established law" trumpeted by Oklahoma Firefighters, then, stands only for the proposition that a plaintiff *with standing* is not necessarily atypical under Rule 23(a) simply because it *continues* to buy additional shares after a corrective disclosure.

Unlike the plaintiffs in *Feder*, *Lehocky* and *FirstPlus*, Oklahoma Firefighters purchased all of its stock only *after* the alleged corrective disclosure, and not before.  For the reasons discussed above, that "basic problem with the complaint," *City of Bristol*, 12 F. Supp. 3d at 229, renders Oklahoma Firefighters incapable of satisfying Article III standing, regardless of the "well-established law" on certification. (Motion for Leave ¶ 15.)

## II. OKLAHOMA FIREFIGHTERS' LACK OF STANDING STRIPS IT OF THE POWER TO AMEND THE COMPLAINT OR JOIN NEW PARTIES.

When a plaintiff lacks standing, a federal court is deprived of subject matter jurisdiction and should dismiss the case. *See Rivera*, 283 F.3d at 319 ("Failure to establish any one [standing element] deprives the federal courts of jurisdiction to hear the suit."). In the Fifth Circuit, such jurisdictional defects cannot be cured by motions to amend, to intervene or to join new parties, all of which presuppose the pendency of an action in a court of competent jurisdiction. *See Fed. Recovery Servs.*, 72 F.3d at 453 ("Under precedent controlling the panel, neither Rule 15 **nor any other rule of civil procedure** permit [Plaintiff] to cure this jurisdictional defect by including or substituting [a Plaintiff with standing]." (emphasis added)); *King v. Select Portfolio Servicing, Inc.*, No. 4:18-CV-825-ALM-CAN, 2019 WL 4309045, at *6 (E.D. Tex. Aug. 9, 2019) (recommending dismissal because plaintiff "conceded he has no standing" and could not "amend his complaint or join a plaintiff [under Rule 19] with standing to create subject matter jurisdiction"), *report and recommendation adopted*, 2019 WL 4307928 (E.D. Tex. Sept. 11, 2019); *J.A. v. Tex. Educ. Agency*, No. 1:19-CV-921, 2022 WL 1143326, at *4 (W.D. Tex. Apr. 16, 2022) ("Courts have found that joinder under Rule 20 is distinct from a grant of jurisdiction and cannot be used to expand the jurisdiction of the federal courts."), *report and recommendation adopted sub nom. Alvarez v. Texas Educ. Agency*, 2022 WL 2920423 (W.D. Tex. June 237, 2022), *appeal filed*, No. 22-50656 (5th Cir. 2022).

Even more fundamentally, a plaintiff that never had standing to bring *any* claims, "does not have standing to amend the complaint and control the litigation by substituting new plaintiffs, a new class, and a new cause of action." *Summit Office Park*, 639 F.2d at 1282. Nor does it have "the power to bring in a new plaintiff and continue the litigation" through any of the procedural

11

tools "set forth in Rule 15, 21, 23, and 24." *Jackson v. Fid. Nat'l Title Ins. Co.*, No. 3:07-CV-1706-G, 2008 WL 508489, at *3 (N.D. Tex. Feb. 26, 2008).

*Summit Office Park*, the seminal case upon which this rule is based, is instructive. There, an indirect purchaser of materials had filed an antitrust suit against manufacturers. 639 F.2d at 1279-80. After filing the suit, but before the case was tried, the Supreme Court issued its decision in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), holding that indirect purchasers of material had no standing to assert antitrust claims. *Summit Office Park*, 639 F.2d at 1280. Summit then attempted to amend its original complaint to add two new plaintiffs who were direct purchasers with standing. *Id.* at 1281. The Fifth Circuit adopted the district court's rationale rejecting "a 'revolving door' theory of representation through imaginative use of the amendment process [which] would vest in plaintiffs' counsel a power and control over litigation, particularly class action litigation, heretofore not recognized by the federal courts." *Id.* at 1281-82. The Fifth Circuit held that since Summit had no standing to assert the claim, "there was no plaintiff before the court with a valid cause of action" and, as a consequence, "there was no proper party available to amend the complaint." *Id.* at 1282.

