# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| ELECTRICAL WORKERS PENSION FUND LOCAL 103 IBEW, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> SIX FLAGS ENTERTAINMENT CORPORATION, ET AL., <br><br> Defendants. | Civil Action No. 4:20-cv-00201-P <br><br> <u>CLASS ACTION</u> |

# DEFENDANTS' MOTION TO ENFORCE THE
# <u>PSLRA'S AUTOMATIC STAY OF DISCOVERY & BRIEF IN SUPPORT</u>

Six Flags Entertainment Corporation, James Reid-Anderson and Marshall Barber, (collectively, "Defendants"), respectfully submit this motion to enforce the automatic stay (the "Motion") of all discovery mandated by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(3) (the "PSLRA") during the pendency of Defendants' Motion for Judgment on the Pleadings (the "Motion for Judgment").

## PRELIMINARY STATEMENT

On May 2, 2023, Defendants filed their Motion for Judgment urging dismissal for the reason that Plaintiff lacks standing to pursue the claims it asserts. Plaintiff cannot cure its lack of standing by way of amending its pleadings or joining a new plaintiff with standing. Under Fifth Circuit law, Plaintiff's lack of standing is case-dispositive and warrants dismissal of this action entirely.

This Court should enforce the PSLRA's automatic discovery stay during the pendency of the Motion for Judgment. Courts have held that a motion for judgment on the pleadings, which is equivalent to a motion to dismiss, triggers the PSLRA's automatic discovery stay. And for good reason: Congress enacted the mandatory stay to pause what is, as here, extremely expensive and burdensome discovery while a court considers a potentially case-dispositive motion.

## FACTUAL BACKGROUND

On January 18, 2023, the Fifth Circuit reversed and remanded this Court's Decision and Order and Final Judgment dated March 3, 2021. (ECF Nos. 69-70.) On March 7, 2023, this Court entered a scheduling order (the "Scheduling Order") governing future proceedings in this case. (ECF No. 97.) Defendants filed their Answer to the operative complaint on March 20, 2023. (ECF No. 100.)

On March 31, 2023, Plaintiff communicated to Defendants its intent to seek leave to file an amended complaint for the limited purpose of adding a new named plaintiff, Key West Police & Fire Pension Fund ("Key West"), and removing former Lead Plaintiff Local 103. After a meet-and-confer, Defendants confirmed that they would not consent to the proposed amended complaint and explained that they saw no basis to add a new named plaintiff at this stage, and to the extent Plaintiff's standing is defective, that could not be cured by any proposed amendment.

Since the case has returned to the District Court, the parties have been engaging in the discovery process in good faith. Pursuant to the Scheduling Order, the parties have exchanged their initial disclosures, and also exchanged initial interrogatories and document requests. Further, the parties have met and conferred three times already on various discovery issues, including their respective responses and objections to requests for production, an ESI protocol, and a confidentiality stipulation. As Plaintiff acknowledges, this case is in its infancy—few documents have been produced (and the only productions were in the past few days after Defendants raised their plan to file the current PSLRA-stay motion), "no depositions have been noticed, no experts have been designated, mediation is still a full eight months away, and trial is nearly two *years* from now." (ECF No. 101.) Consistent with the Scheduling Order and pending resolution of this Motion, Defendants will continue engaging with Plaintiff about the parties' respective discovery requests.

The parties also met and conferred regarding this Motion. Defendants communicated their intent to file the Motion for Judgment and this Motion on telephonic conferences on April 26, 28, and May 2, 2023 and through email correspondence. Per Plaintiff's request, Defendants provided Plaintiff with case law that supports their positions on both (i) the standing issues raised in the

2

Motion for Judgment; and (ii) the application of the PSLRA's automatic stay pending the Motion for Judgment.  On May 1, 2023, Plaintiff stated it will oppose this Motion.

## ARGUMENT

The PSLRA provides:

> In any private action arising under this chapter, all discovery and other proceedings **shall be stayed during the pendency of any motion to dismiss**, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B) (emphasis added).  Congress used the mandatory language of "shall" to impose this automatic stay to prevent costly "'extensive discovery and disruption of normal business activities' until a court could determine whether a filed suit had merit, by ruling on the defendant's motion to dismiss." *Newby v. Enron Corp.*, 338 F.3d 467, 471 (5th Cir. 2003) (quoting John F. Olson, David C. Mahaffey & Brian E. Casey, *Pleading Reform, Plaintiff Qualification and Discovery Stays Under the Reform Act*, 51 Bus. Law. 1101, 1102 (1996)).

