UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**OKLAHOMA FIREFIGHTERS PENSION
AND RETIREMENT SYSTEM, ET AL.,**

    Plaintiffs/Intervenors,

v.                            **No. 4:20-cv-0201-P**

**SIX FLAGS ENTERTAINMENT
CORPORATION, ET AL.,**

    Defendants.

### ORDER ON REMAND

"[C]lairvoyance is not a power vested in the judiciary under Article III of the Constitution, and a district court can only act on the information provided by the attorneys practicing before it." *Gipson v. Weatherford Coll.*, No. 4:22-CV-0730-P, 2023 WL 8539847, at *1 (N.D. Tex. Dec. 11, 2023) (Pittman, J.). The same can be said for cases on remand, where the district court must rely on the appellate court for instructions.

This case has twice been before the United States Court of Appeals for the Fifth Circuit and the Court has yet to understand the reason the case lingers on its docket. In its first appellate opinion, the Fifth Circuit considered the "2018 statements" and determined that the pleading burden had been met. *Oklahoma Firefighters Pension & Retiremnt Sys. v. Six Flags Ent. Corp.*, 58 F.4th 195, 209–16 (5th Cir. 2023). It then considered the "2019 statements," determining that statements before October 2019 satisfied the pleading standard, but later allegations did not "because Defendants had adequately tempered their optimistic language by October." *Id.* at 218. The appellate court then addressed corporate optimism and puffery, stating that it disagreed with the district court as to some of the statements it labeled as inactionable puffery, but declined to undertake the task of grouping the contested

statements as either puffery or not, instead telling the district court that it "was applying too broad a definition to that concept." *Id.* at 220. Finally, the appellate court ordered a remand to consider whether the complaint adequately charged a Section 20(a) claim, inasmuch as it had "reverse[d] the district court's judgment with respect to the false and misleading statements and scienter allegations for *many of the statements*" without identifying the statements referenced. *Id.* at 221.

On remand, recognizing that since it had bought stock in October 2019 and did not fall within the class it sought to represent, Oklahoma Firefighters moved to amend its complaint, add Key West as a party, and substitute Key West as lead plaintiff. Defendants moved for judgment on the pleadings, arguing that Oklahoma Firefighters lacked standing based on the Fifth Circuit's holding that there had been a full corrective disclosure by the time Oklahoma Firefighters purchased its stock. The Court agreed with Defendants. *Oklahoma Firefighters Pension & Retirement Sys. v. Six Flags Ent. Corp.*, 675 F. Supp. 3d 731 (N.D. Tex. 2023). Oklahoma Firefighters again appealed.

In its second appellate opinion, the Fifth Circuit once again reversed and remanded the case, maintaining that "[a]*ny fair reading* shows why our prior opinion *very clearly* did not hold the alleged fraud was fully disclosed by October 2019." *Oklahoma Firefighters Pension & Retirement Sys. v. Six Flags Ent. Corp.*, No. 23-10696, 2024 WL 1674125, at *4 (5th Cir. Apr. 18, 2024) (emphasis added). With all respect to the distinguished and esteemed judges on the appellate panel, Defendants' counsel—whose combined legal experience totals around 225 years— read the Fifth Circuit's prior opinion differently. Indeed, even Plaintiffs were concerned that Oklahoma Firefighters lacked standing, as they sought to substitute Key West as lead plaintiff. *See* ECF No. 108. Furthermore, the undersigned district judge—whose twenty-five years of legal experience includes ten years on three different courts—agreed with Defendants' reading. And the appellate court's decision to hear oral argument on this issue further illustrates there was a need for clarity. *See* FED. R. APP. P. 34(a)(2)(b) (oral argument is unnecessary when a

panel of three judges determine "the dispositive issue or issues have been authoritatively decided").[1]

Nonetheless, the Fifth Circuit criticized the Court for failing to recognize that it had "adopted *the exact same structure* used by the district court and the parties—organizing the alleged misstatements into four categories: (1) Riverside's financial condition and quality as a partner; (2) the parks' construction progress; (3) the projected parks' opening dates; and (4) Six Flags' revenue recognition from the international licensing agreements" and "proceeded to analyze these categories of alleged misstatements by year." *Oklahoma Firefighters Pension & Retirement Sys. v. Six Flags Ent. Corp.*, No. 23-10696, 2024 WL 1674125, at *4 (5th Cir. Apr. 18, 2024). The adoption was so camouflaged that not even West's editors recognized that anything more than opening dates of parks had been considered. 58 F.4th at 195 (holdings).

The panel, in its second appellate opinion, reversed the Court's order dismissing the Oklahoma Firefighters for lack of standing and reversed the order denying Key West's intervention. It left the matter of amendment of the complaint for the third time[2] to the Court to "address, in the first instance, whether Oklahoma Firefighters has satisfied the requirements of Rule 15(a)." 2024 WL 1674125, at *5.

In order to address the Motion for Leave to Amend (ECF No. 101), the Court will need a substantive response from Defendants, who logically took the position that the Court need not reach the Motion since Oklahoma Firefighters lacked standing to sue. Accordingly, by **May 31, 2024**, Defendants must file their response to the Motion for Leave to Amend, and by **June 11, 2024**, Plaintiffs must file their reply, if any.

Further, the Parties and their lead and local counsel are **ORDERED** to conduct a Rule 26(f) scheduling conference at **9:00 a.m. on Thursday, May 23, 2024,** in the Court's jury room on the Fourth Floor

---

[1] The Irish playwright George Bernard Shaw is often credited with the observation that "the single biggest problem in communication is the illusion that it has taken place."

[2] *See* ECF Nos. 25 & 50.

of the Eldon B. Mahon United States Courthouse, located at 501 W. 10th Street, Fort Worth, Texas. The Parties must then submit a joint report consistent with the requirements of this Court, as outlined in ECF No. 81.

**SO ORDERED** on this **10th day** of **May 2024.**

_Mark T. Pittman_

Mark T. Pittman
UNITED STATED DISTRICT JUDGE