# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, ET AL., | Civil Action No. 4:20-cv-00201-P |
| Plaintiffs/Intervenors, | CLASS ACTION |
| v. | |
| SIX FLAGS ENTERTAINMENT CORPORATION, ET AL., | |
| Defendants. | |

## JOINT STATUS REPORT

1. **A statement detailing the date on which the Scheduling Conference was held, the location of the Scheduling Conference, the names of the attorneys present, a statement regarding whether meaningful progress toward settlement was made, and—without disclosing settlement figures—a statement regarding the prospect of settlement.**

The face-to-face Scheduling Conference was held on May 23, 2024, in person in the Courtroom on the Fourth Floor of the Eldon B. Mahon United States Courthouse. For Plaintiffs, those in attendance were Lead Counsel John Rizio-Hamilton and Katie Sinderson; Liaison Counsel Lewis LeClair; Chase Rankin, Executive Director of Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters"), and Marc Edwards, Legal Counsel for Oklahoma Firefighters; Kevin Cates, Retired Firefighter and Vice Chairman of Key West Police & Fire Pension Fund ("Key West"), and Stuart Kaufman, Additional Counsel for Key West. For Defendants, those in attendance were Attorneys Ralph Duggins, Scott Fredricks, and Mark Foster; Derek Sample, Chief Accounting Officer of Six Flags Entertainment Corporation; James Reid-Anderson; and Marshall Barber. On May 30, 2024, a further telephonic conversation was held between counsel to finalize agreement on the contents of this report. The parties discussed the

prospect of settlement. While no meaningful progress toward settlement was made, as discussed below in Section 12, the Court ordered the parties to engage in a private mediation to be completed no later than August 21, 2024. (*See* ECF No. 128.) The parties have proposed a mediation date of August 20, 2024, before the Honorable David L. Evans (retired) in Fort Worth, and fully expect the mediation to take place before the August 21 deadline.

## 2. A brief statement of the claims and defenses.

Plaintiffs: This is a securities fraud class action brought on behalf of all persons who purchased the publicly traded common stock of Six Flags during the Class Period (the "Class"). Lead Plaintiff Oklahoma Firefighters ("Lead Plaintiff") and Intervenor-Named Plaintiff Key West (together with Lead Plaintiff, "Plaintiffs") allege that Defendants[1] violated Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), by issuing materially false and misleading statements to investors during the Class Period concerning the funding, progress, timeline for completion, and accounting for certain Six Flags-branded theme parks in China. Plaintiffs allege that Defendants knew or recklessly disregarded that construction of the parks had slowed such that Six Flags would not meet its opening deadlines, and that Six Flags' development partner in China, Riverside International Group ("Riverside"), had lost funding and was not meeting its obligations under Six Flags' development agreement. When Defendants revealed delays in park openings, Riverside's defaults, and finally, that Six Flags had terminated its partnership with Riverside, Six Flags' common stock dropped precipitously, causing significant investor losses.

Defendants: Defendants deny Plaintiffs' allegations. Six Flags had entered into a licensing agreement with Riverside to build Six Flags-branded theme parks in China. Six Flags accurately

---

[1] Defendants are Six Flags, a Delaware corporation based in Texas; James Reid-Anderson, the Chairman, President, and CEO of Six Flags from August 2010 through February 2016, then the Executive Chairman of Six Flags through July 2017, before being reappointed as Executive Chairman, President, and CEO from July 2017 through November 18, 2019; and Marshall Barber, Six Flags' CFO from February 2016 through February 24, 2020.

and timely described, among other things, the agreement with Riverside, Riverside's financial condition and the risks involved in such projects. Six Flags' international business was a small fraction of its overall business and China was only a portion of that business. Among other things, the Amended Complaint contains numerous mischaracterizations, takes statements out of context, and relies on so-called former employees who either mischaracterize information or did not have access to complete information regarding the business. In sum, none of the statements at issue was materially false or misleading when made nor were there any purported omissions that rendered any such statements materially false or misleading. Furthermore, to the extent any statements, including audited financial statements, could be deemed to be false and misleading, Defendants made such statements in good faith and did not possess the requisite scienter. Finally, Defendants contend that Plaintiffs will be unable to prove loss causation because the price of Six Flags stock declined for reasons other than the revelation of an allegedly prior false or misleading statement.

