**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, et al., <br><br> Plaintiffs/Intervenors, <br><br> v. <br><br> SIX FLAGS ENTERTAINMENT CORPORATION, et al., <br><br> Defendants. | Civil Action No. 4:20-cv-00201-P <br><br> <u>CLASS ACTION</u> |

<u>**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT**</u>

Pursuant to Federal Rules Civil Procedure 15(a), the Court's Scheduling Order (ECF No. 132), and the Court's direction during the May 23, 2024 hearing with the Parties, Lead Plaintiff Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters") and named plaintiff Key West Police & Fire Pension Fund ("Key West," together with Oklahoma Firefighters, "Plaintiffs") respectfully request leave of Court to file a Second Amended Consolidated Class Action Complaint For Violations of the Federal Securities Laws ("Second Amended Complaint").

As instructed by the Court at the May 23, 2024 Status Conference, the modifications in the proposed Second Amended Complaint (as shown in the redline attached hereto as Exhibit A) are meant to specify those statements Plaintiffs contend are false and misleading, and the reasons why those statements are alleged to be false and misleading, following the rulings of the Fifth Circuit Court of Appeals in this matter. Plaintiffs have also removed alleged false and misleading statements that they believe the Fifth Circuit found to be not actionable. Plaintiffs have not added any new alleged false or misleading statements, factual allegations, or claims. Lead Plaintiff also attaches hereto as Exhibit B a clean copy of the proposed Second Amended Complaint.

Plaintiffs respectfully aver the following:

1.      On July 2, 2020, Oklahoma Firefighters filed the Consolidated Class Action Complaint for Violations of the Federal Securities Laws. (ECF No. 50.)

2.      The Court granted Defendants' first motion to dismiss and issued a final Judgment dismissing the case with prejudice on March 3, 2021. (ECF Nos. 69, 70.)

3.      On January 18, 2023, the Fifth Circuit granted Oklahoma Firefighters' appeal, and reversed and remanded this case for further proceedings. (ECF Nos. 82, 83.)

4.      On May 9, 2023, Key West filed a motion to intervene and be added as a named plaintiff. (ECF No. 108.)

5.      On June 2, 2023, the Court granted Defendants' motion for judgment on the pleadings, denied Key West's motion to intervene, and issued a final judgment dismissing the case with prejudice. (ECF Nos. 114, 115.)

6.      On April 18, 2024, the Fifth Circuit granted Plaintiffs' appeal, permitted Key West to be named as an additional plaintiff,[1] and reversed and remanded this case for further proceedings. (ECF Nos. 82, 83.)

7.      On May 23, 2024, the Court conducted a status conference with the parties and instructed Plaintiffs to amend the pleadings to specify which alleged misstatements are actionable. (ECF No. 129.)

8.      On May 30, 2024, the parties submitted a Joint Status Report, in which—consistent with the directions provided by the Court at the May 23, 2024 Status Conference—Plaintiffs

---

[1] On June 7, 2024, in accordance with the Fifth Circuit's ruling permitting Key West to be named as an additional plaintiff, Key West filed an Amended Consolidated Class Action Complaint For Violations Of The Securities Laws. (ECF No. 134.) The only change to the allegations was to add Key West as a named plaintiff. *Id.*

proposed filing a Second Amended Consolidated Class Action Complaint on or before July 26, 2024. ECF No. 131 at 3-4. In response, Defendants stated in that Joint Status Report that they did not oppose Plaintiffs' proposal provided "Plaintiffs [did] not add challenged statements, new allegations, or new claims that have not been previously asserted by Plaintiffs." Defendants otherwise reserved all rights and defenses. *Id.* at 4.

9. On May 31, 2024, the Court issued a Scheduling Order directing the parties to file all motions requesting amendment of the pleadings by July 26, 2024. (ECF No. 132.)

10. Counsel for the parties conferred, and Defendants confirmed they "have no objections to the filing of the Motion, but Defendants reserve all rights and defenses with respect to their response to the complaint, including whether the allegations are supported by the Fifth Circuit's rulings." *See* Exhibit C, attached hereto.

## ARGUMENT

11. Because Plaintiffs seek to amend the complaint prior to the expiration of the Scheduling Order's deadline to amend the pleadings, Rule 15(a) "ordinarily governs." *Nat'l Fed'n of Blind of Texas Inc. v. City of Arlington, Texas*, 2022 WL 93941, at *2 (N.D. Tex. Jan 10, 2022). Under the rule, a plaintiff may amend a complaint if it obtains the opposing party's written consent. Fed. R. Civ. P. 15(a)(2). Because this Motion does not add challenged statements, new factual allegations, or new claims that have not been previously asserted, Defendants consented to this Motion in connection with the Joint Status Report. *See* ECF No. 131 at 4. Moreover, Defendants confirmed in writing that they do not object to this motion. *See* Exhibit C. Accordingly, Plaintiffs seek to file the proposed amended pleading "with the opposing party's written consent" under Rule 15(a)(2).

