**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

|  |  |
|---|---|
| ELECTRICAL WORKERS PENSION FUND LOCAL 103 IBEW, ET AL., <br><br> Plaintiff, <br><br> v. <br><br> SIX FLAGS ENTERTAINMENT CORPORATION, ET AL., <br><br> Defendants. | Civil Action No. 4:20-cv-00201-P <br><br><br> CLASS ACTION |

**APPENDIX TO PLAINTIFFS' UNOPPOSED MOTION FOR AN ORDER**
**PRELIMINARILY APPROVING PROPOSED CLASS ACTION SETTLEMENT AND**
**AUTHORIZING DISSEMINATION OF NOTICE TO THE SETTLEMENT CLASS**

## **TABLE OF CONTENTS**

| Exhibit | Document | Appendix Pages |
|---------|----------|----------------|
| 1 | Stipulation and Agreement of Settlement, dated September 3, 2024 | App. 3 |

EXECUTION COPY

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, ET AL., | Civil Action No. 4:20-cv-00201-P |
| Plaintiffs | CLASS ACTION |
| v. | |
| SIX FLAGS ENTERTAINMENT CORPORATION, ET AL., | |
| Defendants. | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of September 3, 2024 (the "Stipulation") is entered into between: (a) Lead Plaintiff Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters") and additional Named Plaintiff Key West Police & Fire Pension Fund ("Key West," and collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) Defendants Six Flags Entertainment Corporation ("Six Flags" or the "Company"), James Reid-Anderson, and Marshall Barber (collectively, "Defendants"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Released Plaintiffs' Claims (defined below) against Defendants.

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.  Unless otherwise noted, all citations to "ECF No." refer to the docket for the Action.

WHEREAS:

A.     On February 12, 2020, an initial class action complaint was filed in the United States District Court for the Northern District of Texas (the "Court"), styled *Electrical Workers Pension Fund, Local 103, I.B.E.W. v. Six Flags Entertainment Corporation, James Reid-Anderson, and Marshall Barber*, Case No. 4:20-cv-00201-P, alleging violations of the federal securities laws. ECF No. 1.

B.     By Order dated May 8, 2020, the Court (the Honorable Mark T. Pittman) appointed Oklahoma Firefighters and Electrical Workers Pension Fund, Local 103, I.B.E.W. ("Local 103") as Lead Plaintiffs, and approved Oklahoma Firefighters and Local 103's selection of Bernstein Litowitz Berger & Grossmann LLP ("BLB&G") as Lead Counsel for the putative class.  ECF No. 30.

C.     On July 2, 2020, Oklahoma Firefighters and Local 103 filed the Consolidated Class Action Complaint (the "CAC") alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder.  ECF No. 50.  Among other things, the CAC alleges that Defendants made false and misleading statements and omissions to investors about the development of the China Parks, which caused the price of Six Flags common stock to be artificially inflated during the Class Period and caused damages to investors when they ultimately learned the truth about Defendants' alleged prior misrepresentations.

D.     On August 3, 2020, Defendants filed a motion to dismiss the CAC (the "Motion to Dismiss").  ECF No. 51.  On September 2, 2020, Oklahoma Firefighters and Local 103 filed their memorandum of law in opposition to the Motion to Dismiss.  ECF No. 54.  On September 16, 2020, Defendants served their reply memorandum of law in further support of the Motion to

Dismiss. ECF No. 56. On March 3, 2021, the Court entered its Opinion and Order granting the Motion to Dismiss and dismissing the CAC with prejudice (the "Motion to Dismiss Order"). ECF Nos. 69, 70.

E.       On March 31, 2021, Oklahoma Firefighters and Local 103 filed a motion to amend or set aside the judgment and for leave to file an amended complaint (the "Motion to Set Aside"). ECF No. 71. On April 21, 2021, Defendants filed their opposition to the Motion to Set Aside. ECF No. 72. On May 5, 2021, Oklahoma Firefighters and Local 103 filed their reply in further support of the Motion to Set Aside. ECF No. 73. Oklahoma Firefighters and Local 103 also filed a motion for leave to file a supplemental brief on June 17, 2021 (ECF No. 74), which the Court denied on June 18, 2021. ECF No. 75. On July 26, 2021, the Court denied the Motion to Set Aside (the "Motion to Set Aside Order"). ECF No. 76.

F.       On August 25, 2021, Oklahoma Firefighters filed a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit from, *inter alia*, the Motion to Dismiss Order and Motion to Set Aside Order. ECF No. 77. On October 25, 2021, Oklahoma Firefighters filed its appellant's brief. *Oklahoma Firefighters Pension and Retirement System v. Six Flags Entertainment Corporation*, Case No. 21-10865 (the "First Appeal"), ECF No. 35. On November 24, 2021, Defendants-Appellees filed their opposition brief. First Appeal ECF No. 42. On December 15, 2021, Oklahoma Firefighters filed its reply brief. First Appeal ECF No. 44. On March 7, 2022, the Parties conducted oral argument. First Appeal ECF No. 58. On January 18, 2023, the Fifth Circuit reversed the Court's Motion to Dismiss Order (the "First Appeal Decision"), holding that Oklahoma Firefighters sufficiently pled the majority of its allegations, but not all. First Appeal ECF No. 62.

3

G.     The Action was remanded to the Court and the Court re-opened the case on February 9, 2023 (ECF Nos. 81, 83), and Defendants filed their Answer to the CAC on March 20, 2023.  ECF No. 100.  The Parties also began initial discovery efforts.  The Parties exchanged initial disclosures and served interrogatories.  Plaintiffs produced over a hundred documents numbering several thousand pages to Defendants.  Plaintiffs also served subpoenas on and negotiated document discovery with 14 third parties (with service unsuccessful on three additional third parties), including Six Flags' auditor, as well as several of Six Flags' consultants, designers, and ride suppliers for the China Parks.  Additionally, Plaintiffs worked with experts on issues such as Chinese government project financing, theme park development, accounting, and damages and market efficiency.

H.     On April 18, 2023, Oklahoma Firefighters filed a motion for leave to file a first amended complaint (the "Motion to Amend") for the purpose of adding Key West as a Named Plaintiff.  ECF No. 101.  In response, on May 2, 2023, Defendants filed a motion for judgment on the pleadings (the "Motion for Judgment on the Pleadings"), arguing that the effect of the First Appeal Decision, which found that certain of Defendants' alleged misstatements were inactionable, was that Oklahoma Firefighters lacked standing.  ECF No. 102.  On May 9, 2023, Key West filed a motion to intervene (the "Motion to Intervene") (ECF No. 108), and on May 10, 2023, Oklahoma Firefighters filed its opposition to the Motion for Judgment on the Pleadings. ECF No. 110.  On May 16, 2023, Defendants filed a memorandum of law opposing the Motion to Intervene and in further support of the Motion for Judgment on the Pleadings.  ECF No. 112.  Key West then filed its reply in further support of its Motion to Intervene on May 24, 2023.  ECF No. 113.  On June 2, 2023, the Court granted Defendants' Motion for Judgment on the Pleadings and

App. 6

denied the Motion to Intervene, dismissing the Action with prejudice (the "Pleadings Order"). ECF Nos. 114, 115.

I.    On June 30, 2023, Oklahoma Firefighters and Key West filed a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit from the Pleadings Order.  ECF No. 116.  On September 29, 2023, Oklahoma Firefighters and Key West filed their appellants' brief. *Oklahoma Firefighters Pension and Retirement System v. Six Flags Entertainment Corporation*, Case No. 23-10696 (the "Second Appeal"), ECF No. 59.  On November 13, 2023, Defendants-Appellants filed their opposition brief.  Second Appeal ECF No. 63.  On December 4, 2023, Oklahoma Firefighters and Key West filed their reply brief.  Second Appeal ECF No. 65.  The Parties conducted oral argument on March 4, 2024.  Second Appeal ECF No. 96.  On April 18, 2024, the Fifth Circuit reversed the Pleadings Order and allowed Key West to intervene.  Second Appeal ECF No. 100.

J.    The Action was remanded to the Court on May 10, 2024.  ECF No. 119.  That same day, the Court ordered the Parties to appear for a Fed. R. Civ. P. 26(f) scheduling conference.  ECF No. 121.  On May 22, 2024, the Court referred this case to mediation and appointed the Honorable David L. Evans as mediator (the "Mediator").  ECF No. 128.  The Parties appeared for the Court-ordered 26(f) scheduling conference on May 23, 2024 (ECF No. 129), and submitted a joint Fed. R. Civ. P. 26(f) statement on May 30, 2024.  ECF No. 131.  On May 31, 2024, the Court issued a scheduling order.  ECF No. 132.  This order required, among other things, the Parties to mediate before the Hon. David L. Evans, which was scheduled for August 20, 2024.

K.    After remand, the Parties re-commenced discovery.  After substantial negotiations, Defendants made an initial production of over 40,000 documents, totaling approximately 180,000 pages, to Plaintiffs.  Plaintiffs reviewed these documents quickly and efficiently in advance of the

Parties' mediation. In exchange for Defendants' prompt production of these documents, Plaintiffs agreed to undertake a review of this initial production and then identify gaps in the production for the Parties to discuss. The Parties began good-faith negotiations over those identified discovery gaps before the mediation. Plaintiffs also continued to work with their experts regarding, among other things, accounting, loss causation, and damages issues. Last, Plaintiffs filed a motion to amend the complaint on July 29, 2024, to specify the remaining alleged false and misleading statements, and the reasons why they alleged those statements were false and misleading, following Fifth Circuit's rulings in this matter. ECF No. 138. The Court granted the motion on July 29, 2024 (ECF No. 139), and Plaintiffs filed the operative complaint (the "Complaint") that same day. ECF No. 140.

L.      Following the Parties' exchange of mediation briefs on July 18, 2024, Lead Counsel and Defendants' Counsel commenced settlement discussions. They had extensive negotiations on multiple occasions regarding settlement in the weeks leading up to a mediation that was scheduled to take place before the Mediator on August 20, 2024. On August 16, 2024, the Parties' negotiations culminated in an agreement-in-principle to settle and release all claims against Defendants in the Action in return for payment by Six Flags of $40,000,000 in cash, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

M.      This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

N.      Based upon their investigation, prosecution, and mediation of the case, and the discovery conducted in the Action, Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiffs and the other members

App. 8

of the Settlement Class, and in their best interests. Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Plaintiffs have agreed to settle and release the Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

O.    This Stipulation constitutes a compromise of all matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. As set forth in ¶ 40 below, each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants'

Releasees (defined below) and all Released Defendants' Claims (defined below) as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

<div align="center">**DEFINITIONS**</div>

1.    As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)    "Action" means the consolidated securities class action in the matter styled *In re Six Flags Entertainment Corp. Securities Litigation*, Civil Action No. 4:20-cv-00201-P, and includes all actions consolidated therein.

(b)    "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c)    "Authorized Claimant" means a Settlement Class Member who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d)    "China Parks" means the Six Flags-branded theme parks under development in China that are the subject of the allegations in the Complaint.

(e)    "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

(f)    "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(g)    "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

<div align="center">8</div>

(h)    "Claims Administrator" means the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(i)    "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(j)    "Class Period" means the period between April 24, 2018 and February 19, 2020, inclusive.

(k)    "Complaint" means the Second Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws filed in the Action on July 29, 2024.

(l)    "Court" means the United States District Court for the Northern District of Texas.

(m)    "Defendants" means Six Flags and the Individual Defendants.

(n)    "Defendants' Counsel" means Skadden, Arps, Slate, Meagher, and Flom LLP and Cantey Hanger LLP.

(o)    "Defendants' Releasees" means Defendants and their current and former parents, affiliates, subsidiaries, controlling persons, associates, related or affiliated entities, and each and all of their respective past or present officers, directors, employees, partners, members, principals, agents, representatives, attorneys, auditors, financial or investment advisors, consultants, underwriters, accountants, investment bankers, commercial bankers, entities providing fairness opinions, advisors, insurers, reinsurers, heirs, spouses, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors or assigns, or

9

any member of their Immediate Family, marital communities, or any trusts for which any of them are trustees, settlers, or beneficiaries or anyone acting or purporting to act for or on behalf of them or their successors or collectively.

(p)    "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 34 of this Stipulation have been met and have occurred or have been waived.

(q)    "Escrow Account" means an interest-bearing escrow account maintained at Citibank, N.A., in which the Settlement Amount shall be deposited and maintained and held in escrow under the control of Lead Counsel.

(r)    "Escrow Agent" means Citibank, N.A.

(s)    "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(t)    "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect

10

to (i) attorneys' fees, costs, or expenses, (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), or (iii) the procedures for determining Authorized Claimants' Claims, shall not in any way delay or preclude a judgment from becoming Final.

