# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

|  |  |
|---|---|
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> SIX FLAGS ENTERTAINMENT CORPORATION, ET AL., <br><br> Defendants. | Civil Action No. 4:20-cv-00201-P <br><br><br> <u>CLASS ACTION</u> |

## REPLY BRIEF IN FURTHER SUPPORT OF
## (I) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
## SETTLEMENT AND PLAN OF ALLOCATION; AND (II) LEAD COUNSEL'S
## <u>MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES</u>

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................................ ii

I.     PRELIMINARY STATEMENT ..................................................................................... 1

II.    THE REACTION OF THE SETTLEMENT CLASS FURTHER SUPPORTS
       APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND
       THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES ................. 2

       A.    The Court-Approved Notice Program .................................................................. 2

       B.    The Settlement Class's Reaction Supports Approval of the Settlement and
             the Plan of Allocation ........................................................................................ 4

       C.    The Settlement Class's Reaction Supports Approval of the Fee and
             Expense Request ................................................................................................ 5

III.   LEAD COUNSEL HAS REDUCED ITS REQUEST FOR LITIGATION
       EXPENSES ...................................................................................................................... 6

IV.    CONCLUSION ................................................................................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*In re AT&T Corp. Sec. Litig.*,
No. 00-5364 (GEB), 2005 WL 6716404, (D.N.J. Apr. 25, 2005) ...............................................4

*Bethea v. Sprint Commc'ns Co.*,
No. 3:12-cv-322-CWR-FKB, 2013 WL 228094 (S.D. Miss. Jan. 18, 2013) ...........................6

*Blackmon v. Zachary Holdings, Inc.*,
No. SA-20-CV-00988-JKP, 2022 WL 3142362 (W.D. Tex. Aug. 5, 2022) ........................4, 5

*Buettgen v. Harless*,
, No. 3:09-cv-00791-K, 2013 WL 12303194 (N.D. Tex. Nov. 13, 2013) ................................5

*Celeste v. Intrusion Inc.*,
No. 4:21-cv-307-sdj, 2022 WL 17736350 (E.D. Tex. Dec. 16, 2022) ....................................5

*In re Citigroup Inc. Bond Litig.*,
296 F.R.D. 147 (S.D.N.Y. 2013) ...........................................................................................4

*Erica P. John Fund, Inc. v. Halliburton Co.*,
No. 3:02-cv-1152-M, 2018 WL 1942227 (N.D. Tex. Apr. 25, 2018) ...................................4, 6

*Marcus v. J.C. Penney Co., Inc.*,
No. 6:13-CV-736, 2017 WL 6590976 (E.D. Tex. Dec. 18, 2017*), report and
recommendation adopted*, 2018 WL 307024 (E.D. Tex. Jan 4, 2018) ....................................5

*Melby v. Am.'s MHT, Inc.*,
No. 3:17-cv-155-M, 2018 WL 10399004 (N.D. Tex. June 22, 2018) ....................................4

*Oliver v. Aegis Commc'ns Grp., Inc.*,
No. 3:08-cv-828-K, 2010 WL 11618301 (N.D. Tex. Sept. 21, 2010) ....................................6

*Schwartz v. TXU Corp.*,
No. 3:02-CV-2243-K, 2005 WL 3148350 (N.D. Tex. Nov. 8, 2005) .................................4, 5

*In re Veeco Instruments Inc. Sec. Litig.*,
No. 05 MDL 01695 (CM), 2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007) ...............................5

STATUTES

Class Action Fairness Act of 2005,
28 U.S.C. § 1715(b) ..............................................................................................................3

Lead Plaintiff Oklahoma Firefighters Pension and Retirement System and additional Named Plaintiff Key West Police & Fire Pension Fund (together, "Plaintiffs"), on behalf of themselves and the Settlement Class, and Lead Counsel respectfully submit this reply brief in further support of (i) Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation (ECF No. 147), and (ii) Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses (ECF No. 148) (the "Motions").[1]

## I.    PRELIMINARY STATEMENT

The proposed Settlement resolves this litigation in exchange for a cash payment of $40 million.  As detailed in Plaintiffs' and Lead Counsel's opening papers (ECF Nos. 147-149), the proposed Settlement is the product of Plaintiffs' and Lead Counsel's prosecution of the action and arm's-length settlement negotiations between experienced counsel.  Plaintiffs believe that the proposed Settlement is a strong result in light of the significant risks that Plaintiffs faced, as well as the substantial costs and delay of further litigation.