In support of its holding, the Fifth Circuit endorsed the holding in *Turner v. First Wisconsin Mortgage Trust*, 454 F. Supp. 899 (E.D. Wis. 1978), a case that is factually similar to this one. There, the plaintiff brought a class action concerning securities purchases made in connection with an allegedly false registration statement. The court determined that the plaintiff had no cause of action and no standing to bring the action in either an individual capacity or as the representative of the putative class. Nevertheless, the plaintiff attempted to amend the complaint to add two new plaintiffs who were arguably members of the yet uncertified class and who had arguably a valid claim against the named defendants. The court in *Turner* held that under Rule 15, a plaintiff who

12

cannot proceed on the basis of the complaint "has no right to amend . . . to bring in other parties who will thereafter remain as parties when the complaint is dismissed as to the original party." *Id*. at 913.

The situation is the same here. The result should be the same. For the reasons described above, the Fifth Circuit's holding compels the conclusion that Oklahoma Firefighters lacks standing in this action. Without standing, Oklahoma Firefighters can neither maintain this suit nor seek to amend the complaint to add a new representative plaintiff who may have standing.[5]

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court grant Defendants' motion for judgment on the pleadings and dismiss with prejudice Plaintiff's claims against Defendants, and deny Plaintiff's motion for leave to amend the Complaint. Defendants also request that the Court deny Lead Plaintiff's unfounded request to change the case caption.

---

[5] It is beyond dispute that Key West cannot bring a new putative class action because its class claims would be time-barred, *see* 28 U.S.C. § 1658(b), and it could not avail itself of *American Pipe* tolling for class claims under *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018). *See id.* at 1804 (*American Pipe* tolling does not apply to follow-on class actions.). Because controlling Fifth Circuit precedent does not allow a plaintiff without standing to add a new plaintiff, *see* Section II, *supra*, this Court need not reach the question of whether *China Agritech* would allow tolling for a new class representative joined or added to an original class action, as some Circuits have held. *See Fund Liquidation Holdings LLC v. Bank of America Corp.*, 991 F.3d 370, 393 (2d Cir. 2021) ("[S]o long as the amendment to add the [plaintiff with standing] as class representatives satisfies the requirements of Federal Rule of Civil Procedure 15(c)(1)(B)," the district court should allow amendment because "[n]othing in *China Agritech* purports to say that equitable tolling does not apply to new class representatives joined within the *same* class action"); *Yan v. ReWalk Robotics Ltd.*, 973 F.3d 22, 36, 38-39 (1st Cir. 2020) (allowing plaintiff without standing to add a plaintiff with standing to pursue an Exchange Act claim because, unlike the Fifth Circuit's decision in "*Summit Office Park . . .* which stated that 'where a plaintiff never had standing. . . it does not have standing to amend the complaint and control the litigation by substituting new plaintiffs,'" the First Circuit "allows a court to entertain and grant a motion to amend filed by a plaintiff who lacks standing to pursue the claim pleaded").

*/s/ Scott A. Fredricks*
Ralph H. Duggins
Texas Bar No. 06183700
Scott A. Fredricks
Texas Bar No. 24012657
Michael Ackerman
Texas Bar No. 24120454
**CANTEY HANGER LLP**
600 West 6th Street, Suite 300
Fort Worth, TX 76102
Tel: 817-877-2800
Fax: 817-877-2807
rduggins@canteyhanger.com
sfredricks@canteyhanger.com
mackerman@canteyhanger.com

Jay B. Kasner (*pro hac vice*)
Scott D. Musoff (*pro hac vice*)
**SKADDEN, ARPS, SLATE,**
  **MEAGHER & FLOM LLP**
One Manhattan West
New York City, NY 10001
Tel: 212-735-3000
Fax: 212-735-2000
jay.kasner@skadden.com
scott.musoff@skadden.com

Jessie K. Liu (*pro hac vice*)
**SKADDEN, ARPS, SLATE,**
  **MEAGHER & FLOM LLP**
1440 New York Ave. NW
Washington, DC 20005
Tel: 202-371-7000
Fax: 202-393-5760
jessie.liu@skadden.com


*Co-Lead Counsel for Defendants Six Flags
 Entertainment Corporation,
 James Reid-Anderson and Marshall Barber*

## **CERTIFICATE OF SERVICE**

I certify that on the 2nd day of May 2023, all counsel of record were served with the foregoing via E-File service.

*/s/ Scott A. Fredricks*

Scott A. Fredricks