District courts agree that a Rule 12(c) motion for judgment on the pleadings is the equivalent of a "motion to dismiss" for purposes of the PSLRA's mandatory stay.  *See* App'x at 2 (*Tex. Pac. Land Tr. v. Oliver*, No. 3:19-CV-1224-B (N.D. Tex.), ECF No. 42); *Fed. Deposit Ins. Corp. as Receiver for Franklin Bank, S.S.B. v. Morgan Stanley & Co.*, No. H-12-CV-1777, 2012 WL 12894738, at *2 (S.D. Tex. Oct. 30, 2012) ("A motion for judgment on the pleadings under Rule 12(c) may trigger the stay in the same way as a Rule 12(b)(6) motion," but it does not apply to a mere "contemplated" Rule 12(c) motion); *Gardner v. Major Auto. Cos.*, No. 11-CV-1664 (FB), 2012 WL 1230135, at *4 (E.D.N.Y. Apr. 12, 2012) ("[A] Rule 12(c) motion is a 'motion to dismiss' within the meaning of the PSLRA automatic stay provision. . . ."); App'x at 8-9 (*Teamsters Loc. 237 Welfare Fund v. ServiceMaster Glob. Holdings, Inc.*, No. 20-cv-2553-STA-TMP (W.D.

3

Tenn.), ECF No. 83); *Lewis v. Straka*, No. 05C1008, 2007 WL 2332421, at *4 (E.D. Wis. Aug. 13, 2007).

As the Honorable Jane J. Boyle reasoned in her decision granting a stay, the rationale behind the PSLRA's discovery stay—"prevent[ing] costly 'extensive discovery and disruption of normal business activities,' until a court could determine whether a filed suit has merit"—applies "with equal force to both a motion to dismiss under 12(b)(6) and a motion made under 12(c)." App'x at 2 (quoting *Newby*, 338 F.3d at 471). That reasoning applies here.

The Defendants' filing of their Motion for Judgment under Rule 12(c) triggers the PSLRA's automatic stay. Much like a motion to dismiss under Rule 12(b)(6), the Motion for Judgment is potentially case-dispositive. It seeks dismissal of the action at the outset on the grounds that the sole plaintiff, Oklahoma Firefighters, does not have standing to litigate this case. Accordingly, this Court should enforce the PSLRA's automatic statutory stay of discovery pending adjudication of the Motion for Judgment.

## CONCLUSION

For the foregoing reasons, the Court should grant the Motion and enforce the PSLRA's automatic stay of discovery until Defendants' Motion for Judgment is resolved.

4

*/s/ Scott A. Fredricks*

Ralph H. Duggins
Texas Bar No. 06183700
Scott A. Fredricks
Texas Bar No. 24012657
Michael Ackerman
Texas Bar No. 24120454
**CANTEY HANGER LLP**
600 West 6th Street, Suite 300
Fort Worth, TX 76102
Tel:    817-877-2800
Fax:    817-877-2807
rduggins@canteyhanger.com
sfredricks@canteyhanger.com
mackerman@canteyhanger.com

Jay B. Kasner (*pro hac vice*)
Scott D. Musoff (*pro hac vice*)
**SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP**
One Manhattan West
New York City, NY 10001
Tel:    212-735-3000
Fax:    212-735-2000
jay.kasner@skadden.com
scott.musoff@skadden.com

Jessie K. Liu (*pro hac vice*)
**SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP**
1440 New York Ave. NW
Washington, DC 20005
Tel:    202-371-7000
Fax:    202-393-5760
jessie.liu@skadden.com

*Co-Lead Counsel for Defendants Six Flags
Entertainment Corporation,
James Reid-Anderson and Marshall Barber*

## CERTIFICATE OF CONFERENCE

I certify that Jacob Lefkowitz, Mark Foster, and Scott Fredricks (on behalf of Defendants) and Jesse Jensen, Katie Sinderson, and Brandon Slotkin (on behalf of Plaintiff) conferred on this motion to enforce the stay of discovery in telephonic conferences on April 26, 28, and May 2, 2023 and email correspondence.  The parties could not reach agreement because Plaintiff contends that the PSLRA automatic stay does not apply to a motion for judgment on the pleadings.

*/s/ Scott A. Fredricks*
Scott A. Fredricks

## CERTIFICATE OF SERVICE

I certify that on the 2nd day of May 2023, all counsel of record were served with the foregoing via E-File service.

*/s/ Scott A. Fredricks*
Scott A. Fredricks