### 3. A proposed time limit to amend pleadings and join parties.

The Fifth Circuit's April 18, 2024 Opinion allowed Key West to intervene for the purpose of serving as an additional plaintiff. Thus, in light of the Fifth Circuit's ruling and for the sake of efficiency, Lead Plaintiff will withdraw its Motion to Amend (EF No. 101) on May 31, 2024, and—pursuant to the Fifth Circuit's Opinion and Rule 24 of the Federal Rules of Civil Procedure— Key West shall file Exhibit A to Key West's Motion to Intervene (ECF No. 109), the Amended Consolidated Class Action Complaint For Violations Of The Federal Securities Laws ("Amended Complaint"), by June 7, 2024.

Consistent with the directions provided by the Court at the May 23, 2024 Status Conference, Plaintiffs propose to file a Second Amended Consolidated Class Action Complaint on or before July 26, 2024, to specifically outline the statements that Plaintiffs believe are

actionable.  Defendants do not oppose this request provided that Plaintiffs do not add challenged statements, new allegations, or new claims that have not been previously asserted by Plaintiffs. Defendants otherwise reserve all rights and defenses.

**4.  A proposed time limit to file various types of motions, including dispositive motions.**

The parties propose December 23, 2025 as the last day to file dispositive motions, including motions for summary judgment.

Plaintiffs will file their motion for class certification on or before September 27, 2024. Defendants will file their class certification opposition brief on or before November 22, 2024.  And Plaintiffs will file their reply brief in support of class certification on or before January 31, 2025.

The parties do not anticipate filing any other motions at this time but reserve the right to do so should the need arise.

**5.  A proposed time limit for initial designation of experts and responsive designation of experts.**

| Item | Deadline |
|---|---|
| **Initial Designation of Expert(s):** The party with the burden of proof on the issue subject to the expert designation shall file a written designation of the name and address of each expert witness who will testify at trial for that party and shall otherwise comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure. | Friday, June 27, 2025 |
| **Responsive Designation of Expert(s):** Each party without the burden of proof on the issue subject to expert designation shall file a written designation of the name and address of each expert witness who will testify at trial for that party and shall otherwise comply with Rule 26(a)(2). | Friday, August 8, 2025 |

| **Rebuttal Expert(s):** Disclosures under Rule 26(a)(2) intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B). | 30 days after the Responsive Designation |
|---|---|

**6. A proposed time limit for objections to experts (i.e., *Daubert* and similar motions).**

The parties propose that all *Daubert* and other pre-trial motions in limine be filed by March 9, 2026.  No challenges to experts shall be filed prior to December 23, 2025 without obtaining leave of Court, unless that challenge is made in connection with experts offered in connection with Plaintiffs' motion for class certification.

**7. A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit for completing factual and expert discovery, and a statement of whether discovery should be conducted in phases.**

Previously, the parties made some progress on discovery, but substantial fact discovery remains to be taken.  The parties had served Requests for Production and were in the process of negotiating a search protocol and search terms.  Plaintiffs served interrogatories on Defendants, whose response is pending.  In addition, Plaintiffs have served subpoenas on various third parties and intend to revive discussion with these third parties as discovery resumes.  The parties shall resume discovery upon the filing of this stipulation.

Plaintiffs expect to take discovery on topics including, but not limited to:

- Six Flags' international expansion strategy;

- Six Flags' relationship with Riverside, and Riverside's payments to Six Flags and financial condition;

- The construction of the China parks, and Six Flags' involvement in and oversight of it;

- Six Flags' accounting for licensing and revenue recognition;

- Six Flags' executive compensation programs, including Project 600; and

- Six Flags' public statements and SEC filings.