12. Alternatively, Plaintiffs may amend by obtaining the Court's leave, and "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a)

3

"evinces a bias in favor of granting leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981), and thus, the amendment may be denied only "when it would cause undue delay, be the result of bad faith, represent the repeated failure to cure previous amendments, create undue prejudice, or be futile." *In re Venator Materials PLC Sec. Litig.*, 547 F. Supp. 3d 624, 671 (S.D. Tex. 2021) (internal quotations and citations omitted) (granting plaintiffs leave to amend).

13.     Here, because courts "freely give leave" to amend the complaint, when justice so requires, Fed. R. Civ. P. 15(a)(2), and with no countervailing reasons to deny leave to amend, Plaintiffs respectfully submit that their motion to amend should be granted.

14.     ***First***, Plaintiffs have not unduly delayed, as they submitted this motion within the Court's deadline to do so. (*See* ECF No. 132.) Further, at this stage of the litigation—when document discovery has just begun, no depositions have been noticed, no experts have been designated, mediation is more than three weeks off, and trial is not set to begin for another 17 months—Plaintiffs have not delayed or moved in bad faith.

15.     ***Second***, Plaintiffs' motion does not prejudice Defendants. *See Engel v. Teleprompter Corp.*, 732 F.2d 1238, 1242 (5th Cir. 1984) (defining prejudice as "procedural abuse"); *see also Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 391-92 (5th Cir. 1985) (defining prejudice as a motion to "achieve a tactical advantage or otherwise [made] in bad faith"). Here, Plaintiffs have timely moved to amend to specify which statements are actionable and to remove those claims found not to be actionable by the Fifth Circuit's rulings in this case.

16.     ***Third,*** Plaintiffs' motion is not futile. Futility typically means that after repeated attempts, the proposed amendment would still result in a pleading that is not actionable as a matter of law. *See Sparks v. Lincoln Nat'l Life Ins. Co.*, 2008 WL 11429595, at *3 (N.D. Tex. Aug. 5,

2008) (amendment is futile because plaintiff's new theory "fails to state a claim upon which relief could be granted"); *In re Reliant Sec. Litig.*, 2004 WL 7347565, at \*25 (S.D. Tex. Jan. 16, 2004) (denying amendment due to futility because sixteen different complaints had all failed to state a claim and plaintiffs failed to demonstrate how an amendment would generate an actionable claim). Here, Plaintiffs provide this second amended complaint to conform the pleadings to the rulings by the Fifth Circuit by asserting only those statements for which the Fifth Circuit has ruled the pleadings sufficiently allege falsity, and including for clarity the Fifth Circuit's rationale as applicable. Thus, the proposed amendment is not futile, because it limits the allegations to those that the Fifth Circuit has held state valid claims (and removes those that the Fifth Circuit ruled did not).

17.     Plaintiffs respectfully submit that their motion to amend should be granted.

## RELIEF REQUESTED

18.     Plaintiffs respectfully ask the Court to grant them leave to file their Second Amended Complaint (attached hereto as Exhibit B).

Dated:  July 26, 2024                                          Respectfully submitted,

*/s/ John Rizio-Hamilton*
**BERNSTEIN LITOWITZ BERGER**
    **& GROSSMANN LLP**
John Rizio-Hamilton\*
Katherine M. Sinderson\*
Jesse L. Jensen\*
John Esmay\*
Brandon Slotkin\*
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444
johnr@blbglaw.com
katiem@blbglaw.com
jesse.jensen@blbglaw.com
john.esmay@blbglaw.com

5

brandon.slotkin@blbglaw.com

*Counsel for Plaintiff Key West and Lead Counsel for Lead Plaintiff Oklahoma Firefighters Pension and Retirement System*
*\*pro hac vice*

**THE LAW OFFICE OF JASON NASH, P.L.L.C.**
Jason C. Nash, Texas Bar No. 24032894
601 Jameson Street
Weatherford, TX 76086
Tel: (817) 757-7062
jnash@jasonnashlaw.com

*Local Counsel for Plaintiff Key West and Lead Plaintiff Oklahoma Firefighters Pension and Retirement System*

**KLAUSNER KAUFMAN JENSEN & LEVINSON**
Robert D. Klausner, Texas Bar No. 24117265
Stuart A. Kaufman*
7080 Northwest 4th St.
Plantation, FL 33317
Tel: (954) 916-1202
Fax: (954) 916-1232

*Additional Counsel for Plaintiff Key West*
*\* pro hac vice*

6

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Scott D. Musoff, Mark Foster, Jacob G. Lefkowitz and Sarah Danehy of Skadden, Arps, Slate, Meagher & Flom LLP, as well as Ralph Duggins and Scott Fredricks of Cantey Hanger LLP, counsel for Defendants, on July 24, 2024. Defendants confirmed they do not oppose this motion.

*/s/ John Esmay*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on counsel of record through the Court's CM/ECF Document Filing System on July 26, 2024.

*/s/ John Esmay*