(u)    "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(v)    "Individual Defendants" means James Reid-Anderson and Marshall Barber.

(w)    "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(x)    "Lead Counsel" means the law firm of Bernstein Litowitz Berger & Grossmann LLP.

(y)    "Litigation Expenses" means costs and expenses incurred by Plaintiffs' Counsel in connection with commencing, prosecuting, and settling the Action, including payments to current and former local counsel for their time and expenses incurred in connection with the Action, for which Lead Counsel intends to apply to the Court for payment from the Settlement Fund.

(z)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

(aa)    "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses,

App. 13

substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed to Settlement Class Members.

(bb)    "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(cc)    "Parties" means Defendants and Plaintiffs, on behalf of themselves and the Settlement Class.

(dd)    "Plaintiffs" means Lead Plaintiff Oklahoma Firefighters Pension and Retirement System and additional Named Plaintiff Key West Police & Fire Pension Fund.

(ee)    "Plaintiffs' Counsel" means Lead Counsel; The Law Office of Jason Nash, P.L.L.C. (local counsel); McKool Smith (former local counsel); and Klausner, Kaufman, Jensen & Levinson (counsel for additional Named Plaintiff Key West).

(ff)    "Plaintiffs' Releasees" means Plaintiffs, all other plaintiffs in the Action, all other Settlement Class Members, and Plaintiffs' Counsel, and their respective current and former parents, affiliates, subsidiaries, controlling persons, associates, related or affiliated entities, and each and all of their respective past or present officers, directors, employees, partners, members, principals, agents, representatives, attorneys, auditors, financial or investment advisors, consultants, underwriters, accountants, investment bankers, commercial bankers, entities providing fairness opinions, advisors, insurers, reinsurers, heirs, spouses, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors or assigns, or

12

App. 14

any member of their Immediate Family, marital communities, or any trusts for which any of them are trustees, settlers or beneficiaries or anyone acting or purporting to act for or on behalf of them or their successors or collectively.

(gg)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(hh)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(ii)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(jj)    "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(kk)    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.  Released Defendants' Claims do not include: (i) claims relating to the enforcement of the Settlement; or (ii) claims against any persons or entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court ("Excluded Defendants' Claims").

(ll)    "Released Plaintiffs' Claims" means, to the fullest extent that the law permits their release, of and from all claims, suits, actions, appeals, causes of action, allegations, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential or special damages, and restitution and disgorgement), demands, rights, debts,

13

penalties, costs, expenses, fees, injunctive relief, attorneys' fees, expert or consulting fees, prejudgment interest, indemnities, duties, liabilities, losses, or obligations of every nature and description whatsoever, whether or not concealed or hidden, fixed or contingent, direct or indirect, anticipated or unanticipated, asserted or that could have been asserted by Plaintiffs or all Settlement Class Members, whether legal, contractual, rescissory, statutory, or equitable in nature, whether arising under federal, state, common or foreign law, including known claims and Unknown Claims, that are based upon, arise from, or relate to (a) the purchase, acquisition, or trading of any Six Flags common stock during the Class Period; and (b) the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Complaint or any other complaints filed in this Action.  Released Plaintiffs' Claims do not cover, include, or release: (i) claims asserted in any ERISA or derivative action, including without limitation the claims asserted in *Cruz v. Reid-Anderson*, *et al*, No. 4:23-CV-0457-P (N.D. Tex.) or any cases consolidated into that action; (ii) claims by any governmental entity that arise out of any governmental investigation of Defendants relating to the conduct alleged in the Action; (iii) claims relating to the enforcement of the Settlement; or (iv) claims of any persons or entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court ("Excluded Plaintiffs' Claims").

(mm)   "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(nn)   "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(oo)   "Settlement" means the settlement between Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

(pp)   "Settlement Amount" means $40,000,000 (forty million dollars) in cash.

14

(qq)    "Settlement Class" means all persons and entities who purchased the publicly traded common stock of Six Flags between April 24, 2018 and February 19, 2020, inclusive (the "Class Period"), and were damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of any Individual Defendant; (iii) any person who is, or was during the Class Period, an officer or director of Six Flags and any members of their Immediate Family; (iv) any affiliates or subsidiaries of Six Flags; (v) any entity in which any Defendant or any members of their Immediate Family has or had a controlling interest; and (vi) the legal representatives, heirs, agents, affiliates, successors, or assigns of any such excluded persons and entities. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.

(rr)    "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(ss)    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(tt)    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(uu)    "Six Flags" or the "Company" means Six Flags Entertainment Corporation.

(vv)    "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(ww)    "Taxes" means: (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and

15

(ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(xx)    "Unknown Claims" means any Released Plaintiffs' Claims which Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or, if applicable, the Alternate Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs, any Settlement Class Member, or any Defendant may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but the Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and

16

upon the Effective Date and by operation of the Judgment or, if applicable, the Alternate Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

### SETTLEMENT CLASS CERTIFICATION

2. Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

### PRELIMINARY APPROVAL OF SETTLEMENT

3. By September 3, 2024, Plaintiffs will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Settlement Class, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval

Order, substantially in the form attached hereto as Exhibit A, which among other things, shall request that the current Court proceedings be suspended.

## <u>RELEASE OF CLAIMS</u>

4.      The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition of the Action as against Defendants; and (b) the Releases provided for herein.

5.      Pursuant to the Judgment, or, if applicable, the Alternate Judgment, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against the Defendants' Releasees. This Release shall not apply to any of the Excluded Plaintiffs' Claims.

6.      Pursuant to the Judgment, or, if applicable, the Alternate Judgment, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Defendants' Claims against Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from

18

prosecuting any or all of the Released Defendants' Claims against the Plaintiffs' Releasees. This Release shall not apply to any of the Excluded Defendants' Claims.

7.    Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or, if applicable, the Alternate Judgment, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or, if applicable, the Alternate Judgment.

## THE SETTLEMENT CONSIDERATION

8.    In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, Six Flags shall cause the Settlement Amount to be deposited into the Escrow Account no later than twenty (20) business days after the date of the Court's entry of an order preliminarily approving the Settlement.

## USE OF SETTLEMENT FUND

9.    The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 20-32 below.

10.    Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any

residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. The Defendants' Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or actions of the Escrow Agent. All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

11.    The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Defendants' Releasees shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the

20

Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

13.     The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable.  The Notice and Administration Costs shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing

notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount. All Notice and Administration Costs shall be paid exclusively from the Settlement Fund. Except for Defendants' obligation to send CAFA notice as provided for in ¶ 22 below, Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the Notice and Administration Costs, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

15.    Lead Counsel, on behalf of itself and Klausner, Kaufman, Jensen & Levinson, will apply to the Court for a collective award of attorneys' fees to be paid solely from (and out of) the Settlement Fund. Lead Counsel also will apply to the Court for payment of Litigation Expenses to be paid solely from (and out of) the Settlement Fund. Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses (the "Fee and Expense Application") is not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation.

16.    Any attorneys' fees and Litigation Expenses that are awarded by the Court (the "Fee and Expense Award") shall be paid to Lead Counsel immediately upon the Fee and Expense Award, notwithstanding any appeals or potential for appeal from the Fee and Expense Award, timely filed objections to the Fee and Expense Award, or collateral attack on the Settlement or any part of the Settlement.

App. 24

17.     The payment of the Fee and Expense Award to Plaintiffs' Counsel shall be subject to Plaintiffs' Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Plaintiffs' Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. Each such Plaintiffs' Counsel's law firm or Plaintiffs, as a condition of receiving such fees, costs, and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph. Any refunds required pursuant to this ¶ 17 shall be the several obligation of any Plaintiffs' Counsel firm or any Plaintiff that received fees or expenses to make appropriate refunds or repayments to the Settlement Fund.

18.     An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

19.     Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action. Defendants' Releasees shall have no

App. 25

responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses.  The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Settlement Fund.

## NOTICE AND SETTLEMENT ADMINISTRATION

20.     As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.  None of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Settlement Class Members, or Lead Counsel in connection with the foregoing.  Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

21.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim Form to those members of the Settlement Class as may be identified through reasonable effort.  Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For the purposes of identifying and providing notice to the Settlement Class, within five (5) business days of the date of entry of the Preliminary Approval Order, Six Flags shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the

24

Settlement Fund, Lead Counsel, or the Claims Administrator) its transfer agent's list (consisting of names, mailing addresses, and email addresses to the extent maintained by the transfer agent) of the holders of publicly traded Six Flags common stock during the Class Period.

22.    No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA").  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).  The Parties agree that any delay by Defendants in timely serving the CAFA notice will not provide grounds for delay of the Settlement Hearing or entry of the Judgment or, if applicable, the Alternate Judgment.

23.    The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

24.    The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants and the other Defendants' Releasees shall not object in any way to the Plan of

25

Allocation or any other plan of allocation in this Action. No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation, or responsibility whatsoever for a plan of allocation or its preparation.

25.    Any Settlement Class Member who does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, if applicable, the Alternate Judgment, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

26.    Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

27.    For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other

documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)    All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Settlement Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, if applicable, the Alternate Judgment, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)    Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)    Claims that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all

27

Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

       (e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

       28.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

       29.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

30.    Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants.  All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, if applicable, the Alternate Judgment, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

31.    No person or entity shall have any claim against Plaintiffs, Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Plaintiffs and Defendants, and their respective counsel, and Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

32.    All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.  All Settlement Class Members, other Claimants, and parties to this Settlement expressly

waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

33.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

34.    The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)    The Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)    The Settlement Amount has been timely paid into the Escrow Account as required by ¶ 8 above;

(c)    Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(d)    Six Flags has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)    The Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment, and the Judgment has become Final, or the Court has entered an Alternate Judgment, and none of the Parties seek to terminate the Settlement, and the Alternate Judgment has become Final.

30

35.     Upon the occurrence of all of the events referenced in ¶ 34 above, any and all remaining interest or right of Defendants or their insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

36.     Upon entry of the Judgment, or Alternative Judgment (if applicable), no appeals shall be taken from any orders entered by the Court in the Action, except for appeals relating to orders issued by the Court in connection with the Settlement, including orders related to Plaintiffs' motion for final approval of the Settlement and the proposed Plan Allocation and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses.

37.     If (i) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Six Flags exercises its right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

(b)     Plaintiffs and Defendants shall revert to their respective positions in the Action as of August 16, 2024;

(c)     The terms and provisions of this Stipulation, with the exception of this ¶ 37 and ¶¶ 14, 17, 40, and 61 of this Stipulation, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or, if applicable, the Alternate Judgment, or any other order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*;

(d)     If the Settlement is terminated pursuant to this Stipulation, then Lead Counsel shall, within five (5) business days of such termination, provide written notification of

termination to the Escrow Agent. Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, (i) the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶ 16 above), less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing, shall be refunded by the Escrow Agent to Six Flags (or such other persons or entities as Six Flags may direct); and

(e)     Any attorneys' fees and expenses paid to Plaintiffs' Counsel shall be refunded in accordance with ¶ 17 above.

38.     It is further stipulated and agreed that Plaintiffs and Six Flags shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to each of the other Parties within thirty (30) calendar days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Fifth Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Fifth Circuit or the United States Supreme Court, and the provisions of ¶ 37 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or payment of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality

of any Judgment or, if applicable, the Alternate Judgment, and shall not be grounds for termination of the Settlement.

39.    In addition to the grounds set forth in ¶ 38 above:

(a)    Plaintiffs shall have the unilateral right to terminate the Settlement in the event that a failure to timely pay the Settlement Amount into the Escrow Account in accordance with ¶ 8 above is not cured within five (5) business days after Plaintiffs provide written notice in accordance with ¶ 59 below.

(b)    If, prior to the Settlement Hearing, the aggregate number of shares of publicly traded Six Flags common stock purchased during the Class Period by persons who would otherwise be Settlement Class Members but who subsequently requests exclusion from the Settlement Class, exceeds the sum specified in a separate supplemental agreement between Plaintiffs and Six Flags, by and through their counsel (the "Supplemental Agreement"), Six Flags shall have the unilateral right to terminate this Stipulation and render it null and void in accordance with the procedures set forth in the Supplemental Agreement.  The Parties agree to maintain the confidentiality of the Supplemental Agreement.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and, as applicable, in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Plaintiffs and Six Flags concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court in camera and request that the Court afford it confidential treatment.

## NO ADMISSION OF WRONGDOING

40.     This Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil,

App. 36

criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

41.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

42.     Defendants warrant that, as to the payments made or to be made on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to the best of their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each of the Defendants and not by their counsel.

43.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and

any portion of the Settlement Fund is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Plaintiffs, Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or, if applicable, the Alternate Judgment, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or, if applicable, the Alternate Judgment, shall be null and void, and the Parties shall be restored to their respective positions in the Action as provided in ¶ 37 above, and any cash amounts in the Escrow Account, less any Taxes paid, due, or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid, or payable, shall be returned as provided in ¶ 37 above.