The reaction of the Settlement Class to the proposed Settlement has been positive.  Since the Court granted preliminary approval, the Claims Administrator, under the supervision of Lead Counsel, has completed the notice program set out in the Court's September 23, 2024 order (ECF No. 146) ("Preliminary Approval Order").  The notice program included mailing the Notice Packet to over 96,000 potential Settlement Class Members, as well as publication of the Summary Notice in *The Wall Street Journal* and over *PR Newswire*, and establishing a website concerning the Settlement.  In response to this notice program, no objections were received with respect to any aspect of the Settlement, the Plan of Allocation, or the requested fees and expenses.  In addition, only three requests for exclusion from the Settlement Class were received.  The lack of objections

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated September 3, 2024 (ECF No. 145)

and small number of opt-outs further demonstrate the reasonableness and fairness of the proposed Settlement and the requested fees and expenses. Moreover, the fact that no objections were received from any institutional investors is noteworthy because those investors comprised the great majority of the Settlement Class and have the staff and resources to object if they believe there is cause to do so, and none did so.

**II.    THE REACTION OF THE SETTLEMENT CLASS FURTHER SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES**

Now that the time for objecting or requesting exclusion from the Settlement Class has passed, the lack of any objections and small number of requests for exclusion from the Settlement Class establish that the "reaction of the class" factor also supports approval of both Motions.

**A.    The Court-Approved Notice Program**

Pursuant to the Court's Preliminary Approval Order, the Court-authorized Claims Administrator, JND Legal Administration ("JND"), conducted an extensive notice program, which included mailing the Notice and Claim Form to 96,753 potential Settlement Class Members and nominees, publishing a summary notice in *The Wall Street Journal* and over *PR Newswire*, and posting relevant information and documents on a dedicated settlement website, www.SixFlagsSecuritiesLitigation.com. *See* Supplemental Declaration of Luiggy Segura Regarding: (A) Mailing of the Notice and Claim Form and (B) Report on Requests for Exclusion Received ("Suppl. Segura Decl."), which is included in the Supplemental Appendix filed herewith at Supp. App. 3-6; *see also* Declaration of Luiggy Segura Regarding: (A) Mailing of the Notice and Claim Form; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion Received to Date, dated December 20, 2024 (ECF No. 149, at App. 79-84) ("Initial Segura Decl.").

The Notice to the Settlement Class Members informed them of the terms of the proposed Settlement and Plan of Allocation, and that Lead Counsel would apply for an award of attorneys'

fees in an amount not to exceed 25% of the Settlement Fund and payment of Litigation Expenses in an amount not to exceed $650,000.  *See* Notice (Initial Segura Decl. Ex. A), at ¶¶ 5, 52.  The Notice also apprised Settlement Class Members of their right to object to the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses; their right to exclude themselves from the Settlement Class; and the January 7, 2025 deadline for objections and requests for exclusion.  *See id*. at p. 3, ¶¶ 53, 60.

On December 24, 2024, 14 days prior to the objection and exclusion deadline, Plaintiffs and Lead Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and fee and expense request.  These papers are available on the public docket (ECF Nos. 147-149) and on December 26, 2024 were posted to the case website, *see* Suppl. Segura Decl. ¶ 3, and Lead Counsel's website, blbglaw.com.  In addition, notice of the Settlement was also provided by Defendants to appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), on September 13, 2024.