Defendants expect to take discovery on topics including, but not limited to:

- The subjects that Plaintiffs plan to take discovery on;

- Plaintiffs' transactions in relevant securities;

- Plaintiffs' allegations, including but not limited to, the so-called former employees and communications with them; and

- Issues relating to Plaintiffs' anticipated motion for class certification, including communications among Plaintiffs and purported class members, and Plaintiffs' oversight of this litigation.

The parties agree that there will be an interim deadline for substantial completion of document discovery. In addition, the parties agree to work together to complete discovery related to class certification in a manner consistent with the class certification briefing schedule. Given the inherent complexities of securities actions and the potential need for international discovery, the parties agree that fact and expert discovery may take longer here than in typical civil cases. The parties propose the following schedule to complete discovery.

| Item | Deadline |
|---|---|
| Substantial Completion of Party Document Production | Thursday, December 12, 2024 |
| All Discovery Closes | Monday, September 15, 2025 |

**8. A statement on whether any limitations on discovery need to be imposed, and if so, what limitations.**

While neither party agrees to waive their right to request limitations on discovery, and each party reserves their rights to request relief from limitations on discovery imposed under the Federal Rules of Civil Procedure, the parties do not at this time anticipate any limitations on discovery beyond those imposed by the Federal Rules of Civil Procedure.

**9. A statement on how to disclose and conduct discovery on electronically stored information ("ESI") and any statement on disputes regarding disclosure and/or discovery of ESI.**

The parties are working diligently toward negotiating and completing a stipulation regarding the production of discovery, including protocols for the production of ESI.

**10. Any proposals regarding handling and protection of privileged or trial-preparation material that should be reflected in a Court Order.**

The parties have exchanged drafts of a stipulation and proposed order for the Court's approval regarding the treatment of privileged, sensitive business information, or otherwise confidential material produced during discovery. The parties will continue to diligently work toward completing the proposed order for the Court's approval.

**11. A proposed trial date, the estimated number of days for trial, and whether a jury has been demanded.**

The parties believe that this case will be ready for trial to begin in May 2026, and will last up to three weeks. Plaintiffs have demanded a jury trial.

**12. A proposed mediation deadline.**

The Court ordered the parties to engage in a private mediation before Judge Evans to take place not later than August 21, 2024. The parties have proposed August 20, 2024 for their mediation before Judge Evans and fully expect the mediation to occur prior to the August 21 deadline. Within seven days after the mediation, the parties shall jointly prepare and file a written

7

report, which shall be signed by counsel for each party, detailing the date on which the mediation was held, the persons present (including the capacity of any representative), and a statement informing the Court of the effect of their mediation and whether this case has been settled by agreement of the parties.

**13. A statement as to when and how disclosures under FED. R. CIV. P. 26(1) were made or will be made.**

Lead Plaintiff and Defendants made their initial disclosures on March 20, 2023.  Key West shall make its initial disclosures within fourteen days of the date this Joint Report is filed with the Court.

**14. A statement as to whether the parties will consent to a trial (jury or bench) before United States Magistrate Judges Cureton or Ray.**

The parties decline.

**15. Whether a conference with the Court is desired, and if so, a brief explanation why.**

At this time, the parties do not request a conference with the Court.

**16. Any other proposals on scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial, and other orders that the Court should enter under FED. R. CIV. P. 16(b), 16(c), and 26(c).**

At this time, the parties do not have any additional proposals on scheduling and discovery.

For the Court's convenience, the parties' proposed schedule is summarized in the table below.

| Event | Parties' Proposed Schedule |
| --- | --- |
| Substantial Completion of Party Document Production | December 12, 2024 |
| Mediation | August 21, 2024 |
| Class Certification Opening Brief | September 27, 2024 |
| Class Certification Opposition | November 22, 2024 |
| Class Certification Fully Briefed | January 31, 2025 |

| Event | Parties' Proposed Schedule |
|---|---|
| Initial Expert Designation & Report | June 27, 2025 |
| Responsive Expert Designation & Report | August 8, 2025 |
| Rebuttal Expert Designation | 30 days after disclosure made by other party |
| Completion of Discovery (including experts) | September 15, 2025 |
| Dispositive Motions | December 23, 2025 |
| Expert Objections (Daubert motions) & other Motions in Limine | March 9, 2026 |
| Trial Date | May 2026 |