44.    The Parties intend this Stipulation and the Settlement to be a full, final, and complete resolution of all disputes asserted or which could be asserted by Plaintiffs or any other Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims. Pursuant to 15 U.S.C. § 78u-4(c)(1), the Judgment will contain a finding that, during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 in connection with the maintenance, prosecution, defense, and settlement of the Action. In addition, no Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

36

45.    While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution), will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by any Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.  Nothing in this Stipulation shall limit Plaintiffs' ability to comply with its obligations to make disclosures as required by law.

46.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of Plaintiffs and Defendants (or their successors-in-interest).

47.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

48.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

49.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

50.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

51.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

52.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party may merge, consolidate, or reorganize.

53.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate it shall be governed by the internal laws of the State of Texas without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

54.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

55.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

56.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority

38

**App. 40**

to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

57.    Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

58.    Within thirty (30) calendar days of the Effective Date, Plaintiffs shall return or destroy all discovery material produced by Defendants in connection with the Action.

59.    If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

| | |
|---|---|
| If to Plaintiffs or Lead Counsel: | Bernstein Litowitz Berger & Grossmann LLP<br>Attn:  John Rizio-Hamilton, Esq.<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Telephone:  (212) 554-1400<br>Facsimile:  (212) 554-1444<br>Email:  johnr@blbglaw.com |
| If to Defendants: | Skadden, Arps, Slate, Meagher & Flom LLP<br>Attn:  Scott D. Musoff<br>One Manhattan West<br>New York, NY 10001<br>Telephone:  (212) 735-3000<br>Facsimile:  (212) 735-2000<br>Email:  scott.musoff@skadden.com |

60.    Except as otherwise provided herein, each Party shall bear its own costs.

61.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, and proceedings in connection with the Stipulation confidential.  However, nothing in this Stipulation shall limit Plaintiffs' ability to comply with any disclosure obligations incurred at the time this Stipulation is fully executed.

62.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.  Notwithstanding the foregoing, nothing in this Stipulation shall limit Plaintiffs' ability to comply with disclosure obligations arising under applicable law.

63.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of September 3, 2024.

> **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
>
> By: _John Rizio-Hamilton_
>
> Hannah Ross* (N.Y. Bar No. 4020285)
> John Rizio-Hamilton* (N.Y. Bar No. 4323846)
> Katherine M. Sinderson* (N.Y. Bar No. 4503405)
> Jesse L. Jensen* (N.Y. Bar No. 4825949)
> 1251 Avenue of the Americas

40

New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

*pro hac vice*

**Lead Counsel for Plaintiffs**
**and the Settlement Class**

**SKADDEN, ARPS, SLATE, MEAGHER**
**& FLOM LLP**

By: _____
    Jay B. Kasner* (N.Y. Bar No. 1713353)
    Scott D. Musoff * (N.Y. Bar No. 2701555)
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*pro hac vice*

**Counsel for Defendants**

41

# Exhibit A

**Exhibit A**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

|  |  |
|---|---|
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, ET AL., | Civil Action No. 4:20-cv-00201-P |
| Plaintiffs | <u>CLASS ACTION</u> |
| v. | |
| SIX FLAGS ENTERTAINMENT CORPORATION, ET AL., | |
| Defendants. | |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT <u>AND PROVIDING FOR NOTICE</u>

WHEREAS, a securities class action is pending in this Court entitled *Oklahoma Firefighters Pension and Retirement System, et al. v. Six Flags Entertainment Corporation, et al.*, Case No. 4:20-cv-00201-P (the "Action");

WHEREAS, (a) Lead Plaintiff Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters") and additional Named Plaintiff Key West Police & Fire Pension Fund ("Key West," and collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) Defendants Six Flags Entertainment Corporation ("Six Flags"), James Reid-Anderson, and Marshall Barber (collectively, "Defendants"), have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated September 3, 2024 (the "Stipulation") subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Order, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

NOW THEREFORE, IT IS HEREBY ORDERED:

1.    **<u>Jurisdiction</u>** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.    **<u>Proposed Class Certification for Settlement Purposes</u>** – The Parties have proposed the certification of the following Settlement Class pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the proposed Settlement:  all persons and entities who purchased the publicly traded common stock of Six Flags between April 24, 2018 and February 19, 2020, inclusive (the "Class Period"), and were damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of any Individual Defendant; (iii) any person who is, or was during the Class Period, an officer or director of Six Flags and any members of their Immediate Family; (iv) any affiliates or subsidiaries of Six Flags; (v) any entity in which any Defendant or any members of their Immediate Family has or had a controlling interest; and (vi) the legal representatives, heirs, agents, affiliates, successors, or assigns of any such excluded persons and entities.   Also

2

excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.

3.     **Class Findings** – The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement.  Specifically, and solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d)  Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4.     The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, that it will likely be able to certify Plaintiffs Oklahoma Firefighters and Key West as Class Representatives for the Settlement Class and appoint Lead Counsel Bernstein Litowitz Berger & Grossmann LLP as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

5.     **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as

described below.  The Court finds probative that the Settlement was negotiated at arm's length under the oversight of an experienced mediator.

6.     **<u>Settlement Hearing</u>** – The Court will hold a hearing (the "Settlement Hearing") on _____, 2024, at __:__ _.m., either in person in the Fourth Floor Courtroom of the Eldon B. Mahon United States Courthouse, located at 501 W. 10th Street, Fort Worth, Texas, 76102-3673, or by telephone or video conference (in the discretion of the Court), for the following purposes: (a) to determine whether the Settlement Class should be certified for purposes of the Settlement; (b) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (c) to determine whether a Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered dismissing the Action with prejudice against Defendants and granting the Releases specified and described in the Stipulation; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraphs 8 and 9 of this Order.

7.     The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.  The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may decide to hold the Settlement Hearing by telephone or

video conference without further notice to the Settlement Class.  Any Settlement Class Member (or his, her, their, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the Settlement Website (defined below) for any change in date, time, or format of the hearing.

8.    **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain JND Legal Administration (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)    No later than (5) business days after the date of entry of this Order, Six Flags shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) its transfer agent's list (consisting of names, mailing addresses, and email addresses to the extent maintained by the transfer agent) of the holders of publicly traded Six Flags common stock during the Class Period;

(b)    Beginning no later than ten (10) business days after the date of entry of this Order (such date that is ten (10) business days after the date of entry of this Order, the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail and/or emailed to potential Settlement Class Members at the addresses set forth in the records provided by Six Flags or in the records that Six Flags caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)    By no later than the Notice Date, the Claims Administrator shall post copies of the Notice and the Claim Form on the website to be developed for the Settlement, www.SixFlagsSecuritiesLitigation.com (the "Settlement Website");

(d)    By no later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in the *Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(e)    By no later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

9.    **Nominee Procedures** – Brokers and other nominees who purchased Six Flags common stock during the Class Period for the benefit of another person or entity shall: (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice Packet to such beneficial owners.  Upon full compliance with this Order, such nominees may seek payment of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any

6

disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Notice in the manner and form set forth in paragraphs 8 and 9 of this Order (a) is the best notice practicable under the circumstances; (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing, and all other relevant deadlines, shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

11.     **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA"), no later than ten (10) calendar days following the filing of the Stipulation with the Court.  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  By no

later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

12.      **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked, or submitted online via the Settlement Website, no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, their, or its Claim and the subject matter of the Settlement.

13.      Each Claim Form submitted must satisfy the following conditions:  (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, their, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the

8

Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

14.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, their, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 12 above.

15.     **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, themselves, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (1) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing, to:  Six Flag Securities Litigation, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91074, Seattle, WA 98111, and (2) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Oklahoma*

*Firefighters Pension and Retirement System, et al. v. Six Flags Entertainment Corporation, et al.*, Case No. 4:20-cv-00201-P (N.D. Tex.)"; (iii) state the number of shares of publicly traded Six Flags common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on April 24, 2018 and (B) purchased and/or sold during the period between April 24, 2018 and February 19, 2020, inclusive, as well as the dates, number of shares, and prices of each such purchase and sale transaction; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the information called for above and is received within the time stated above, or is otherwise accepted by the Court.  Lead Counsel is authorized to request from any person or entity requesting exclusion documentation sufficient to prove the information called for above, or additional transaction information or documentation regarding his, her, their, or its holdings and trading in Six Flags common stock.

16.    Any person or entity who or that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

17.    Any Settlement Class Member who or that does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order:  (a) shall be deemed to have waived his, her, their, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to,

10

the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

18.    **<u>Appearance and Objections at Settlement Hearing</u>** – Any Settlement Class Member may enter an appearance in the Action, at his, her, their, or its own expense, individually or through counsel of his, her, their, or its own choice, by filing with the Court and delivering a notice of appearance to Lead Counsel and Representative Defendants' Counsel, at the addresses set forth in paragraph 19 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who or which does not enter an appearance will be represented by Lead Counsel.

19.    Any Settlement Class Member may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and appear and show cause, if he, she, they, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Representative Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

Lead Counsel:                          Bernstein Litowitz Berger & Grossmann LLP
                                       John Rizio-Hamilton
                                       1251 Avenue of the Americas, 44th Floor
                                       New York, NY 10020

Representative Defendants' Counsel:    Skadden, Arps, Slate, Meagher, and Flom LLP
                                       Scott D. Musoff
                                       One Manhattan West
                                       New York, NY 10001

20.     Any objections, filings, and other submissions by the objecting Settlement Class Member must (a) identify the case name and case number, *Oklahoma Firefighters Pension and Retirement System, et al. v. Six Flags Entertainment Corporation, et al.*, Case No. 4:20-cv-00201-P (N.D. Tex.); (b) state the name, address, and telephone number of the person or entity objecting; (c) be signed by the objector (even if the objector is represented by counsel); (d) state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (e) include documents sufficient to provide membership in the Settlement Class, including documents showing the number of shares of publicly traded Six Flags common stock that the objecting Settlement Class Member (1) owned as of the opening of trading on April 24, 2018 and (2) purchased and/or sold during the period between April 24, 2018 and February 19, 2020, inclusive, as well as the dates, number of shares, and prices of each such purchase and sale transaction.   The documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.   Lead Counsel is authorized to request from any objector additional

12

transaction information or documentation regarding his, her, their, or its holdings and trading in Six Flags common stock.

21.    Any Settlement Class Member who wishes to be heard orally at the Settlement Hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses must also file a notice of appearance with the Court and serve it on Lead Counsel and on Representative Defendants' Counsel at the addresses set forth in paragraph 19 above so that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.  It is within the Court's discretion to allow appearances at the Settlement Hearing either in person or by telephone or video conference.

22.    Any Settlement Class Member who or which does not make his, her, their, or its objection in the manner provided herein shall be deemed to have waived his, her, their, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate

their approval of the Settlement, the Plan of Allocation, or the application for attorneys' fees and Litigation Expenses.

23.    **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs and all other Settlement Class Members from commencing or prosecuting any and all of the Released Plaintiffs' Claims against the Defendants' Releasees.

24.    **Settlement Administration Fees and Expenses** – All Notice and Administration Costs, including the reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement, shall be paid as set forth in the Stipulation without further order of the Court.

25.    **Settlement Fund** – The contents of the Settlement Fund held by Citibank, N.A. shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

26.    **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

27.    **Plan of Allocation and Motion for Attorneys' Fees and Litigation Expenses** – Defendants' Releasees shall have no responsibility or liability for (i) the Plan of Allocation;

(ii) any actions of the Escrow Agent; (iii) any distributions from the Net Settlement Fund; or (iv) any application for attorneys' fees or Litigation Expenses submitted by Lead Counsel or Plaintiffs. The Court will consider the Plan of Allocation and any applications for attorneys' fees or Litigation Expenses separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action and Releases. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel and any application for attorneys' fees or payment of expenses shall be approved.

28. **<u>Termination of Settlement</u>** – If the Settlement is terminated as provided in the Stipulation, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants, and Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to August 16, 2024, as provided in the Stipulation.

29. **<u>Use of this Order</u>** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

App. 59

(a)    shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)    shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial;

*provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

30.    **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

31.    **Jurisdiction** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2024.