As noted above, following the implementation of this robust notice program, not a single Settlement Class Member submitted an objection to any aspect of the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses.  In addition, just three investors have submitted requests for exclusion from the Settlement Class.  *See* Suppl. Segura Decl. ¶ 4.  The total number of shares of Six Flags common stock that the persons requesting exclusion purchased during the Class Period is 1,018.4 shares, which is 0.0013% of the total number of affected shares as estimated by Plaintiffs' damages expert—a very small portion of the Settlement Class.

3

**B.      The Settlement Class's Reaction Supports Approval of the Settlement and the Plan of Allocation**

The absence of any objections supports a finding that the Settlement is fair, reasonable, and adequate. *See, e.g.*, *Melby v. Am.'s MHT, Inc.*, No. 3:17-cv-155-M, 2018 WL 10399004, at *11 (N.D. Tex. June 22, 2018) ("one indication of the fairness of a settlement is the lack of or small number of objections"); *Erica P. John Fund, Inc. v. Halliburton Co.*, No. 3:02-cv-1152-M, 2018 WL 1942227, at *5 (N.D. Tex. Apr. 25, 2018) ("Receipt of few or no objections can be viewed as indicative of the adequacy of the settlement."); *Schwartz v. TXU Corp.*, No. 3:02-CV-2243-K, 2005 WL 3148350, at *22-23 (N.D. Tex. Nov. 8, 2005) (finding, where there were eight objections, that "the overwhelming response of absent Class Members overall . . . strongly supports approval of the settlement"); *see also Blackmon v. Zachary Holdings, Inc.*, No. SA-20-CV-00988-JKP, 2022 WL 3142362, at *4 (W.D. Tex. Aug. 5, 2022) ("the lack of any objections from members of the Settlement Class . . . further support[s] final approval").

It is also significant that no institutional investors—which held the vast majority of Six Flags common stock during the Class Period—have objected to the Settlement.  Institutional investors are often sophisticated and possess the incentive and ability to object if they deem it necessary.  The absence of objections by these class members is thus further evidence of the fairness of the Settlement. *See In re AT&T Corp. Sec. Litig.*, No. 00-5364 (GEB), 2005 WL 6716404, at *4 (D.N.J. Apr. 25, 2005) (the reaction of the class "weigh[ed] heavily in favor of approval" where "no objections were filed by any institutional investors who had great financial incentive to object"); *In re Citigroup Inc. Bond Litig.*, 296 F.R.D. 147, 156 (S.D.N.Y. 2013) (the reaction of the class supported the settlement where "not one of the objections . . . was submitted by an institutional investor").

4

The positive reaction of the Settlement Class also supports approval of the Plan of Allocation, which was set forth in the Notice. *See, e.g., Marcus v. J.C. Penney Co., Inc.*, No. 6:13-CV-736, 2017 WL 6590976, at *5 (E.D. Tex. Dec. 18, 2017) (recommending that the plan of allocation be approved where "[n]o objections have been filed by any class members"), *report and recommendation adopted*, 2018 WL 307024 (E.D. Tex. Jan. 4, 2018); *Schwartz*, 2005 WL 3148350, at *24 (finding plan of allocation fair and reasonable where, "[m]ost importantly, there has only been one objection to the Plan of Allocation"); *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

### C. The Settlement Class's Reaction Supports Approval of the Fee and Expense Request

As set forth in their opening papers, Lead Counsel requests attorneys' fees of 25% of the Settlement Fund. The requested fee is consistent with the percentage commonly awarded in comparable cases prosecuted on a contingency-fee basis and is supported by the significant time and effort expended by Plaintiffs' Counsel in this matter. *See Buettgen v. Harless*, No. 3:09-cv-00791-K, 2013 WL 12303194, at *1 (N.D. Tex. Nov. 13, 2013) ("[c]ourts throughout this Circuit regularly award fees of 25% and more often 30% or more of the total recovery under the percentage-of-the recovery method").