DATED: May 30, 2024                          Respectfully submitted,

*/s/ Ralph H. Duggins*                        */s/ Katherine M. Sinderson*

Ralph H. Duggins                             **BERNSTEIN LITOWITZ BERGER**
Texas Bar No. 06183700                         **& GROSSMANN LLP**
Scott A. Fredricks                           John Rizio-Hamilton, *pro hac vice*
Texas Bar No. 24012657                       Katherine M. Sinderson, *pro hac vice*
Michael Ackerman                             1251 Avenue of the Americas
Texas Bar No. 24120454                       New York, NY 10020
**CANTEY HANGER LLP**                        Tel:    (212) 554-1400
600 West 6th Street, Suite 300               Fax:    (212) 554-1444
Fort Worth, Texas 76102                      johnr@blbglaw.com
Tel:    817-877-2800                         katiem@blbglaw.com
Fax:    817-877-2807
rduggins@canteyhanger.com
sfredricks@canteyhanger.com                  *Lead Counsel for Plaintiffs*
mackerman@canteyhanger.com

                                             **McKOOL SMITH PC**
Jay B. Kasner (*pro hac vice*)               Lewis T. LeClair
Scott D. Musoff (*pro hac vice*)             Texas Bar No. 12072500
**SKADDEN, ARPS, SLATE, MEAGHER**            300 Crescent Court, Suite 1500
  **& FLOM LLP**                             Dallas, Texas 75201
One Manhattan West                           Tel:    (214) 978-4000
New York City, New York 10001                Fax:    (214) 978-4044
Tel:    212-735-3000                         lleclair@mckoolsmith.com
Fax:    212-735-2000
jay.kasner@skadden.com
scott.musoff@skadden.com                     *Liaison Counsel for Plaintiffs*

Jessie K. Liu (*pro hac vice*)
**SKADDEN, ARPS, SLATE, MEAGHER**
    **& FLOM LLP**
1440 New York Ave. NW
Washington, DC 20005
Tel:    202-371-7000
Fax:    202-393-5760
jessie.liu@skadden.com

Mark R.S. Foster (*pro hac vice*)
**SKADDEN, ARPS, SLATE, MEAGHER**
    **& FLOM LLP**
525 University Avenue
Palo Alto, CA 94301
Tel:    650-470-4580
Fax:    650-470-4570
mark.foster@skadden.com

*Co-Lead Counsel for Defendants Six Flags*
*Entertainment Corporation,*
*James Reid-Anderson, and Marshall*
*Barber*

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 23, 2024, Plaintiffs' Lead Counsel John Rizio-Hamilton and Katherine Sinderson of Bernstein Litowitz Berger & Grossmann LLP, along with Liaison Counsel Lewis LeClair of McKool Smith, met and conferred in person with Defendants' counsel Mark Foster of Skadden, Arps, Slate, Meagher, and Flom LLP, and Ralph Duggins and Scott Fredricks of Cantey Hanger, regarding the Joint Status Report.

Dated: May 30, 2024

*/s/ Katherine M. Sinderson*
**BERNSTEIN LITOWITZ BERGER**
   **& GROSSMANN LLP**
Katherine M. Sinderson, *pro hac vice*
1251 Avenue of the Americas
New York, NY 10020
Tel:     (212) 554-1400
Fax:     (212) 554-1444
katiem@blbglaw.com

*Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on counsel of record through the Court's ECF Program on this 30th day of May, 2024.

*/s/ Katherine M. Sinderson*
**BERNSTEIN LITOWITZ BERGER**
   **& GROSSMANN LLP**
Katherine M. Sinderson, *pro hac vice*
1251 Avenue of the Americas
New York, NY 10020
Tel:     (212) 554-1400
Fax:     (212) 554-1444
katiem@blbglaw.com

*Lead Counsel for Plaintiffs*