_____
The Honorable Mark T. Pittman
UNITED STATES DISTRICT JUDGE

# Exhibit A-1

**Exhibit A-1**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, ET AL., | Civil Action No. 4:20-cv-00201-P |
|       Plaintiffs | <u>CLASS ACTION</u> |
| v. | |
| SIX FLAGS ENTERTAINMENT CORPORATION, ET AL., | |
|       Defendants. | |

## NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

### *<u>A Federal Court authorized this Notice. This is not a solicitation from a lawyer.</u>*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Northern District of Texas (the "Court"), if you purchased the publicly traded common stock of Six Flags Entertainment Corporation ("Six Flags" or the "Company") between April 24, 2018 and February 19, 2020, inclusive (the "Class Period"), and were allegedly damaged thereby.[1]

**NOTICE OF SETTLEMENT:** Please also be advised that Court-appointed Lead Plaintiff Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters") and additional Named Plaintiff Key West Police & Fire Pension Fund ("Key West," and collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 25 below), have reached a proposed settlement of the Action for $40,000,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement"). The terms and provisions of the Settlement are contained in the Stipulation.

This Notice is directed to you in the belief that you may be a member of the Settlement Class. If you do not meet the Settlement Class definition, this Notice does not apply to you.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have as a member of the Settlement Class, including the possible receipt of cash from the Settlement.**

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated September 3, 2024 (the "Stipulation"), which is available at www.SixFlagsSecuritiesLitigation.com.

Questions? Call 1-877-753-9183, visit www.SixFlagsSecuritiesLitigation.com, or email info@SixFlagsSecuritiesLitigation.com

**App. 63**

**If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Office of the Clerk of the Court, Six Flags, any other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶¶ 6 and 69 below).**

1.   **Description of the Action and the Settlement Class:**   This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that Defendants Six Flags, James Reid-Anderson (Six Flags' former Chairman, President, and Chief Executive Officer), and Marshall Barber (Six Flags' former Chief Financial Officer) (collectively, "Defendants") violated the federal securities laws by making false and misleading statements to investors concerning the development of several Six Flags-branded theme parks in China.   A more detailed description of the Action is set forth in ¶¶ 11-24 below.   The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in ¶ 25 below.

2.   **Statement of the Settlement Class's Recovery:**   Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $40,000,000 in cash (the "Settlement Amount").   The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court.   The proposed plan of allocation (the "Plan of Allocation") is set forth in Appendix A at the end of this Notice.   The Plan of Allocation will determine how the Net Settlement Fund shall be allocated among eligible Settlement Class Members.

3.   **Estimate of Average Amount of Recovery Per Share:**   Based on Plaintiffs' damages expert's estimate of the number of shares of Six Flags common stock purchased during the Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $0.51 per affected share of Six Flags common stock.   Settlement Class Members should note, however, that the foregoing average recovery is only an estimate.   Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased or sold their Six Flags shares, and the total number and value of valid Claim Forms submitted.   Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth in Appendix A or such other plan of allocation as may be ordered by the Court.

4.   **Average Amount of Damages Per Share:**   The Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action.   Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any Settlement Class Members as a result of their conduct.

5.   **Attorneys' Fees and Expenses Sought:**   Court-appointed Lead Counsel Bernstein Litowitz Berger & Grossmann LLP ("BLB&G") has been prosecuting the Action on a wholly contingent basis since its inception in 2020, has not received any payment of attorneys' fees for its representation of the Settlement Class, and has advanced the funds to pay expenses necessarily incurred to prosecute the Action.   Lead Counsel, on behalf of itself and counsel for additional Named Plaintiff Key West, Klausner, Kaufman, Jensen & Levinson ("Klausner Kaufman"), will apply to the Court for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund.   In addition, Lead Counsel will apply for

Questions? Call 1-877-753-9183, visit www.SixFlagsSecuritiesLitigation.com, or email info@SixFlagsSecuritiesLitigation.com                                                Page 2 of 23

**App. 64**

payment of Litigation Expenses[2] incurred in connection with the institution, prosecution, and resolution of the Action in an amount not to exceed $650,000.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application, is $0.14 per affected share of Six Flags common stock.

6.    **Identification of Attorneys' Representatives:**  Plaintiffs and the Settlement Class are represented by John Rizio-Hamilton of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020; 1-800-380-8496; settlements@blbglaw.com.  Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting Lead Counsel or the Claims Administrator at: Six Flags Securities Litigation, c/o JND Legal Administration, P.O. Box 91074, Seattle, WA 98111; 1-877-753-9183; info@SixFlagsSecuritiesLitigation.com; www.SixFlagsSecuritiesLitigation.com.  **Please do not contact the Court regarding this Notice.**.

7.    **Reasons for the Settlement:**  Plaintiffs' principal reason for entering into the Settlement is the substantial and certain recovery that the Settlement provides for the Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all— might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who deny that they have committed any act or omission giving rise to liability under the federal securities laws, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** *POSTMARKED* **(IF MAILED), OR** *SUBMITTED ONLINE***, NO LATER THAN [_____], 2025.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 34 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 35 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS** *RECEIVED* **NO LATER THAN [_____], 2024.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |

---

[2]  "Litigation Expenses" means costs and expenses incurred by Plaintiffs' Counsel in connection with commencing, prosecuting, and settling the Action, including payments to current and former Plaintiffs' local counsel for their time and expenses incurred in connection with the Action, for which Lead Counsel intends to apply to the Court for payment from the Settlement Fund.

Questions? Call 1-877-753-9183, visit www.SixFlagsSecuritiesLitigation.com, or email info@SixFlagsSecuritiesLitigation.com

Page 3 of 23

**App. 65**

| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN [_____], 2024.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| --- | --- |
| **GO TO A HEARING ON [_____], 2024, AT [__:__] [_].M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN [_____], 2024.** | Filing a written objection and notice of intention to appear by [_____], 2024 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses.  In the Court's discretion, the [_____], 2024 hearing may be conducted by telephone or video conference (*see* ¶¶ 58-59 below).  If you submit a written objection, you may (but you do not have to) participate in the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a Settlement Class Member and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a Settlement Class Member, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options—and the deadlines to exercise them—are further explained in this Notice.  Please Note: The date and time of the Settlement Hearing—currently scheduled for [_____], 2024, at [__:__] [_].m.—is subject to change without further notice to the Settlement Class.  It is also within the Court's discretion to hold the hearing in person or by video or telephonic conference.  If you plan to attend the hearing, you should check the settlement website, www.SixFlagsSecuritiesLitigation.com (the "Settlement Website"), or with Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**

| **WHAT THIS NOTICE CONTAINS** |
| --- |

Why Did I Get This Notice? ............................................................... Page [___]

What Is This Case About? ................................................................... Page [___]

How Do I Know If I Am Affected By The Settlement?  Who Is Included In
    The Settlement Class? .................................................................. Page [___]

What Are Plaintiffs' Reasons For The Settlement? ............................ Page [___]

What Might Happen If There Were No Settlement? ........................... Page [___]

How Are Settlement Class Members Affected By The Action And The Settlement? ... Page [___]

How Do I Participate In The Settlement?  What Do I Need To Do? ..... Page [___]

How Much Will My Payment Be? ....................................................... Page [___]

What Payment Are The Attorneys For The Settlement Class Seeking?  How Will The

Questions? Call 1-877-753-9183, visit www.SixFlagsSecuritiesLitigation.com, or email info@SixFlagsSecuritiesLitigation.com

Page 4 of 23

**App. 66**

Lawyers Be Paid?                                                                                 Page [___]
What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I
    Exclude Myself?                                                                          Page [___]
When And Where Will The Court Decide Whether To Approve The Settlement?  Do I
    Have To Come To The Hearing?  May I Speak At The Hearing If I Don't Like
    The Settlement?                                                                          Page [___]
What If I Bought Six Flags Common Stock On Someone Else's Behalf?          Page [___]
Can I See The Court File?  Whom Should I Contact If I Have Questions?       Page [___]
Appendix A: Plan Of Allocation Of The Net Settlement Fund                    Page [___]

## WHY DID I GET THIS NOTICE?

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased publicly traded Six Flags common stock during the Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Counsel and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for attorneys' fees and Litigation Expenses (the "Settlement Hearing").  *See* ¶¶ 58-59 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action in favor of Plaintiffs or Defendants, and the Court still must decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.    On February 12, 2020, an initial class action complaint was filed in the United States District Court for the Northern District of Texas (the "Court"), styled *Electrical Workers Pension Fund, Local 103, I.B.E.W. v. Six Flags Entertainment Corporation, James Reid-Anderson, and Marshall Barber*, Case No. 4:20-cv-00201-P, alleging violations of the federal securities laws.

12.    By Order dated May 8, 2020, the Court (the Honorable Mark T. Pittman) appointed Oklahoma Firefighters and Electrical Workers Pension Fund, Local 103, I.B.E.W. ("Local 103") as Lead Plaintiffs, and approved Oklahoma Firefighters and Local 103's selection of BLB&G as Lead Counsel for the putative class.

13.    On July 2, 2020, Oklahoma Firefighters and Local 103 filed the Consolidated Class Action Complaint (the "CAC") alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder.  Among other

Questions? Call 1-877-753-9183, visit www.SixFlagsSecuritiesLitigation.com, or email
info@SixFlagsSecuritiesLitigation.com                                                      Page 5 of 23

**App. 67**

things, the CAC alleges that Defendants made false and misleading statements and omissions to investors about the development of Six Flags-branded theme parks in China (the "China Parks"), which caused the price of Six Flags common stock to be artificially inflated during the Class Period and caused damages to investors when they ultimately learned the truth about Defendants' alleged prior misrepresentations. The CAC further alleges that investors learned the truth about Defendants' misrepresentations through various corrective disclosures, including (i) on February 14, 2019, when Six Flags announced a negative $15 million revenue adjustment for the fourth quarter of 2018 due to delays in the expected opening dates of some of its China parks; (ii) on October 23, 2019, when Six Flags again postponed the timing of its park openings in China; (iii) on January 10, 2020, when the Company revealed that Riverside Investment Group Co. Ltd., the developer of the China Parks, had defaulted on its payment obligations to Six Flags; and (iv) on February 20, 2020, when the Company revealed that it had terminated its development agreements with Riverside and that it was unlikely that Six Flags would recognize any revenue or income from the development of the China Parks.

14.    On August 3, 2020, Defendants filed a motion to dismiss the CAC (the "Motion to Dismiss"), which was fully briefed on September 16, 2020. On March 3, 2021, the Court entered its Opinion and Order granting the Motion to Dismiss and dismissing the CAC with prejudice (the "Motion to Dismiss Order").

15.    On March 31, 2021, Oklahoma Firefighters and Local 103 filed a motion to amend or set aside the judgment and for leave to file an amended complaint (the "Motion to Set Aside"), which was fully briefed on May 5, 2021. On July 26, 2021, the Court denied the Motion to Set Aside (the "Motion to Set Aside Order").

16.    On August 25, 2021, Oklahoma Firefighters filed a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit from, *inter alia*, the Motion to Dismiss Order and Motion to Set Aside Order, which was fully briefed on December 15, 2021. On March 7, 2022, the Parties conducted oral argument. On January 18, 2023, the Fifth Circuit reversed the Court's Motion to Dismiss Order (the "First Appeal Decision"), holding that Oklahoma Firefighters sufficiently pled the majority, but not all, of its allegations.

17.    The Action was remanded to the Court and the Court re-opened the case on February 9, 2023. Defendants filed their Answer to the CAC on March 20, 2023. The Parties also began initial discovery efforts. The Parties exchanged initial disclosures and served interrogatories. Plaintiffs also served subpoenas on and negotiated document discovery with 14 third parties, including Six Flags' auditor, as well as several of Six Flags' consultants, designers, and ride suppliers for the China Parks. Additionally, Plaintiffs worked with experts on issues such as Chinese government project financing, theme park development, accounting, and damages and market efficiency.

18.    On April 18, 2023, Oklahoma Firefighters filed a motion for leave to file a first amended complaint (the "Motion to Amend") for the purpose of adding Key West as a Named Plaintiff. In response, on May 2, 2023, Defendants filed a motion for judgment on the pleadings (the "Motion for Judgment on the Pleadings"), arguing that the effect of the First Appeal Decision, which found that certain of Defendants' alleged misstatements were inactionable, was that Oklahoma Firefighters lacked standing. On May 9, 2023, Key West filed a motion to intervene (the "Motion to Intervene"), and on May 10, 2023, Oklahoma Firefighters filed its opposition to the Motion for Judgment on the Pleadings. On May 16, 2023, Defendants filed a memorandum of law opposing the Motion to Intervene and in further support of the Motion for Judgment on the Pleadings. Key West then filed its reply in further support of its Motion to Intervene on May 24, 2023. On June 2, 2023, the Court granted Defendants' Motion for Judgment on the Pleadings and denied the Motion to Intervene, dismissing the Action with prejudice (the "Pleadings Order").

Questions? Call 1-877-753-9183, visit www.SixFlagsSecuritiesLitigation.com, or email info@SixFlagsSecuritiesLitigation.com

Page 6 of 23

**App. 68**

19.   On June 30, 2023, Oklahoma Firefighters and Key West filed a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit from the Pleadings Order, which was fully briefed on December 4, 2023.  The Parties conducted oral argument on March 4, 2024.  On April 18, 2024, the Fifth Circuit reversed the Pleadings Order and allowed Key West to intervene.