The absence of any objections to the requested attorneys' fees and Litigation Expenses supports a finding that the request is fair and reasonable. *See, e.g., Celeste v. Intrusion Inc.*, No. 4:21-cv-307-sdj, 2022 WL 17736350, at *11 (E.D. Tex. Dec. 16, 2022) ("the reasonableness of the fee award is supported further by the lack of any objection to the request"); *Blackmon*, 2022

WL 3142362, at *5 (approving requested fee and noting that "importantly, there have been no objections to the requested fee award from class members"); *Halliburton*, 2018 WL 1942227, at *12 ("lack of objections" was "relevant in considering the reasonableness and fairness of the [fee] award"); *Oliver v. Aegis Commc'ns Grp., Inc.*, No. 3:08-cv-828-K, 2010 WL 11618301, at *6 (N.D. Tex. Sept. 21, 2010) ("Taking into consideration . . . the absence of objections to [class counsel's] fee and expense request [and other factors], the Court finds that the fee and expense award requested by Class Counsel is fair and reasonable"); *Bethea v. Sprint Commc'ns Co.*, No. 3:12-cv-322-CWR-FKB, 2013 WL 228094, at *5 (S.D. Miss. Jan. 18, 2013) ("The absence of objection by class members to Settlement Class Counsel's fee-and-expense request further supports finding it reasonable.").

## III.    LEAD COUNSEL HAS REDUCED ITS REQUEST FOR LITIGATION EXPENSES

Lead Counsel's December 24, 2024 application for Litigation Expenses in the amount of $500,558.88 included a request for reimbursement of Out-of-Town Travel costs, which in turn included an estimate of the costs for attending the final approval hearing. *See* ECF No. 149, at App. 134. Now that the travel costs for the final hearing have been fully booked, and are lower than previously expected, the total travel costs have been reduced by $1,310.96. Accordingly, Lead Counsel have revised their request for reimbursement of Litigation Expenses to the reduced amount of $499,247.92.

## IV.    CONCLUSION

For the foregoing reasons, and those set forth in their opening papers, Plaintiffs and Lead Counsel respectfully request that the Court approve the Settlement, the Plan of Allocation, and the Motion for Attorneys' Fees and Litigation Expenses. Updated copies of the (i) proposed Judgment Approving Class Action Settlement, (ii) proposed Order Approving Plan of Allocation of Net

Settlement Fund, and (iii) proposed Order Awarding Attorneys' Fees and Litigation Expenses, are attached hereto.  The proposed Judgment and orders have been updated from the versions filed with the opening motion papers on December 24, 2024 to reflect the final number of Notices mailed, the final number of requests for exclusions received, and the revised amount of Litigation Expenses requested.

 Dated: January 21, 2025

Respectfully submitted,

*/s/ John Rizio-Hamilton*

**BERNSTEIN LITOWITZ BERGER**
 **& GROSSMANN LLP**
John Rizio-Hamilton*
Katherine M. Sinderson*
Jesse Jensen*
John Esmay*
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 554-1400
Fax: (212) 554-1444
johnr@blbglaw.com
katiem@blbglaw.com
jesse.jensen@blbglaw.com
john.esmay@blbglaw.com

*Counsel for Plaintiff Key West and Lead Counsel for Lead Plaintiff Oklahoma Firefighters and the Settlement Class*

*\* admitted pro hac vice*

**THE LAW OFFICE OF JASON NASH,**
 **P.L.L.C.**
Jason C. Nash, Texas Bar No. 24032894
601 Jameson Street
Weatherford, TX 76086
Tel: 817 757-7062
jnash@jasonnashlaw.com

*Local Counsel for Plaintiff Key West and Lead Plaintiff Oklahoma Firefighters*

7

**KLAUSNER, KAUFMAN, JENSEN
   & LEVINSON**
Robert Klausner, Texas Bar No. 24117265
Stuart A. Kaufman\*
7080 NW 4th Street
Plantation, Florida 33317
Tel: (954) 916-1202
Fax: (954) 916-1232
bob@robertdklausner.com
stu@robertdklausner.com

*Additional Counsel for Plaintiff Key West*

*\* admitted pro hac vice*

8

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2025, I electronically filed the foregoing by using the court's CM/ECF system.  Per agreement among the parties, all parties will be served by the CM/ECF system.

By: */s/ John Rizio-Hamilton*
John Rizio-Hamilton