20.   The Action was remanded to the Court on May 10, 2024.  That same day, the Court ordered the Parties to appear for a Fed. R. Civ. P. 26(f) scheduling conference.  On May 22, 2024, the Court referred this case to mediation and appointed the Honorable David L. Evans as mediator (the "Mediator").  The Parties appeared for the Court-ordered 26(f) scheduling conference on May 23, 2024, and submitted a joint Fed. R. Civ. P. 26(f) statement on May 30, 2024.  On May 31, 2024, the Court issued a scheduling order.  This order required, among other things, the Parties to mediate before the Hon. David L. Evans, which was scheduled for August 20, 2024.

21.   After remand, the Parties re-commenced discovery.  After substantial negotiations, Defendants made an initial production of over 40,000 documents, totaling approximately 180,000 pages, to Plaintiffs.  Plaintiffs reviewed these documents quickly and efficiently in advance of the Parties' mediation.  In exchange for Defendants' prompt production of these documents, Plaintiffs agreed to undertake a review of this initial production and then identify gaps in the production for the Parties to discuss.  The Parties began good-faith negotiations over those identified discovery gaps before the mediation.  Plaintiffs also continued to work with their experts regarding, among other things, accounting, loss causation, and damages issues.  Last, Plaintiffs filed a motion to amend the complaint on July 29, 2024, to specify the remaining alleged false and misleading statements, and the reasons why they alleged those statements were false and misleading, following Fifth Circuit's rulings in this matter.  The Court granted the motion on July 29, 2024, and Plaintiffs filed the operative complaint (the "Complaint") that same day.

22.   Following the Parties' exchange of mediation briefs on July 18, 2024, Lead Counsel and Defendants' Counsel commenced settlement discussions.  They had extensive negotiations on multiple occasions regarding settlement in the weeks leading up to the mediation that was scheduled to take place before the Mediator on August 20, 2024.  On August 16, 2024, the Parties' negotiations culminated in an agreement-in-principle to settle and release all claims against Defendants in the Action in return for payment by Six Flags of $40,000,000 in cash, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

23.   After additional negotiations regarding the specific terms of their agreement, the Parties entered into the Stipulation on September 3, 2024.  The Stipulation, which reflects the final and binding agreement between the Parties on the terms and conditions of the Settlement, can be viewed at www.SixFlagsSecuritiesLitigation.com.

24.   On [_____], 2024, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

---

### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
### WHO IS INCLUDED IN THE SETTLEMENT CLASS?

---

25.   If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

Questions? Call 1-877-753-9183, visit www.SixFlagsSecuritiesLitigation.com, or email info@SixFlagsSecuritiesLitigation.com

Page 7 of 23

**App. 69**

All persons and entities who purchased the publicly traded common stock of Six Flags between April 24, 2018 and February 19, 2020, inclusive (the "Class Period"), and were damaged thereby.

Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of any Individual Defendant; (iii) any person who is, or was during the Class Period, an officer or director of Six Flags and any members of their Immediate Family; (iv) any affiliates or subsidiaries of Six Flags; (v) any entity in which any Defendant or any members of their Immediate Family has or had a controlling interest; and (vi) the legal representatives, heirs, agents, affiliates, successors, or assigns of any such excluded persons and entities. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," on page [__] below.

**PLEASE NOTE: Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to a payment from the Settlement.**

**If you are a Settlement Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice, and the required supporting documentation as set forth in the Claim Form, *postmarked* (if mailed), or *submitted online* through the Settlement Website, www.SixFlagsSecuritiesLitigation.com, no later than [_____], 2024.**

| WHAT ARE THE PARTIES' REASONS FOR THE SETTLEMENT? |
| :---: |

26.    Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through class certification, summary judgment, trial, and appeals, as well as the very substantial risks they would face in establishing liability and damages. For example, those risks include challenges in establishing that Defendants' statements about the development of China Parks—which necessarily involved some element of estimation and prediction—were materially false or misleading and that the Individual Defendants knew that the statements were false or were deliberately reckless in making them. Defendants have contended—and would have contended at summary judgment or trial—that their statements were neither false nor misleading and were supported by contemporaneous facts.

27.    Plaintiffs also faced further risks relating to proof of loss causation and damages. Defendants would have contended that Plaintiffs could not establish a causal connection between the alleged misrepresentations and any of the alleged corrective disclosures that Plaintiffs contended caused investors' losses allegedly suffered, as required by law. If Defendants had succeeded on one or more of their loss causation and damages arguments, even if Plaintiffs had established liability for its securities fraud claims, the potentially recoverable damages could have been dramatically reduced or even eliminated.

28.    In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $40,000,000 in cash, less the various deductions described in this Notice, as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, and not until after summary judgment, trial, and appeals, possibly years in the future.

Questions? Call 1-877-753-9183, visit www.SixFlagsSecuritiesLitigation.com, or email info@SixFlagsSecuritiesLitigation.com

Page 8 of 23

**App. 70**

29.    Defendants have denied the claims asserted against them in the Action and deny that the Settlement Class was harmed or suffered any damages as a result of the conduct alleged in the Action. Defendants believe that all of their public disclosures were accurate when made and deny all allegations of wrongdoing that have been asserted against them. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement is not and may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

30.    If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of its claims against Defendants, neither Lead Plaintiff nor the other Settlement Class Members would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

31.    As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf as provided in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

32.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

33.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims in the Action against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, will have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Plaintiffs' Claims (as defined in ¶ 34 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 35 below), and will forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against the Defendants' Releasees.

34.    "Released Plaintiffs' Claims" means, to the fullest extent that the law permits their release, of and from all claims, suits, actions, appeals, causes of action, allegations, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential or special damages, and restitution and disgorgement) demands, rights, debts, penalties, costs, expenses, fees, injunctive relief, attorneys' fees, expert or consulting fees, prejudgment interest, indemnities, duties, liabilities, losses, or obligations of every nature and description whatsoever, whether or not concealed or hidden, fixed or contingent, direct or indirect, anticipated or unanticipated, asserted or that could have been asserted by Plaintiffs or all Settlement Class Members, whether legal, contractual, rescissory, statutory, or equitable

Questions? Call 1-877-753-9183, visit www.SixFlagsSecuritiesLitigation.com, or email info@SixFlagsSecuritiesLitigation.com

Page 9 of 23

**App. 71**

in nature, whether arising under federal, state, common or foreign law, including known claims and Unknown Claims, that are based upon, arise from, or relate to (a) the purchase, acquisition, or trading of any Six Flags common stock during the Class Period; and (b) the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Complaint or any other complaints filed in this Action. Released Plaintiffs' Claims do not cover, include, or release: (i) claims asserted in any ERISA or derivative action, including without limitation the claims asserted in *Cruz v. Reid-Anderson*, No. 4:23-CV-0457-P (N.D. Tex.) or any cases consolidated into that action; (ii) claims by any governmental entity that arise out of any governmental investigation of Defendants relating to the conduct alleged in the Action; (iii) claims relating to the enforcement of the Settlement; or (iv) claims of any persons or entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court ("Excluded Plaintiffs' Claims").

35.  "Defendants' Releasees" means Defendants and their current and former parents, affiliates, subsidiaries, controlling persons, associates, related or affiliated entities, and each and all of their respective past or present officers, directors, employees, partners, members, principals, agents, representatives, attorneys, auditors, financial or investment advisors, consultants, underwriters, accountants, investment bankers, commercial bankers, entities providing fairness opinions, advisors, insurers, reinsurers, heirs, spouses, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors or assigns, or any member of their Immediate Family, marital communities, or any trusts for which any of them are trustees, settlers, or beneficiaries or anyone acting or purporting to act for or on behalf of them or their successors or collectively.

36.  "Unknown Claims" means any Released Plaintiffs' Claims which Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or, if applicable, the Alternate Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs, any Settlement Class Member, or any Defendant may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but the Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or, if applicable, the Alternate Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without

Questions? Call 1-877-753-9183, visit www.SixFlagsSecuritiesLitigation.com, or email info@SixFlagsSecuritiesLitigation.com

Page 10 of 23

**App. 72**

regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

37.  The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, will have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Defendants' Claims (as defined in ¶ 38 below) against Lead Plaintiff and the other Plaintiffs' Releasees (as defined in ¶ 39 below), and will forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against the Plaintiffs' Releasees.

38.  "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Released Defendants' Claims do not include: (i) claims relating to the enforcement of the Settlement; or (ii) claims against any persons or entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court ("Excluded Defendants' Claims").

39.  "Plaintiffs' Releasees" means Plaintiffs, all other plaintiffs in the Action, all other Settlement Class Members, and Plaintiffs' Counsel, and their respective current and former parents, affiliates, subsidiaries, controlling persons, associates, related or affiliated entities, and each and all of their respective past or present officers, directors, employees, partners, members, principals, agents, representatives, attorneys, auditors, financial or investment advisors, consultants, underwriters, accountants, investment bankers, commercial bankers, entities providing fairness opinions, advisors, insurers, reinsurers, heirs, spouses, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors or assigns, or any member of their Immediate Family, marital communities, or any trusts for which any of them are trustees, settlers or beneficiaries or anyone acting or purporting to act for or on behalf of them or their successors or collectively.

---

### HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

---

40.  To be eligible for a payment from the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked* **(if mailed), or** *submitted online* **at www.SixFlagsSecuritiesLitigation.com, no later than [_____], 2024**. A Claim Form is included with this Notice, or you may obtain one from the Settlement Website, www.SixFlagsSecuritiesLitigation.com. You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-877-753-9183 or by emailing the Claims Administrator at info@SixFlagsSecuritiesLitigation.com. **Please retain all records of your ownership of and transactions in Six Flags common stock, as they will be needed to document your Claim.** The Parties and Claims Administrator do not have information about your transactions in Six Flags common stock. If you do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

41.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

42.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

43.    Pursuant to the Settlement, Six Flags has agreed to cause $40,000,000 in cash (the "Settlement Amount") to be paid into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

44.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by *certiorari* or otherwise, has expired.

45.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants will not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

46.    Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

47.    Unless the Court otherwise orders, any Settlement Class Member who or which fails to submit a Claim Form *postmarked* **(if mailed),** *or submitted online,* **on or before [_____], 2024,** shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a member of the Settlement Class and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Members releases, and will be barred and enjoined from prosecuting, the Released Plaintiffs' Claims (as defined in ¶ 34 above) against the Defendants' Releasees (as defined in ¶ 35 above) whether or not such Settlement Class Member submits a Claim Form.

48.    Participants in, and beneficiaries of, a Six Flags employee benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Six Flags common stock held through the ERISA Plan in any Claim Form that they submit in this Action.  They should include ONLY those shares that they purchased outside of the ERISA Plan.  Claims based on any ERISA Plan's purchases of Six Flags common stock during the Class Period may be made by the plan's trustees.

49.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.  Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, their, or its Claim Form.

50.    Only Settlement Class Members will be eligible to share in the distribution of the Net Settlement Fund.  Persons or entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  The only security that is included in the Settlement is publicly traded Six Flags common stock.

Questions? Call 1-877-753-9183, visit www.SixFlagsSecuritiesLitigation.com, or email info@SixFlagsSecuritiesLitigation.com

Page 12 of 23

**App. 74**

51.    **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Plaintiffs.  At the Settlement Hearing, Plaintiffs will request that the Court approve the Plan of Allocation.  The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

---

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?**

---

52.    Lead Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Settlement Class, nor has Lead Counsel been paid for its Litigation Expenses.  Lead Counsel, on behalf of itself and Klausner Kaufman (counsel for additional Named Plaintiff Key West), will apply to the Court for an immediate award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund.  At the same time, Lead Counsel also intends to apply for payment of Litigation Expenses from the Settlement Fund in an amount not to exceed $650,000.  The Court will determine the amount of any award of attorneys' fees or Litigation Expenses.  Any award of attorneys' fees and Litigation Expenses will be paid from the Settlement Fund at the time of award by the Court and prior to allocation and payment to Authorized Claimants.  *Settlement Class Members are not personally liable for any such fees or expenses.*

---

**WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?**

---

53.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to Six Flag Securities Litigation, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91074, Seattle, WA 98111.  The Request for Exclusion must be *received no later than [_____], 2024.*  You will not be able to exclude yourself from the Settlement Class after that date.  Each Request for Exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Oklahoma Firefighters Pension and Retirement System, et al. v. Six Flags Entertainment Corporation, et al.*, Case No. 4:20-cv-00201-P (N.D. Tex.)"; (iii) state the number of shares of publicly traded Six Flags common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on April 24, 2018 and (B) purchased and/or sold during the period between April 24, 2018 and February 19, 2020, inclusive, as well as the dates, number of shares, and prices of each such purchase and sale transaction; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be effective unless it provides all the information called for above and is received within the time stated above, or is otherwise accepted by the Court.  Lead Counsel is authorized to request from any person or entity requesting exclusion documentation sufficient to prove the information called for above, or additional transaction information or documentation regarding his, her, their, or its holdings and trading in Six Flags common stock.

54.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

55.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

Questions? Call 1-877-753-9183, visit www.SixFlagsSecuritiesLitigation.com, or email info@SixFlagsSecuritiesLitigation.com

Page 13 of 23

**App. 75**

56.    Six Flags has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Plaintiffs and Six Flags.

<div style="border:1px solid black; padding:8px; text-align:center;">

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

</div>

57.    **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

58.    **Please Note**:  The date and time of the Settlement Hearing may change without further written notice to the Settlement Class.  In addition, the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone, without further written notice to the Settlement Class.  **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and calendar** (https://www.txnd.uscourts.gov/sites/ceocalendars/pittman.html) **or the Settlement Website, www.SixFlagsSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement Website, www.SixFlagsSecuritiesLitigation.com.  If the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to the Settlement Website, www.SixFlagsSecuritiesLitigation.com.**

59.    The Settlement Hearing will be held on **[_____], 2024, at [__:__] [_].m.,** before the Honorable Mark T. Pittman of the United States District Court for the Northern District of Texas, either in person in the Fourth Floor Courtroom of the Eldon B. Mahon United States Courthouse, located at 501 W. 10th Street, Fort Worth, Texas, 76102-3673, or by telephone or video conference (in the discretion of the Court), for the following purposes: (i) to determine whether the Settlement Class should be certified for purposes of the Settlement; (ii) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (iii) to determine whether a Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered dismissing the Action with prejudice against Defendants and granting the Releases specified and described in the Stipulation (and in this Notice); (iv) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (v) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (vi) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  The Court reserves the right to approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses, and/or consider any other matter related to the Settlement at or after the Settlement Hearing without further notice to Settlement Class Members.

60.    Any Settlement Class Member that does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses.  Objections must be in writing.  To object, you must file any written objection, together with

Questions? Call 1-877-753-9183, visit www.SixFlagsSecuritiesLitigation.com, or email info@SixFlagsSecuritiesLitigation.com

Page 14 of 23

**App. 76**

copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Northern District of Texas at the address set forth below **on or before [_____], 2024**. You must also serve the papers on Lead Counsel and on Representative Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before [_____], 2024.**

| | |
|---|---|
| Clerk's Office: | United States District Court |
| | Northern District of Texas |
| | 501 West 10th Street, Room 310 |
| | Fort Worth, TX 76102-3673 |
| | |
| Lead Counsel: | Bernstein Litowitz Berger & Grossmann LLP |
| | John Rizio-Hamilton |
| | 1251 Avenue of the Americas, 44th Floor |
| | New York, NY 10020 |
| | |
| Representative Defendants' Counsel: | Skadden, Arps, Slate, Meagher, and Flom LLP |
| | Scott D. Musoff |
| | One Manhattan West |
| | New York, NY 10001 |

61.    Any objections, filings, and other submissions by the objecting Settlement Class Member must (i) identify the case name and case number, *Oklahoma Firefighters Pension and Retirement System, et al. v. Six Flags Entertainment Corporation, et al.*, Case No. 4:20-cv-00201-P (N.D. Tex.); (ii) state the name, address, and telephone number of the person or entity objecting; (iii) be signed by the objector (even if the objector is represented by counsel); (iv) state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (v) include documents sufficient to provide membership in the Settlement Class, including documents showing the number of shares of publicly traded Six Flags common stock that the objecting Settlement Class Member (1) owned as of the opening of trading on April 24, 2018 and (2) purchased and/or sold during the period between April 24, 2018 and February 19, 2020, inclusive, as well as the dates, number of shares, and prices of each such purchase and sale transaction. The documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Lead Counsel is authorized to request from any objector additional transaction information or documentation regarding his, her, their, or its holdings and trading in Six Flags common stock.

62.    You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

63.    You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file a written objection in accordance with the procedures described above, unless the Court orders otherwise.

64.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses, assuming you

Questions? Call 1-877-753-9183, visit www.SixFlagsSecuritiesLitigation.com, or email info@SixFlagsSecuritiesLitigation.com

Page 15 of 23

**App. 77**

timely file a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and on Representative Defendants' Counsel at the addresses set forth in ¶ 60 above so that it is *received* **on or before [_____], 2024**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Objectors who intend to appear at the Settlement Hearing through counsel must also identify that counsel by name, address, and telephone number.  It is within the Court's discretion to allow appearances at the Settlement Hearing either in person or by telephone or videoconference, with or without the filing of written objections.

65.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Representative Defendants' Counsel at the addresses set forth in ¶ 60 above so that the notice is *received* **on or before [_____], 2024**.

66.    The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time of the hearing as stated in ¶ 58 above.

67.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

68.    If you purchased Six Flags common stock between April 24, 2018 and February 19, 2020, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to Six Flags Securities Litigation, c/o JND Legal Administration, P.O. Box 91074, Seattle, WA 98111.  If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners.  Upon full compliance with these directions, such nominees may seek payment of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from Settlement Website, www.SixFlagsSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 1-877-753-9183, or by emailing the Claims Administrator at SFESecurities@JNDLA.com.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

69.    This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Northern District of Texas, 501 West 10th Street, Room 310, Fort

Questions? Call 1-877-753-9183, visit www.SixFlagsSecuritiesLitigation.com, or email info@SixFlagsSecuritiesLitigation.com

Page 16 of 23

**App. 78**

Worth, TX 76102-3673. Additionally, copies of the Stipulation and any related orders entered by the Court, as well as other documents pertaining to the Action, will be posted on the Settlement Website, www.SixFlagsSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| | |
|---|---|
| Six Flags Securities Litigation | John Rizio-Hamilton |
| c/o JND Legal Administration | Bernstein Litowitz Berger |
| P.O. Box 91074 | & Grossmann LLP |
| Seattle, WA 98111 | 1251 Avenue of the Americas, 44th Floor |
| | New York, NY 10020 |
| 1-877-753-9183 | |
| info@SixFlagsSecuritiesLitigation.com | 1-800-380-8496 |
| www.SixFlagsSecuritiesLitigation.com | settlements@blbglaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: [_____], 2024

By Order of the Court
United States District Court
Northern District of Texas

Questions? Call 1-877-753-9183, visit www.SixFlagsSecuritiesLitigation.com, or email info@SixFlagsSecuritiesLitigation.com

Page 17 of 23
**App. 79**

## Appendix A

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

70.    As discussed above, the Settlement provides $40,000,000 in cash for the benefit of the Settlement Class.  The Settlement Amount and any interest it earns constitute the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Costs, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund."  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants, i.e., members of the Settlement Class who timely submit valid Claim Forms that are accepted for payment by the Court, in accordance with a plan of allocation to be adopted by the Court.  Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement.

71.    The Plan of Allocation (the "Plan") set forth herein is the plan that is being proposed to the Court for approval by Plaintiffs after consultation with their damages expert.  The Court may approve the Plan with or without modification, or approve another plan of allocation, without further notice to the Settlement Class.  Any Orders regarding a modification to the Plan will be posted to the Settlement Website, www.SixFlagsSecuritiesLitigation.com.  Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan.

72.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a proximate result of the alleged wrongdoing.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

73.    The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that Defendants' alleged false and misleading statements and material omissions proximately caused the price of publicly traded Six Flags common stock ("Six Flags Common Stock") to be artificially inflated throughout the Class Period.  In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Plaintiffs' damages expert considered price changes in Six Flags Common Stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces.

74.    In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of Six Flags Common Stock.  In this case, Plaintiffs allege that Defendants made false statements and omitted material facts during the period from April 24, 2018 through February 19, 2020, inclusive, which had the effect of artificially inflating the price of Six Flags Common Stock.  Plaintiffs further allege that corrective information was released to the market on February 14, 2019, October 23, 2019, January 10, 2020, and February 20, 2020, which removed the artificial inflation from the price of Six Flags Common Stock on those dates.

75.    Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the prices of Six Flags Common Stock at the time of purchase and at the time of sale, or the difference between the actual purchase price and sale price.  Accordingly, in order to have a Recognized

Questions? Call 1-877-753-9183, visit www.SixFlagsSecuritiesLitigation.com, or email
info@SixFlagsSecuritiesLitigation.com                                                    Page 18 of 23

**App. 80**

Loss Amount under the Plan of Allocation, a Settlement Class Member that purchased Six Flags Common Stock during the Class Period must have held those shares through at least one of the dates where new corrective information was released to the market and partially removed the artificial inflation from the price of Six Flags Common Stock.

## <u>CALCULATION OF RECOGNIZED LOSS AMOUNTS</u>

76.   Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase of Six Flags Common Stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.[3]

77.   For each share of Six Flags Common Stock purchased during the Class Period (that is, the period from April 24, 2018 through and including the close of trading on February 19, 2020), and:

A.   Sold prior to the close of trading on February 13, 2019, the Recognized Loss Amount will be $0.00.

B.   Sold from February 14, 2019 through and including the close of trading on February 19, 2020, the Recognized Loss Amount will be *the lesser of:* (i) the amount of artificial inflation per share on the date of purchase as stated in Table A below *minus* the amount of artificial inflation per share on the date of sale as stated in Table A below; or (ii) the purchase price minus the sale price.

C.   Sold from February 20, 2020 through and including the close of trading on May 19, 2020, the Recognized Loss Amount will be *the least of*: (i) the amount of artificial inflation per share on the date of purchase as stated in Table A below; (ii) the purchase price minus the average closing price from February 20, 2020 through the date of sale as stated in Table B below; or (iii) the purchase price minus the sale price.

D.   Held as of the close of trading on May 19, 2020, the Recognized Loss Amount will be *the lesser of*: (i) the amount of artificial inflation per share on the date of purchase as stated in Table A below, or (ii) the purchase price *minus* $18.07.[4]

---

[3] Any transactions in Six Flags Common Stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[4] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Six Flags Common Stock during the "90-day look-back period," February 20, 2020 through and including the close of trading on May 19, 2020.  The mean (average) closing price for Six Flags Common Stock during this 90-day look-back period was $18.07.

Questions? Call 1-877-753-9183, visit www.SixFlagsSecuritiesLitigation.com, or email info@SixFlagsSecuritiesLitigation.com

Page 19 of 23

**App. 81**

## ADDITIONAL PROVISIONS

78.    **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated under ¶ 77 above.

79.    **FIFO Matching:** If a Claimant made more than one purchase or sale of Six Flags Common Stock during the Class Period, all purchases and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases in chronological order, beginning with the earliest purchase made during the Class Period.

80.    **Purchase/Sale Prices:** For the purposes of calculations under ¶ 77 above, "purchase price" means the actual price paid, excluding any fees, commissions, and taxes, and "sale price" means the actual amount received, not deducting any fees, commissions, and taxes.

81.    **"Purchase/Sale" Dates:** Purchases and sales of Six Flags Common Stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Six Flags Common Stock during the Class Period will not be deemed a purchase or sale of Six Flags Common Stock for the calculation of a Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase or sale of Six Flags Common Stock unless (i) the donor or decedent purchased or sold such Six Flags Common Stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to shares of such shares of Six Flags Common Stock.

82.    **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase of the Six Flags Common Stock. The date of a "short sale" is deemed to be the date of sale of the Six Flags Common Stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

83.    In the event that a Claimant has an opening short position in Six Flags Common Stock, the earliest purchases of Six Flags Common Stock during the Class Period will be matched against such opening short position, and not entitled to a recovery, until that short position is fully covered.

84.    **Common Stock Purchased/Sold Through the Exercise of Options:** Option contracts are not securities eligible to participate in the Settlement. With respect to Six Flags Common Stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

85.    **Market Gains and Losses:**  The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in Six Flags Common Stock during the Class Period. For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[5] and (ii) the sum of the

---

[5]  The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, commissions, and taxes) for all shares of Six Flags Common Stock purchased during Class Period.

Questions? Call 1-877-753-9183, visit www.SixFlagsSecuritiesLitigation.com, or email info@SixFlagsSecuritiesLitigation.com

Page 20 of 23

**App. 82**

Claimant's Total Sales Proceeds[6] and the Claimant's Holding Value.[7]  If the Claimant's Total Purchase Amount *minus* the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

86.    If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Six Flags Common Stock during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement.  If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Six Flags Common Stock during the Class Period but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

87.    **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

88.    If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.  Those funds will be included in the distribution to Authorized Claimants whose Distribution Amount is $10.00 or more.

89.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the Net Settlement Fund seven (7) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to one or more non-sectarian, not-for-profit, 501(c)(3) organizations to be selected by Lead Counsel and approved by the Court.

90.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants.  No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages experts, Plaintiffs' consulting experts, Defendants, Defendants' Counsel, or any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator

---

[6]  The Claims Administrator shall match any sales of Six Flags Common Stock during the Class Period first against the Claimant's opening position in Six Flags Common Stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (not deducting any fees, commissions, and taxes) for sales of the remaining shares of Six Flags Common Stock sold during the Class Period is the "Total Sales Proceeds."

[7]  The Claims Administrator shall ascribe a "Holding Value" of $31.89 to each share of Six Flags Common Stock purchased during the Class Period that was still held as of the close of trading on February 19, 2020.

Questions? Call 1-877-753-9183, visit www.SixFlagsSecuritiesLitigation.com, or email info@SixFlagsSecuritiesLitigation.com

Page 21 of 23
**App. 83**

or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Plaintiffs, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

## TABLE A

| Estimated Artificial Inflation in Six Flags Common Stock<br>April 24, 2018 through and including February 19, 2020 | |
| --- | --- |
| **Date Range** | **Artificial Inflation Per Share** |
| April 24, 2018 – February 13, 2019 | $27.97 |
| February 14, 2019 – October 22, 2019 | $19.80 |
| October 23, 2019 – January 9, 2020 | $13.55 |
| January 10, 2020 – February 19, 2020 | $5.89 |

Questions? Call 1-877-753-9183, visit www.SixFlagsSecuritiesLitigation.com, or email info@SixFlagsSecuritiesLitigation.com

Page 22 of 23

**App. 84**

**TABLE B**

| 90-Day Look-back Table for Six Flags Common Stock Closing Price and Average Closing Price February 20, 2020 through and including May 19, 2020 | | | | | |
|---|---|---|---|---|---|
| **Date** | **Closing Price** | **Average Closing Price from February 20, 2020 through Date Shown** | **Date** | **Closing Price** | **Average Closing Price from February 20, 2020 through Date Shown** |
| 2/20/2020 | $31.89 | $31.89 | 4/6/2020 | $12.64 | $18.28 |
| 2/21/2020 | $32.63 | $32.26 | 4/7/2020 | $13.41 | $18.14 |
| 2/24/2020 | $31.30 | $31.94 | 4/8/2020 | $14.29 | $18.03 |
| 2/25/2020 | $27.95 | $30.94 | 4/9/2020 | $16.14 | $17.98 |
| 2/26/2020 | $25.78 | $29.91 | 4/13/2020 | $14.70 | $17.89 |
| 2/27/2020 | $25.84 | $29.23 | 4/14/2020 | $15.51 | $17.83 |
| 2/28/2020 | $25.28 | $28.67 | 4/15/2020 | $15.78 | $17.77 |
| 3/2/2020 | $25.14 | $28.23 | 4/16/2020 | $14.89 | $17.70 |
| 3/3/2020 | $23.87 | $27.74 | 4/17/2020 | $15.59 | $17.65 |
| 3/4/2020 | $23.57 | $27.33 | 4/20/2020 | $15.67 | $17.60 |
| 3/5/2020 | $21.09 | $26.76 | 4/21/2020 | $14.92 | $17.54 |
| 3/6/2020 | $21.33 | $26.31 | 4/22/2020 | $15.20 | $17.49 |
| 3/9/2020 | $19.02 | $25.75 | 4/23/2020 | $16.08 | $17.46 |
| 3/10/2020 | $20.36 | $25.36 | 4/24/2020 | $16.00 | $17.42 |
| 3/11/2020 | $17.32 | $24.82 | 4/27/2020 | $17.69 | $17.43 |
| 3/12/2020 | $13.49 | $24.12 | 4/28/2020 | $18.97 | $17.46 |
| 3/13/2020 | $16.91 | $23.69 | 4/29/2020 | $21.14 | $17.54 |
| 3/16/2020 | $14.58 | $23.19 | 4/30/2020 | $20.01 | $17.59 |
| 3/17/2020 | $12.86 | $22.64 | 5/1/2020 | $20.15 | $17.64 |
| 3/18/2020 | $10.36 | $22.03 | 5/4/2020 | $20.62 | $17.69 |
| 3/19/2020 | $11.39 | $21.52 | 5/5/2020 | $18.92 | $17.72 |
| 3/20/2020 | $11.80 | $21.08 | 5/6/2020 | $19.01 | $17.74 |
| 3/23/2020 | $11.19 | $20.65 | 5/7/2020 | $18.99 | $17.76 |
| 3/24/2020 | $12.94 | $20.33 | 5/8/2020 | $21.19 | $17.83 |
| 3/25/2020 | $15.04 | $20.12 | 5/11/2020 | $20.30 | $17.87 |
| 3/26/2020 | $15.58 | $19.94 | 5/12/2020 | $18.83 | $17.89 |
| 3/27/2020 | $13.95 | $19.72 | 5/13/2020 | $17.94 | $17.89 |
| 3/30/2020 | $12.57 | $19.47 | 5/14/2020 | $18.61 | $17.90 |
| 3/31/2020 | $12.54 | $19.23 | 5/15/2020 | $19.11 | $17.92 |
| 4/1/2020 | $11.41 | $18.97 | 5/18/2020 | $22.69 | $18.00 |
| 4/2/2020 | $11.05 | $18.71 | 5/19/2020 | $22.65 | $18.07 |
| 4/3/2020 | $10.68 | $18.46 | | | |

Questions? Call 1-877-753-9183, visit www.SixFlagsSecuritiesLitigation.com, or email info@SixFlagsSecuritiesLitigation.com

Page 23 of 23

**App. 85**

# Exhibit A-2

**Exhibit A-2**

# PROOF OF CLAIM AND RELEASE FORM

**Six Flags Securities Litigation**
**Toll-Free Number:  1-877-753-9183**
**Email:  info@SixFlagsSecuritiesLitigation.com**
**Website:  www.SixFlagsSecuritiesLitigation.com**

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and submit it, together with the required supporting documentation, either by mail or online.  If you choose to submit by mail, you must send the Claim Form, together with the required supporting documentation, by First-Class Mail to the address below, and your mailing must be *postmarked* **no later than [_____], 2025.**

> ### Mail to:
>
> ### Six Flags Securities Litigation
> ### c/o JND Legal Administration
> ### P.O. Box 91074
> ### Seattle, WA 98111

If you chose to submit the Claim Form, together with the required supporting documentation, **online**, you must do so **at www.SixFlagsSecuritiesLitigation.com, no later than [_____], 2025.**

Failure to submit your Claim Form by the date specified will subject your Claim to rejection and may preclude you from being eligible to receive a payment from the Settlement.

**Do not mail or deliver your Claim Form to the Court, Lead Counsel, Defendants' Counsel, or any of the Parties to the Action.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| <u>CONTENTS</u> | <u>PAGE #</u> |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **[__]** |
| **PART II – GENERAL INSTRUCTIONS** | **[__]** |
| **PART III – SCHEDULE OF TRANSACTIONS IN PUBLICLY TRADED SIX FLAGS COMMON STOCK (NYSE TICKER: SIX, CUSIP: 83001A102)** | **[__]** |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | **[__]** |

Questions? Visit www.SixFlagsSecuritiesLitigation.com, call 1-877-753-9183,
or email info@SixFlagsSecuritiesLitigation.com

**App. 87**
1 of 10

# PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name
First Name _____ MI ____ Last Name _____

Joint Beneficial Owner's Name (*if applicable*)
First Name _____ MI ____ Last Name _____

If this Claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g., Jones IRA*).

Entity Name (*if the Beneficial Owner is not an individual*)
_____

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner
_____

Last 4 digits of Social Security Number or Taxpayer Identification Number
[ ] [ ] [ ] [ ]

Street Address
_____

City _____    State/Province ____    Zip Code _____

Foreign Postal Code (*if applicable*) _____    Foreign Country (*if applicable*) _____

Telephone Number (*Day*) _____    Telephone Number (*Evening*) _____

Email Address (*email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this Claim*)
_____

Account Number
_____

**Type of Beneficial Owner** (*Specify one of the following*):

[ ] Individual(s)    [ ] Corporation    [ ] UGMA Custodian    [ ] IRA

[ ] Partnership    [ ] Estate    [ ] Trust    [ ] Other (describe: _____ )

Questions? Visit www.SixFlagsSecuritiesLitigation.com, call 1-877-753-9183,
or email info@SixFlagsSecuritiesLitigation.com

# PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to receive a payment from the Settlement described in the Notice.  If you are not a Settlement Class Member (*see* the definition of the Settlement Class on page [__] of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), or if you, or someone acting on your behalf, submitted a request for exclusion from the Settlement Class, do not submit a Claim Form.  **You may not, directly or indirectly, participate in the Settlement if you are not a Settlement Class Member.**  Thus, if you are excluded from the Settlement Class, any Claim Form that you submit, or that may be submitted on your behalf, will not be accepted.

3.      **Submission of this Claim Form does not guarantee that you will be eligible to receive a payment from the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) in, and holdings of, the publicly traded common stock of Six Flags Entertainment Corporation ("Six Flags").  On this schedule, provide all of the requested information with respect to your holdings, purchases, and sales of publicly traded Six Flags common stock (including free transfers and deliveries), whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your Claim.**

5.      **Please note**:  Only publicly traded Six Flags common stock purchased during the Class Period (that is, the period from April 24, 2018 through and including the close of trading on February 19, 2020) is eligible under the Settlement.  However, sales of publicly traded Six Flags common stock during the period from February 20, 2020 through and including the close of trading on May 19, 2020, will be used for purposes of calculating your claim under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase and sale information during this period must also be provided.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of publicly traded Six Flags common stock as set forth in the Schedule of Transactions in Part III of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have

Questions? Visit www.SixFlagsSecuritiesLitigation.com, call 1-877-753-9183,
or email info@SixFlagsSecuritiesLitigation.com

3 of 10
App. 89

information about your investments in Six Flags common stock. If such documents are not in your possession, please obtain copies of the documents or equivalent documents from your broker. Failure to supply this documentation may result in the rejection of your claim. Do not send original documents.

7.      **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.      Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of the Six Flags common stock. The complete name(s) of the beneficial owner(s) must be entered. If you held the Six Flags common stock in your own name, you were the beneficial owner as well as the record owner. If, however, your shares of Six Flags common stock were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of the stock, but the third party was the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement. If there were joint beneficial owners, each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

9.      **One Claim should be submitted for each separate legal entity or separately managed account.** Separate Claim Forms should be submitted for each separate legal entity (e.g., an individual should not combine his or her IRA holdings and transactions with holdings and transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information on all the holdings and transactions in Six Flags common stock made on behalf of a single beneficial owner.

10.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

      (a)      expressly state the capacity in which they are acting;

      (b)      identify the name, account number, last four digits of the Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Six Flags common stock; and

      (c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.     By submitting a signed Claim Form, you will be swearing that you:

      (a)      own(ed) the Six Flags common stock you have listed in the Claim Form; or

      (b)      are expressly authorized to act on behalf of the owner thereof.

12.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false

Questions? Visit www.SixFlagsSecuritiesLitigation.com, call 1-877-753-9183, or email info@SixFlagsSecuritiesLitigation.com

4 of 10
App. 90

statements, or the submission of forged or fraudulent documentation, will result in the rejection of your Claim and may subject you to civil liability or criminal prosecution.

13.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

14.    **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

15.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, JND Legal Administration, at the above address, by email at info@SixFlagsSecuritiesLitigation.com, or by toll-free phone at 1-877-753-9183, or you can visit the Settlement website, www.SixFlagsSecuritiesLitigation.com where copies of the Claim Form and Notice are available for downloading.

16.    NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the Settlement website at www.SixFlagsSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at SFESecurities@JNDLA.com. Any file not in accordance with the required electronic filing format will be subject to rejection. The ***complete*** name of the beneficial owner of the securities must be entered where called for (*see* ¶ 8 above). No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at SFESecurities@JNDLA.com to inquire about your file and confirm it was received.**

## IMPORTANT:  PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM WITHIN 60 DAYS OF YOUR SUBMISSION. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CONTACT THE CLAIMS ADMINISTRATOR TOLL-FREE AT 1-877-753-9183.**

Questions? Visit www.SixFlagsSecuritiesLitigation.com, call 1-877-753-9183, or email info@SixFlagsSecuritiesLitigation.com

5 of 10
App. 91

## PART III – SCHEDULE OF TRANSACTIONS IN PUBLICLY TRADED SIX FLAGS COMMON STOCK

Use this section to provide information on your holdings and trading of publicly traded Six Flags common stock during the requested time periods. During the Class Period, Six Flags common stock traded on the New York Stock Exchange under the ticker symbol SIX, and now trades under the ticker FUN. The CUSIP number was 83001A102. Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, ¶ 6 above. Do not include information regarding securities other than publicly traded Six Flags common stock.

| | |
|---|---|
| **1. HOLDINGS AS OF APRIL 24, 2018** – State the total number of shares of publicly traded Six Flags common stock held as of the opening of trading on April 24, 2018. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Holding Position Enclosed ☐ |

**2. PURCHASES FROM APRIL 24, 2018 THROUGH FEBRUARY 19, 2020, INCLUSIVE** – Separately list each and every purchase (including free receipts) of publicly traded Six Flags common stock from after the opening of trading on April 24, 2018 through and including the close of trading on February 19, 2020. (Must be documented.)

| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding fees, commissions, and taxes) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |

**3. PURCHASES FROM FEBRUARY 20, 2020 THROUGH MAY 19, 2020, INCLUSIVE** – State the total number of shares of publicly traded Six Flags common stock purchased (including free receipts) from after the opening of trading on February 20, 2020 through and including the close of trading on May 19, 2020. (Must be documented.) If none, write "zero" or "0."[1] _____

---

[1] **Please note**: Information requested with respect to your purchases of publicly traded Six Flags common stock from after the opening of trading on February 20, 2020 through and including the close of trading on May 19, 2020, is needed in order to perform the necessary calculations for your Claim; purchases during this period, however, are not eligible transactions and will not be used for purposes of calculating Recognized Loss Amounts under the Plan of Allocation.

Questions? Visit www.SixFlagsSecuritiesLitigation.com, call 1-877-753-9183, or email info@SixFlagsSecuritiesLitigation.com

6 of 10
App. 92

| 4. SALES FROM APRIL 24, 2018 THROUGH MAY 19, 2020, INCLUSIVE – Separately list each and every sale (including free deliveries) of publicly traded Six Flags common stock from after the opening of trading on April 24, 2018 through and including the close of trading on May 19, 2020. (Must be documented.) | | | | IF NONE, CHECK HERE ☐ |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting fees, commissions, and taxes) | Confirm Proof of Sale Enclosed |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |

**5. HOLDINGS AS OF MAY 19, 2020 –** State the total number of shares of publicly traded Six Flags common stock held as of the close of trading on May 19, 2020. (Must be documented.) If none, write "zero" or "0." _____

Confirm Proof of Holding Position Enclosed ☐

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐

Questions? Visit www.SixFlagsSecuritiesLitigation.com, call 1-877-753-9183, or email info@SixFlagsSecuritiesLitigation.com

7 of 10
App. 93

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE [___] OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation and Agreement of Settlement dated September 3, 2024, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the Claimant(s)') heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the Claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.      that the Claimant(s) did *not* submit a request for exclusion from the Settlement Class;

4.      that I (we) own(ed) the Six Flags common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another;

5.      that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

6.      that the Claimant(s) has (have) not submitted any other Claim covering the same purchases of Six Flags common stock and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

7.      that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') Claim and for purposes of enforcing the releases set forth herein;

8.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

9.      that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waives any right of appeal or review with respect to such determination;

10.     that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

Questions? Visit www.SixFlagsSecuritiesLitigation.com, call 1-877-753-9183, or email info@SixFlagsSecuritiesLitigation.com

8 of 10
App. 94

11.    that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the Claimant(s) is (are) exempt from backup withholding or (ii) the Claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the Claimant(s) that he, she, or it is no longer subject to backup withholding.  **If the IRS has notified the Claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of Claimant                                              Date

_____

Print Claimant name here

_____

Signature of Joint Claimant, if any                          Date

_____

Print Joint Claimant name here

***If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

_____

Signature of person signing on behalf of Claimant              Date

_____

Print name of person signing on behalf of Claimant here

_____

Capacity of person signing on behalf of Claimant, if other than an individual, e.g., executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of Claimant – *see* ¶ 10 on page [___] of this Claim Form.)

Questions? Visit www.SixFlagsSecuritiesLitigation.com, call 1-877-753-9183, or email info@SixFlagsSecuritiesLitigation.com

9 of 10
App. 95

## <u>REMINDER CHECKLIST</u>

1. Sign the above release and certification.  If this Claim Form is being made on behalf of Joint Claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days of your submission.  Your Claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-877-753-9183.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your Claim, contact the Claims Administrator at the address below, by email at info@SixFlagsSecuritiesLitigation.com, or by toll-free phone at 1-877-753-9183, or you may visit www.SixFlagsSecuritiesLitigation.com.  DO NOT call Six Flags or its counsel with questions regarding your claim.

THIS CLAIM FORM MUST EITHER BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL **POSTMARKED NO LATER THAN [_____], 2025, OR SUBMITTED ONLINE AT WWW.SIXFLAGSSECURITIESLITIGATION.COM NO LATER THAN [_____], 2025**.  IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

<div align="center">

Six Flags Securities Litigation
c/o JND Legal Administration
P.O. Box 91074
Seattle, WA 98111

</div>

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before [_____], 2025, is indicated on the envelope and it is mailed First Class and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

Questions? Visit www.SixFlagsSecuritiesLitigation.com, call 1-877-753-9183,
or email info@SixFlagsSecuritiesLitigation.com

10 of 10
App. 96

# Exhibit A-3

**Exhibit A-3**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, ET AL., | Civil Action No. 4:20-cv-00201-P |
| Plaintiffs | |
| v. | CLASS ACTION |
| SIX FLAGS ENTERTAINMENT CORPORATION, ET AL., | |
| Defendants. | |

### SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:**   **All persons and entities who purchased the publicly traded common stock of Six Flags Entertainment Corporation ("Six Flags") between April 24, 2018 and February 19, 2020, inclusive (the "Class Period"), and were damaged thereby (the "Settlement Class")[1]:**

**PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Texas (the "Court"), that the above-captioned securities class action (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Court-appointed Lead Plaintiff Oklahoma Firefighters Pension and Retirement System and additional Named Plaintiff Key West Police & Fire Pension Fund (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class, and Defendants Six Flags, James Reid-Anderson, and Marshall Barber (collectively, "Defendants") have reached

---

[1] Certain persons and entities are excluded from the Settlement Class by definition, as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice"), available at www.SixFlagsSecuritiesLitigation.com.

a proposed settlement of the Action for $40,000,000 in cash (the "Settlement"). If approved, the Settlement will resolve all claims in the Action.

A hearing will be held on **[_____], 2024, at [__:__] [_].m.**, before the Honorable Mark T. Pittman of the United States District Court for the Northern District of Texas, either in person in the Fourth Floor Courtroom of the Eldon B. Mahon United States Courthouse, located at 501 W. 10th Street, Fort Worth, Texas, 76102-3673, or by telephone or video conference (in the discretion of the Court), for the following purposes: (i) to determine whether the Settlement Class should be certified for purposes of the Settlement; (ii) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (iii) to determine whether a Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered dismissing the Action with prejudice against Defendants and granting the Releases specified and described in the Stipulation (and in the Notice); (iv) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (v) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (vi) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Net Settlement Fund.** If you have not yet received the full printed Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") and the Proof of Claim and Release Form (the "Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator by mail at Six Flags Securities Litigation, c/o JND Legal Administration, P.O. Box 91074, Seattle, WA 98111; by telephone at 1-877-753-9183; or by email at info@SixFlagsSecuritiesLitigation.com. Copies of the Notice and Claim Form can also be downloaded from the Settlement website, www.SixFlagsSecuritiesLitigation.com.

If you are a Settlement Class Member, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* **(if mailed), or** *submitted* *online* **through the Settlement website, www.SixFlagsSecuritiesLitigation.com, no later than [_____], 2025**. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* **no later than [_____], 2024**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to receive a payment from the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and expenses, must be filed with the Court and delivered

to Lead Counsel and Representative Defendants' Counsel such that they are *received* no later than [_____], **2024**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Six Flags, any other Defendants in the Action, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

Six Flags Securities Litigation
c/o JND Legal Administration
P.O. Box 91074
Seattle, WA 98111

1-877-753-9183
info@SixFlagsSecuritiesLitigation.com
www.SixFlagsSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, may be made to Lead Counsel:

John Rizio-Hamilton
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020

1-800-380-8496
settlements@blbglaw.com

By Order of the Court

**App. 100**

# Exhibit B

**Exhibit B**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

|  |  |
|---|---|
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, ET AL., | Civil Action No. 4:20-cv-00201-P |
| Plaintiffs | CLASS ACTION |
| v. | |
| SIX FLAGS ENTERTAINMENT CORPORATION, ET AL., | |
| Defendants. | |

## [PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a securities class action is pending in this Court entitled *Oklahoma Firefighters Pension and Retirement System, et al. v. Six Flags Entertainment Corporation, et al.*, Case No. 4:20-cv-00201-P (the "Action");

WHEREAS, (a) Lead Plaintiff Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters") and additional Named Plaintiff Key West Police & Fire Pension Fund ("Key West," and collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) Defendants Six Flags Entertainment Corporation ("Six Flags"), James Reid-Anderson, and Marshall Barber (collectively, "Defendants"), have entered into a Stipulation and Agreement of Settlement dated September 3, 2024 (the "Stipulation") that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated [_____], 2024 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it (i) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2) and (ii) would likely be able to certify the Settlement Class for purposes of the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice of the Settlement has been given to the Settlement Class and the provisions of the Preliminary Approval Order as to notice were complied with;

WHEREAS, the Court conducted a hearing on [_____], 2024 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

**App. 103**

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.      **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on September 3, 2024; and (b) the Notice and the Summary Notice, both of which were filed with the Court on [_____], 2024.

3.      **Class Certification for Settlement Purposes** – The Court hereby certifies, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who purchased the publicly traded common stock of Six Flags between April 24, 2018 and February 19, 2020, inclusive (the "Class Period"), and were damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of any Individual Defendant; (iii) any person who is, or was during the Class Period, an officer or director of Six Flags and any members of their Immediate Family; (iv) any affiliates or subsidiaries of Six Flags; (v) any entity in which any Defendant or any members of their Immediate Family has or had a controlling interest; and (vi) the legal representatives, heirs, agents, affiliates, successors, or assigns of any such excluded persons and entities..   Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.

4.      **Settlement Class Findings** – For purposes of the Settlement only, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the

**App. 104**

Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby certifies Plaintiffs Oklahoma Firefighters and Key West as Class Representatives for the Settlement Class and appoints Lead Counsel Bernstein Litowitz Berger & Grossmann LLP as Class Counsel for the Settlement Class.  The Court finds that Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6.      **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses; (iii) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; and

(iv) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.   No Settlement Class Member is relieved from the terms of the Settlement, including the Releases provided for therein or under this Judgment, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.*, were fully discharged and that the statutory waiting period has elapsed.  Thus, the Court hereby determines that all Settlement Class Members are bound by this Judgment.

7.     **CAFA Notice** – Defendants have complied with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, *et seq.* ("CAFA").  Defendants timely mailed notice of the Settlement pursuant to 28 U.S.C. § 1715(b), including notices to the Attorney General of the United States of America and the Attorneys General of each State.  The CAFA notice contains the documents and information required by 28 U.S.C. § 1715(b)(1)-(8).  The Court finds that Defendants have complied in all respects with the notice requirements of CAFA.

8.     **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with

prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. Specifically, the Court finds that: (a) Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length and in good faith; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Settlement Class; and the proposed attorneys' fee award; and (d) the Settlement treats Settlement Class Members equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

9.        The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

10.        **<u>Binding Effect</u>** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

11.        **<u>Releases</u>** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

6

**App. 107**

(a)     Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against the Defendants' Releasees.  This Release shall not apply to any of the Excluded Plaintiffs' Claims; and

(b)     Without further action by anyone, and subject to paragraph 9 below, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Defendants' Claims against Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against the Plaintiffs' Releasees.  This Release shall not apply to any of the Excluded Defendants' Claims.

12.     Notwithstanding paragraphs 11(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13.    **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

14.    **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)    shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the

8

Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to the Stipulation and/or this Judgment to effectuate the protections from liability granted thereunder or hereunder or otherwise to enforce the terms of the Settlement.

15.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve a Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

16.    Separate orders shall be entered regarding approval of a Plan of Allocation and the motion of Lead Counsel for an award of attorneys' fees and Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

**App. 110**

17.    **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Plaintiffs and Defendants may agree in writing to reasonable extensions of time to carry out any provisions of the Settlement.

18.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants, and Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to August 16, 2024, as provided in the Stipulation.

19.    **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.  The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

SO ORDERED this _____ day of _____, 2024.


_____
The Honorable Mark T. Pittman
UNITED STATES DISTRICT JUDGE

**App. 111**

**Exhibit 1**

[List of Persons and Entities Excluded from
the Settlement Class Pursuant to Request]